Glenn E. Westreich (State Bar No.100457)
gwestreich@nixonpeabody.com
Beth L. Mitchell (State Bar No. 187460)
bmitchell@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA  94111
Telephone:  (415) 984-8200
Facsimile:   (415) 984-8300

Michael St. James (State Bar No. 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA  94104
michael@stjames-law.com
Telephone:  (415) 391-7566
Facsimile:   (415) 391-7568

Attorneys for Defendants/Cross-Claimants
JOHN M. AND FLORENCE E. BRYAN TRUST

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re     Case No. 05-14659<br><br>THE LEGACY ESTATE GROUP, LLC, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, and ARROWOOD VINEYARD & WINERY<br><br>Debtor | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW REFERENCE** |
| Adv. No.  06-01173<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC,<br><br>        Plaintiff,<br><br>        v. | |

| | |
|---|---|
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company<br>　　　　　　　　Defendants.<br><br>JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST,<br>　　　　　Defendants/Cross-Claimants,<br><br>　　　v.<br><br>KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, AIC CAPITAL PARTNERS, LLC, a California limited liability company, and LAMINAR DIRECT CAPITAL, L.P., a Texas limited partnership<br>　　　　　Defendants/Cross-Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO WITHDRAW REFERENCE

10589885.1

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................................ 1

FACTUAL CONTEXT......................................................................................................................... 2

ARGUMENT ........................................................................................................................................ 5

I. THE REFERENCE SHOULD BE WITHDRAWN TO PROTECT THE JFB TRUST'S RIGHT TO A JURY TRIAL ....................................................................... 5

    A. The Bankruptcy Reference Regime ............................................................................ 5

    B. A Jury Trial Right is "Cause" to Withdraw the Reference ......................................... 5

    C. The JFB Trust has a Right to a Jury Trial and Made a Timely Demand .................... 7

        1. Demand for Jury Trial Was Timely Made. ...................................................... 7

        2. The JFB Trust Has a Right to a Jury Trial. ....................................................... 7

        3. JFB Trust Did Not Waive its Right to a Jury Trial .......................................... 8

        4. No Party Consented to a Jury Trial in the Bankruptcy Court .......................... 9

II. THE REFERENCE SHOULD BE WITHDRAWN TO PREVENT BIFURCATION – OR TRIFURCATION – TO CONSERVE JUDICIAL RESOURCES AND TO REDUCE DELAY AND COST TO THE PARTIES ....................... 9

    A. The Bankruptcy Court Intends to Trifurcate the Lawsuit ........................................... 9

    B. Severance and Trifurcation is Inappropriate ............................................................. 10

    C. Principles of Judicial Economy Support Withdrawal of the Reference..................... 11

III. CONCLUSION........................................................................................................................ 13

# TABLE OF ATHORITIES

Page

## FEDERAL CASES

In re ATG Catalytics
    No. C-04-1450, 2004 U.S. Dist. LEXIS 23617 (N.D. Cal. 2004) ............................................. 5, 6

Avocent Corp. v. TFS Elec. Mfg. Servs., Inc. (In re TFS Elec. Mfg. Servs., Inc.),
    No. CV 07-191-PHX-SMM,
    2007 U.S. Dist. LEXIS 9185 (D. Ariz. 2007) ............................................................................ 12

In re Com21,
    No. C-04-03396, 2005 U.S. Dist. LEXIS 34339 (N.D. Ca. 2005) ................................................. 6

In re Crown Vantage, Inc.,
    2002 U.S. Dist. LEXIS 26109 (N.D. Cal. 2002) ............................................................................ 8

Doe v. Unocal Corp.,
    248 F.3d 915 (9th Cir. 2001) .......................................................................................................... 9

Dunmore v. United States,
    358 F.3d 1107 (9th Cir. 2004) ........................................................................................................ 7

Fanning v. Black & Decker, Inc.,
    1999 U.S. Dist. LEXIS 3407, Civ. A. No. 98-6141 (E.D. Pa. 1999) ...................................... 10, 11

Granfinanciera v. Nordberg,
    492 U.S. 33 (1989) ..................................................................................................................... 7, 8

