**EXHIBIT 2**

Glenn E. Westreich (State Bar No.100457)
gwestreich@nixonpeabody.com
Beth L. Mitchell (State Bar No. 187460)
bmitchell@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
Sarah M. Wells (State Bar No. 238417)
swells@nixonpeabody.com
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Defendants/Cross-Claimants
JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M.
BRYAN FAMILY TRUST

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 05-14659 AJ |
| THE LEGACY ESTATE GROUP, LLC, formerly doing business as FREEMARK ABBEY WINERY, BRYON VINEYARD & WINERY, and ARROWOOD VINEYARD & WINERY | Adv. No. 06-01173 |
| | Chapter 11 |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | **ANSWER OF DEFENDANTS JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM FOR FRAUDULENT MISREPRESENTATION, NEGLIGENT MISREPRESENTATION AND DAMAGES** |
| Plaintiff, | |
| v. | |
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability | **DEMAND FOR JURY TRIAL** |

ANSWER OF DEFENDANTS JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, AND J.M. BRYAN FAMILY
TRUST TO PLAINTIFF'S COMPLAINT,A ND
COUNTERCLAIM; CASE NO. 05-14659; ADV. PROC. NO. 06-
01173

-1-

10216507.3

company
                    Defendants.

JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M. BRYAN
FAMILY TRUST,

                    Defendants/Cross-Claimants,

        v.

KULWINDER SIDHU, DEVINDER SIDHU,
PACIFIC PARAGON INVESTMENT FUND
LTD, a British Columbia company, HARRY
CHEW, AIC CAPITAL PARTNERS, LLC, a
California limited liability company, and
LAMINAR DIRECT CAPITAL,L .P., a Texas
limited partnership,

                    Defendants/Cross-Defendants.

1   Defendants John M. Bryan, John M. and Florence E. Bryan Trust, J.M. Bryan Family Trust

2   ("Defendants"), hereby respond to the First Amended Complaint of Plaintiff OFFICIAL

3   COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC

4   ("Plaintiff") (the "FAC") as follows:

5   By this Answer to Plaintiff's FAC ("Answer"), Defendants hereby respond to all issues raised

6   in Plaintiff's FAC relating to these Defendants.  Defendants reserve the right to amend, add or strike

7   affirmative defenses as discovery ensues or due to inadvertence.

8   Answering the introductory paragraph of the FAC, Defendants state that the introductory

9   paragraph is a statement for relief which Plaintiff intends to seek and therefore requires no response.

10                                     **JURISDICTION**

11          1.          Answering Paragraph 1 of Plaintiff's FAC, Defendant admits that this Court has

12   jurisdiction over this matter.  Except as specifically admitted, Defendants are without sufficient

13   knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

14   that basis deny each and every allegation contained therein.

15          2.          Answering Paragraph 2 of Plaintiff's FAC, Defendants admit the claims in this

16   proceeding arise under the stated statutory provisions.

17                                 **GENERAL ALLEGATIONS**

18   **A.      The Parties**

19          3.          Answering Paragraph 3 of Plaintiff's FAC, Defendants are without sufficient

20   knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

21   that basis deny each and every allegation contained therein.

22          4.          Answering Paragraph 4 of Plaintiff's FAC, Defendants state that paragraph 4

23   contains statements regarding matters of Court record, and therefore require no response.

24          5.          Answering Paragraph 5 of Plaintiff's FAC, Defendants are without sufficient

25   knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

26   that basis deny each and every allegation contained therein.

27

28

6.      Answering Paragraph 6 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

7.      Answering Paragraph 7 of Plaintiff's FAC, Defendants admit the allegations contained in paragraph 7.

8.      Answering Paragraph 8 of Plaintiff's FAC, Defendants admit the allegations contained in paragraph 8.

9.      Answering Paragraph 9 of Plaintiff's FAC, Defendants admit that Connaught acquired the Bryan Trusts' membership interests in Legacy pursuant to a Unit Purchase Agreement ("UPA") dated March 14, 2005, the provisions of which speak for themselves. Defendants deny any allegations contained in paragraph 9 that are inconsistent with the UPA. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

10.      Answering Paragraph 10 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

11.      Answering Paragraph 11 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

12.      Answering Paragraph 12 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

13.      Answering Paragraph 13 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

14.      Answering Paragraph 14 of Plaintiff's FAC, Defendants admit that John M. Bryan ("Bryan") is an individual and a resident of the State of California. Defendants further admit that Bryan was and is the trustee of the JMB Trust and co-trustee of the J&FB Trust and had and has all

1    rights and duties incident to his position as trustee.  Except as specifically admitted, Defendants deny

2    the remaining allegations contained therein.

3        15.        Answering Paragraph 15 of Plaintiff's FAC, Defendants are without sufficient

4    knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

5    that basis deny each and every allegation contained therein.

6        16.        Answering Paragraph 16 of Plaintiff's FAC, Defendants are without sufficient

7    knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

8    that basis deny each and every allegation contained therein.

9    **B.    Pacific's Claims Against Legacy**

10       17.        Answering Paragraph 17 of Plaintiff's FAC, Defendants assert that the bankruptcy

11   schedules and proofs of claims filed by Connaught and Pacific speak for themselves.  To the extent

12   the allegations in paragraph 17 are inconsistent with the bankruptcy schedules and/or proofs of

13   claims, the allegations are denied.  Defendants are without sufficient knowledge or information to

14   form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each

15   and every allegation contained therein.

16       18.        Answering Paragraph 18 of Plaintiff's FAC, Defendants assert that the bankruptcy

17   schedules and proofs of claims filed by Pacific speak for themselves.  To the extent the allegations in

18   paragraph 18 are inconsistent with the bankruptcy schedules and/or proofs of claims, the allegations

19   are denied.  Defendants are without sufficient knowledge or information to form a belief as to the

20   truth of the remaining allegations in said paragraph and on that basis deny each and every allegation

21   contained therein.

