**EXHIBIT 3**

1   Glenn E. Westreich (State Bar No.100457)
    gwestreich@nixonpeabody.com
2   Beth L. Mitchell (State Bar No. 187460)
    bmitchell@nixonpeabody.com
3   Rosalyn P. Mitchell (State Bar No. 173829)
    rmitchell@nixonpeabody.com
4   NIXON PEABODY LLP
    Two Embarcadero Center, Suite 2700
5   San Francisco, CA  94111
    Telephone:  (415) 984-8200
6   Facsimile:  (415) 984-8300

7   Michael St. James (State Bar No. 95653)
    ST. JAMES LAW, P.C.
8   155 Montgomery Street, Suite 1004
    San Francisco, CA  94104
9   michael@stjames-law.com
    Telephone:  (415) 391-7566
10  Facsimile:  (415) 391-7568

11  Attorneys for Defendants/Cross-Claimants
    JOHN M. BRYAN, JOHN M. AND
12  FLORENCE E. BRYAN TRUST, J.M.
    BRYAN FAMILY TRUST

13

14
                   UNITED STATES BANKRUPTCY COURT
15
          NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION
16

17
    In re                                  Case No. 05-14659
18
    THE LEGACY ESTATE GROUP, LLC,          Adv. No.  06-01173
19
    formerly doing business as FREEMARK    Chapter 11
20  ABBEY WINERY, BRYON VINEYARD &
    WINERY, and ARROWOOD VINEYARD &        NOTICE OF MOTION TO CERTIFY
21  WINERY                                 PROCEEDING TO DISTRICT COURT
                                           FOR TRIAL BY JURY PURSUANT TO
22       Debtor                            BANKRUPTCY LOCAL RULE 9015-2

23
    OFFICIAL COMMITTEE OF UNSECURED        Hearing Date:   February 23, 2007
24  CREDITORS OF THE LEGACY ESTATE         Time:  9:00 a.m.
    GROUP, LLC,                            Courtroom of Hon. Alan Jaroslovsky
25
                        Plaintiff,
26
27              v.

28  NOTICE OF MOTION TO CERTIFY PROCEEDING TO                              10314582.1
    DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
    BANKRUPTCY LOCAL RULE 9015-2
    CASE NO. 05-14659;  ADV. PROC. NO. 06-01173

1    JOHN M. BRYAN, JOHN M. AND
2    FLORENCE E. BRYAN TRUST, J.M. BRYAN
     FAMILY TRUST, KULWINDER SIDHU,
3    DEVINDER SIDHU, PACIFIC PARAGON
     INVESTMENT FUND LTD, a British Columbia
4    company, HARRY CHEW, and AIC CAPITAL
     PARTNERS, LLC, a California limited liability
5    company
6                                    Defendants.
     JOHN M. BRYAN, JOHN M. AND
7    FLORENCE E. BRYAN TRUST, J.M. BRYAN
     FAMILY TRUST,
8                      Defendants/Cross-Claimants,
9                v.
10   KULWINDER SIDHU, DEVINDER SIDHU,
11   PACIFIC PARAGON INVESTMENT FUND
     LTD, a British Columbia company, HARRY
12   CHEW, AIC CAPITAL PARTNERS, LLC, a
     California limited liability company, and
13   LAMINAR DIRECT CAPITAL, L.P., a Texas
     limited partnership
14                    Defendants/Cross-Defendants.
15
16   **TO THE UNITED STATES BANKRUPTCY COURT; COUNSEL OF RECORD TO**
17   **OPPOSING PARTIES IN PENDING ACTIONS; AND THE PARTIES REQUESTING**
18   **SPECIAL SERVICE IN THESE CASES:**
19          PLEASE TAKE NOTICE THAT on February 23, 2007, at 9:00 a.m., Defendants/Cross-
20   Claimants John M. Bryan, John M. and Florence E. Bryan Trust, J.M. Bryan Family Trust will and
21   hereby do respectfully move the Court for an order granting Defendants' Motion To Certify
22   Proceeding To District Court For Trial By Jury Pursuant To Bankruptcy Local Rule 9015-2.
23   ///
24   ///
25   ///
26   ///
27
28
     ---
     NOTICE OF MOTION TO CERTIFY PROCEEDING TO              -2-                                    10314582.1
     DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
     BANKRUPTCY LOCAL RULE 9015-2
     CASE NO. 05-14659; ADV. PROC. NO. 06-01173

1       The motion is based upon this Notice of Motion, the Memorandum of Points and Authorities

2   in Support of the Motion To Certify Proceeding To District Court For Trial By Jury Pursuant To

3   Bankruptcy Local Rule 9015-2, and Proposed Order, the files and pleadings in this action, and any

4   oral argument that may be had at the hearing on this motion.

