1  WINSTON & STRAWN LLP
   ROLF S. WOOLNER (CA SBN: 143127)
2  HANNAH L. BLUMENSTIEL (CA SBN: 214842)
   101 California Street, Suite 3900
3  San Francisco, California 94111-5894
   Telephone:   (415) 591-1000
4  Facsimile:   (415) 591-1400
   Email:       rwoolner@winston.com
5  Email:       hblumenstiel@winston.com

6  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY (CA SBN: 83684)
7  645 First Street West, Suite D
   Sonoma, California 95476
8  Telephone:   (707) 935-3205
   Facsimile:   (707) 935-7051
9  Email:       macclaw@macbarlaw.com

10 Co-Counsel for Plaintiff, The Official Committee of
   Unsecured Creditors
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

                          (SAN FRANCISCO DIVISION)
14

| | |
|---|---|
| In re: Bankruptcy Case No. 05-14659 | D. Ct. Case No: 3:07-cv-02943-PJH |
| THE LEGACY ESTATE GROUP, LLC, a California Limited Liability Company, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, AND ARROWOOD VINEYARD & WINERY, | OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE BRYAN DEFENDANTS' MOTION TO WITHDRAW REFERENCE |
| Debtor. | |
| Adv. Proc. No. 06-01173 OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | |
| Plaintiff, | [NO HEARING SCHEDULED] |
| v. | |
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD., a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company, | |
| Defendants. | |

1  JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY
2  TRUST,
3        Defendants/Cross-Claimants,
4    v.
5  KULWINDER SIDHU, et al.,
6        Defendants/Cross-Defendants.

The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff") appointed in the Chapter 11 case of the Legacy Estate Group LLC ("Legacy") hereby opposes the Motion to Withdraw Reference (the "Motion") filed by Defendants John M. Bryan, the J.M. Bryan Family Trust and the John M. and Florence E. Bryan Trust (the "JFB Trust" and, together with Mr. Bryan and the J.M. Bryan Family Trust, the "Bryan Defendants").

## STATEMENT OF ISSUE TO BE DECIDED

Whether this Court should withdraw the reference of <u>Committee v. Bryan, et al.</u>, (<u>In re The Legacy Estate Group, LLC</u>), Adv. Proc. No. 06-1173, from the United States Bankruptcy Court for the Northern District of California (Santa Rosa Division).

## INTRODUCTION

As the Bankruptcy Court stated in its June 28, 2007 Report and Recommendation, the Bryan Defendants' Motion should be denied. A transparent forum-shopping effort, the Motion requests relief already denied with prejudice as to Mr. Bryan and the J.M. Bryan Family Trust. Judicial economy also favors denial of the Motion, because the resources of this Court, the Bankruptcy Court, and all parties will be conserved by permitting the Bankruptcy Court to determine factual and legal issues with which it is already familiar. Finally, Congress created the bankruptcy courts for the efficient adjudication of claims by and against the bankruptcy debtor. The Bankruptcy Court may therefore conduct an equitable proceeding addressing such claims even if that proceeding might have a collateral estoppel effect on a related party's legal claims. The case law on this point is unambiguous, yet the Bryan Defendants ignore it in their Motion.

The Bankruptcy Court should be permitted to proceed as it has recommended: to determine whether the JFB Trust has waived its right to a jury trial, and to try this case as to all parties that lack any jury trial rights – which might well be all of the Bryan Defendants.