Hanfling v. Epstein, Becker & Green, P.C. (In re ATG Catalytics),
    No. C-04-1450, 2004 U.S. Dist. LEXIS 23617 (N.D. Cal. 2004) .................................................. 5

In re Marshland Dev. Inc.,
    129 B.R. 626 (Bankr. N.D. Cal. 1991) ........................................................................................... 8

Official Comm. Of Unsecured Creditors v. Shapiro,
    190 F.R.D. 352 (E.D. Pa. 2000) .............................................................................................. 10, 11

Pradier v. Elespuru,
    641 F.2d 808 (9th Cir. 1980) .......................................................................................................... 8

Reid Brothers Logging Co. v. Ketchican Polt Co.,
    699 F.2d 1292 (9th Cir. 1983) ........................................................................................................ 8

Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs,
    Warehousemen and Helpers (In re Security Farms),
    124 F.3d 999 (9th Cir. 1997) .................................................................................................... 5, 11

Sharp v. Hawkins (In re 3DO Co.),
    No. C-03-5023, 2004 U.S. Dist. LEXIS 25367 (N.D. Cal. 2004) ........................................ 6, 7, 12

**FEDERAL STATUTES**

11 U.S.C. §548 .................................................................................................................... 8

28 U.S.C. § 157(d) ......................................................................................................... passim

Local Fed. R. Bankr. P. 5011-2.................................................................................... 1, 13

Local Fed. R. Bankr. P. 9015-2(b) ............................................................................. 6, 7, 9


**STATE STATUTES**

Cal. Civ. Code §3440 ........................................................................................................ 8

Cal. Corp. Code § 17153 ................................................................................................... 8

Cal. Corp. Code § 17254 ................................................................................................... 8

Cal. Corp. Code § 17255 ................................................................................................... 8

Fed. R. Bankr. P. 7021 .................................................................................................... 11

1  Defendants John M. Bryan ("Bryan"), John M. and Florence E. Bryan Trust (the "JFB
2  Trust"), and J.M. Bryan Family Trust (the "JMB Trust") (collectively, the "Bryan Defendants") move
3  the Court to withdraw the reference respecting the above lawsuit pursuant to 28 U.S.C. § 157(d) and
4  Bankruptcy Local Rule 5011-2 and in support thereof respectfully present the following:

**INTRODUCTION**

The JFB Trust, a key participant in this litigation, has a clear right to a trial by jury in the District Court; as an Article I tribunal, the Bankruptcy Court cannot conduct a jury trial without unanimous consent.  Rather than honor that right and transfer the litigation to the District Court, the Bankruptcy Court has proposed that the parties engage in discovery to support a novel legal theory that, it asserts, might justify denying the JFB Trust's right to trial by jury.  The Bankruptcy Court asserts that, if its theory is proven incorrect and the JFB Trust is entitled to a trial by jury, it will sever the lawsuit to cause two nearly identical trials to occur – one in the Bankruptcy Court without the JFB Trust and one in the District Court with the JFB Trust – and that by controlling the speed at which the two cases proceed to trial, the Bankruptcy Court will be able to control the result in both the Bankruptcy Court trial and in the JFB Trust's District Court jury trial (by application of principles of collateral estoppel).

The JFB Trust moves to withdraw the reference of this litigation to the Bankruptcy Court so that the lawsuit may be brought to trial in the District Court.  The JFB Trust has a clear legal right to a withdrawal of the reference so that it may avail itself of its right to a trial by jury in the District Court.  Withdrawal of the reference also comports with the policies of judicial economy, efficiency and fairness to the parties.  By preventing two substantially identical trials –indeed, the Bankruptcy Court apparently intends to trifurcate this lawsuit! – withdrawal of the reference will preserve not only judicial resources, but also the resources of the Debtor, its estate, and all other parties, including the Bryan Defendants.  Furthermore, withdrawal of the reference is necessary in order to prevent the Bankruptcy Court from undermining the exercise of the District Court's judicial power through issue preclusion principles.

The District Court should withdraw the reference of this litigation to the Bankruptcy Court and allow the JFB Trust to avail itself of its right to trial by jury in the District Court.