22   **C.    Bryan Guaranties and Advances**

23       19.        Answering Paragraph 19 of Plaintiff's FAC, Defendants admit the allegations

24   contained in paragraph 19.

25       20.        Answering Paragraph 20 of Plaintiff's FAC, Defendants admit that loans were

26   made  by JMB Trust to Legacy on the dates and in the amount indicated, and assert that Legacy's

27   books and records speak for themselves with respect thereto.  To the extent the allegations in

28

1   paragraph 20 are inconsistent with Legacy's books and records, the allegations are denied.

2   Defendants deny the remaining allegations in paragraph 20 of the FAC.

3       21.      Answering Paragraph 21 of Plaintiff's FAC, Defendants deny the allegations in

4   paragraph 21 of the FAC.

5       22.      Answering Paragraph 22 of Plaintiff's FAC, Defendants admit that JMB Trust

6   agreed to accept a promissory note from Connaught.  Defendants admit the existence of the UPA, the

7   terms of which speak for themselves.  Except as specifically admitted, Defendants deny the

8   remaining allegations contained in paragraph 22.

9   **D.**    **The AIC and Connaught Guaranties**

10      23.      Answering Paragraph 23 of Plaintiff's FAC, Defendants admit that AIC and

11  Connaught entered into Guarantee Agreements with John M. Bryan, an individual, and Florence E.

12  Bryan, an individual, and that the terms of the Guarantee Agreements speak for themselves.

13  Defendants deny the remaining allegations contained in paragraph 23.

14      24.      Answering Paragraph 24 of Plaintiff's FAC, Defendants respond that the terms of

15  the UPA speak for themselves and that no further response is required.

16      25.      Answering Paragraph 25 of Plaintiff's FAC, Defendants admit that Bryan paid the

17  amount of $1,345,444.89 and guaranteed the purchase of grapes under the Grape Purchase

18  Agreement.  Defendants further admit that Legacy has repaid that amount to Bryan in full.

19  Defendants further admit that Bryan has filed claims against the Legacy estate demanding payment of

20  any and all funds (up to $20,181,673.85).  Defendants are without sufficient knowledge or

21  information to form a belief as to the truth of the remaining allegations in said paragraph and on that

22  basis deny each and every allegation contained therein.

23  **E.**    **Connaught's Purchase of the Bryan Trusts' Legacy Interests**

24      26.      Answering Paragraph 26 of Plaintiff's FAC, Defendants assert that the terms of the

25  UPA speak for themselves and deny the allegations of paragraph 26 to the extent that they are

26  inconsistent therewith.  Except as so stated, Defendants are without sufficient knowledge or

27  information to form a belief as to the truth of the remaining allegations in paragraph 26 and on that

28  basis deny each and every allegation contained therein.

ANSWER OF DEFENDANTS JOHN M. BRYAN, JOHN M. AND     -6-
FLORENCE E. BRYAN TRUST, AND J.M. BRYAN FAMILY
TRUST TO PLAINTIFF'S COMPLAINT,A ND
COUNTERCLAIM; CASE NO. 05-14659; ADV. PROC. NO. 06-

10216507.3

27.    Answering Paragraph 27 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

28.    Answering Paragraph 28 of Plaintiff's FAC, Defendants assert that the terms of the UPA speak for themselves and deny the allegations of paragraph 28 to the extent that they are inconsistent therewith.  Defendants admit that no payments have been made on the $1.5 Million Note.

29.    Answering Paragraph 29 of Plaintiff's FAC, Defendants assert that Legacy's filings in this case speak for themselves and deny the allegations of paragraph 29 to the extent that they are inconsistent therewith.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

**F.    Laminar Credit Facility and Legacy's Payment to the Bryan Trust**

30.    Answering Paragraph 30 of Plaintiff's FAC, Defendants admit the allegations contained in paragraph 30 of the FAC.

31.    Answering Paragraph 31 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

32.    Answering Paragraph 32 of Plaintiff's FAC, Defendants admit that the Niven & Smith law firm previously acted as counsel for Legacy, Connaught, and/or the Sidhus.  Defendants further admit that the Niven & Smith law firm Trust Account paid the Bryan Family Trusts $7,177,610 on or about March 16, 2005.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

33.    Answering Paragraph 33 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

ANSWER OF DEFENDANTS JOHN M. BRYAN, JOHN M. AND     -7-
FLORENCE E. BRYAN TRUST, AND J.M. BRYAN FAMILY
TRUST TO PLAINTIFF'S COMPLAINT,A ND
COUNTERCLAIM; CASE NO. 05-14659; ADV. PROC. NO. 06-

10216507.3

**G.**    **The $3.7 Million Note**

34.    Answering Paragraph 34 of Plaintiff's FAC, Defendants asserts that terms of the $3.7 Million Note speak for themselves.  To the extent the allegations in paragraph 34 are inconsistent with the terms of the $3.7 Million Note, the allegations are denied.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

35.    Answering Paragraph 35 of Plaintiff's FAC, Defendants admit that the terms of the $3.7 Million Note speak for themselves, and that no payments has been made on such Note.  To the extent the allegations in paragraph 35 are inconsistent with the terms of the $3.7 Million Note, the allegations are denied.

36.    Answering Paragraph 36 of Plaintiff's FAC,  Defendants assert that the claims in JMB Trust's proof of claim speak for themselves.  To the extent the allegations in paragraph 36 are inconsistent with JMB Trust's proof of claim, the allegations are denied.