5                     NIXON PEABODY LLP

6

7   DATED: February 16, 2007        By: _Rosalyn Mitchell_____

8                          Glenn E. Westreich

9                          Rosalyn P. Mitchell
                       Attorneys for Defendants/Cross-Claimants

10                         JOHN M. BRYAN, JOHN M. AND
                       FLORENCE E. BRYAN TRUST,

11                         J.M. BRYAN FAMILY TRUST

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Glenn E. Westreich (State Bar No.100457)
   gwestreich@nixonpeabody.com
2  Beth L. Mitchell (State Bar No. 187460)
   bmitchell@nixonpeabody.com
3  Rosalyn P. Mitchell (State Bar No. 173829)
   rmitchell@nixonpeabody.com
4  NIXON PEABODY LLP
   Two Embarcadero Center, Suite 2700
5  San Francisco, CA  94111
   Telephone:  (415) 984-8200
6  Facsimile:  (415) 984-8300

7  Michael St. James (State Bar No. 95653)
   ST. JAMES LAW, P.C.
8  155 Montgomery Street, Suite 1004
   San Francisco, CA  94104
9  michael@stjames-law.com
   Telephone:  (415) 391-7566
10 Facsimile:  (415) 391-7568

11 Attorneys for Defendants/Cross-Claimants
   JOHN M. BRYAN, JOHN M. AND
12 FLORENCE E. BRYAN TRUST, J.M.
   BRYAN FAMILY TRUST

13

14                 UNITED STATES BANKRUPTCY COURT

15        NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

16

17 In re                                    Case No. 05-14659

18 THE LEGACY ESTATE GROUP, LLC,            Adv. No.  06-01173
   formerly doing business as FREEMARK
19 ABBEY WINERY, BRYON VINEYARD &          Chapter 11
   WINERY, and ARROWOOD VINEYARD &
20 WINERY                                   **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
21                                          **MOTION TO CERTIFY PROCEEDING**
                                            **TO DISTRICT COURT FOR TRIAL BY**
22         Debtor                           **JURY PURSUANT TO BANKRUPTCY**
                                            **LOCAL RULE 9015-2**
23 OFFICIAL COMMITTEE OF UNSECURED
   CREDITORS OF THE LEGACY ESTATE          **Local Fed. R. Bankr. R. 9015-2**
24 GROUP, LLC,

25              Plaintiff,                   **Hearing Date:  February 23, 2007**
                                            **Time: 9:00 a.m.**
26       v.                                  **Courtroom of Hon. Alan Jaroslovsky**

27

28 MEMORANDUM OF POINTS AND AUTHORITIES IN                              10301383.6
   SUPPORT OF MOTION TO CERTIFY PROCEEDING TO
   DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
   BANKRUPTCY LOCAL RULE 9015-2
   CASE NO. 05-14659; ADV. PROC. NO. 06-01173

1  JOHN M. BRYAN, JOHN M. AND
   FLORENCE E. BRYAN TRUST, J.M. BRYAN
2  FAMILY TRUST, KULWINDER SIDHU,
   DEVINDER SIDHU, PACIFIC PARAGON
3  INVESTMENT FUND LTD, a British Columbia
   company, HARRY CHEW, and AIC CAPITAL
4  PARTNERS, LLC, a California limited liability
   company
5                                    Defendants.
6  JOHN M. BRYAN, JOHN M. AND
   FLORENCE E. BRYAN TRUST, J.M. BRYAN
7  FAMILY TRUST,
                    Defendants/Cross-Claimants,
8
9             v.
10 KULWINDER SIDHU, DEVINDER SIDHU,
   PACIFIC PARAGON INVESTMENT FUND
11 LTD, a British Columbia company, HARRY
   CHEW, AIC CAPITAL PARTNERS, LLC, a
12 California limited liability company, and
   LAMINAR DIRECT CAPITAL, L.P., a Texas
13 limited partnership
                    Defendants/Cross-Defendants.
14