## STATEMENT OF RELEVANT FACTS

The Committee commenced this adversary proceeding to recover damages and wrongfully transferred property on behalf of Legacy's unsecured creditors.[1] After all defendants answered the

---

[1] Legacy's corporate parent, Connaught Capital Partners LLC ("Connaught"), is also a bankruptcy debtor in this district, having filed a chapter 11 petition on the same day as Legacy. On March 15, 2007, Judge Jaroslovsky approved a settlement between the Legacy and Connaught bankruptcy estates, pursuant to which the proceeds of this litigation will be shared by creditors of the two

Committee's First Amended Complaint ("Complaint"), the Bryan Defendants filed a motion to certify the adversary proceeding to the District Court on grounds substantially identical to those raised in the Motion. *See* Req. for Judicial Notice in Support of Defendants' Mot. to Withdraw Reference, Exhibit 3. The Bankruptcy Court denied the certification motion with prejudice as to Mr. Bryan and the J.M. Bryan Trust, and struck their demands for a jury trial. Blumenstiel Decl. Exhibits B and C. Further, noting that the JFB Trust may have waived its right to a jury trial by filing a proof of claim through an alter ego, the Bankruptcy Court gave the parties leave to conduct discovery on that issue. *Id.*

The Bankruptcy Court's decision on the certification motion was one of several rulings unfavorable to the Bryan Defendants, who appear eager to seek another venue. Throughout the Legacy bankruptcy case, the Bryan Defendants have filed tactical motions and objections in an attempt to squelch the Committee's ability to prosecute this adversary proceeding and other disputes with the Bryan Defendants. The Bankruptcy Court has often found those motions and objections to lack merit. In addition, the Bankruptcy Court has expressed willingness to proceed with this litigation even if the status of the JFB Trust must be determined concurrently.

This litigation involves parties, facts, and legal issues over which the Bankruptcy Court has presided for nearly two years. It makes no sense to lose the benefit of Judge Jaroslovsky's work and experience with this proceeding, particularly when the cause advanced for doing so may be illusory. The Committee believes the Bankruptcy Court should be permitted to proceed with this litigation and, if necessary, to determine whether the JFB Trust has any right to a jury trial.

## ARGUMENT

### A. The Issues in the Adversary Proceeding Consist Overwhelmingly of Core Bankruptcy Claims.

In determining whether withdrawal of reference under § 157(d) is proper, courts consider a variety of factors, including "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related

---

estates. Declaration of Hannah L. Blumenstiel in Support of Committee's Opposition to Motion to Withdraw Reference (the "Blumenstiel Decl."), Exhibit A (Order Pursuant to Bankruptcy Rule 9019 Authorizing Settlement with Connaught). The trustee appointed in the Connaught bankruptcy case has indicated that she intends to join in the Committee's opposition to the Motion.

2

factors." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997). A pivotal consideration is whether the subject dispute is a core bankruptcy matter under 28 U.S.C. § 157(b)(2).[2] *In re Daewoo Motor America, Inc.*, 302 B.R. 308, 311 (C.D. Cal. 2003) (the core/non-core determination "implicates the efficiency and uniformity of other factors").

Seventeen of the twenty claims for relief asserted in the Committee's Complaint constitute core proceedings.[3] 28 U.S.C. § 157(b)(2)(H) (fraudulent transfer claims are core proceedings); *In re Mankin*, 823 F.2d 1296, 1298-99. (9th Cir. 1987) (same); *In re Danbury Sq. Assocs. Ltd P'Ship*, 150 B.R. 544, 547 (Bankr. S.D.N.Y. 1993) (claims for subordination under Section 510(c) of the Bankruptcy Code constitute core proceedings); *In re Int'l Wireless Commc'ns Holdings, Inc.*, 68 Fed. Appx. 275, 277 (3d Cir. 2003) (objection to claim under Section 510(b) of the Bankruptcy Code is a core proceeding); 28 U.S.C. § 157(b)(2)(B) (core proceedings include allowance or disallowance of claims against the estate); *In re Doctors Hosp. of Hyde Park, Inc.*, 360 B.R. 787, 797 (Bankr. N.D. Ill. 2007) (recognizing that claims under, *inter alia*, Section 550 of the Bankruptcy Code are core proceedings); 28 U.S.C. § 157(b)(2)(O) (core proceedings include matters affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship). Because these core proceedings predominate, this Court should accept the Bankruptcy Court's recommendation and deny the Motion.