**FACTUAL CONTEXT**

By complaint dated November 17, 2006 (the "Complaint"), the Official Committee of Unsecured Creditors of the Debtor (the "Committee") commenced the instant adversary proceeding (the "Adversary Proceeding") and interposed a jury demand therein. See Request for Judicial Notice ("RJN"), Exh. 1. The Bryan Defendants made a jury demand in their Answer to the Complaint dated January 5, 2007, and filed a Cross-Complaint against certain parties. See RJN, Exh. 2. Defendants Pacific Paragon Investment Fund, Ltd., Harry Chew and AIC Capital Partners, LLC made jury demands with their Answers to the Complaint and to the Cross-Complaint. Kulwinder and Devinder Sidhu also made jury demands with their Answers to the Cross-Complaint.

With the exception of Laminar Direct Capital, L.P., which the Bankruptcy Court subsequently dismissed, every party to the Adversary Proceeding timely demanded trial by jury.

On February 17, 2007, the Bryan Defendants filed their Motion to Certify Proceeding to District Court for Trial by Jury pursuant to Bankruptcy Local Rule 9015-2 (the "Certification Motion"). See RJN, Exh. 3  The Certification Motion noted that the Bankruptcy Court cannot conduct a trial by jury without the written consent of all parties, and that the Bryan Defendants did not so consent. The Certification Motion asked that the Adversary Proceeding be promptly transferred to the District Court for trial by jury.

Subsequent to the filing of the Certification Motion, the Committee and many of the other defendants herein withdrew their jury demands. By Order dated March 28, 2007, the Bankruptcy Court denied the Certification Motion as to Bryan and the JMB Trust because each had filed Proofs of Claim in the bankruptcy case, which operates as a waiver of the right to trial by jury. See RJN, Exh. 7.

The Bankruptcy Court acknowledged that the JFB Trust had not filed a Proof of Claim or otherwise obviously waived its right to trial by jury in the District Court. Rather than permit the JFB Trust to enjoy its right to trial by jury, the Bankruptcy Court asserted that *alter ego* law might be extended to apply to waivers of a jury trial right – no legal support for this proposition has been found – and urged the parties to litigate that issue as a prelude to litigating the merits of the lawsuit:

> The rights of the third defendant, the John M. and Florence E. Bryan [JFB] Trust, are more problematical. This defendant has not filed a claim in its own name. However, it appears that its alter ego may have filed a proof of claim or that it is close enough in identity to be bound by the jury waiver of other entities. Resolution of this matter requires an evidentiary hearing and further briefing.

Memorandum re: Motion to Certify Case to District Court for Jury Trial (the "Memorandum Decision") RJN, Exh. 7 at 2:7-10.

If the JFB Trust proved to be entitled to a trial by jury, the Bankruptcy Court explained that it would still not certify the lawsuit to the District Court for trial: rather, it would sever the JFB Trust and transfer the claims involving it to the District Court so that the litigation could move forward in the Bankruptcy Court with respect to the other parties.

> In the event that the court determines that this defendant is entitled to a jury trial, the claims against it will be severed and only those severed claims will be transferred to the district court; the case will proceed in this court as to defendants who have waived their right to a jury.

Id. at 2:13-16.

In context, this *sua sponte* bifurcation decision is extraordinary. At its core, this Adversary Proceeding seeks to avoid and recover the $7.8 million purchase price for the Freemark Abbey Winery, but that purchase price was paid in almost equal halves to the two selling entities: the JFB Trust and the JMB Trust. See, Declaration of John Bryan. Thus, both Trusts are at the core of this Adversary Proceeding, and it would appear that everything that must be proven for or against one Trust must be proven for or against the other. In context, severance requires two identical but separate trials against each of two key defendants whose conduct was substantially identical.