37.    Answering Paragraph 37 of Plaintiff's FAC, Defendants assert that the filings in this case referenced in paragraph 37 speak for themselves. To the extent any allegation in paragraph 37 is inconsistent therewith, the allegation is denied.

**H.**    **Legacy's Slide into Bankruptcy**

38.    Answering Paragraph 38 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

39.    Answering Paragraph 39 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

40.    Answering Paragraph 40 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

**I.**    **Bryan and the Bryan Trusts' Claims Against the Legacy Estate**

1      41.      Answering Paragraph 41 of Plaintiff's FAC, Defendants assert that the claims

2  referenced in paragraph 41 speak for themselves. To the extent any allegation in paragraph 41 is

3  inconsistent therewith, the allegation is denied.

4                          **FIRST CLAIM FOR RELIEF**

5      42.      Answering Paragraph 42 of Plaintiff's FAC, Defendants incorporate their

6  responses to paragraphs 1 through 41 above as though fully set forth herein.

7      43.      Answering Paragraph 43 of Plaintiff's FAC, Defendants admit that Connaught

8  purchased the Bryan Trusts' interest in Legacy for $8,677,610.  Except as specifically admitted,

9  Defendants deny the remaining allegations contained in paragraph 43 of the FAC.

10      44.      Answering Paragraph 44 of Plaintiff's FAC, Defendants deny the allegations in

11  paragraph 44 of the FAC.

12      45.      Answering Paragraph 45 of Plaintiff's FAC, Defendants deny the allegations in

13  paragraph 45 of the FAC.

14      46.      Answering Paragraph 46 of Plaintiff's FAC, Defendants deny the allegations in

15  paragraph 46 of the FAC.

16      47.      Answering Paragraph 47 of Plaintiff's FAC, Defendants deny the allegations in

17  paragraph 47 of the FAC.

18      48.      Answering Paragraph 48 of Plaintiff's FAC, Defendants deny the allegations in

19  paragraph 48 of the FAC.

20      49.      Answering Paragraph 49 of Plaintiff's FAC, Defendants admit the allegations in

21  paragraph 49 of the FAC.

22      50.      Answering Paragraph 50 of Plaintiff's FAC, Defendants  deny the allegations in

23  paragraph 50 of the FAC.

24                        **SECOND CLAIM FOR RELIEF**

25      51.      Answering Paragraph 51 of Plaintiff's FAC, Defendants incorporate their

26  responses to paragraphs 1 through 50 above as though fully set forth herein.

27      52.      Answering Paragraph 52 of Plaintiff's FAC, Defendants deny the allegations in

28  paragraph 52 of the FAC.

53.    Answering Paragraph 53 of Plaintiff's FAC, Defendants admit the allegations in paragraph 53 of the FAC.

54.    Answering Paragraph 54 of Plaintiff's FAC, Defendants deny the allegations in paragraph 59 of the FAC.

### THIRD CLAIM FOR RELIEF

55.    Answering Paragraph 55 of Plaintiff's FAC, Defendants incorporate their responses to paragraphs 1 through 54 above as though fully set forth herein.

56.    Answering Paragraph 56 of Plaintiff's FAC, Defendants state that to the extent statements contained in paragraph 56 of the FAC are Plaintiff's interpretation of statutes or law, no response is required.

57.    Answering Paragraph 57 of Plaintiff's FAC, Defendants deny the allegations in paragraph 57 of the FAC.

58.    Answering Paragraph 58 of Plaintiff's FAC, Defendants deny the allegations in paragraph 58 of the FAC.

59.    Answering Paragraph 59 of Plaintiff's FAC, Defendants deny the allegations in paragraph 59 of the FAC.

60.    Answering Paragraph 60 of Plaintiff's FAC, Defendants admit the allegations in paragraph 60 of the FAC.

61.    Answering Paragraph 61 of Plaintiff's FAC, Defendants deny the allegations in paragraph 61 of the FAC.

### FOURTH CLAIM FOR RELIEF

62.    Answering Paragraph 62 of Plaintiff's FAC, Defendants incorporate their responses to paragraphs 1 through 61 above as though fully set forth herein.

63.    Answering Paragraph 63 of Plaintiff's FAC, Defendants deny the allegations in paragraph 63 of the FAC.

64.    Answering Paragraph 64 of Plaintiff's FAC, Defendants admit the allegations in paragraph 64 of the FAC.

1    65.    Answering Paragraph 65 of Plaintiff's FAC, Defendants deny the allegations in
2    paragraph 65 of the FAC.

3                              **FIFTH CLAIM FOR RELIEF**

4    66.    Answering Paragraph 66 of Plaintiff's FAC, Defendants incorporate their
5    responses to paragraphs 1 through 65 above as though fully set forth herein.

6    67.    Answering Paragraph 67 of Plaintiff's FAC, Defendants state that to the extent
7    statements contained in paragraph 67 of the FAC are Plaintiff's interpretation of statutes or law, no
8    response is required.

9    68.    Answering Paragraph 68 of Plaintiff's FAC, Defendants admit the allegations in
10   paragraph 68 of the FAC.

11   69.    Answering Paragraph 69 of Plaintiff's FAC, Defendants deny the allegations in
12   paragraph 69 of the FAC.

13   70.    Answering Paragraph 70 of Plaintiff's FAC, Defendants deny the allegations in
14   paragraph 70 of the FAC.

15                             **SIXTH CLAIM FOR RELIEF**

16   71.    Answering Paragraph 71 of Plaintiff's FAC, Defendants incorporate their
17   responses to paragraphs 1 through 70 above as though fully set forth herein.

18   72.    Answering Paragraph 72 of Plaintiff's FAC, Defendants admit the allegations
19   contained in paragraph 72.