15

16      Defendants John M. Bryan, John M. and Florence E. Bryan Trust and the J.M. Bryan Family

17 Trust  (collectively, the "Bryan Defendants") hereby move that the Court certify this Adversary

18 Proceeding to the District Court for trial by jury pursuant to Bankruptcy Local Rule 9015-2 and in

19 support thereof  as follows:

20 I.    **INTRODUCTION**

21      Plaintiff made a jury demand with its Complaint herein.  The Bryan Defendants made a jury

22 demand with their Answer herein.  Defendants Pacific Paragon Investment Fund, Ltd, Harry Chew

23 and AIC Capital Partners, LLC made jury demands with their answers herein.  (The only other parties

24 to this litigation are Kulwinder and Devinder Sidhu (the "Sidhus"), who have obtained an extension

25 of time, and Laminar Direct Capital, L.P., which has filed a Rule 12 Motion.)   By law, at least one of

26 the Bryan Defendants, JOHN M. AND FLORENCE E. BRYAN TRUST, are entitled to have their

27 claims heard by a jury.  As such, by this request, the Bryan Defendants seek certification of this entire

28
   MEMORANDUM OF POINTS AND AUTHORITIES IN            -2-                          10301383.6
   SUPPORT OF MOTION TO CERTIFY PROCEEDING TO
   DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
   BANKRUPTCY LOCAL RULE 9015-2
   CASE NO. 05-14659; ADV. PROC. 06-01173

1   proceeding to the District Court for trial by jury. Certification is proper at this time because the

2   parties have not and will not all consent to have this matter heard by a jury in Bankruptcy court.

3   **II.**    **ARGUMENT**

4       **Bankruptcy Local Rule 9015-2 provides:**

5         (a) Determination of Right. In any proceeding in which a demand for
        jury trial is made, the Bankruptcy Judge shall, upon the motion of one

6         if the parties, or upon the Bankruptcy Judge's own motion, determine
        whether the demand was timely made and whether the demanding party

7         has a right to a jury trial. The Bankruptcy Judge may, on the judge own
        motion, determine that there is no right to a jury trial in a proceeding

8         even if all of the parties have consented to a jury trial.

9         (b) Certification to District Court. If the Bankruptcy Judge determines
        that the demand was timely made and the party has a right to a jury

10        trial, and if all parties have not filed written consent to a jury trial
        before the Bankruptcy Judge, the Bankruptcy Judge shall certify to the

11        District Court that the proceeding is to be tried by a jury and that the
        parties have not consented to a jury trial in the Bankruptcy Court. Upon

12        such certification, reference of the proceeding shall be automatically
        withdrawn, and the proceeding assigned to a Judge of the District Court

13        pursuant to the Assignment Plan.

14   The Bryan defendants meet each element of Local Rule 9015-2.

15       **1.**    **Demand for Jury Trial Was Timely Made.**

16       The Bryan Defendants timely made a demand for a jury trial. That demand is contained with

17   the timely answer filed on January 5, 2007.

18       **2.**    **The Bryan Defendants Have a Right to a Jury Trial.**

19       In Granfinanciera v. Nordberg, 492 U.S. 33 (1989), the Supreme Court considered the

20   Seventh Amendment right to jury trial in a civil case in the context of bankruptcy proceedings and

21   concluded that the Seventh Amendment grants the right of jury trial to cases at common law which

22   the court interpreted to mean cases involving legal rights. Granfinanciera 492 U.S. 33.

23       In Granfinanciera, the Court articulated a three-part test for determining whether a party is

24   entitled to a jury trial: 1) it must be an action that would have been brought at a court of law as

25   opposed to equity in England prior to the merger of the courts of law and equity; 2) the remedy

26   sought must be legal in nature; and 3) the action must involve a private rather than a public right. Id.