**B.     The Motion Is an Improper Attempt to Forum Shop and Delay This Litigation.**

As the Bankruptcy Court noted, motions to withdraw the reference are sometimes filed in an attempt to take a case away from a bankruptcy judge with whose rulings the movant has become unhappy. S*ee* 1 Lawrence P. King, *et al.*, Collier on Bankruptcy, ¶ 3.04[1][b] (district courts are generally not receptive to motions to withdraw the reference to the bankruptcy courts because it "smacks of forum shopping"). Forum shopping is of particular concern here.

The Bryan Defendants have been unsuccessful in getting what they want from Judge

---

[2] Section 157(b) of Title 28 of the United States Code contemplates that bankruptcy courts will adjudicate core proceedings, and that only non-core matters may be litigated elsewhere. *See generally* 1 Lawrence P. King, *et al.*, Collier on Bankruptcy, ¶ 3.02[2].

[3] *See* the First through Fifth, Eighth through Twelfth, and Fourteenth through Twentieth claims for relief in the First Amended Complaint (attached as Exhibit 1 to the Bryan Defendants' Request for Judicial Notice).

Jaroslovksy, who has, among other things: (a) denied with prejudice their certification motion as to Mr. Bryan and the J.M. Bryan Family Trust; (b) denied Mr. Bryan's motion to compel arbitration of an asserted $20 million indemnification claim against the Legacy estate, ruling that the Bankruptcy Court was the proper forum for trial of that claim; (c) denied Mr. Bryan's motion for the appointment of a trustee in the Legacy case, allowing the estate representatives to continue litigation against the Bryan Defendants; (d) overruled most of Mr. Bryan's objections to confirmation of the Joint Plan of Liquidation in the Legacy case, allowing the estate representatives to continue litigation with the Bryan Defendants; and (e) overruled Mr. Bryan's objections to approval of the settlement between the Legacy and Connaught estates with respect to shared management of this adversary proceeding. *See* Blumenstiel Decl. Exhibits A – I. In each instance, the Bankruptcy Court determined that the Bryan Defendants' positions lacked merit and appeared to be interposed in an effort to blunt the estate's ability to prosecute, and/or the Bankruptcy Court's power to adjudicate, litigation with the Bryan Defendants.

Having received millions of dollars in fraudulent conveyances that they must eventually repay to the estate, the Bryan Defendants have a powerful incentive to delay disposition of this adversary proceeding for as long as possible. Indeed, while the Bryan Defendants have freely aired their views at every stage of the Legacy and Connaught bankruptcy cases, the Bankruptcy Court has questioned the Bryan Defendants' dilatory tactics on more than one occasion. *E.g.*, Blumenstiel Decl. Exhibit J (Excerpt of Transcript from Dec. 8, 2006 Hg. 14:20-23: "I can't tell whether your client's objection . . . is motivated by proper concerns or by a desire to throw a monkey wrench . . . because your client is being sued"); Exhibit K (Excerpt from Transcript of February 23, 2007 Hg. 21:15-20: "Mr. St. James on behalf of Mr. Bryan has been the lone fly in the ointment for a few hearings now. And I don't know nor do I care whether he's motivated by the fact . . . he's worried about being the object of the litigation attentions of the . . . two estates"; *Id.* at 25:20-23, 26:1-4: "I'm not sure whether you're sitting there because you're really concerned about the Connaught estate or you're concerned because your client is the object of anticipated litigation . . . but at a certain point I'm not going to let you drag the proceedings on as the lone voice in the wilderness, especially when I'm concerned about your client's motivations, in the first place"); and Exhibit L (Excerpt from

Transcript of March 14, 2007 Hg. 12:15-19 ("[E]veryone is on board with the exception of Mr. Bryan, and it is clear that a large part of that motivation is because Mr. Bryan is the target of litigation and therefore doesn't have the same incentive that everyone else has in the case to hold hands and sing 'cum baya' [sic].")