Indeed, the Bankruptcy Court contemplates even further division of the lawsuit. In their Cross-Claim, the Bryan Defendants assert that other parties are liable to them based on the same operative facts, but the Court granted the Motion to Dismiss prosecuted by Laminar, asserting that since the outcome of the Cross-Claim "will have no impact on the bankruptcy estate" "it is appropriate to abstain from hearing the matter." Order of Abstention, RJN, Exh. 11 at 1: 24-25. Thus, the Bankruptcy Court proposes to divide a single lawsuit about a single set of operative facts into three lawsuits in three different courts: the claims against the JMB Trust in a Bankruptcy Court

1  lawsuit, the (identical) claims against the JFB Trust in a District Court lawsuit, and the Bryan

2  Defendants' claims against the other parties in a lawsuit in some third court.

3        Finally, the Bankruptcy Court stated on the record its intention to control the results of the

4  District Court's trial by jury in the severed, parallel litigation:

> THE COURT: Well, I wouldn't send the whole case [to the District Court]. It would just be the one claimant, right, or the one defendant?
>
> MR. ST. JAMES: Your Honor, if that's the Court's conclusion, that will be the Court's conclusion. It will make for a very peculiar litigation, but that's possible.
>
> THE COURT: Well, I'm not making a ruling but I would not want to – I wouldn't want to send anything for a jury trial where there didn't – they didn't absolutely have a right to a jury. The whole idea of, if you file a Proof of Claim, is then I can decide everything. I can do it a lot faster and a lot more economically than just about any other court. So if I can adjudicate it, I will. Not only that, but I think that there's a substantial possibility that I hear it first [ – ] and I assume that I would be the first to hear it [ – ] that *my findings would have issue preclusion effect in the other case which would mean some other court wouldn't actually have to hold a jury trial*, maybe.

Transcript of Hearing on February 14, 2007, <u>RJN</u>, Exh. 6, 75:6-24 (emphasis supplied).

      Thus, the Bankruptcy Court has made clear how it intends to try this litigation unless there is a withdrawal of the reference.

- First, there will be a mini-trial to determine whether Sycamore Vineyards, a partnership controlled by Mr. Bryan that is unrelated to this litigation but filed a Proof of Claim, is the *alter ego* of the JFB Trust such that the filing of Sycamore Vineyard's Proof of Claim waived the JFB Trust's jury trial right. The contention is implausible as *both* a factual and legal matter.

- Second, if the JFB Trust has a right to trial by jury, the Adversary Proceeding will be split into two identical lawsuits, one in District Court, one in Bankruptcy Court, in which the same parties will litigate the same issues separately respecting each half of the proceeds of sale of Freemark Abbey Winery.

- Finally, the Bankruptcy Court will race to dispose of its lawsuit first, leaving the District Court bound by the "issue preclusion effect" of the Bankruptcy Court's decision, so that the District Court "wouldn't actually have to hold a jury trial" on its half of the litigation.

**ARGUMENT**

**I. THE REFERENCE SHOULD BE WITHDRAWN TO PROTECT THE JFB TRUST'S RIGHT TO A JURY TRIAL**

**A.     The Bankruptcy Reference Regime**

In the Northern District of California, bankruptcy cases, and litigation arising in bankruptcy cases, are automatically referred to the Bankruptcy Court under a standing order issued pursuant to § 157(c) of Title 11 of United States Code (the "Bankruptcy Code").  See N.D. Cal. General Order No. 24.  A party can move to withdraw the reference to the Bankruptcy Court, and thereby bring the case, or litigation in the case, before the District Court.  28 U.S.C. § 157(d).  See Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers (In re Security Farms), 124 F. 3d 999, 1008 (9th Cir. 1997).

Section 157(d) of Title 28 of United States Code provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d).

The JFB Trust moves for withdrawal of the reference "for cause shown."  28 U.S.C. § 157(d).  In determining whether there is "cause" to withdraw a case from the bankruptcy court, "[a] district court should consider the efficient use of judicial resources, delay and cost to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  In re Security Farms, 124 F.3d at 1008 (citing Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993).

**B.     A Jury Trial Right is "Cause" to Withdraw the Reference**

Among the "other related factors" demonstrating "cause shown" for a withdrawal of the reference is the presence or absence of a jury request.  See Hanfling v. Epstein, Becker & Green, P.C. (In re ATG Catalytics), No. C-04-1450, 2004 U.S. Dist. LEXIS 23617, at *4 (N.D. Cal. 2004).  Indeed, where there is a right to trial by jury and *all* parties have not consented to permit the Bankruptcy Court to conduct that jury trial, the Local Rules contemplate a mandatory, immediate

1  withdrawal of the reference so that the jury trial will be conducted in the District Court.  N.D. Cal.