20   73.    Answering Paragraph 73 of Plaintiff's FAC, Defendants are without sufficient
21   knowledge or information to form a belief as to the truth of the allegations in said paragraph and on
22   that basis deny each and every allegation contained therein.

23   74.    Answering Paragraph 74 of Plaintiff's FAC, Defendants deny the allegations in
24   paragraph 74 of the FAC.

25   75.    Answering Paragraph 75 of Plaintiff's FAC, Defendants deny the allegations in
26   paragraph 75 of the FAC.

27   76.    Answering Paragraph 76 of Plaintiff's FAC, Defendants admit the allegations in
28   paragraph 76 of the FAC.

1  77.    Answering Paragraph 77 of Plaintiff's FAC, Defendants deny the allegations in

2  paragraph 77 of the FAC.

3  **SEVENTH CLAIM FOR RELIEF**

4  78.    Answering Paragraph 78 of Plaintiff's FAC, Defendants incorporate their

5  responses to paragraphs 1 through 77 above as though fully set forth herein.

6  79.    Answering Paragraph 79 of Plaintiff's FAC, Defendants deny the allegations in

7  paragraph 79 of the FAC.

8  80.    Answering Paragraph 80 of Plaintiff's FAC, Defendants admit the allegations in

9  paragraph 80 of the FAC.

10  81.    Answering Paragraph 81 of Plaintiff's FAC, Defendants deny the allegations in

11  paragraph 81 of the FAC.

12  **EIGHTH CLAIM FOR RELIEF**

13  82.    Answering Paragraph 82 of Plaintiff's FAC, Defendants incorporate their

14  responses to paragraphs 1 through 81 above as though fully set forth herein.

15  83.    Answering Paragraph 83 of Plaintiff's FAC, Defendants admit that Bryan Trusts

16  owned approximately 86.8% of Legacy's outstanding membership interest and Connaught owned the

17  remaining 13.2%. Except as specifically admitted, Defendants deny the remaining allegations in

18  paragraph 83.

19  84.    Answering Paragraph 84 of Plaintiff's FAC, Defendants admit the allegations in

20  paragraph 84 of the FAC.

21  85.    Answering Paragraph 85 of Plaintiff's FAC, Defendants admit that Connaught

22  made no payments on the $3.7 Million Note. Except as specifically admitted, Defendants deny the

23  remaining allegations in paragraph 85.

24  86.    Answering Paragraph 86 of Plaintiff's FAC, Defendants admit the allegations in

25  paragraph 86 of the FAC.

26  87.    Answering Paragraph 87 of Plaintiff's FAC, Defendants deny the allegations in

27  paragraph 87 of the FAC.

28

88.     Answering Paragraph 88 of Plaintiff's FAC, Defendants deny the allegations in paragraph 88 of the FAC.

89.     Answering Paragraph 89 of Plaintiff's FAC, Defendants deny the allegations in paragraph 89 of the FAC.

## NINTH CLAIM FOR RELIEF

90.     Answering Paragraph 90 of Plaintiff's FAC, Defendants incorporate their responses to paragraphs 1 through 89 above as though fully set forth herein.

91.     Answering Paragraph 91 of Plaintiff's FAC, Defendants admit the existence of claims, and assert that the claims speak for themselves. To the extent the allegations in paragraph 91 are inconsistent with said claims, the allegations are denied.

92.     Answering Paragraph 92 of Plaintiff's FAC, Defendants admit the existence of claims, and assert that the claims speak for themselves. To the extent the allegations in paragraph 92 are inconsistent with said claims, the allegations are denied.

93.     Answering Paragraph 93 of Plaintiff's FAC, Defendants deny the allegations in paragraph 93 of the FAC.

## TENTH CLAIM FOR RELIEF

94.     Answering Paragraph 94 of Plaintiff's FAC, Defendants incorporate their responses to paragraphs 1 through 93 above as though fully set forth herein.

95.     Answering Paragraph 95 of Plaintiff's FAC, Defendants admit that Connaught issued the $3.7 Million note and admit that neither Bryan nor the Bryan Trusts have surrendered the $3.7 Million Note. Except as specifically admitted, Defendants deny the remaining allegations contained in paragraph 95.

96.     Answering Paragraph 96 of Plaintiff's FAC, Defendants deny the allegations in paragraph 96 of the FAC.

97.     Answering Paragraph 97 of Plaintiff's FAC, Defendants state that paragraph 97 contains a statement for relief which plaintiff intends to seek and therefore requires no response.

1

**ELEVENTH CLAIM FOR RELIEF**

2      98.      Answering Paragraph 98 of Plaintiff's FAC, Defendants incorporate their

3   responses to paragraphs 1 through 97 above as though fully set forth herein.

4      99.      Answering Paragraph 99 of Plaintiff's FAC, Defendants deny the allegations in

5   paragraph 99 of the FAC.

6      100.      Answering Paragraph 100 of Plaintiff's FAC, Defendants deny the allegations in

7   paragraph 100 of the FAC.

8      101.      Answering Paragraph 101 of Plaintiff's FAC, Defendants deny the allegations in

9   paragraph 101 of the FAC.

10      102.      Answering Paragraph 102 of Plaintiff's FAC, Defendants deny the allegations in

11   paragraph 102 of the FAC.

12      103.      Answering Paragraph 103 of Plaintiff's FAC, Defendants deny the allegations in

13   paragraph 103 of the FAC.

14      104.      Answering Paragraph 104 of Plaintiff's FAC, Defendants admit the allegations in

15   paragraph 104 of the FAC.

16      105.      Answering Paragraph 105 of Plaintiff's FAC, Defendants deny the allegations in

17   paragraph 105 of the FAC.

18

**TWELFTH CLAIM FOR RELIEF**

19      106.      Answering Paragraph 106 of Plaintiff's FAC, Defendants incorporate their

20   responses to paragraphs 1 through 105 above as though fully set forth herein.