27

28

1  at 50-51. See also <u>Sharp v. Hawkins</u> (In re 3DO Co.), 2004 U.S. Dist. LEXIS 25367, 13-14 (N.D.

2  Cal. 2004).

3      Even a creditor or debtor who submits to the equity jurisdiction of the bankruptcy court

4  retains the right to a jury trial for disputes that are "only incidentally related to the bankruptcy

5  process." <u>In re Crown Vantage, Inc.</u>, 2002 U.S. Dist. LEXIS 26109 *11 (N.D. Cal. 2002) (motion to

6  strike jury demand denied), quoting <u>Germain v. Connecticut National Bank</u>, 988 F.2d 1323, 29-30

7  (2nd Cir. 1993).

8      The plaintiff has alleged the following causes of action against the Bryan Defendants in the

9  complaint: improper distribution (Cal. Corp. Code § 17254 and 17255) and breach of fiduciary duty

10  (Cal. Corp. Code § 17153 (liable for financial damage)). *See generally* <u>Granfinanciera v. Nordberg</u>,

11  492 U.S. 33, 46 (1989); *see also* <u>In re Crown Vantage, Inc.</u>, 2002 U.S. Dist. LEXIS 26109 *10 (N.D.

12  Cal. 2002) (right to jury trial for breach of fiduciary duty claim).

13      The Bryan defendants have alleged the following causes of action in their cross-claim:

14  negligent misrepresentation and fraudulent misrepresentation. A party alleging these causes action is

15  entitled to a trial by jury. *See* <u>In re Marshland Dev. Inc.</u>, 129 B.R. 626, 629-30 (1991) (right to jury

16  trial for negligent misrepresentation claim) ; <u>In re Crown Vantage, Inc.</u>, 2002 U.S. Dist. LEXIS

17  26109 *10 (N.D. Cal. 2002) (right to jury trial for negligent misrepresentation and common law fraud

18  claims).

19      **3.    The Bryan Defendants Have Not Consented to a Jury Trial in Bankruptcy
            Court.**

20

21      To date, no party has filed written consent to a jury trial in Bankruptcy Court *See,*

22  Bankruptcy Local Rule 9015-2(b) and the Bryan Defendants will not so consent. Therefore, under

23  Bankruptcy Local Rule 9015-2(b), this Court must certify to the District Court that this proceeding is

24  to be tried by a jury in that tribunal.

25      **4.    Not All Bryan Defendants Filed A Proof of Claims.**

26      John M and Florence E. Bryan Trust have not filed a Proof of Claim and hence have not

27  waived its right to trial by jury. <u>Granfinanciera</u> 492 U.S. at 36. Moreover, John M. and Florence E.

28
MEMORANDUM OF POINTS AND AUTHORITIES IN            -4-                          10301383.6
SUPPORT OF MOTION TO CERTIFY PROCEEDING TO
DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
BANKRUPTCY LOCAL RULE 9015-2
CASE NO. 05-14659; ADV. PROC. NO. 06-01173

1    Bryan Trust are indispensable parties to the trial contemplated in the Bankruptcy Court.  Therefore, in

2    the interest of avoiding prejudice to the various defendants, including John M. and Florence E. Bryan

3    Trust, the whole of the instant proceeding should be transferred to the District Court.

4         **5.    If Severed, The John M and Florence E. Bryan Trust Would Be Prejudiced.**

5         John M and Florence E. Bryan Trust Courts have held that whether severance is warranted

6    requires balancing of several considerations, including "the convenience of the parties, avoidance of

7    prejudice to either party, and promotion of the expeditious resolution of the litigation."  <u>Official</u>

8    <u>Comm. Of Unsecured Creditors v. Shapiro</u>, 190 F.R.D. 352, 354 (E.D. Pa. 2000) (citing <u>German v.</u>

9    <u>Fed. Home Loan Mtg. Corp.</u>, 896 F. Supp. 1385, 1400 n.6 (S.D.N.Y. 1995).  Specific factors to take

10   into account by the bankruptcy court when determining whether severance is warranted include "(1)

11   whether the issues sought to be tried separately are significantly different from one another, (2)

12   whether the separable issues require the testimony of different witnesses and different documentary

13   proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether

14   the party requesting the severance will be prejudiced if it is not granted."  <u>Id.</u>  See also <u>Fanning v.</u>

15   <u>Black & Decker, Inc.</u>, 1999 U.S. Dist. LEXIS 3407, Civ. A. No. 98-6141 (E.D. Pa. 1999).