Seeking escape from what they perceive to be an unfavorable forum, the Bryan Defendants now insist that they have an unassailable right to a jury trial. The Bankruptcy Court has already determined that the J.M. Bryan Family Trust and Mr. Bryan waived any right to a jury trial by filing claims against the Legacy bankruptcy estate, most of which have since been paid in cash from assets of the estate. Blumenstiel Decl. Exhibits B and C.

The Bankruptcy Court has not found the JFB Trust, which is closely related to the other Bryan Defendants, to have any right to a jury trial in this action. *Id.* In short, the Bryan Defendants' proclaimed jury rights are not as unassailable as they would have this Court believe, and their invocation of the Seventh Amendment rings hollow. The Bryan Defendants' Motion should be denied as an improper attempt to forum shop and delay this litigation.

### C. The Motion Should be Denied Based on Judicial Economy, Expediency and Conservation of Resources.

The Bankruptcy Court has presided over the bankruptcy cases filed by Legacy and its parent, Connaught, for nearly two years, and has lived with this adversary proceeding for the better part of a year. As Judge Jaroslovsky noted in his Report and Recommendation, he is familiar with the parties as well as with the legal and factual issues raised throughout this process. The benefit of Judge Jaroslovsky's hard work and experience, and the resources all parties have expended in his court to date, should not be lost because one defendant asserts (but has not established) a right to a jury trial. Rather, as Judge Jaroslovsky recommends, the Bankruptcy Court should be permitted to determine whether the JFB Trust has any right a jury trial, and to try this adversary proceeding accordingly.

### D. The Bankruptcy Litigation May Proceed Regardless of Whether the JFB Trust Later Establishes a Jury Trial Right.

The Bankruptcy Court has noted that, if the other Bryan Defendants are found liable to the estate, and if the JFB Trust manages to establish a clear jury trial right, the Bankruptcy Court's

5

liability determination might have collateral estoppel effect on the JFB Trust. Blumenstiel Decl. Exhibits B and C. Of course, if those contingencies occurred, the JFB Trust would be protected by all the safeguards applicable to collateral estoppel determinations. Yet the Bryan Defendants imply that this Court should somehow overrule Judge Jaroslovsky's observation.

Although their argument is unclear, the Bryan Defendants hope this Court will find a way to grant the Motion by broadly applying the general principle that legal claims are tried before equitable claims. This argument ignores applicable case law and the central purpose of bankruptcy courts – quick and efficient ordering of the debtor-creditor relationship.

The United States Supreme Court has recognized that an equitable adjudication, in which there is a "full and fair" opportunity to litigate claims, cannot be relitigated even if a party in the second proceeding has a right to a jury trial. *Parklane Hosiery v. Shore*, 439 U.S. 322, 333-335 (1979). This is particularly important in bankruptcy, where Congress has manifested express intent to foster swift determination of equitable claims:

> [A] bankruptcy court, sitting as a statutory court of equity, is empowered to adjudicate equitable claims prior to legal claims, even though the factual issues decided in the equity action would have been triable by a jury under the Seventh Amendment if the legal claims had been adjudicated first…. Thus … an equitable determination can have collateral estoppel effect in a subsequent legal action and … this estoppel does not violate the Seventh Amendment.

*Parklane* 439 U.S. at 334 (summarizing holding of *Katchen v. Landy*, 382 U.S. 323 (1966)); *see also* 8 Moore's Federal Practice § 38.13[3] ("Collateral Estoppel Permissible Under Seventh Amendment, Despite Effect on Jury Trial Right," discussing *Katchen* and *Parklane*).

*Molloy v. Primus Automotive Financial Services*, 247 B.R. 804 (C.D. Cal. 2000), presents a well-reasoned, helpful analysis. In that case, a creditor attempted to collect debts from the debtor, Molloy, after such debts been discharged under Section 727 of the Bankruptcy Code. Molloy raised many claims against the creditor, some but not all of which were brought under the Bankruptcy Code. She then moved to refer the bankruptcy causes of action to the Bankruptcy Court. The creditor-defendant objected that such a referral would violate its Seventh Amendment right to a jury

trial on the remaining (RICO and FDCPA) claims. After addressing *Beacon Theatres*, *Parklane*, *Katchen*, and *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989),[4] the District Court in *Molloy* held that reference of Molloy's claims to the Bankruptcy Court was appropriate, in light of *Katchen*. *Id*. at 813. The court noted "the Supreme Court's concern that the right to a jury trial not frustrate the statutory bankruptcy scheme crafted by Congress," and that "defendant here is in the same functional posture as the creditors in *Katchen* . . . in the sense that defendant received payments to the detriment of the debtor or other creditors." *Id*.