2  Bankr. L. R 9015-2(b) ("reference of the proceeding shall be automatically withdrawn").

3        Bankruptcy courts in this District have held that where a party to an action has requested a

4  jury trial and refuses to consent to conducting such jury trial in the bankruptcy court, withdrawal of

5  the reference is required.  See id; see also In re Com21, No. C-04-03396, 2005 U.S. Dist. LEXIS

6  34339, at *35 (N.D. Ca. 2005); Sharp v. Hawkins (In re 3DO Co.), No. C-03-5023, 2004 U.S. Dist.

7  LEXIS 25413, at *3 (N.D. Cal. 2004) (withdrawing reference for purposes of jury trial).  In the In re

8  Com21 case, the defendants demanded a jury trial but did not consent that the jury trial be conducted

9  before the bankruptcy court.  See In re Com21, 2005 U.S. Dist. LEXIS 34339, at *24.  In seeking a

10 withdrawal of the reference, the defendants argued that the bankruptcy court may not preside over a

11 jury trial absent their express consent.  See id.  The court examined § 157(e) and stated that the

12 "section makes clear that in all cases in which there is a right to a jury trial, the parties must expressly

13 consent to a jury trial before the bankruptcy court."  Id. at *25.  The court held that pursuant to the

14 "permissive withdrawal" provisions of § 157(d), because defendants have a right to a jury trial, have

15 not waived that right, and have not consented to a jury trial before the bankruptcy court", it must

16 withdraw the reference.  Id. at *34.  See also In re ATG Catalytics, 2004 U.S. Dist. LEXIS 23617, at

17 *4 (holding that where defendant requests jury trial and has refused to consent to the bankruptcy

18 court's conducting the jury trial, cause is present to withdraw reference).  Moreover, the court

19 explained that while the other factors set forth in Security Farms would have dictated resolution of

20 the defendants' claims in the bankruptcy court, the defendants' right to a jury trial was controlling in

21 its analysis.  See In re Com21, 2005 U.S. Dist. LEXIS 34339, at *34.

22       The facts and procedural posture of the case at hand are strikingly similar to those present in

23 the In re Com21 case and, following the holding of In re Com21, the reference should be withdrawn.

24 Like the defendants in In re Com21, the JFB Trust requested a jury trial, has a right to a jury trial, has

25 not waived that right, and has not consented to a jury trial before the bankruptcy court.  Therefore,

26 JFB Trust's right to a jury trial constitutes cause under § 157(d) for the mandatory withdrawal of the

27 reference.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN    -6-    10589885.1
SUPPORT OF MOTION TO WITHDRAW REFERENCE

Finally, where there is a right to a withdrawal of the reference based on the existence of a jury trial demand, the lawsuit must be transferred to the District Court at the outset of the litigation. In some jurisdictions, pre-trial litigation is conducted in the bankruptcy court, and the reference is withdrawn only on the eve of trial. Contrasting that approach with the regime in the Northern District of California, the Ninth Circuit explained

> Here, however, the Northern District of California's local bankruptcy rules dictate that the withdrawal of the reference is "automatic" upon certification of the parties' lack of consent to a jury trial. Local Fed. R. Bankr. P. 9015-2(b).

Dunmore v. United States, 358 F.3d. 1107, 1117 (9th Cir. 2004). The Ninth Circuit interprets the operative Bankruptcy Local Rule of the Northern District of California as requiring *immediate* withdrawal of the reference to the District Court upon a determination that a party has a right to trial by jury and has not consented to conduct that trial in the Bankruptcy Court. Id.

### C.    The JFB Trust has a Right to a Jury Trial and Made a Timely Demand

#### 1.    Demand for Jury Trial Was Timely Made.

JFB Trust timely made a demand for a jury trial. That demand is contained with the timely Answer filed on January 5, 2007 and in its Cross-Complaint filed on the same date.

#### 2.    The JFB Trust Has a Right to a Jury Trial.

In Granfinanciera v. Nordberg, 492 U.S. 33 (1989), the Supreme Court considered the Seventh Amendment right to jury trial in a civil case in the context of bankruptcy proceedings and concluded that the Seventh Amendment grants the right of jury trial to cases at common law, which the Supreme Court interpreted to mean cases involving legal rights. See Granfinanciera, 492 U.S. 33 (1989).