21      107.      Answering Paragraph 107 of Plaintiff's FAC, Defendants deny the allegations in

22   paragraph 107 of the FAC.

23      108.      Answering Paragraph 108 of Plaintiff's FAC, Defendants admit the allegations in

24   paragraph 108 of the FAC.

25      109.      Answering Paragraph 109 of Plaintiff's FAC, Defendants admit the allegations in

26   paragraph 109 of the FAC.

27      110.      Answering Paragraph 110 of Plaintiff's FAC, Defendants deny the allegations in

28   paragraph 110 of the FAC.

**THIRTEENTH CLAIM FOR RELIEF**

111.    Answering Paragraph 111 of Plaintiff's FAC, Defendants incorporate their responses to paragraphs 1 through 110 above as though fully set forth herein.

112.    Answering Paragraph 112 of Plaintiff's FAC, Defendants admit the allegations in paragraph 112 of the FAC.

113.    Answering Paragraph 113 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

114.    Answering Paragraph 114 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

115.    Answering Paragraph 115 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

116.    Answering Paragraph 116 of Plaintiff's FAC, Defendants deny each and every allegation as it pertains to the Bryan Trusts and Bryan, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

117.    Answering Paragraph 117 of Plaintiff's FAC, Defendants deny each and every allegation as it pertains to the Bryan Trusts, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

118.    Answering Paragraph 118 of Plaintiff's FAC, Defendants deny each and every allegation as it pertains to the Bryan Trusts, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and on that basis deny each and every allegation contained therein.

1

**FOURTEENTH CLAIM FOR RELIEF**

2      119.      Answering Paragraph 119 of Plaintiff's FAC, Defendants incorporate their

3   responses to paragraphs 1 through 118 above as though fully set forth herein.

4      120.      Answering Paragraph 120 of Plaintiff's FAC, Defendants admit that a judiciable

5   controversy has arisen regarding the obligations represented by the $3.7 Million Note.  Except as

6   specifically admitted, Defendants deny the remaining allegations contained in paragraph 120.

7      121.      Answering Paragraph 121 of Plaintiff's FAC, Defendants admit the allegations in

8   paragraph 121 of the FAC.

9      122.      Answering Paragraph 122 of Plaintiff's FAC, Defendants admit the allegations in

10  paragraph 122 of the FAC.

11     123.      Answering Paragraph 123 of Plaintiff's FAC, Defendants state that paragraph 123

12  contains a statement for relief which plaintiff intends to seek and therefore requires no response.

13

**FIFTEENTH CLAIM FOR RELIEF**

14     124.      Answering Paragraph 124 of Plaintiff's FAC, Defendants incorporate their

15  responses to paragraphs 1 through 123 above as though fully set forth herein.

16     125.      Answering Paragraph 125 of Plaintiff's FAC, Defendants are without sufficient

17  knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

18  that basis deny each and every allegation contained therein.

19     126.      Answering Paragraph 126 of Plaintiff's FAC, Defendants are without sufficient

20  knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

21  that basis deny each and every allegation contained therein.

22     127.      Answering Paragraph 127 of Plaintiff's FAC, Defendants state that paragraph 127

23  contains a statement for relief which plaintiff intends to seek and therefore requires no response.

24

**SIXTEENTH CLAIM FOR RELIEF**

25     128.      Answering Paragraph 128 of Plaintiff's FAC, Defendants incorporate their

26  responses to paragraphs 1 through 127 above as though fully set forth herein.

27

28

1    129.    Answering Paragraph 129 of Plaintiff's FAC, Defendants are without sufficient

2  knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

3  that basis deny each and every allegation contained therein.

4    130.    Answering Paragraph 130 of Plaintiff's FAC, Defendants are without sufficient

5  knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

6  that basis deny each and every allegation contained therein.

7    131.    Answering Paragraph 131 of Plaintiff's FAC, Defendants are without sufficient

8  knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

9  that basis deny each and every allegation contained therein.

10    132.    Answering Paragraph 132 of Plaintiff's FAC, Defendants deny the allegations in

11  paragraph 132 of the FAC.

12    133.    Answering Paragraph 133 of Plaintiff's FAC, Defendants deny the allegations in

13  paragraph 133 of the FAC.

14    134.    Answering Paragraph 134 of Plaintiff's FAC, Defendants deny the allegations in

15  paragraph 134 of the FAC.

16    135.    Answering Paragraph 135 of Plaintiff's FAC, Defendants deny the allegations in

17  paragraph 135 of the FAC.

18    **SEVENTEENTH CLAIM FOR RELIEF**

19    136.    Answering Paragraph 136 of Plaintiff's FAC, Defendants incorporate their

20  responses to paragraphs 1 through 135 above as though fully set forth herein.

21    137.    Answering Paragraph 137 of Plaintiff's FAC, Defendants deny the allegations in

22  paragraph 137 of the FAC.

23    138.    Answering Paragraph 138 of Plaintiff's FAC, Defendants deny the allegations in

24  paragraph 138 of the FAC.

25    **EIGHTEENTH CLAIM FOR RELIEF**

26    139.    Answering Paragraph 139 of Plaintiff's FAC, Defendants incorporate their

27  responses to paragraphs 1 through 138 above as though fully set forth herein.

28

1    140.    Answering Paragraph 140 of Plaintiff's FAC, Defendants state that to the extent

2    statements contained in paragraph 140 of the FAC are Plaintiff's interpretation of statutes, or law, no

3    response is required.

4    141.    Answering Paragraph 141 of Plaintiff's FAC, Defendants are without sufficient

5    knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

6    that basis deny each and every allegation contained therein.