16        The decision to sever pursuant to FRBP 7021 requires the bankruptcy court to determine

17   whether a party is "indispensable."  See <u>Fanning</u>, 190 F.R.D. at 355 (citing <u>Provident Tradesmens</u>

18   <u>Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 119, 19 L. Ed. 2d 296, 88 S. Ct. 733 (1968)).  In order

19   to determine whether a party is "indispensable" a court must undertake a two-step inquiry.  First, the

20   court must determine whether the party is necessary under FRBP 7019(a).  In order to satisfy this

21   inquiry there must be a "showing that 1) relief cannot be accorded without the third party; 2) an

22   adjudication of the parties' rights 'would impair or impede an absent party's ability to protect its

23   interests in the subject matter of the litigation'; and (3) there would otherwise be a substantial risk of

24   multiple or inconsistent obligations.  See <u>Shapiro</u>, 190 F.R.D. at 355 (quoting <u>Janney Montgomery</u>

25   <u>Scott, Inc. v. Shepard Niles</u>, Inc., 11 F.3d 399, 404-05 (3d Cir. 1993).  If the party is deemed by the

26   court to be "necessary," the court must then determine whether such party is "indispensable".  <u>Id.</u>

27

28   MEMORANDUM OF POINTS AND AUTHORITIES IN       -5-                        10301383.6
     SUPPORT OF MOTION TO CERTIFY PROCEEDING TO
     DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
     BANKRUPTCY LOCAL RULE 9015-2
     CASE NO. 05-14659; ADV. PROC. NO. 06-01173

1      In the instant case, prejudice will be suffered by John M. and Florence E. Bryan Trust if it is

2    severed from the Bankruptcy Court action.  The issues sought to be tried are identical and do not

3    require the testimony of different witnesses and different documentary proof.  Moreover, John M. and

4    Florence E. Bryan Trust are indispensable parties to this action.  See Shapiro, 190 F.R.D. at 355

5    (holding that certain parties could be severed from action, but only after it is determined that such

6    party is not a necessary or indispensable party to the action).  The adjudication of their rights in the

7    Bankruptcy Court (through doctrines of issue preclusion) will impair or impede John M. and Florence

8    E. Bryan Trust's ability to protect its interest in the subject matter of the litigation.  Furthermore,

9    transferring the action in its entirety to the District Court comports with principles of judicial

10   economy and preservation of the resources of the Debtor's estate.

11         **6.    Immediate Certification is Proper.**

12      The District Court applies different procedural rules to the administration of a lawsuit than the

13   Bankruptcy Court, especially at the commencement of litigation.  Compare, Bankruptcy Local Rule

14   7016-1 and District Court Local Rule 16.  An immediate transfer will reduce confusion and limit the

15   unnecessary expenditure of judicial resources by immediately implementing the District Court

16   procedural rules.  As mentioned above, one party has filed a Rule 12(b) motion to dismiss the Bryan

17   Defendants' cross-claim.  The Bryan Defendants respectfully submit that the Judge who will

18   administer the litigation generally; that is, the District Judge, should determine the merits, or lack

19   thereof, of a potentially dispositive motion.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

III.    **CONCLUSION**

For the foregoing reasons, the Bryan Defendants respectfully request that the Court forthwith certify this Adversary Proceeding to the District Court pursuant to Bankruptcy Local Rule 9015-2 and grant such further relief as may be just and proper.


                                        NIXON PEABODY LLP


DATED:  February 16, 2007

                                        By: _Ronaly Mitchell_____
                                            Glenn E. Westreich
                                            Rosalyn P. Mitchell
                                            Attorneys for Defendants/Cross-Claimants
                                            JOHN M. BRYAN, JOHN M. AND
                                            FLORENCE E. BRYAN TRUST,
                                            J.M. BRYAN FAMILY TRUST