Here, the *Parklane* standard of a "full and fair opportunity" to litigate claims will clearly be satisfied, because the Bryan Defendants are intimately related and their interests are not only aligned, but indistinguishable. As detailed in the Complaint, the J. M. Bryan Family Trust (which has no jury trial right) and the JFB Trust (which asserts, but has not established, a jury trial right) were co-owners of Legacy equity interests and received the disputed proceeds from Legacy in the same way, in the same transaction. Further, Mr. Bryan serves as trustee or co-trustee of the other two Bryan Defendants, which are also represented by the same counsel, frequently use the same address, and appear to have the same or overlapping beneficiaries. Blumenstiel Decl. <u>Exhibit M</u>. *See generally Parklane*, 439 U.S. at 334. Thus, the Bryan Defendants should not be heard to complain that litigation against John Bryan and the J.M. Bryan Family Trust would "impede the JFB Trust's subsequent ability to protect its interest." *See Montana v. U.S.*, 440 U.S. 147, 153 (1979) ("a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties *or their privies*'" (emphasis added) (quoting *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)). And, like the creditor in *Molloy*, most or all the Bryan Defendants have received payments "to the

---

[4] *Granfinanciera* sets forth the three-part test generally used to determine whether a party has a right to a jury trial under the Seventh Amendment to the United States Constitution. First, the court must "compare the statutory action to 18th-century actions brought in the courts and England prior to the merger of the courts of law and equity." 492 U.S. at 42. Actions that would have been tried in courts of equity do not give rise to a present-day right to a jury trial *Id*. Next, a court must "examine the remedy sought and determine whether it is equitable or legal in nature." *Id*. Last, a court must determine whether an action involves a "private right" or a "public right." *Id*. at 50-51. Only "private rights" are entitled to jury trials. *Id*.

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959) held that "only under the most imperative circumstances . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." 359 U.S. at 510-511.

7

detriment of ... other creditors," and removing this dispute from the Bankruptcy Court would impair the purpose of the bankruptcy system. *See Molloy* at 813.

In light of the identity of interests shared by the Bryan Defendants, and the clear mandate of *Parklane*, the Bankruptcy Court may proceed with litigation against Mr. Bryan and the J.M. Bryan Family Trust, regardless of whether the JFB Trust asserts a right to a jury trial.

### E. The Bankruptcy Court Should Determine Whether the JFB Trust Has a Right to a Jury Trial.

The Bankruptcy Court should also determine whether the JFB Trust has a right to a jury trial. This is exactly the procedure contemplated by the Local Rules. *See* B.L.R. 9015-2(b) ("[i]f the Bankruptcy Judge determines that the demand was timely made and the party has a right to a jury trial . . .") In fact, the Bankruptcy Court has already made such a determination as to Mr. Bryan and the J.M. Bryan Family Trust, finding that they waived their rights, if any, to a jury trial by prosecuting claims against the Legacy estate. Blumenstiel Decl. Exhibits B and C. Moreover, the Local Rules expressly provide that the filing of a motion for withdrawal of the reference "shall not stay administration of the case or any proceeding therein before the bankruptcy judge . . . ." Fed. R. Bankr. P. 5011(c). It would be a waste of this Court's resources for it to master the facts of the case, make a determination regarding the JFB Trust's right (if any) to a jury trial, and then refer the entire case back to the Bankruptcy Court, because the record establishes that the Bankruptcy Court was the proper forum from the outset. To the extent it is necessary to analyze whether the JFB Trust has a right to a jury trial, the Bankruptcy Court is the most appropriate adjudicator of that issue – and it would be premature to address that issue now, without a developed factual record.[5]