In Granfinanciera, the Court articulated a three-part test for determining whether a party is entitled to a jury trial: 1) it must be an action that would have been brought at a court of law as opposed to equity in England prior to the merger of the courts of law and equity; 2) the remedy sought must be legal in nature; and 3) the action must involve a private rather than a public right. Id. at 50-51. See also Sharp v. Hawkins (In re 3DO Co.), No. C-03-5023, 2004 U.S. Dist. LEXIS 25367, at 13-14 (N.D. Cal. 2004).

1  The claims alleged in the Complaint are all subject to trial by jury.  Plaintiff has alleged
2  causes of action against the JFB Trust for fraudulent transfer (11 U.S.C. §548 and Cal. Civ. Code
3  §3440 *et seq.*), improper distribution (Cal. Corp. Code § 17254 and 17255) and breach of fiduciary
4  duty (Cal. Corp. Code § 17153), all of which are triable to a jury.  See generally Granfinanciera, 492
5  U.S. at 46 (1989) (right to jury trial for fraudulent transfer claim).  See also In re Crown Vantage,
6  Inc., 2002 U.S. Dist. LEXIS 26109 *10 (N.D. Cal. 2002) (right to jury trial for breach of fiduciary
7  duty claim).
8  JFB Trust has alleged causes of action in its Cross-Complaint for negligent misrepresentation
9  and fraudulent misrepresentation.  A party alleging these causes of action is entitled to a trial by jury.
10  See In re Marshland Dev. Inc., 129 B.R. 626, 629-30 (Bankr. N.D. Cal. 1991) (right to jury trial for
11  negligent misrepresentation claim); In re Crown Vantage, Inc., 2002 U.S. Dist. LEXIS 26109 *10
12  (N.D. Cal. 2002) (right to jury trial for negligent misrepresentation and common law fraud claims).
13  Thus, the causes of action at issue herein carry with them a right to trial by jury.

### 3.     JFB Trust Did Not Waive its Right to a Jury Trial

15  The filing of a Proof of Claim in the Bankruptcy Court generally results in a waiver of the
16  right to trial by jury.  See Granfinanciera 492 U.S. at 36.   Even so, a creditor who submits to the
17  equity jurisdiction of the bankruptcy court by filing a proof of claim retains the right to a jury trial for
18  disputes that are "only incidentally related to the bankruptcy process."  In re Crown Vantage, Inc.,
19  2002 U.S. Dist. LEXIS 26109 *11 (N.D. Cal. 2002) (motion to strike jury demand denied) (quoting
20  Germain v. Connecticut Nat'l Bank, 988 F.2d 1323, 29-30 (2d Cir. 1993)).  Note that the Bankruptcy
21  Court found that Cross Claim "will have no impact on the bankruptcy case," suggesting that each of
22  the Bryan Defendants can insist on their right to a jury trial on the Cross Claim because it is "only
23  incidentally related t the bankruptcy process."  Order of Abstention, RJN, Exh. 11 at 1:24
24  In any event, the JFB Trust has not filed in Proof of Claim against the Debtor and hence has
25  not waived its right to trial by jury.  "Every reasonable assumption should be indulged against the
26  waiver of a trial by jury."  Pradier v. Elespuru, 641 F.2d 808 at 811 (9th Cir. 1980) (quoted, with
27  approval, by Reid Brothers Logging Co. v. Ketchican Polt Co., 699 F.2d 1292, 1304 (9th Cir. 1983)).
28

1 By contrast, the Bankruptcy Court asserted that the JFB Trust could lose its right to trial by jury if it were the *alter ego* of Sycamore Vineyard, an entity that filed a Proof of Claim, but no authority has been found to support that view. Indeed, research has not uncovered cases in which the *alter ego* remedy was applied to defeat a right to trial by jury or other procedural rights.

Moreover, to demonstrate that one entity is the *alter ego* of another, the alleging party must prove that "(1) there is such a unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) the failure to disregard [their separate identities] would result in fraud or injustice." Doe v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001). It is difficult to understand how that remedy could be applied in the jury trial demand context. It appears that Sycamore Vineyard's only relevant conduct was to file a Proof of Claim seeking payment on its valid debt (it was subsequently paid). Where is the "fraud or injustice" to be avoided by invocation of the *alter ego* doctrine?