7    142.    Answering Paragraph 142 of Plaintiff's FAC, Defendants deny the allegations in

8    paragraph 142 of the FAC.

9    143.    Answering Paragraph 143 of Plaintiff's FAC, Defendants are without sufficient

10    knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

11    that basis deny each and every allegation contained therein.

12    144.    Answering Paragraph 144 of Plaintiff's FAC, Defendants deny the allegations in

13    paragraph 144 of the FAC.

14    **NINETEENTH CLAIM FOR RELIEF**

15    145.    Answering Paragraph 145 of Plaintiff's FAC, Defendants incorporate their

16    responses to paragraphs 1 through 144 above as though fully set forth herein.

17    146.    Answering Paragraph 146 of Plaintiff's FAC, Defendants deny the allegations in

18    paragraph 146 of the FAC.

19    147.    Answering Paragraph 147 of Plaintiff's FAC, Defendants deny the allegations in

20    paragraph 147 of the FAC.

21    **TWENTIETH CLAIM FOR RELIEF**

22    148.    Answering Paragraph 148 of Plaintiff's FAC, Defendants incorporate their

23    responses to paragraphs 1 through 147 above as though fully set forth herein.

24    149.    Answering Paragraph 149 of Plaintiff's FAC, Defendants are without sufficient

25    knowledge or information to form a belief as to the truth of the allegations in said paragraph and on

26    that basis deny each and every allegation contained therein.

27

28

150.     Answering Paragraph 150 of Plaintiff's FAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph and on that basis deny each and every allegation contained therein.

151.     Answering Paragraph 151 of Plaintiff's FAC, Defendants state that paragraph 151 contains a statement for relief which plaintiff intends to seek and therefore requires no response.

## AFFIRMATIVE DEFENSES

For further and separate affirmative defenses to Plaintiff's FAC, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     As to each claim for relief, the FAC fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.     Upon information and belief, some or all of the Transfers to the Defendants are unavoidable as transfers (a) in payment of debts incurred in the ordinary course of business or financial affairs of Debtor and Defendants, (b) made in the ordinary course of business or financial affairs of Debtor and Defendants, and (c) made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE

3.     Upon information and belief, some or all of the Transfers are unavoidable as transfers (a) that were intended by Debtor and Defendants to be contemporaneous exchanges for new value given to the Debtors and (b) that were in fact substantially contemporaneous exchanges.

### FOURTH AFFIRMATIVE DEFENSE

4.     Debtor was solvent within the meaning of 11 U.S.C. § 548 and Cal. Civ. Code § 3439.04 when the Transfers were made to Defendants.

### FIFTH AFFIRMATIVE DEFENSE

5.     Debtor did not intend to hinder, delay, or defraud its creditors through the Transfers. The Transfers, accordingly, are not recoverable by Plaintiff or Debtor pursuant to 11 U.S.C. § 548(a) or Cal. Civ. Code § 3439.04.

### SIXTH AFFIRMATIVE DEFENSE

6.    Debtor received reasonably equivalent value in exchange for the Transfers within the meaning of 11 U.S.C. § 548(a)(1)(B) and Cal. Civ. Code § 3439.04. The Transfers, accordingly, are not recoverable by Plaintiff or Debtor pursuant to 11 U.S.C. § 548(a) or Cal. Civ. Code § 3439.04.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Debtor was solvent and the Transfers did not render Debtor insolvent within the meaning of 11 U.S.C. § 548(a)(1)(B) or Cal. Civ. Code § 3439.04. The Transfers, accordingly,are not recoverable by Plaintiff or Debtor pursuant to 11 U.S.C. § 548(a) or Cal. Civ. Code § 3439.04.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Debtor was not engaged in a business or transaction or was about to engage in a business of transaction, for which any property remaining with Debtor was an unreasonably small capital within the meaning of 11 U.S.C. § 548(a)(1)(B) or Cal. Civ. Code § 3439.04. The Transfers, accordingly, are not recoverable by the Plaintiff or Debtor pursuant to 11 U.S.C. § 548(a) or Cal. Civ. Code § 3439.04.

### NINTH AFFIRMATIVE DEFENSE

9.    Debtor did not intend, not did it believe it would incur, debts that would be beyond its ability to pay as such debts matured within the meaning of 11 U.S.C. § 548(a)(1)(B) or Cal. Civ. Code § 3439.04. The Transfers, accordingly,are not recoverable by the Plaintiff or Debtor pursuant to 11 U.S.C. § 548(a) or Cal. Civ. Code § 3439.04.

### TENTH AFFIRMATIVE DEFENSE

10.    Defendants accepted the Transfers for value, in satisfaction of or to secure a debt, in good faith, and without knowledge of the voidability of the transfer avoided. The Transfers, accordingly, are not recoverable by the Plaintiff or Debtor pursuant to 11 U.S.C. § 550.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendants advanced moneys to Debtor as loans without knowledge of Debtor's alleged inability to repay the Loans as they became due. The Loans, accordingly, are not subject to subordination pursuant to 11 U.S.C. § 510.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Defendants, both through their acceptance of the Transfer from and their extension of Loans to the Debtor did not engage in inequitable conduct, nor cause injury to the competing claimants, nor confer an unfair advantage over competing creditors to themselves.  Subordination is, thus, improper.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Debtor's fraud or misrepresentation bars it from recovering the Transfers.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     As to each claim for relief, Defendants allege that Plaintiff's claims are barred by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     As to each claim for relief, Defendants allege that Plaintiff's are estopped from alleging the matters set forth in the FAC.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     As to each claim for relief, Defendants allege that Plaintiff's claims are barred as the negligence or fault of others for which Defendants are not liable or responsible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendants presently have insufficient information or knowledge on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the future.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.     That Plaintiff take nothing by the FAC herein;