---

[5] In addition to the intimate interrelationships among the Bryan Defendants themselves, substantial evidence suggests that the JFB Trust also waived its right to a jury trial by asserting, and being paid, a material claim against Legacy through an apparent alter ego, "Sycamore Vineyards." *See generally* Blumenstiel Decl., Exhibit M (MacConaghy Decl. ISO Opposition to Certification Motion, and exhibits thereto). While not dispositive, this background counsels against making any presumption, pending a Bankruptcy Court determination whether the JFB Trust may be deemed to have asserted claims in the Legacy case, that the JFB Trust has any right to seek a jury trial.

8

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Bankruptcy Court be permitted to determine whether the JFB Trust has a right to a jury trial and/or to try this action against the remaining defendants, over which the Bankruptcy Court's jurisdiction is undisputed.

DATED: July 13, 2007

*[signature]*

Hannah L. Blumenstiel
WINSTON & STRAWN LLP

-and-

MACCONAGHY & BARNIER

Co-Counsel for the Official Committee
of Unsecured Creditors

SF:175535.13

9

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION        CASE NO. 3:07-CV-02943-PJH
TO THE BRYAN DEFENDANTS' MOTION TO WITHDRAW REFERENCE

# PROOF OF SERVICE

I, Angela C. Johnson, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. I am an employee of Winston & Strawn LLP, and my business address is 101 California Street, San Francisco, California, 94111. On July 13, 2007, I served a true and correct copy of:

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE BRYAN DEFENDANTS' MOTION TO WITHDRAW REFERENCE**

☐ by first class mail. I am familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. The document(s) was (were) placed for deposit in the United States Postal Service in a sealed envelope(s), with postage fully prepaid, addressed as set forth on the attached service list(s).

☐ by facsimile transmission to the parties and facsimile number(s) set forth on the attached service list. I sent such document from facsimile machine 415-591-1400. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 415-591-1400 which confirms said transmission and receipt.

☒ by overnight delivery by enclosing a true and correct copy of said document(s) in a Federal Express envelope(s) addressed as set forth on the attached service list. The envelope(s) was (were) sealed and deposited with Federal Express that same day in the ordinary course of business at San Francisco, California.

☐ by messenger by handing a copy of said document(s) to _____, for personal service by its agent to the person(s) at the address(es) set forth on the attached service list.

☐ by personally delivering the document(s) to the person(s) at the address(es) set forth on the attached service list.

☐ by email transmission to the individuals and email addresses as set forth on the attached service list. I caused the document(s) to be transmitted via email. I am readily familiar with my firm's practice for email transmissions. In sending the above described document by email, I followed the firm's ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on July 13, 2007.

_____
Angela C. Johnson

## SERVICE LIST

| | |
|---|---|
| Devinder S. Sidhu<br>P. O. Box 410<br>3022 St. Helena Highway North<br>St. Helena, CA 94574 | Kulwinder S. Sidhu<br>P. O. Box 410<br>3022 St. Helena Highway North<br>St. Helena, CA 94574 |
| Michael St. James, Esq.<br>St. James Law<br>155 Montgomery Street, Suite 1004<br>San Francisco, CA 94104 | Glenn E. Westreich, Esq.<br>Nixon Peabody LLP<br>One Embarcadero Center, 18th Floor<br>San Francisco, CA 94111 |
| Edward G. Myrtle, Esq.<br>Office of the United States Trustee<br>235 Pine Street, Suite 700<br>San Francisco, CA 94104 | Elmer Dean Martin, Esq.<br>Law Offices of Elmer Dean Martin<br>22632 Golden Springs Drive<br>Diamond Bar, CA 91765 |
| Sean A. O'Keefe, Esq.<br>Winthrop Couchot<br>660 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | |

SF:177794.1