### 4. No Party Consented to a Jury Trial in the Bankruptcy Court

No party has filed a written consent to a jury trial in Bankruptcy Court and the JFB Trust will not so consent. See Bankruptcy Local Rule 9015-2(b).

## II. THE REFERENCE SHOULD BE WITHDRAWN TO PREVENT BIFURCATION – OR TRIFURCATION – TO CONSERVE JUDICIAL RESOURCES AND TO REDUCE DELAY AND COST TO THE PARTIES

### A. The Bankruptcy Court Intends to Trifurcate the Lawsuit

In this case, the Bankruptcy Court has announced, *sua sponte*, that if JFB Trust has a right to trial by jury, it will bifurcate the Adversary Proceeding and transfer only the action against the JFB Trust to the District Court for a jury trial, retaining the action against the JMB Trust in the Bankruptcy Court. Memorandum Decision, RJN, Exh. 7 at 2: 13-16. Since the conduct of the two Trusts were identical in all relevant respects – each held about half of "Mr. Bryan's interest" in Freemark Abbey and so each received about half of the purchase price – the bifurcation will result in two virtually identical lawsuits leading to two virtually identical trials, but one in the Bankruptcy Court and the other in the District Court.

Extraordinarily, the Bankruptcy Court apparently then contemplates again bifurcating the portion of the lawsuit it retained. The Bryan Defendants filed a Cross-Claim based on the same

1  underlying facts as were asserted in the Complaint, contending that the Cross-Defendants were liable
2  to them on theories of fraudulent and negligent misrepresentation. One Cross-Defendant moved to
3  dismiss, and the Court responded with an "Order of Abstention" asserting that since the Cross-Claim
4  "will have no impact on the bankruptcy estate" "it is appropriate to abstain from hearing the matter".
5  Order of Abstention, RJN, Exh. 11 at 1: 24-25.

6  Thus, the Bankruptcy Court contemplates trifurcating a single lawsuit about a single set of
7  operative facts into three lawsuits among the same parties: a District Court jury trial involving all of
8  the claims and all of the parties except the JMB Trust; a Bankruptcy Court trial involving all of the
9  parties except the JFB Trust and all of the claims except those presented in the Cross-Claim, and a
10 third trial "somewhere else" involving the Cross-Claim that would have been presented in the
11 Bankruptcy Court trial but for that Court's abstention.[1]

**B.     Severance and Trifurcation is Inappropriate**

13 Courts have held that whether severance is warranted requires balancing of several
14 considerations, including "the convenience of the parties, avoidance of prejudice to either party, and
15 promotion of the expeditious resolution of the litigation." Official Comm. Of Unsecured Creditors v.
16 Shapiro, 190 F.R.D. 352, 354 (E.D. Pa. 2000) (citing German v. Fed. Home Loan Mtg. Corp., 896 F.
17 Supp. 1385, 1400 n.6 (S.D.N.Y. 1995). Specific factors to take into account when determining
18 whether severance is warranted include "(1) whether the issues sought to be tried separately are
19 significantly different from one another, (2) whether the separable issues require the testimony of
20 different witnesses and different documentary proof, (3) whether the party opposing the severance
21 will be prejudiced if it is granted, and (4) whether the party requesting the severance will be
22 prejudiced if it is not granted." *Id*. See also Fanning v. Black & Decker, Inc., 1999 U.S. Dist. LEXIS
23 3407, Civ. A. No. 98-6141 (E.D. Pa. 1999).

---

[1] Although the Bankruptcy Court's Order of Abstention explicitly applies only to Cross-Defendant Laminar, its reasoning applied to the entire Cross-Claim. Each Cause of Action in the Cross-Claim was pled against "All Cross-Defendants," making no distinction respecting Laminar.