2.     That the Court enter judgment in favor of the Defendants;

3.     That Defendants be awarded the cost of their suit incurred in this action; and

4.     For such other and further relief that the Court deems just and proper.

## CROSS-CLAIM

COMES NOW Defendants/Cross-Claimants John M. Bryan, John M. and Florence E. Bryan Trust, J.M. Bryan Family Trust ("Cross-Claimants") and for causes of action against Defendants/Cross-Defendants Kulwinder Sidhu, Devinder Sidhu, Pacific Paragon Investment Fund Ltd., Harry Chew, AIC Capital Partners, LLC, and Laminar Direct Capital, L.P. (collectively referred to as "Cross-Defendants"), counter-claims and alleges as follows:

## JURISDICTION

1.     This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334 (b) and (e).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

## GENERAL ALLEGATIONS

2.     Cross-Claimants are informed and believe and thereon allege that Connaught Capital Partners LLC ("Connaught")[1] is a California limited liability company that acts as a holding company for AIC Capital Partners LLC ("AIC").

3.     Cross-Claimants are informed and believe and thereon allege that AIC's membership includes, but is not limited to, Defendants/Cross-Defendants Kulwinder Sidhu, Devinder Sidhu, Pacific Paragon Investment Fund Ltd., and Harry Chew.

4.     Cross-Claimants are informed and believe and thereon allege that Connaught's primary asset is its majority membership interest in The Legacy Estate Group, LLC ("Legacy"), a California limited liability company that formerly did business as Freemark Abbey Winery, Bryon Vineyard & Winery, and Arrowood Vineyard & Winery.

5.     Pursuant to the Units Purchase Agreement ("UPA") dated March 14, 2005 between Connaught and Cross-Claimants, Connaught acquired Cross-Claimants' interest in Legacy,

---

[1] Because Connaught is a debtor in its own Chapter 11 case, Cross-Claimants seek no monetary, declaratory, or other relief against Connaught at this time.  But for the pendency of Connaught's Chapter 11 case, such relief would have been sought in this Cross-Complaint.  Cross-Claimants include all the allegations with respect to Connaught set forth herein solely to ensure that all necessary or indispensable parties are named.  Cross-Claimants reserve all rights with respect to Connaught in the event that a claim against Connaught becomes assertable.

1    approximately 86.8% of Legacy's outstanding membership units, for $8,677,610, as well as certain

2    amounts of free or discounted Legacy wines.

3       6.      On or shortly after March 15, 2005, Cross-Claimants received a partial payment in

4    cash of the majority of the purchase price stated in the UPA. Payment on the remaining money owed

5    to Cross-Claimants under the UPA was to be made according to the terms of a secured promissory

6    note executed by Connaught in the amount of approximately $1.5 Million, due on September 9, 2005.

7    Connaught has paid no money on this note.

8       7.      As part of the acquisition, Cross-Claimants accepted a second promissory note from

9    Connaught in the amount of approximately $3.7 Million, also due on September 9, 2005, as

10    consideration for its promise to repay at a later date certain loans that Cross-Claimants had made to

11    Legacy over the years. Connaught has not made payments under this note either. Collectively, the

12    two notes ("the Bryon Notes") aggregate to approximately $5.2 Million.

13       8.      In accepting the Bryan Notes, Cross-Claimants relied on representations made by

14    Defendants/Cross-Defendants Kulwinder Sidhu and Devinder Sidhu ("the Sidhus") that Connaught

15    would have access to sufficient funds to enable it to make payment on the Bryan Notes when due. In

16    particular, the Sidhus represented to Cross-Claimants that millions of dollars in capital were to be

17    provided to Connaught and/or Legacy shortly after the execution of the Bryan Notes and that these

18    funds would be available to repay the Bryan Notes. Unbeknownst to Cross-Claimants, these

19    representations were false. Cross-Claimants are informed and believe and thereon allege that these

20    representations were made in telephone discussions as well as in written discussions between the

21    Sidhus and Cross-Claimants' counsel in the weeks leading up to the execution of the UPA.

22       9.      Pursuant to a Credit Agreement dated March 15, 2005 Laminar Direct Capital, LP

23    ("Laminar") lent $53 Million to Legacy on a secured basis (the "Laminar Credit Facility"). Laminar

24    took a security interest in substantially all of Legacy's assets in connection with this loan. Under the

25    terms of the Laminar Credit Facility,L aminar charged Legacy an exorbitant rate of interest and stood

26    to make an enormous return if this loan were repaid in full. Cross-Claimants are informed and

27    believe and thereon allege that the value of Legacy's assets at the time of the loan were well in excess

28

1  of the amount of the loan and that Laminar likewise stood to make a substantial profit on the

2  transaction if the loan went into default and the Legacy property were foreclosed.

### FIRST CAUSE OF ACTION
### (Fraudulent Misrepresentation)
### Against All Cross-Defendants

5       10.    Cross-Claimants incorporate by reference paragraphs 1-9 above.

6       11.    Cross-Claimants are informed and believe and thereon allege that Defendants/Cross-

7  Defendants AIC, Kulwinder Sidhu, Devinder Sidhu, Pacific Paragon Investment Fund Ltd., and

8  Harry Chew knew or should have known that Connaught would not have the ability to repay the

9  Bryan Notes as they came due.  Defendants/Cross-Defendants never revealed this information to

10  Cross-Claimants and, in fact, misrepresented to and/or concealed these facts from Cross-Claimants

11  throughout their negotiations for acceptance of the Bryan Notes from Connaught in exchange for

12  their interest in Legacy.