1    The decision to sever pursuant to Fed. R. Bankr. P. 7021 requires the bankruptcy court to determine whether a party is "indispensable." See Fanning, 190 F.R.D. at 355 (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119, 19 L. Ed. 2d 296, 88 S. Ct. 733 (1968)).  In order to determine whether a party is "indispensable" a court must undertake a two-step inquiry.  First, the court must determine whether the party is "necessary" under Fed. R. Bankr. P. 7019(a).  In order to satisfy this inquiry there must be a "showing that 1) relief cannot be accorded without the third party; 2) an adjudication of the parties' rights 'would impair or impede an absent party's ability to protect its interests in the subject matter of the litigation'; and (3) there would otherwise be a substantial risk of multiple or inconsistent obligations.  See Shapiro, 190 F.R.D. at 355 (quoting Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404-05 (3d Cir. 1993).  If the party is deemed by the court to be "necessary," the court must then determine whether such party is "indispensable".  Id.

In the instant case, prejudice will be suffered by the JFB Trust if it is severed from the Bankruptcy Court action.  The issues sought to be tried are identical and do not require the testimony of different witnesses or different documentary proof.  Moreover, the JFB Trust is an indispensable party to this action.   The adjudication of part of the lawsuit in the Bankruptcy Court will impair or impede the JFB Trust's ability to protect its interest in the subject matter of the litigation due to the doctrines of issue preclusion and there would be a substantial risk of inconsistent results.

Established case law respecting severance of claims and bifurcation of actions, as well as the law governing "indispensable parties," suggests that the instant lawsuit should not be bifurcated (or trifurcated).   The entire lawsuit should be tried only once, and in only one Court.  The District Court is the only appropriate place for that trial, and withdrawal of the reference is the appropriate means to achieve that end.

### C.    Principles of Judicial Economy Support Withdrawal of the Reference

Withdrawal of the reference and subsequent transfer of the action in its entirety to the District Court comports with principles of judicial economy and preservation of the resources of the Debtor's estate.  The courts have generally concluded that the reference may be withdrawn in order to enhance case efficiency and reduce cost and delay to the parties.  See In re Security Farms, 124 F.3d at 1008

1  (holding "[i]n this case, efficiency was enhanced by withdrawing the reference . . ." and that

2  "unnecessary costs could be avoided by a single proceeding in the district court"). <u>See</u> <u>also</u> <u>Sharp v.</u>

3  <u>Hawkins (In re 3DO Co.)</u>, No. C-03-5023, 2004 U.S. Dist. LEXIS 25367, at 13-14 (N.D. Cal. 2004)

4  (withdrawing reference for purposes of judicial efficiency and economy), <u>Avocent Corp. v. TFS Elec.</u>

5  <u>Mfg. Servs., Inc. (In re TFS Elec. Mfg. Servs., Inc.)</u>, No. CV 07-191-PHX-SMM, 2007 U.S. Dist.

6  LEXIS 9185, at *8 (D. Ariz. 2007) (concluding that "the efficient use of judicial resources, delay,

7  costs to the parties, and the uniformity of bankruptcy administration all favor withdrawing the

8  reference . . . .").

9       In the instant case, the Bankruptcy Court proposes two or three identical trials in two or three

10  different courts between the same parties and regarding the same operative facts. Clearly, the

11  policies of preservation of judicial resources, judicial efficiency and reduction of delay and cost to the

12  parties are enhanced by the withdrawal of the reference so that all of the matters related to the lawsuit

13  may be heard and decided only once. Moreover, withdrawal of the reference comports with the

14  policy in favor of preservation of the Debtor's estate. The delay and expense of a second proceeding

15  relating to the same issues surely will drain the assets of the estate through both litigation cost and

16  professional fees. Withdrawal of the reference will ensure that the resources of the estate are utilized

17  in the most efficient manner possible.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**III.     CONCLUSION**

For the foregoing reasons, the Bryan Defendants respectfully request that the Court forthwith withdraw the reference pursuant to 28 U.S.C. § 157(d) and Bankruptcy Local Rule 5011-2 and grant such further relief as may be just and proper.

Respectfully submitted,

ST. JAMES LAW, P.C.

NIXON PEABODY LLP

DATED:  May 23, 2007

By: /s/ *Michael St. James*
Michael St. James
Glenn E. Westreich
Rosalyn P. Mitchell
Attorneys for Defendants/Cross-Claimants
JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST,
J.M. BRYAN FAMILY TRUST