13       12.    Cross-Claimants are informed and believe and thereon allege that Defendant/Cross-

14  Defendant Laminar conducted extensive due diligence in connection with its $53 Million loan to

15  Legacy,and  was well aware of both Connaught and Legacy's financial conditions, and the terms of

16  the UPA and the Bryan Notes, specifically that neither Connaught nor Legacy would have sufficient

17  funds on hand to pay the Bryan Notes as they came due.  Notwithstanding this information, Cross-

18  Claimants are informed and believe and thereon allege that Laminar agreed and conspired with the

19  other Defendants/Cross-Defendants to proceed with the transaction, including the Bryan Notes, so

20  that it might obtain the lucrative benefits from the loan described above.

21       13.    Cross-Claimants are informed and believe and thereon allege that despite having

22  actual or constructive knowledge of the true financial status of Connaught and its inability to repay

23  the Bryan Notes when due, Defendants/Cross-Defendants, and each of them, intentionally and

24  fraudulently concealed or misrepresented or misstated this information during the negotiations for the

25  sale of Cross-Claimants' interest in Legacy in an effort to induce Cross-Claimants to consummate the

26  sale and accept promissory notes in excess of $5.2 Million dollars in lieu of actual cash payments.

27

28

14.    The true financial status of Connaught and its ability to pay the Bryan Notes as they came due was a material fact on which Cross-Claimants reasonably and justifiably relied when making their decision to accept more than $5.2 Million in promissory notes from Connaught for the sale of their interest in Legacy.  Had Cross-Claimants been aware of Connaught's actual financial situation, they would not have extended more than $5.2 Million in loans to Connaught to help it finance its purchase of Cross-Claimants' interest in Legacy.

15.    The misrepresentations and false statements alleged above were made with the intent to defraud and deceive Cross-Claimants and to induce them to accept more than $5.2 Million in promissory notes from Connaught in lieu of cash payments for the sale of their interest in Legacy. Cross-Claimants, at the time that these misrepresentations and false statements were made, were ignorant of the falsity thereof and reasonably believed them to be true.

16.    As a result of their reasonable reliance upon these misrepresentations and false statements, Cross-Claimants entered into the sale with Connaught, forgoing cash payments in favor of two promissory notes totaling more $5.2 Million, neither of which have ever been paid, in whole or in part, and have incurred substantial monetary losses therein.  Additionally, Cross-Claimants have incurred great expenses defending their claims in the above captioned bankruptcy action.

17.    As a direct and proximate result of the fraud and deceit of Defendants/Cross-Defendants, and each of them, and the facts herein alleged, Cross-Claimants have been damaged in an amount to be proven at trial, with accrued interest thereon.

18.    The actions of Defendants/Cross-Defendants, as described herein, constitute actual fraud.  Additionally and alternatively, Defendants/Cross-Defendants committed malice in that (i) Defendants/Cross-Defendants specifically intended to cause substantial harm to Cross-Claimants and/or (ii) their acts involved an extreme degree of risk considering the probability and magnitude of potential harm to Cross-Claimants, yet Defendants/Cross-Defendants, knowing these risks, committed such acts with conscious indifference to Cross-Claimants' rights and welfare. Therefore, Cross-Claimants are entitled to recover exemplary damages from Defendants/Cross-Defendants, and each of them.

**SECOND CAUSE OF ACTION**
(Negligent Misrepresentation)
**Against All Cross-Defendants**

19.    Cross-Claimants incorporate by reference paragraphs 1-18 above.

20.    Each of the statements set forth above were material to the Cross-Claimants' decision to agree to certain provisions of the UPA, specifically the portions regarding the Bryan Notes, insofar as each bore upon the existence and value of assets in Connaught's possession and/or control that would enable it to repay the Bryan Notes as they came due.

21.    Each of the statements set forth above was false at the time made, insofar as Connaught did not – and Defendants/Cross-Defendants knew or should have known that it did not – in fact have assets of sufficient value to enable it to repay the Bryan Notes as they came due.

22.    Each of the statements set forth above was made by the Defendants/Cross-Defendants in the course of their business and in connection with the execution of the UPA, in which each Cross-Defendant hereto had a pecuniary interest.

23.    Each of the statements set forth above was intended to, and in fact, was supplied by Cross- Defendants Kulwinder Sidhu and Devinder Sidhu for Cross-Claimants' guidance in the course of its business and to induce Cross-Claimants to execute (enter into) the UPA.

24.    The Cross-Defendants failed to use reasonable care or competence in making the false representations to Cross-Claimants insofar as they were uniquely situated to know or learn the truth concerning Connaught's inability to repay the Bryan Notes as they came due prior to making the above-described false representations to Cross-Claimants.

25.    In executing the UPA and accepting the Bryan Notes, Cross-Claimants relied upon the unique and superior knowledge of Defendants/Cross-Defendants the Sidhus concerning Connaught's financial condition and/or its ability to obtain sufficient capital.

26.    As a direct and proximate result of Cross-Defendants' conduct described herein, Cross-Claimants have suffered substantial losses in an amount to be proven at trial, with accrued interest thereon.

//

**PRAYER**

WHEREFORE, Cross-Claimants pray for judgment against Defendants/Cross-Defendants, and each of them, as follows:

1.      For actual damages according to proof, plus interest at the maximum rate provided for by applicable law

2.      For exemplary damages;

3.      For costs of suit and reasonable attorneys' fees to the extent permitted by law; and

4.      For such other and further relief at law or in equity to which it may show itself to be entitled.

**JURY DEMAND**

Cross-Claimants hereby demand a jury trial on all issues so triable.


NIXON PEABODY LLP


DATED:  January 5, 2007                    By: _____/s/_____
                                                    Glenn E. Westreich
                                                    Attorneys for Defendants/Cross-Complaints
                                                    JOHN M. BRYAN, JOHN M. AND
                                                    FLORENCE E. BRYAN TRUST, J.M.
                                                    BRYAN FAMILY TRUST