1   **WINSTON & STRAWN LLP**
    ROLF S. WOOLNER (CA SBN: 143127)
2   HANNAH L. BLUMENSTIEL (CA SBN: 214842)
    101 California Street, Suite 3900
3   San Francisco, California 94111-5894
    Telephone:     (415) 591-1000
4   Facsimile:     (415) 591-1400
    Email:         rwoolner@winston.com
5   Email:         hblumenstiel@winston.com

6   **MacCONAGHY & BARNIER, PLC**
    JOHN H. MacCONAGHY (CA SBN: 83684)
7   645 First Street West, Suite D
    Sonoma, California 95476
8   Telephone:     (707) 935-3205
    Facsimile:     (707) 935-7051
9   Email:         macclaw@macbarlaw.com

10  Co-Counsel for Plaintiff, The Official Committee of
    Unsecured Creditors
11

12                  **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

                      **(SAN FRANCISCO DIVISION)**
14

| | |
|---|---|
| In re:       Bankruptcy Case No. 05-14659 | D. Ct. Case No: 3:07-cv-02943-PJH |
| THE LEGACY ESTATE GROUP, LLC, a California Limited Liability Company, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, AND ARROWOOD VINEYARD & WINERY, | **DECLARATION OF HANNAH L. BLUMENSTIEL IN SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE BRYAN DEFENDANTS' MOTION TO WITHDRAW REFERENCE** |
|       Debtor. | |
| Adv. Proc. No. 06-01173 | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | |
|       Plaintiff, | |
|       v. | **[NO HEARING SCHEDULED]** |
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD., a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company, | |
|       Defendants. | |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  JOHN M. BRYAN, JOHN M. AND FLORENCE
   E. BRYAN TRUST, J.M. BRYAN FAMILY
2  TRUST,

3            Defendants/Cross-Claimants,

4        v.

5  KULWINDER SIDHU, et al.,

6            Defendants/Cross-Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Hannah L. Blumenstiel, declare:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of California. I am a member in good standing of the bar of this Court. I am an Associate with the law firm of Winston & Strawn LLP, Co-Counsel of record to the Plaintiff, the Official Committee of Unsecured Creditors appointed in the Chapter 11 bankruptcy case of The Legacy Estate Group LLC, and I make this Declaration in that capacity. I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify thereto truthfully and competently.

2.      Attached hereto as Exhibit A is a true and correct copy of the March 15, 2007 Order Pursuant to Bankruptcy Rule 9019 Authorizing Settlement with Connaught Capital Partners LLC, entered in In re Legacy Estate Group, LLC, Ch. 11 Case No. 05-14659 AJ11 (Bankr. N.D. Cal.) (the "Legacy Case").

3.      Attached hereto as Exhibit B is a true and correct copy of the March 28, 2007 Memorandum re: Motion to Certify Case to District Court for Jury Trial, entered in Committee v. Bryan, et al. (In re Legacy Estate Group, LLC), Adv. Proc. No. 06-01173 (Bankr. N.D. Cal.) (the "Legacy Adversary").

4.      Attached hereto as Exhibit C is a true and correct copy of the June 27, 2007 Order Denying Motion to Certify to District Court and Striking Demand for Jury Trial as to Defendants John M. Bryan and the John M. Bryan Trust, entered in the Legacy Adversary.

5.      Attached hereto as Exhibit D is a true and correct copy of a portion of the electronic docket register for the Legacy Case, which shows that, following a hearing held on December 22, 2006, the Bankruptcy Court denied the Motion to Compel Arbitration filed by Defendant Bryan.

6.      Attached hereto as Exhibit E is a true and correct copy of the October 10, 2006 Order Denying Motion to Convert or Appoint Trustee, entered in the Legacy Case.

7.      Attached hereto as Exhibit F is a true and correct copy of the March 14, 2007 Order Confirming Joint Plan of Liquidation Dated October 13, 2006 (and overruling in part Defendant Bryan's objection to confirmation), entered in the Legacy Case.

8.      Attached hereto as Exhibit G is a true and correct copy of Defendant Bryan's Objection to the settlement between the Legacy bankruptcy estate and the bankruptcy estate of

1

1  Legacy's parent, Connaught Capital Partners, LLC. Defendant Bryan's objection was overruled by

2  the Bankruptcy Court's order approving the compromise, a true and correct copy of which is

3  attached hereto as Exhibit A.

4          9.     Attached hereto as <u>Exhibit H</u> is a true and correct copy of the November 17, 2006

5  Order Authorizing the Official Committee of Unsecured Creditors to Prosecute Certain Claims on

6  Behalf of the Estate, entered in the Legacy Case.

7         10.    Attached hereto as <u>Exhibit I</u> is a true and correct copy of the October 10, 2006

8  Memorandum on Motion to Convert, entered in the Legacy Case.

9         11.    Attached hereto as <u>Exhibit J</u> is a true and correct copy of an excerpt from the

10  Transcript of a hearing held in the Legacy Case on December 8, 2006 (*see* 14:20-23).

11         12.    Attached hereto as <u>Exhibit K</u> is a true and correct copy of an excerpt from the

12  Transcript of a hearing held in the Legacy Case on February 23, 2007 (*see* 21:15-25; 22:2-4; 25:18-

13  25; and 26:1-6).

14         13.    Attached hereto as <u>Exhibit L</u> is a true and correct copy of an excerpt from the

15  Transcript of a hearing held in the Legacy Case on March 14, 2007 (*see* 12:15-19).

16         14.    Attached hereto as <u>Exhibit M</u> is a true and correct copy of the Declaration of John H.

17  MacConaghy in Support of Plaintiff's Opposition to Bryan Defendants' Motion to Certify Proceeding

18  to District Court for Trial by Jury Pursuant to Bankruptcy Local Rule 9015-2 (with Exhibits).

19       I declare under penalty of perjury under the laws of the United States and of the State of

20  California that the foregoing is true and correct.

21

22  DATED: July 13, 2007

23

24                             Hannah L. Blumenstiel

                           WINSTON & STRAWN LLP

25

SF:177737.1

26

27                             Co-Counsel for the Official Committee

                           of Unsecured Creditors

28

2

1

**PROOF OF SERVICE**

2

I, Angela C. Johnson, certify and declare as follows:

3

I am over the age of eighteen years and not a party to this action.  I am an employee

4

of Winston & Strawn LLP, and my business address is 101 California Street, San Francisco,

5

California, 94111.  On July 13, 2007, I served a true and correct copy of:

6

**DELCARATION OF HANNAH L. BLUMENSTIEL IN SUPPORT OF OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE BRYAN**
**DEFENDANTS' MOTION TO WITHDRAW REFERENCE**

7

8

9    ☐   by first class mail.  I am familiar with the business practice at my place of business for
          collection and processing of correspondence for mailing with the United States Postal

10        Service.  Correspondence so collected and processed is deposited with the United States
          Postal Service that same day in the ordinary course of business.  The document(s) was

11        (were) placed for deposit in the United States Postal Service in a sealed envelope(s), with
          postage fully prepaid, addressed as set forth on the attached service list(s).

12

     ☐   by facsimile transmission to the parties and facsimile number(s) set forth on the attached

13        service list.  I sent such document from facsimile machine 415-591-1400.  I certify that
          said transmission was completed and that all pages were received and that a report was

14        generated by facsimile machine 415-591-1400 which confirms said transmission and
          receipt.

15

     ☒   by overnight delivery by enclosing a true and correct copy of said document(s) in a

16        Federal Express envelope(s) addressed as set forth on the attached service list.  The
          envelope(s) was (were) sealed and deposited with Federal Express that same day in the

17        ordinary course of business at San Francisco, California.

18   ☐   by messenger by handing a copy of said document(s) to _____, for
          personal service by its agent to the person(s) at the address(es) set forth on the attached

19        service list.

20   ☐   by personally delivering the document(s) to the person(s) at the address(es) set forth on
          the attached service list.

21

     ☐   by email transmission to the individuals and email addresses as set forth on the attached

22        service list.  I caused the document(s) to be transmitted via email.  I am readily familiar
          with my firm's practice for email transmissions.  In sending the above described

23        document by email, I followed the firm's ordinary business practices.

24

             I declare under penalty of perjury under the laws of the United States of America that

25

the foregoing is true and correct, and that this declaration was executed at San Francisco, California,

26

on July 13, 2007.

27
                                          _____
                                                 Angela C. Johnson
28

1

1

__SERVICE LIST__

2

| | |
|---|---|
| Devinder S. Sidhu<br>P. O. Box 410<br>3022 St. Helena Highway North<br>St. Helena, CA 94574 | Kulwinder S. Sidhu<br>P. O. Box 410<br>3022 St. Helena Highway North<br>St. Helena, CA 94574 |
| Michael St. James, Esq.<br>St. James Law<br>155 Montgomery Street, Suite 1004<br>San Francisco, CA 94104 | Glenn E. Westreich, Esq.<br>Nixon Peabody LLP<br>One Embarcadero Center, 18th Floor<br>San Francisco, CA 94111 |
| Edward G. Myrtle, Esq.<br>Office of the United States Trustee<br>235 Pine Street, Suite 700<br>San Francisco, CA 94104 | Elmer Dean Martin, Esq.<br>Law Offices of Elmer Dean Martin<br>22632 Golden Springs Drive<br>Diamond Bar, CA 91765 |
| Sean A. O'Keefe, Esq.<br>Winthrop Couchot<br>660 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

**Entered on Docket**
**March 15, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  WINSTON & STRAWN LLP
   DAVID A. HONIG (S.B. No. 160721)
2  BRIAN Y. LEE (S.B. No. 197233)
   101 California Street, Suite 3900
3  San Francisco, CA 94111
   Telephone: (415) 591-1000
4  Facsimile: (415) 591-1400
   Email: dhonig@winston.com
5  Email: bylee@winston.com

6  Co-Counsel for the Official
   Committee of Unsecured Creditors
7
   LAW OFFICES OF WILLIAM C. LEWIS
8  WILLIAM C. LEWIS (S.B. No. 77193)
   SALLY A. MORELLO (S.B. No. 122814)
9  510 Waverley Street
   Palo Alto, CA 94301-1720
10 Telephone: (650) 322-3300
   Facsimile: (650) 327-9720
11 Email: wclewis@williamclewis.com
   Email: smorello@williamclewis.com
12
   Special Counsel for Debtor
13

14               UNITED STATES BANKRUPTCY COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                     SANTA ROSA BRANCH

17 In re:                              Case No. 05-14659 AJ11

18 THE LEGACY ESTATE GROUP LLC, A      Chapter 11
   CALIFORNIA LIMITED LIABILITY
19 COMPANY, DOING BUSINESS AS          **ORDER PURSUANT TO BANKRUPTCY**
   FREEMARK ABBEY WINERY, BYRON        **RULE 9019 AUTHORIZING**
20 VINEYARD & WINERY, AND ARROWOOD     **SETTLEMENT WITH CONNAUGHT**
   VINEYARDS & WINERY,                 **CAPITAL PARTNERS LLC**
21
                Debtor.
22

23

24         The Joint Motion of the Official Committee of Unsecured Creditors and The Legacy

25 Estate Group LLC for Order Authorizing Settlement with Connaught Capital Partners LLC Pursuant

26 to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), filed by the Official

27 Committee of Unsecured Creditors (the "Committee") and The Legacy Estate Group LLC, debtor

28 and debtor in possession herein (the "Debtor"), having come on for hearing before this court;

SF:154411.4

1   appearances having been made as noted in the Court's record; the Court having reviewed the Motion

2   and accompanying papers and the other pleadings and papers on file in this case, and having

3   determined that the relief requested in the Motion is in the best interests of the Debtor's estate and

4   creditors and other parties in interest; the Court having considered and overruled the objection to the

5   Motion filed by John Bryan for the reasons stated on the record at the hearing; the Court finding that

6   it has jurisdiction over this matter pursuant to sections 157 and 1334 of Title 28 of the United States

7   Code and B.L.R. 5011-1, that adequate notice has been given under the circumstances, and good and

8   sufficient cause appearing therefor, it is hereby:

9           ORDERED that the Motion is in all respects GRANTED; and it is further

10          ORDERED that the Debtor is authorized to enter into the Settlement Agreement (as

11  defined in the Motion), and that the Debtor and the Committee are authorized to perform any and all

12  obligations contemplated thereby promptly upon entry of this Order; and it is further

13          ORDERED that this Court retains jurisdiction with respect to all matters arising from

14  or related to the implementation of this Order or the provisions of the Settlement Agreement.

15

16  Dated: March 15, 2007

17                                          Alan Jaroslovsky
                                            U.S. Bankruptcy Judge
18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

**Entered on Docket**
**March 28, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7                     UNITED STATES BANKRUPTCY COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9   In re

10  THE LEGACY ESTATE GROUP,                          No. 05-14659

11                          Debtor(s).
                                              /
12  ────────────────────────────────────
    OFFICIAL CREDITORS COMMITTEE,
13

14                          Plaintiff(s),

15          v.                                    A.P. No. 06-1173

16  JOHN M. BRYAN, et al.,

17                          Defendant(s).
                                              /
18  ────────────────────────────────────

19        Memorandum re Motion to Certify Case to District Court for Jury Trial
                          ──────────────────
20

21        Plaintiff originally demanded a jury trial in this adversary proceeding, but withdrew its demand. Three

22  defendants have asked the court to transfer the case to district court for jury trial, even though at least two of

23  them, John M. Bryan and the J. M. Bryan Family Trust, have filed proofs of claim. The filing of a proof of

24  claim waives the right to a jury. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S.Ct. 2782,

25  106 L.Ed.2d 26 (1989).

26        Contrary to defendants' arguments, Rule 38(d) of the Federal Rules of Civil Procedure does not bar

                                            1

1  the withdrawal of a jury demand by plaintiff where the defendant did not rely on the demand. *Fuller v. City*

2  *of Oakland,* 47 F.3d 1522, 1531 (9ᵗʰ Cir. 1995); *White v. McGinnis,* 903 F.2d 699, 701 (9ᵗʰ Cir. 1990);

3  *Reid Bros. Logging Co. v. Kitchikan Pulp Co.*, 699 F.2d 1292, 1304 (9ᵗʰ Cir. 1983). Moreover, a party

4  has no standing to object to waiver of a right by another party unless it is aggrieved by the waiver. Since

5  Bryan and the J. M. Bryan Family Trust have waived the right to a jury, they have no standing to object to

6  plaintiff's waiver of its right to a jury trial.

7      The rights of the third defendant, the John M. and Florence E. Bryan Trust, are more problematical.

8  This defendant has not filed a claim in its own name. However, it appears that its alter ego may have filed a

9  proof of claim or that it is close enough in identity to be bound by the jury waiver of other entities. Resolution

10  of this matter requires an evidentiary hearing and further briefing.

11      For the foregoing reasons, the motion will be denied with prejudice as to defendants John M. Bryan

12  and the J. M. Bryan Family Trust. As to the John M. and Florence E. Bryan Trust, the parties shall arrange

13  an evidentiary hearing and submit supplemental briefs. In the event that the court determines that this

14  defendant is entitled to a jury trial, the claims against it will be severed and only those severed claims will be

15  transferred to the district court; the case will proceed in this court as to defendants who have waived their

16  right to a jury.

17      Counsel for plaintiff shall submit an appropriate form of order.

18

19  Dated: March 28, 2007

20

21

22  Alan Jaroslovsky
    U.S. Bankruptcy Judge

23

24

25

26

2

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

1    **WINSTON & STRAWN LLP**
ROLF S. WOOLNER (CA SBN: 143127)
2    HANNAH L. BLUMENSTIEL (CA SBN: 214842)
101 California Street, Suite 3900
3    San Francisco, California 94111-5894
Telephone:    (415) 591-1000
4    Facsimile:    (415) 591-1400
Email:    rwoolner@winston.com
5    Email:    hblumenstiel@winston.com

6    **MacCONAGHY & BARNIER, PLC**
JOHN H. MacCONAGHY (CA SBN: 83684)
7    645 First Street West, Suite D
Sonoma, California 95476
8    Telephone:    (707) 935-3205
Facsimile:    (707) 935-7051
9    Email:    macclaw@macbarlaw.com

10    Co-Counsel for Plaintiff, The Official Committee of
Unsecured Creditors

11

12                **UNITED STATES BANKRUPTCY COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

                       **SANTA ROSA DIVISION**

14
      In re:                                   Case No. 05-14659
15
      THE LEGACY ESTATE GROUP, LLC, a          Chapter 11
16    California Limited Liability Company, formerly
      doing business as FREEMARK ABBEY WINERY,
17    BYRON VINEYARD & WINERY, AND
      ARROWOOD VINEYARD & WINERY,              Adversary Proceeding No. 06-01173
18
                   Debtor.                     **ORDER DENYING MOTION TO**
19                                             **CERTIFY TO DISTRICT COURT AND**
      ─────────────────────────────────       **STRIKING DEMAND FOR JURY TRIAL**
20                                             **AS TO DEFENDANTS JOHN M. BRYAN**
      OFFICIAL COMMITTEE OF UNSECURED          **AND THE JOHN M. BRYAN TRUST**
21    CREDITORS OF THE LEGACY ESTATE
      GROUP, LLC,
22
                   Plaintiff,                  Date:    March 14, 2007
23                                             Time:    10:00 a.m.
            v.                                 Place:   99 South "E" Street
24                                                      Santa Rosa, CA 95404
      JOHN M. BRYAN, JOHN M. AND FLORENCE
25    E. BRYAN TRUST, J.M. BRYAN FAMILY        Judge:   Honorable Alan Jaroslovsky
      TRUST, KULWINDER SIDHU, DEVINDER
26    SIDHU, PACIFIC PARAGON INVESTMENT
      FUND LTD., a British Columbia company,
27    HARRY CHEW, and AIC CAPITAL PARTNERS,
      LLC, a California limited liability company,
28
                   Defendants.

                                        1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    JOHN M. BRYAN, JOHN M. AND FLORENCE
     E. BRYAN TRUST, J.M. BRYAN FAMILY
2    TRUST,

3                   Defendants/Cross-Claimants,

4          v.

5    KULWINDER SIDHU, et al.,

6                   Defendants/Cross-Defendants.

7

8                  For the reasons stated in the court's Memorandum of March 28, 2007, it is

9          ORDERED that the Motion to Certify Proceeding to District Court for Trial by Jury

10   Pursuant to Bankruptcy Local Rule 9015-2 is denied with prejudice as to Defendants John M. Bryan

11   and the J.M. Bryan Family Trust.  It is further ORDERED that the demands for jury trial asserted by

12   Defendants John M. Bryan and the J.M. Bryan Family Trust with respect to the Committee's

13   amended complaint are hereby STRICKEN.

14                 Determination of the Motion with respect to Defendant the John M. and Florence E.

15   Bryan Trust is reserved pending further proceedings and further order of the Court.

16

17   Dated: June 27, 2007

18                                                         Alan Jaroslovsky
                                                          U.S. Bankruptcy Judge
19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING MOTION TO CERTIFY TO DISTRICT COURT, AND STRIKING DEMAND FOR JURY TRIAL, AS TO

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

## U.S. Bankruptcy Court
## Northern District of California (Santa Rosa)
## Bankruptcy Petition #: 05-14659

*Assigned to:* Judge Alan Jaroslovsky
Chapter 11
Voluntary
Asset

*Date Filed:* 11/18/2005

*Debtor*
**The Legacy Estate Group LLC**
P.O. Box 410
St. Helena, CA 94574
Tax id: 94-3387985
*aka*
**Freemark Abbey Winery**
*aka*
**Byron Vineyard & Winery**
*aka*
**Arrowood Vineyards & Winery**

represented by **Adam A. Lewis**
Law Offices of Morrison and
Foerster
425 Market St.
San Francisco, CA 94105-
2482
(415) 268-7000
Email: alewis@mofo.com

**Doris A. Kaelin**
Law Offices of Murray and
Murray
19400 Stevens Creek Bl. #200

Cupertino, CA 95014-2548
(650) 852-9000
Email:
dkaelin@murraylaw.com

**John Walshe Murray**
Law Offices of Murray and
Murray
19400 Stevens Creek Blvd.
#200
Cupertino, CA 95014-2548
(650) 852-9000
Email:
jwmurray@murraylaw.com

**Lovee Sarenas**
Law Offices of Murray and
Murray
194000 Stevens Creek Blvd.
#200
Cupertino, CA 95014-2548
(650)852-9000

**Matthew A. Taylor**
Law Offices of Murray and
Murray
19400 Stevens Creek Blvd.

#200
Cupertino, CA 95014-2548
(650)852-9000
Email:
mtaylor@murraylaw.com

**Robert A. Franklin**
Law Offices of Murray and
Murray
19400 Stevens Creek Bl. #200

Cupertino, CA 95014-2548
(650)852-9000
Email:
rfranklin@murraylaw.com

**Sally A. Morello**
Law Offices of William C.
Lewis
510 Waverly St.
Palo Alto, CA 94301
(650) 322-3300
Email:
ecf@williamclewis.com

*Responsible Ind*                    represented by **Kulwinder S. Sidhu**
**Kulwinder S. Sidhu**                                      PRO SE
P.O. Box 410
St. Helena, CA 94574
707-963-9694

*U.S. Trustee*                       represented by **Edward G. Myrtle**
**Office of the U.S. Trustee / SR**                 Office of the U.S. Trustee
235 Pine Street                                     235 Pine St.
Suite 700                                           Suite 700
San Francisco, CA 94104                             San Francisco, CA 94104
                                                    (415) 705-3333
                                                    Email: ed.myrtle@usdoj.gov

*Creditor Committee*
**Kirkland Knightsbridge LLC**
Attn.: Larry Kirkland
P.O. Box 5387
Napa, CA 94581

*Creditor Committee*
**Price Landscape Services, Inc.**
Attn.: Thomas L. Price
P.O. Box 448
Napa, CA 94559

*Creditor Committee*
**Tonnellerie Boute**
Attn.: Manuel Martinez
1001 Seascape Cir.
Rodeo, CA 94572

*Creditor Committee*
**Scott Laboratories, Inc.**
Attn.: Jocelyne Hildebrand
P.O. Box 4559
Petaluma, CA 94955

*Creditor Committee*
**Heritage Paper Co.**
Attn.: John Tatum
6850 Brisa St.
Livermore, CA 94550

*Creditor Committee*
**World Cooperage Co., Inc.**
Attn.: David Waugh
P.O. Box 1659
Lebanon, MO 65536

*Creditor Committee*
**Universal Specialties, Inc.**
Attn.: Antonius Loog
1810 Kosmina Rd.
Vernon BC Canada VIT 8T2

*Creditor Committee*
**California Glass Co.**
Attn.: Rick Silvari
155 98th Ave.
Oakland, CA 94603

*Creditor Committee*
**Saint-Gobain Containers, Inc.**
Attn.: Thomas Fitzpatrick
1 New Bond St.
Worchester, MA 01615

*Creditor Committee*                              represented by **Brian Y. Lee**
**Official Committee Of Unsecured Creditors**              Law Offices of Winston and
c/o David A. Honig, Esq.                                   Strawn
Winston & Strawn LLP                                       101 California St. 39th Fl.
101 California St., Ste. 3900                              San Francisco, CA 94111
San Francisco, CA 94111-5894                               (415) 398-4700

Email: bylee@winston.com

**Eric E. Sagerman**
Law Offices of Winston and
Strawn
333 S Grand Ave. 38th Fl
Los Angeles, CA 90071-1543
(213) 615-1829
Email:
esagerman@winston.com

**John H. MacConaghy**
MacConaghy and Barnier
645 1st St. W #D
Sonoma, CA 95476
(707) 935-3205
Email:
macclaw@macbarlaw.com

**Randy R. Rogers**
Law Offices of Winston and
Strawn
101 California St. #3900
San Francisco, CA 94111
(415) 591-1000
Email: rrogers@winston.com
*TERMINATED: 07/13/2006*

| Filing Date | # | Docket Text |
|-------------|---|-------------|
| 12/22/2006 | | Hearing Held (RE: related document(s)681 Motion to Correct Procedural Defects and to Vacate or Defer TrialFiled by Creditors John Bryan, Red Barn Ranch, LLC (After Hearing; Motion denied without prejudice) (Appearances: Michael St. James, John MacConaghy, David Honig and by telephone: John Murry) (ta, ) (Entered: 12/22/2006) |
| 12/22/2006 | | Hearing Held (RE: related document(s)683 Motion to Compel Arbitration Filed by Creditors John Bryan, Red Barn Ranch, LLC (After Hearing; Motion denied) (Appearances: Michael St. James, John MacConaghy, David Honig and by telephone: John Murry) (ta, ) (Entered: 12/22/2006) |
| 12/22/2006 | 739 | Transcript, Date of Hearing: 12-8-06*1. Motion for 2004 Examination; 2. Motion to Defer Trial; 3. Motion to Compel Arbitration.* (McCall, Jo) (Entered: 12/22/2006) |
| 12/22/2006 | | Hearing Continued (RE: related document(s)645 Objection to Claim |

No. 122 of John Bryan and Red Barn Ranch, LLC Filed by Official
Committee Of Unsecured Creditors, 658 Objection to Claim No. 191
of Harry Chew Filed by Official Committee Of Unsecured Creditors,
656 Objection to Claim No. 192 of Venturex Global Investment Corp.
Filed by Official Committee Of Unsecured Creditors, 657 Objection
to Claim No. 190 of Bi-Optic Ventures Inc. Filed by Official
Committee Of Unsecured Creditors, Trial to be held on 2/1/2007 at
9:00 AM Santa Rosa Courtroom; No discovery cutoff date set.
Declarations to be filed 7 days prior to hearing) (Appearances: John
MacConaghy, David Honig and by telephone: Elmer Martin and John
Murry) (ta, ) (Entered: 12/28/2006)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/12/2007 15:35:49 | | |
| **PACER Login:** | jm0199 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 05-14659 Fil or Ent: filed From: 12/22/2006 To: 12/22/2006 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 3 | **Cost:** 0.24 |

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

**Entered on Docket**
**October 10, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   JOHN WALSHE MURRAY (074823)
    ROBERT A. FRANKLIN (091653)
2   DORIS A. KAELIN (162069)
    MATTHEW A. TAYLOR (236410)
3   MURRAY & MURRAY
    A Professional Corporation
4   19400 Stevens Creek Blvd., Suite 200
    Cupertino, CA 95014-2548
5   (650) 852-9000; (408) 907-9200
    (650) 852-9244 (Facsimile)
6   email:  jwmurray@murraylaw.com
    email:  rfranklin@murraylaw.com
7   email:  dkaelin@murraylaw.com
    email:  mtaylor@murraylaw.com
8

9   Attorneys for Debtor

10                UNITED STATES BANKRUPTCY COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SANTA ROSA DIVISION

13   In re:                       )

14   THE LEGACY ESTATE GROUP LLC, A CALIFORNIA    )   Case 05-14659-AJ-11
    LIMITED LIABILITY COMPANY, DOING BUSINESS AS    )
15   FREEMARK ABBEY WINERY, BYRON VINEYARD      )   Chapter 11
    & WINERY, AND ARROWOOD VINEYARDS &        )
16   WINERY,                               )
                                   )
17                  Debtor.       )   Date:   September 29, 2006
                                   )   Time:   10:00 o'clock a.m.
18   P.O. Box 410                     )   Place:   99 South "E" Street
    St. Helena, CA 94574             )           Santa Rosa, CA 95404
19                                    )   Judge:   Honorable Alan Jaroslovsky
    Employer Tax I.D. No.: 94-3387985      )
20                                    )

21              **ORDER DENYING MOTION TO CONVERT OR APPOINT A TRUSTEE**

22        THE MOTION TO CONVERT OR APPOINT A TRUSTEE (the "Motion") of John M. Bryan

23   having come on for hearing before this Court on September 29, 2006 at 10:00 o'clock a.m.;  The

24   Legacy Estate Group LLC, the debtor and debtor in possession herein, having appeared by and

25   through its counsel Murray & Murray, A Professional Corporation and John Walshe Murray; John

26   M. Bryan having appeared by and through his counsel St. James Law, P.C. and Michael St. James;

27   the Official Committee of Unsecured Creditors having appeared by and through its co-counsel

28   Winston & Strawn LLP and David A. Honig, and MacConaghy & Barnier PLC and John H.

                                         1

1  MacConaghy; Laminar Direct Capital L.P. having appeared by and through its counsel Klee Tuchin

2  Bogdanoff & Stern LLP and Thomas E. Patterson; AIC Capital Partners and Pacific Paragon

3  Investment Fund, Ltd. having appeared by and through their counsel Elmer Dean Martin III, A

4  Professional Corporation and Elmer Dean Martin;  The Court having reviewed the pleadings and

5  heard the representations and arguments of counsel filed in support of, and in opposition to, the

6  Motion; the Court having issued its MEMORANDUM ON MOTION TO CONVERT on October 9, 2006;

7  and good cause appearing therefor;

8          IT IS HEREBY ORDERED that the Motion is denied.

9

10  Dated:  October 10, 2006

11

12                                                          Alan Jaroslovsky
                                                            U.S. Bankruptcy Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT F

# EXHIBIT F

# EXHIBIT F

**Entered on Docket**
**March 14, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Law Offices Of William C. Lewis
    WILLIAM C. LEWIS (S.B. No. 077193)
2   510 Waverley Street
    Palo Alto, CA 94301-2009
3   Telephone: (650) 322-3300
    Facsimile: (650) 327-9720
4   Email: wclewis@williamclewis.com

5   Special Counsel for the Debtor

6   WINSTON & STRAWN LLP
    DAVID A. HONIG (S.B. No. 160721)
7   BRIAN Y. LEE (S.B. No. 197233)
    101 California Street, Suite 3900
8   San Francisco, CA  94111
    Telephone: (415) 591-1000
9   Facsimile: (415) 591-1400
    email: dhonig@winston.com
10  email: bylee@winston.com

11  Counsel for the Official
    Committee of Unsecured Creditors

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  SANTA ROSA DIVISION

15  In Re

16  THE LEGACY ESTATE GROUP LLC, A          Case No.  05-14659-AJ-11
    CALIFORNIA LIMITED LIABILITY COMPANY,
17  DOING BUSINESS AS FREEMARK ABBEY             Chapter 11
    WINERY, BYRON VINEYARD & WINERY,
18  AND ARROWOOD VINEYARDS & WINERY,        Date:   March 14, 2007
                                            Time:   10:00 a.m.
19                  Debtor.                 Place:  99 South "E" Street
          PO Box 410                                Santa Rosa, CA 95404
20        St. Helena, CA 94574             Judge:  Honorable Alan Jaroslovsky

21  Employer Tax I.D. No.: 94-3387985

22

23              **ORDER CONFIRMING JOINT PLAN OF**
                **LIQUIDATION DATED OCTOBER 13, 2006**

24                          **I.**

25                      **RECITALS**

26      A.      On October 13, 2006, The Legacy Estate Group LLC, a California Limited

27  Liability Company, the debtor and debtor in possession herein, (the "Debtor") and the Official

28

                        -1-   ORDER CONFIRMING JOINT PLAN OF LIQUIDATION
                              DATED OCTOBER 13, 2006

1   Committee of Unsecured Creditors (the "Committee" and together with the Debtor, the "Plan

2   Proponents") filed their JOINT PLAN OF LIQUIDATION DATED OCTOBER 13, 2006 (the "Joint

3   Plan"). On February 8, 2007, the Plan Proponents filed an ADDENDUM TO JOINT PLAN OF

4   LIQUIDATION DATED OCTOBER 13, 2006 (the "Addendum"), attached as Exhibit 1 to the PLAN

5   PROPONENTS' SUBMISSION OF ADDENDUM TO JOINT PLAN OF LIQUIDATION DATED OCTOBER 13,

6   2006. The Joint Plan, as modified by the Addendum, is hereinafter referred to as the "Plan."

7          B.      The hearing pursuant to 11 U.S.C. § 1128 (a) to consider confirmation of the Plan

8   came on before this Court on November 20, 2006 at 9:00 a.m. and continued on: (i) February 14,

9   2007 at 9:00 a.m.; (ii) February 23, 2007 at 9:00 a.m.; and (iii) March 14, 2007 at 10:00 a.m. The

10  Debtor appeared by and through its counsel, Law Offices of William C. Lewis and William C.

11  Lewis, and Murray & Murray, a Professional Corporation and John Walshe Murray; other

12  appearances were as noted in the Court's record.

13         C.      All capitalized terms used but not separately defined herein shall have the meaning

14  ascribed to them in the Plan. A term that is not defined herein or in the Plan but is used in the

15  Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed to such term in the

16  Bankruptcy Code or the Bankruptcy Rules.

## II.

### FINDINGS OF FACT

19         It having been determined after hearing on notice, upon the submission of competent and

20  admissible evidence, and based thereon:

21         THE COURT FINDS that the Plan complies with the applicable provisions of Title 11,

22  United States Code; the Debtor and the Committee have complied with the applicable provisions

23  of Title 11, United States Code for confirmation of the Plan; and the Plan has been proposed in

24  good faith and not by any means forbidden by law.

25         THE COURT FURTHER FINDS that with respect to the executory contract to be assumed by

26  the Debtor under the Plan and this Order as set forth in Sections 7.1 of the Plan: the Debtor is not

27  in default under the terms of such executory contract and therefore no amount of money or other

28  performance is due in order for the Debtor to assume such contract; no non-debtor party to such

-2-   ORDER CONFIRMING JOINT PLAN OF LIQUIDATION
      DATED OCTOBER 13, 2006

1    executory contract has objected to the assumption of such executory contract; and, the assumption

2    of such executory contract is in the best interests of the Bankruptcy Estate as determined by the

3    Debtor and the Committee in the exercise of their good faith business judgment.

4    THE COURT FURTHER FINDS that two objections were filed to confirmation of the Plan: (1)

5    the objection by Andrea Wirum, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate of

6    Connaught Capital Partners, LLC (the "Trustee Objection"); and (2) the objection by John M.

7    Bryan (the "Bryan Objection"). No other objections to confirmation of the Plan were filed.

8    To the extent that any of the foregoing findings of fact are, or can be construed as,

9    conclusions of law, such findings shall be, and are hereby, determined to be the conclusions of

10   law of this Court.

11                                         **III.**

12                                        **ORDER**

13   NOW, THEREFORE, based on the foregoing Recitals and Findings of Fact, and good cause

14   appearing therefor, IT IS HEREBY ORDERED as follows:

15   1.    With respect to the objections filed to confirmation of the Plan, (a) the Bryan

16   Objection was sustained solely with respect to the manner in which estate professionals shall seek

17   allowance of compensation after the Confirmation Date (addressed in Paragraph 2 below), and

18   the balance of the Bryan Objection was overruled at the hearing held on February 14, 2007; and

19   (b) the Trustee Objection was withdrawn at the hearing held on March 14, 2007 based on the

20   Court's approval of that certain compromise of controversy among the Debtor, the Committee

21   and the Trustee which was before this Court on such date.

22   2.    Section 6.15 of the Plan is replaced in its entirety with the following:

23   **"6.15   Post-Confirmation Compensation and Reimbursement of Expenses of**

24   **Disbursing Agent, Responsible Person and Estate Professionals**. Compensation and

25   reimbursement of expenses for the Disbursing Agent, the Responsible Person and all

26   professionals employed by the Reorganized Debtor or the Creditors' Committee after the

27   Confirmation Date shall be subject to the approval of the Bankruptcy Court upon

28   application and after a hearing on notice as provided at Section 6.17.1 of the Plan.

-3-    ORDER CONFIRMING JOINT PLAN OF LIQUIDATION
       DATED OCTOBER 13, 2006

3.      Subject to the modification to the Plan set forth at Paragraph 2 above, the Plan is confirmed.  The Plan Proponents are authorized to execute any and all documents and take any and all actions necessary to effectuate and consummate the Plan.

4.      For the purposes of the Plan and this Order, the "Effective Date" of the Plan shall be March 27, 2007.

5.      The Disbursing Agent and the Responsible Person for purposes of the Plan shall be Insolvency Services Group, Inc.  The Court hereby finds that the Plan Proponents have made all of the disclosures required under Section 1129(a)(5) of the Bankruptcy Code with respect to the designation of Insolvency Services Group, Inc. as Responsible Person under the Plan. Insolvency Services Group, Inc. shall be compensated on an hourly basis pursuant to Section of 6.15 of the Plan (as modified and set forth at Paragraph 2 above) as more fully set forth and described in the NOTICE BY PLAN PROPONENTS OF PROPOSED RESPONSIBLE PERSON TO ADMINISTER JOINT PLAN OF LIQUIDATION filed with the Court on November 6, 2006.

Dated: March 14, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

-4-    ORDER CONFIRMING JOINT PLAN OF LIQUIDATION
DATED OCTOBER 13, 2006

# EXHIBIT G

# EXHIBIT G

# EXHIBIT G

1  Michael St. James, CSB No. 95653
   St. James Law, P.C.
2  155 Montgomery Street, Suite 1004
   San Francisco, California  94104
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Counsel for John M. Bryan

6

7                    UNITED STATES BANKRUPTCY COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12  In re                              )   Case No.  05-14659
                                       )   Chapter 11
13  THE LEGACY ESTATE GROUP, LLC       )   DATE:      February 23, 2006
                         Debtor.       )   TIME:      9:00 a.m.
14  _____   )   JUDGE:     Hon. Alan Jaroslovksy

15

16

17                      OBJECTION TO COMPROMISE

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

COMES NOW John M. Bryan and opposes the proposed compromise between the Legacy Estate and the Connaught Trustee.  Mr. Bryan holds a majority of the unsecured claims against Connaught, but under the proposed settlement his recovery from his claims against Connaught would be diluted by more than 50% due to the allowance of an $8.5 million claim against Connaught (the "New Legacy Claim"). The Motion provides no meaningful explanation of the basis for the settlement, the justification for the existence of the New Legacy Claim or why the New Legacy Claim should not be treated as untimely.

## II.    THE COMPROMISE MOTION DOES NOT MEET MINIMAL STANDARDS OF DUE PROCESS

The Court may approve a compromise only if creditors and parties of interest have received "notice and an opportunity to be heard." Fed. R. Banrk. P. 9019(a).  At the least, the notice must adequately explain the relief sought and the reasons for it, and sufficient time must be afforded creditors to evaluate the merits of the motion and to respond, if appropriate.  In this case, the representatives of the two estates have not provided either adequate notice or adequate time.  The Compromise Motion must be denied.

### A.    *Insufficient Time Was Given.*

The norm in this District is to provide at least 20 days notice of a compromise.  See, BLR 9014-1(b). Here, the movants sought and obtained an Order Shortening Time limiting notice to seven days: they were required to give notice of their compromise by Friday, February 17, 2007.

While they did distribute a notice on Friday, February 17th, the notice was not accompanied by the settlement agreement.  On the contrary, the notice that was timely given provided that :

> This Motion contains on a summary of the compromise terms.  To the extent there are any inconsistencies between the summary descriptions of the Settlement Agreement contained in this Motion and the terms and conditions of the Settlement Agreement, **the terms of the Settlement Agreement shall control.   A copy of the Settlement Agreement will be provided upon request.**

OBJECTION TO LEGACY / CONNAUGHT TRUSTEE COMPROMISE                                                    1

Joint Motion, 4:26-28. (emphasis supplied)

When parties timely made requests, they were informed that the Settlement Agreement would not be available until some time on Tuesday, February 20, 2007, two days prior to the Friday morning, February 23, 2007 hearing. In fact, the Settlement Agreement was not distributed until 12:38 p.m. on Tuesday, February 20th . A substantive modification respecting Laminar's rights in connection with "Return Distributions" was thereafter circulated Wednesday morning.        Another substantive modification relating to the scope of the releases was circulated late Wednesday afternoon.

The Compromise will have a substantial impact on creditors of both estates. No justification for limiting notice of its terms to two days has been presented, and indeed no justification could be presented other than an arbitrary desire to rush to "justice".

### B.    The Notice Was Substantively Inadequate

Admittedly, the notice describes at least some of the relief sought: the two estates will share equally in the expense and recoveries from some litigation, and the New Legacy Claim will be allowed against the Connaught Estate.

To the extent that the settlement agreement affords the parties other relief, that *was not described at all*, e.g., prosecution of the estates' differing rights and theories through Joint Counsel with attendant waivers of the attorney-client privilege; Stipulation, ¶5;  restrictions on the ability of each estate to seek subordination or disallowance of claims in the other estate; Stipulation, ¶¶ 9, 10; imposition of the Laminar Subordinated Claim on the Connaught Estate and provisions respecting its payment; ¶13;  and releases of unidentified claims against the representatives of each estate; ¶¶14, 15.

Moreover, there is no explanation about *why* the relief is being granted. Obviously, this is the essential element of analysis under Rule 9019, but the Motion is completely silent about it. Why would Legacy have a claim in any amount against Connaught, let alone a claim for $8.5 million? Why

OBJECTION TO LEGACY / CONNAUGHT TRUSTEE COMPROMISE                                                    2

wouldn't the New Legacy Claim be time-barred and hence subordinated to all other claims against the Connaught Estate? What are the claims against the representatives of the two estates that are being released? Why is it important to prevent each estate's fiduciaries from objecting to claims against the other estate? Without a presentation of the basis and rationale for the underlying disputes, it is impossible for the Court or creditors to evaluate whether the settlement is appropriate.

The Compromise Motion simply provides inadequate information to satisfy Rule 9019.

## III.    ALLOWANCE OF THE NEW LEGACY CLAIM IS INEXPLICABLE AND INJURIOUS TO CONNAUGHT CREDITORS

When claims against the Connaught Estate are boiled down, it seems likely that (but for the proposed settlement) there would be approximately $8 million dollars of allowed general unsecured claims. Mr. Bryan holds approximately $5.7 million dollars of claims based on promissory notes executed by Connaught.[1] In addition, a few dozen investors, largely Canadian, transferred somewhat more than $2 million to Connaught and/or Legacy under documents that suggested they were intended as equity but provided for a potential conversion to debt (the "Investor Claims"). If the Investor Claims are permitted to share *pari passu*, Mr. Bryan holds more than two-thirds of Connaught's unsecured debt; if the Investor Claims are subordinated pursuant to Section 510(b), Mr. Bryan will holds substantially all of general unsecured claims against Connaught.

Obviously, Mr. Bryan is deeply concerned about the allowance of the immense New Legacy Claim, which would dwarf his claim and substantially dilute any recovery to him. Under any ordinary rules, he could rest assured that following the running of the Claims Bar Date, any subsequently filed

---

[1]    In addition, Mr. Bryan holds a claim under Connaught's guarantee of the Red Barn Ranch contract. The claim was asserted in the gross amount of $20 million dollars, representing unmitigated damages under the Red Barn contract. A comparable claim against the Legacy Estate was recently settled for the payment of $750,000 in cash.

OBJECTION TO LEGACY / CONNAUGHT TRUSTEE COMPROMISE                                                    3

claims would likely be time-barred and enjoy only subordinated status.   Certainly, he would not need to fear that a late-filed claim by the Legacy Committee would be allowed.  See, *In re Coastal Alaska Lines, Inc.*, 920 F.2d. 1438, 1434 (9th Cir. 1990) (creditor who knew of bankruptcy case did not qualify for relief respecting untimely claim).    Yet on a few days' notice it is proposed that Legacy receive an allowed  claim for $8.5 million without any explanation of either the merits of the claim or the basis on which a timeliness objection could be defended.

The *only* explanation provided is that the Committee and the Connaught Trustee thinks it would be a good idea.  It is submitted that is simply inadequate.

## IV.    CONCLUSION

The Compromise Motion is intended to fundamentally rearrange the claims against and dynamics of both bankruptcy estates.  No explanation is presented of the basis for the compromise, such that either the Court or creditors could evaluate it on the merits.

Moreover, although there is no objective reason for urgency, the Compromise is being rammed through on two days notice.  This does not comport with minimal standards of due process and fair notice.

The Compromise Motion should be denied.

Respectfully submitted,

DATED: February 22, 2007            ST. JAMES LAW, P.C.


By: /s/ *Michael St James* .
Michael St. James
Counsel for John M. Bryan

OBJECTION TO LEGACY / CONNAUGHT TRUSTEE COMPROMISE                                                   4

# EXHIBIT H

# EXHIBIT H

# EXHIBIT H

**Entered on Docket**
**November 17, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  JOHN WALSHE MURRAY (074823)
   ROBERT A. FRANKLIN (091653)
2  DORIS A. KAELIN (162069)
   MATTHEW A. TAYLOR (236410)
3  MURRAY & MURRAY
   A Professional Corporation
4  19400 Stevens Creek Blvd., Suite 200
   Cupertino, CA 95014-2548
5  (650) 852-9000; (408) 907-9200
   (650) 852-9244 (Facsimile)
6  Email: jwmurray@murraylaw.com
   Email: rfranklin@murraylaw.com
7  Email: dkaelin@murraylaw.com
   Email: mtaylor@murraylaw.com
8
   Attorneys for Debtor
9
   DAVID A. HONIG (160721)
10 BRIAN Y. LEE (197233)
   WINSTON & STRAWN LLP
11 101 California Street, Suite 3900
   San Francisco, CA  94111
12 Telephone:  (415) 591-1000
   Facsimile:  (415) 591-1400
13 Email: dhonig@winston.com
   Email: bylee@winston.com
14
   Co-Counsel for the Official
15 Committee of Unsecured Creditors

16                    UNITED STATES BANKRUPTCY COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18                          SANTA ROSA BRANCH

19
   In re:                              Case No. 05-14659 AJ11
20
   THE LEGACY ESTATE GROUP LLC, A      Chapter 11
21 CALIFORNIA LIMITED LIABILITY
   COMPANY, DOING BUSINESS AS          **ORDER AUTHORIZING THE OFFICIAL**
22 FREEMARK ABBEY WINERY, BYRON        **COMMITTEE OF UNSECURED**
   VINEYARD & WINERY, AND ARROWOOD     **CREDITORS TO PROSECUTE CERTAIN**
23 VINEYARDS & WINERY,                 **CLAIMS ON BEHALF OF THE ESTATE**

24          Debtor.

25

26         The Joint Motion for Order Authorizing the Official Committee of Unsecured

27 Creditors to Prosecute Certain Claims on Behalf of the Estate (the "Motion"), jointly filed by The

28 Legacy Estate Group LLC, debtor and debtor in possession herein (the "Debtor"), and the Official

Order Authorizing the Committee to
Prosecute Certain Claims on Behalf of the Estate
SF:144061.4

1   Committee of Unsecured Creditors (the "Committee") appointed herein, having come before this

2   Court; the Court having determined that it has jurisdiction over this matter pursuant to sections 157

3   and 1334 of title 28 of the United States Code and Bankruptcy Local Rule 5011-1; and after due

4   deliberation thereon, and good and sufficient cause appearing therefor, it is hereby:

5          ORDERED, ADJUDGED AND DECREED THAT:

6          1.     The Motion is granted, and all objections thereto, to the extent not voluntarily

7   withdrawn, are overruled.

8          2.     The Committee is hereby appointed as the representative of the Debtor's

9   bankruptcy estate with respect to the prosecution of certain litigation, as more specifically set forth

10  under Article 6.2 of the First Amended Joint Plan of Liquidation dated October 13, 2006  (as the

11  same may be amended, modified, or in effect from time to time, the "Plan").

12         3.     The relief granted by this Order shall be consistent with and identical in all

13  respects to the grant of authority to be provided to the Committee and its successors in interest under

14  the Plan.  In the event of any inconsistency between the provisions of this Order and any provisions

15  of the Plan, the terms and provisions of the Plan shall govern and control.

16

17  Dated: November 17, 2006

18                                                     Alan Jaroslovsky
                                                       U.S. Bankruptcy Judge

19

20

21

22

23

24

25

26

27

28

Order Authorizing the Committee to
Prosecute Certain Claims on Behalf of the Estate
SF:144061.4

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

**Entered on Docket**
**October 10, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2                                  UNITED STATES BANKRUPTCY COURT

3                                   NORTHERN DISTRICT OF CALIFORNIA

4    In re

5    THE LEGACY ESTATE GROUP, LLC,                              No. 05-14659

6                                          Debtor(s).
                                                      /
7    _____

                                     Memorandum on Motion to Convert
8    _____

9          Debtor The Legacy Estate Group, LLC, filed its Chapter 11 petition on November 18, 2005. At

10   that time, it was the owner of three large and well-known wineries. John M. Bryan is a creditor of the

11   equity owner of the debtor. He asserts a claim in this case which is contested by the other parties, and

12   appears to be a relatively minor player in this case. He has filed a motion to convert this case to Chapter

13   7, which is opposed by all the other constituencies. Nonetheless, he argues that conversion is required

14   as a matter of law. The court does not find merit in this argument.

15         When this case was filed, the debtor was in dire straits. Dozens of grape growers had not been

16   paid, the debtor had little reserves, and the principal secured creditor was in the process of enforcing its

17   security interest. During the case, the parties (including an active Creditors Committee and a Growers

18   Committee) negotiated cash collateral agreements to keep the debtor's wineries operating and hired

19   specialized professionals to assist them in navigating their way in Chapter 11 and marketing the

20   wineries. The wineries have now been sold for some $97 million and escrow has closed; the growers

21   and other major creditors have either been paid in full or otherwise satisfied; and a joint plan of

22   reorganization has been filed by the debtor and the Creditors Committee, which appears to be supported

23   by everyone except Bryan.[1]

24   _____

25         [1]Bryan seems to think that with a trustee in place he has a better chance of successfully asserting
     a claim in this case. Bryan holds a note made by the debtor's equity owner. His claim that he is owed
26   anything in this case is vigorously contested by the Creditors Committee.

                                                    1

1       During the course of proceedings to date, the court has approved administrative expenses totaling

2    about $4.6 million. Bryan, who did not object to any of the fee applications, argues that these fees are

3    "extraordinary," that the results of the professionals' efforts was "relatively modest" and that primarily

4    as a result of these fees there has been a continuing loss to or diminution of the estate mandating

5    conversion pursuant to § 1112(b)(1) of the Bankruptcy Code.

6       The argument that $4.6 million in professional fees is extraordinary for a case of this size is both

7    unproved and disingenuous, as counsel for Bryan is an experienced bankruptcy attorney and knows full

8    well that fees of this size are very ordinary for a case of this size and complexity. The argument that the

9    results are "relatively modest" is likewise unsupported spin which the court does not buy. The parties

10    have turned a case which could have resulted in major losses to local growers and complete disaster to

11    unsecured creditors into a case where growers have been paid, three major wineries have been

12    preserved as going concerns along with the jobs they generate, and the Creditors Committee anticipates a

13    100% dividend to unsecured creditors under a plan which could be confirmed within a month or two.[2]

14       Bryan more or less concedes all of the above, but argues that the case must be converted over the

15    objection of all of the major constituencies in the case because the debtor's operating reports, which

16    include the extraordinary expenses associated with the sale, show a loss. This argument is largely a

17    matter of semantics. Whether the court finds that there has been no substantial or continuing loss to or

18    diminution of the estate because the estate has been enhanced overall by the sale, or that there have been

19    such losses but the sale is an "unusual circumstance" which justifies not converting the case, the result is

20    the same: there is no cause to convert this case.

21       To summarize, the court finds as follows:

22

23       [2]During the sale process, the court expressed its desire to consummate the sale by liquidating

24    plan rather than under § 363 of the Code. The major parties informed the court that time constraints and
other considerations militated against doing the sale under a plan, but that the parties had entered into

25    agreements in return for support of the sale which would make confirmation of a plan quick and easy.
The court approved the sale, with virtually unanimous consent, based on these representations. The

26    court therefore has every reason to expect a quick and successful confirmation process.

2

1      1.  The professional fees allowed to date in this case have been reasonable and necessary to

2  consummate a sale of the debtor's major assets.

3      2.  The sale has resulted in substantial enhancement of the estate over and above its condition on

4  the date the case was commenced.

5      3.  There is a reasonable likelihood that the joint plan of reorganization filed by the debtor and

6  the Creditors Committee will be confirmed within a short and entirely reasonable period of time.

7      4.  There has been no substantial or continuing loss to or diminution of the estate.

8      5.  To the extent that the debtor's operating reports are to be blindly considered evidence of

9  continuing loss or diminution, the fact that the parties have completed a complicated and difficult sale

10  which has resulted in a favorable price and ability to confirm a plan with a significant and possibly full

11  dividend to unsecured creditors in very short order is an "unusual circumstance" justifying denial of

12  conversion.

13      For the foregoing reasons, Bryan's motion will be denied.  Counsel for the debtor shall submit an

14  appropriate form of order.

15  Dated:  October 9, 2006

16

17

18                       Alan Jaroslovsky
                           U.S. Bankruptcy Judge

19

20

21

22

23

24

25

26

3

# EXHIBIT J

# EXHIBIT J

# EXHIBIT J

1

1        UNITED STATES BANKRUPTCY COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3            (SANTA ROSA DIVISION)

4

5   In re:

6   THE LEGACY ESTATE GROUP, LLC,        Case No. 05-14659

7                                        Chapter 11

8                                        Santa Rosa ,California
                                         December 8, 2006
9                                        10:22 a.m.
            Debtor.
10  _____/

11

12              TRANSCRIPT OF PROCEEDINGS
             1) MOTION FOR 2004 EXAMINATION
13              2) MOTION TO DEFER TRIAL
             2) MOTION TO COMPEL ARBITRATION
14

15      BEFORE THE HONORABLE ALAN JAROSLOVSKY
            UNITED STATES BANKRUPTCY JUDGE
16

17
    APPEARANCES:
18

19
    For the Debtor:          MURRAY and MURRAY
20                           BY: JOHN WALSHE MURRAY, ESQ.
                             19400 Stevens Creek Boulevard #200
21                           Cupertino, California 95014

22

23  For John Bryan:          ST. JAMES LAW
                             BY: MICHAEL ST. JAMES, ESQ.
24                           155 Montgomery Street, Suite 1004
                             San Francisco, California 94104
25

12

1   evaluated by the experts, incorporated in their testimony, and

2   then they can be deposed if necessary before trial.

3           And we think as a matter of simple justice, it is

4   far, far better to let us have this key piece of evidence.

5   This key piece of evidence is a report on every sale of grapes

6   with price and amount in the 2006 harvest.    Now the whole

7   question in the Red Barn rejection damages claim is what

8   mitigation was available last year.    This report will enable

9   us to show what was happening in the stock market, what the

10  prices were, what amount of grapes could go through the stock

11  market, what amount of grapes were not sold at all in 2006 and

12  so they were crushed for the benefit of the growers.    So this

13  will give us key information on critical factual issues, and

14  the alternative is to bring in newspaper reports, which I

15  don't believe is the way the Court wants us to approach it.

16          So first and foremost, we think the trial should be

17  deferred so that this evidence can come into play.

18          Secondarily, we are concerned about the procedural

19  structure, and because we think that there is no external

20  urgency, we think it's appropriate to have this objection to

21  claim heard in a procedurally appropriate fashion.    Now what's

22  happened is, in June, we took the whole Red Barn Ranch

23  contract; we agreed to reject about half of it, and so that

24  was rejected in June; and the Debtor assumed the balance of

25  it.    That assumed contract is still an assumed contract today.

14

1   that arises under the contract, and so really we're not

2   secured after all, and it's an unsecured claim.

3           Well, you would think that if they're objecting to

4   our claim, they're going to say, a), the amount's wrong; and

5   b), it's not a secured claim.  But no.  Their theory --

6   presumably because they recognize that Rule 7001 would then

7   require them to make it an adversary proceeding -- their

8   theory is different.  They say well, no, we can sue you on

9   your fraudulent transfer thing there, and then we can sue you

10  over here on the objection to claim for the liquidation, and

11  then maybe some time later, we can sue you on whether it's a

12  secured claim, and basically, we can keep on suing you and

13  we'll be done when we tell you we're done, and until we tell

14  you we're done, we can keep on going.

15          THE COURT:  Well, can I interrupt you for a second.

16          MR. ST. JAMES:  I apologize.

17          THE COURT:  You're being -- your client is being

18  pursued by the estate.

19          MR. ST. JAMES:  Yes, Your Honor.

20          THE COURT:  I can't tell whether your client's

21  objection to the Plan is motivated by proper concerns or just

22  by a desire to throw a monkey wrench into Plan confirmation

23  because your client is being sued.  I don't know.  So I set

24  an expeditious hearing to determine all this on the merits.

25  And I did that because it's necessary to find out if I should

15

1  confirm the Plan or not.  If you are willing to stipulate that

2  your claim be disallowed for voting purposes, I will be happy

3  to accommodate you and give you all the time you need.  If

4  your client is unwilling to do that, then I need to proceed

5  expeditiously and at the very least, the very least, estimate

6  your client's claim for voting purposes.

7          Now, it seems to me that if I estimate it first and

8  then adjudicate it later, I'm costing everyone a lot of extra

9  money, but the bottom line is, if you're telling me, okay,

10 this is not the crucial vote; it's the trustee's vote so

11 disallow my claim just for voting purposes, then I'll be happy

12 to adjudicate it in a more leisurely fashion.  But as long as

13 your client is opposing confirmation and arguing that I should

14 count your client's vote, that forces me to move things up.

15 So the bottom line is, tell me what you want.  You can't have

16 it both ways.  You can't ask that your client's vote be

17 counted on the Plan and then ask for delays in adjudicating

18 that.

19         MR. ST. JAMES: That's perfectly reasonable, Your

20 Honor,  and  we  would  be  happy  to  say,  under  these

21 circumstances, because the claim is far more important to us

22 than the vote, that the Court need not consider our vote.  I

23 would ask that we be permitted, nonetheless, to speak if we

24 want to object to confirmation.

25         THE COURT: Well, of course.  You can object on the

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ALAN JAROSLOVSKY, JUDGE

In Re:                      ) Case No. 05-14659
                             ) Chapter 11
THE LEGACY ESTATE GROUP, LLC., a   )
California limited liability       ) MOTION for ORDER AUTHORIZING
company, doing business as         ) SETTLEMENT of CLAIM NO. 122
Freemark Abbey Winery, Byron       ) of JOHN M. BRYAN and RED
Vineyard & Winery, and Arrowood    ) BARN RANCH LLC
Vineyards & Winery,                )
                             )
              Debtor.        )
_____ )
                             )
In Re:                      ) Case No. 05-14660
                             )
CONNAUGHT CAPITAL PARTNERS, LLC,   ) MOTION for ORDER AUTHORIZING
                             ) SETTLEMENT with the LEGACY
             Debtor.        ) ESTATE GROUP LLC and ITS
                             ) CREDITOR'S COMMITTEE
_____ )
OFFICIAL COMMITTEE of UNSECURED   ) Adv. 06-1173
CREDITORS of LEGACY,           )
                             ) MOTION to CERTIFY PROCEEDING
             Plaintiff,    ) to DISTRICT COURT for TRIAL
                             ) by JURY
          v.                  )
                             )
JOHN M. BRYAN,              )
                             )
            Defendant.    ) Friday, February 23, 2007
_____ ) Santa Rosa, California

Appearances:

For Debtor The            Murray & Murray, P.C.
Legacy Estate Group:      By:  John Walshe Murray, Esq., and
                            Doris A. Kaelin, Esq.
                            19400 Stevens Creek Boulevard
                            Suite 200
                            Cupertino, California  95014

Special Counsel for      Law Offices of William C. Lewis
the Debtor:               By:  William C. Lewis, Esq.
                            510 Waverley Street
                            Palo Alto, California  94301-1720

Appearances continued on next page.

Connaught:  Motion for Settlement with Legacy                    17

1    Bryan — or, I'm sorry.  Mr. St. James.

2          MR. ST. JAMES:  Thank you, Your Honor.  Your Honor,

3    let me just say, perhaps echoing the Court's misgivings, I have

4    not had a chance in the couple days that it's been around or the

5    day that it's been around to look at the Laminar stipulations.

6    If they are in fact nonsubstantive tidying up, that's great.

7    But I'd just point out that to the extent that there is anything

8    substantive about them, there has not been anything

9    approximating due process or notice.  And that's — that's —

10          THE COURT:  Counsel just told me it was noticed and

11    there were no objections.

12          MR. ST. JAMES:  What they say happened was several

13    months ago it was noticed and the Connaught trustee on behalf of

14    Connaught was unwilling to sign it.  And now as part of this

15    overall deal, the Connaught trustee is not only willing to sign

16    that stipulation, but everybody over there is willing to change

17    the stipulation and they'd like the Judge to sign off on both

18    things.

19          And all I'm suggesting is that the new stipulation has

20    been out for a day or two.  I have not had a chance to study it.

21    If it is in fact just tidying up, then it's just tidying up.  To

22    the extent that it's substantive, I'm just pointing out that

23    there hasn't been anything approximating due notice.

24          And that is really my concern about the overall

25    settlement.  Maybe it's a good idea, maybe it's a bad idea.  But

1   the one thing that's clear is that there hasn't been anything

2   approximating due process.

3          If you look at the way things stood last Friday, the

4   Connaught trustee had asserted for what seemed to be fairly good

5   reasons, a $4 million claim against the Legacy estate.  And the

6   Legacy estate, guided by both a debtor-in-possession and a

7   committee, had elected not to assert any claims against

8   Connaught.  That's the way things were last Friday:  $4 million

9   going only one way.

10         Today it's eight and a half million dollars going the

11  other way.  And there is a claim of Legacy in the Connaught

12  estate for eight and a half million dollars, the claim of

13  Connaught through the Legacy estate is waived, and there's no

14  real explanation except that these parties have decided that

15  that's a good economic outcome.

16         My client holds $5.7 million of contract claims in the

17  Connaught estate, promissory note claims in the Connaught

18  estate; and before this settlement was by far the largest

19  creditor in the Connaught estate; and could have assumed that if

20  anybody had come in today to file a claim against the Connaught

21  estate, the fact that the claim would be time barred would be a

22  meaningful defense.

23         Now the assertions for bases for why there would be a

24  claim of Legacy against Connaught are all things that the

25  committee knew or should have known and the debtor knew or

1    should have known long before the Connaught claims bar date.

2    And so in the ordinary context, if the Legacy estate had filed a

3    proof of claim in Connaught today, the Connaught trustee could

4    have objected or we could have objected and pointed out that

5    it's at least time barred and at least is junior to our claim.

6            There's no explanation of any of this stuff.  There's

7    no explanation as to the merits of why Legacy should have a

8    claim against the Connaught estate.  The first time anybody

9    heard anything about the merits was when Mr. Lewis explained it

10   to the Court.  The Court didn't know, I didn't know, nobody knew

11   except whoever asserted it around that table.  And that's not

12   the way a compromise is supposed to work.  9019 does not

13   contemplate that the parties can figure it out themselves and

14   the Court and the creditors rubber stamp it.

15           9019 contemplates that people will explain what's up

16   and why they're doing it so that the Court and the creditors can

17   have some sort of meaningful involvement.  And that hasn't been

18   done here.  And then it's been compounded by the fact that after

19   the Court said seven days' notice was sufficient, the parties

20   decided that two days' notice would be better.  And so the

21   notice that went out seven days ago said:  Well, here are some

22   ideas, but basically it's all overruled by the terms of the

23   settlement agreement.

24           And when people said:  Well, can I see the settlement

25   agreement, the answer was:  No, not yet.  Maybe later.

1          And so on Tuesday at noon, you know two business days

2     ago, we got the terms of the settlement agreement.  And there

3     are things in the settlement agreement that are very different,

4     that are not at least discussed in the notice at all.

5          And, Your Honor, if in fact there was going to be a

6     foreclosure tomorrow, if in fact there was going to be some

7     horrible, dire emergency that made it important to rush to

8     justice, then maybe it'd be understandable.  But there isn't

9     anything that's happening out there except a desire to get this

10    thing done as quickly as possible with as little notice as

11    possible to move onto whatever else people want to do.

12          THE COURT:  I think it's with as little as expense as

13    possible.

14          MR. ST. JAMES:  Your Honor, there is no difference in

15    expense between meeting here today and meeting here in two

16    weeks.  There is no difference in expense.  The same bodies are

17    going to drive up here if the hearing's today or if the

18    hearing's in two weeks.

19          I admit that there is a difference in whether they

20    explain what the deal is and why, but I don't think that saving

21    money by not explaining what's up is a legitimate concern, not

22    in a case like that.

23          So, Your Honor, I'd submit, first and foremost, that

24    there ought to be due process about something as big as this.

25    And there ought to be a real explanation of what's up.  If the

1   Connaught trustee has decided that her $3 million claim against

2   Legacy was bogus, she should say that.  She should explain why

3   she's realized that it was a mistake.  If everybody's decided

4   that really Legacy has an $8 million claim against Connaught and

5   — and it's a good solid claim, they should explain some time

6   prior to oral argument at the hearing why they think there could

7   be such a claim.  I think they should explain why they think

8   that it's not late and time barred.

9          I think they should just explain this stuff and we

10  should have something that approximates due process.

11         Thank you, Your Honor.

12         THE COURT:  Well, before you respond, this is just

13  general comments at this side of the room.  You as a group have

14  some calls to make.  You would think that they would be my

15  calls, but they're not really.  Mr. St. James on behalf of Mr.

16  Bryan has been the lone fly in the ointment for a few hearings

17  now.  And I don't know nor do I care whether he's motivated by

18  the fact that he's worried about maximizing the Bryan claim or

19  he's worried about being the object of the litigation attentions

20  of the — of the two estates.

21         I do note that there is a trustee in the Connaught

22  case because of Mr. Bryan's motion.  So it's — it's worthy of

23  comment that the trustee, an independent trustee was appointed

24  at his request, and the independent trustee is now taking a

25  divergent view as to what's best for that estate.

1       The reason I say you've got calls is because Mr. Bryan

2   is raising procedural hurdles.  He's saying that there hasn't

3   been due process.  I'm skeptical about that.  I'll listen to

4   your arguments if you want to go forward, but the fact of the

5   matter is those arguments go away if we set an evidentiary

6   hearing, come back in a couple weeks, I take testimony, and then

7   we're only talking about the actual legal issues.  And there's

8   no question of being unfair to anybody.

9       So I think we should take a recess and you make the

10  call.  I suspect if you all insist on going forward today, that

11  I may give different — deference to your wishes.  But you could

12  end up in front of some appellate court somewhere instead of

13  arguing the merits of your settlement, you could be arguing

14  whether you ran roughshod over Mr. St. James and his client.

15      So why don't we take a five-minute recess, confer

16  among yourselves, and see how you want to proceed.

17          MR. LEWIS:  Thank you, Your Honor.

18          MR. ST. JAMES:  Thank you, Your Honor.

19      (Hearing recessed from 9:39 a.m. to 10:15 a.m.)

20          THE CLERK:  Number 2 on the nine o'clock calendar:

21  Connaught Capital Partners.

22          MR. LEWIS:  Your Honor, do you want appearances again?

23          THE COURT:  No.  I remember who you are, Mr. Lewis.

24          MR. LEWIS:  Okay.  Your Honor, I think we've worked

25  out an agreement subject to the Court's availability to continue

Connaught:  Motion for Settlement with Legacy                           23

1    the hearing.  And the dates that work for the parties, if it

2    works for the Court, are the afternoon of the 13th from two

3    o'clock on or any time on the 14th.

4           THE COURT:  Well, let's take a look.

5           MR. LEWIS:  I saw a nod on the 14th.

6           THE COURT:  Yeah, I've got a one-day trial on the

7    13th, but the 14th is entirely open.  Shall we set that aside

8    for you?

9           MR. LEWIS:  Yes.  Ten o'clock.  Is that agreeable to

10   the Court?

11          THE COURT:  That will be fine.

12          MR. HONIG:  What time?

13          MR. LEWIS:  Ten o'clock?

14          I see no objection to ten o'clock.

15          MR. ST. JAMES:  Thank you, Your Honor.

16          THE COURT:  All right.  I will hold an evidentiary

17   hearing then on March 14th at ten o'clock on the advisability.

18   Now I believe I have —

19          MR. ST. JAMES:  Your Honor?  That's not I think what I

20   at least contemplated.  We had a discussion in the halls, and

21   I'm not representing that there's any agreement about it.  But

22   what I said was, "I think that you all should put together a

23   motion that explains why this is a good deal under 9019 and then

24   we can have a hearing on whether this is a good deal under

25   9019."

1        And what I said in the halls was, "I don't think that

2    it makes any sense to schedule an evidentiary hearing because if

3    we were doing a serious evidentiary hearing, then I would want

4    to take discovery before the evidentiary hearing so I knew what

5    was happening.  And we certainly couldn't do that very quickly

6    and that seems like a lot of expense and it doesn't make a lot

7    of sense to me when what I'm really just asking for is a good

8    explanation of the basis for the motion."

9        So I wanted to say that because I do not contemplate

10   an evidentiary hearing on that day.

11       THE COURT:  Unless you're waiving your right to an

12   evidentiary hearing, I am going to give you fair notice that I

13   may consider testimony at that time and I anticipate giving an

14   up or down to the compromise at that time.

15       MR. ST. JAMES:  In that case, Your Honor, I would

16   suggest that that date is not convenient because what I need to

17   do, if we're really going to have an evidentiary hearing on this

18   compromise, is —

19       THE COURT:  We're really going to have a final

20   decision on this compromise.

21       MR. ST. JAMES:  Then what I assume I need to do is

22   start taking depositions.  It would be helpful, obviously, if

23   people would give me an explanation of why we're doing this

24   compromise beforehand, so I'd know whether it's necessary or

25   not.  But if this is going down that path, then I need to have

1    the hearing continued until much later in the month.

2            I've told them that I will be out the week preceding

3    the 14th.  I don't think that I can start taking depositions

4    this week.  And while I think it's an unreasonably expensive way

5    of finding out way this motion is here, if that's what we have

6    to do, then I have to start scheduling depositions in the week

7    of the 14th and asking for a hearing at the end of March.

8            I'd prefer if they would simply prepare a 9019 motion

9    that explained why this deal makes sense, and that might resolve

10   everything.  But I have to accommodate the Court's preference.

11   And if the Court prefers that we simply go to a sudden-death

12   evidentiary hearing, then I need to proceed with discovery

13   first.

14           THE COURT:  Well, look, this case started out with a

15   lot of divergent interests, many divergent interests.  We had

16   two debtors with separate interests.  We had eq- — one of the

17   debtor was an equity owner.  We had the unsecured creditors.  We

18   had the evil hedge fund.  A lot of different players.  It's come

19   down now to everybody's on one table and you're sitting at the

20   other one.  And I'm not sure whether you're sitting there

21   because you're really concerned about the Connaught estate or

22   you're concerned because your client is the object of

23   anticipated litigation.

24           You've made an argument that I'm being unfair by

25   rushing things.  As I pointed out to all the others, it's really

1   their choice.  And I guess it's still their choice, but at a

2   certain point I'm not going to let you drag the proceedings on

3   as the lone voice in the wilderness, especially when I'm

4   concerned about your client's motivations, in the first place.

5   So there is a definite limit to how much mileage you get out of

6   this due process argument.

7           The national rules require 20 days' notice.  You will

8   have had far more than that if I put it over to the 14th.  And I

9   really don't think you're entitled to anything more than that.

10          Here again it's not really my call.  It's the parties

11  involved.  Do you want me to set it for an evidentiary hearing

12  at that time or do you want a preliminary hearing?

13          MR. LEWIS:  Yeah.  Your Honor, what — what we advised,

14  and I will answer your question, but what we advised Mr. St.

15  James is that we are going to provide supplemental information

16  to him.  But if he's not — you know, we think we've satisfied

17  the requirements of 9019 in the motion that's been filed and the

18  presentation that's been made today.  We think the Court could

19  rule on that.  If the Court wants evidence on that, we're

20  prepared to put it on.

21          We will provide Mr. St. James additional information.

22  Whether or not it will satisfy him, we have just no way of

23  knowing.  We intend to do that probably by next Tuesday.  That's

24  why we picked the date we did.  And then we'll communicate with

25  him in good faith, trying to answer any questions he has, but we

# EXHIBIT L

# EXHIBIT L

# EXHIBIT L

1

1          UNITED STATES BANKRUPTCY COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3               (SANTA ROSA DIVISION)

4

5   In re:

6   THE LEGACY ESTATE GROUP, LLC,        Case No. 05-14659

7                                        Chapter 11

8                                        Santa Rosa ,California
                                         March 14, 2007
9                                        10:03 a.m.
            Debtor.
10  _____/

11

12                  TRANSCRIPT OF PROCEEDINGS
        MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH
13              CONNAUGHT CAPITAL PARTNERS, LLC

14  CONNAUGHT CAPITAL PARTNERS, LLC,     Case No. 05-14660

15                                       Chapter 11

16
            Debtor.
17  _____/

18       MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH
        LEGACY ESTATE GROUP, LLC AND ITS CREDITORS' COMMITTEE
19

20  OFFICIAL COMMITTEE OF UNSECURED
    CREDITORS OF LEGACY ESTATE GROUP,
21
            Plaintiff,
22
        v.                              A.P. No. 06-1173
23
    JOHN BRYAN,
24
            Defendant.
25  _____/

2

```
 1        1) MOTION TO DISMISS CROSS-CLAIM FOR FRAUDULENT
          MISREPRESENTATION, NEGLIGENT MISREPRESENTATION
 2                          AND DAMAGES
          2) MOTION TO CERTIFY PROCEEDING TO DISTRICT COURT
 3                       FOR TRIAL BY JURY

 4
               BEFORE THE HONORABLE ALAN JAROSLOVSKY
 5                UNITED STATES BANKRUPTCY JUDGE

 6

 7   APPEARANCES:

 8

 9   For the Debtor:          MURRAY and MURRAY
                              BY: JOHN WALSHE MURRAY, ESQ.
10                            19400 Stevens Creek Boulevard #200
                              Cupertino, California 95014
11

12   Special Counsel to       LAW OFFICES OF WILLIAM C. LEWIS
     Legacy Estate Group:     BY: WILLIAM C. LEWIS, ESQ.
13                            510 Waverley Street
                              Palo Alto, California 94301
14

15
     For Andrea Wirum,        LAW OFFICES OF Mcnutt and
16   Trustee for Connaught:   LITTENEKER
                              BY: REBECCA U. LITTENEKER, ESQ.
17                            188 The Embarcadero #800
                              San Francisco, California 94105
18

19
     For John Bryan:          ST. JAMES LAW
20                            BY: MICHAEL ST. JAMES, ESQ.
                              155 Montgomery Street, Suite 1004
21                            San Francisco, California 94104

22

23

24

25
```

3

1    APPEARANCES (CONTINUED):

2

3    For Laminar Direct          KLEE, TUCHIN, BOGDANOFF & STERN
     Capital, L.P.:              BY: MICHAEL L. TUCHIN, ESQ.
4                                        -and-
                                     COURTNEY E. POZMANTIER, ESQ.
5                                2121 Avenue of the Stars,
                                 33rd Floor
6                                Los Angeles, California 90067

7

8    For the Unsecured           WINSTON and STRAWN
     Creditors' Committee:       BY: DAVID A. HONIG, ESQ.
9                                101 California Street, #3900
                                 San Francisco, California 94111
10
                                           -and-
11
                                 MacCONAGHY and BARNIER
12                               BY: JOHN H. MacCONAGHY, ESQ.
                                 645 First Street West #D
13                               Sonoma, California 95476

14

15   Also Present:               ANDREA WIRUM, Trustee for
                                 Connaught Capital Partners
16

17
     Court Recorder:             DAWN PASSALACQUA
18                               UNITED STATES BANKRUPTCY COURT
                                 99 South "E" Street
19                               Santa Rosa, California 95404

20

21   Transcription Service:      Jo McCall
                                 Electronic Court
22                               Recording/Transcribing
                                 2868 E. Clifton Court
23                               Gilbert, Arizona 85297
                                 Telephone: (480)361-3790
24

25

12

1  protect the rights and interests of all the creditors in

2  this estate.   And in her view, this settlement fairly

3  protects all those interests at the same time, as best a

4  settlement can be.

5           THE COURT: Anyone else?

6           Well, I don't need to be convinced that this

7  settlement makes economic -- I don't need to be convinced

8  that this settlement is a good one, a proper one, and it

9  makes eminent good sense.   I base that on my knowledge of

10 the case, having heard numerous disputes since the case was

11 filed, and I have a fairly thorough understanding of the

12 case.   But of course my understanding of the case is not on

13 the record.   I am also swayed by the fact that we've had

14 many diverse parties appear in both cases with diverse

15 interests, and everyone is on board with the exception of

16 Mr. Bryan, and it is clear that a large part of that

17 motivation is because Mr. Bryan is the target of litigation

18 and therefore doesn't have the same incentive that everyone

19 else has in the case to hold hands and sing *Cum Baya*.   And

20 lastly, the one argument that Mr. St. James rejects as

21 being an improper basis for the settlement I think is the

22 most important one.   The settlement avoids dissipation of

23 both estates and that is a bedrock principle of bankruptcy

24 administration.

25           So everything that I know tells me that I ought

# EXHIBIT M

# EXHIBIT M

# EXHIBIT M

1 | **WINSTON & STRAWN LLP**
ROLF S. WOOLNER (CA SBN: 143127)
2 | HANNAH L. BLUMENSTIEL (CA SBN: 214842)
101 California Street, Suite 3900
3 | San Francisco, California  94111-5894
Telephone:    415-591-1000
4 | Facsimile:    415-591-1400
Email:          rwoolner@winston.com
5 | Email:          hblumenstiel@winston.com

6 | **MACCONAGHY & BARNIER, PLC**
JOHN H. MACCONAGHY (CA SBN: 83684)
7 | 645 First Street West, Suite D
Sonoma, California  95476
8 | Telephone:    (707) 935-3205
Facsimile:    (707) 935-7051
9 | Email:          macclaw@macbarlaw.com

10 | Co-Counsel for Plaintiff,
The Official Committee of Unsecured Creditors

11

12 | **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

13 | In re:

14 | THE LEGACY ESTATE GROUP, LLC, a
California Limited Liability Company, formerly
15 | doing business as FREEMARK ABBEY WINERY,
BYRON VINEYARD & WINERY, AND
16 | ARROWOOD VINEYARD & WINERY,

17 |         Debtor.

18 | OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE LEGACY ESTATE
19 | GROUP, LLC,

20 |         Plaintiff,

21 |         v.

22 | JOHN M. BRYAN, JOHN M. AND FLORENCE
E. BRYAN TRUST, J.M. BRYAN FAMILY
23 | TRUST, KULWINDER SIDHU, DEVINDER
SIDHU, PACIFIC PARAGON INVESTMENT
24 | FUND LTD., a British Columbia company,
HARRY CHEW, and AIC CAPITAL PARTNERS,
25 | LLC, a California limited liability company,

26 |         Defendants.

27

28

Case No. 05-14659

Chapter 11

Adversary Proceeding No. 06-01173

**DECLARATION OF JOHN H.
MACCONAGHY IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO BRYAN
DEFENDANTS' MOTION TO CERTIFY
PROCEEDING TO DISTRICT COURT
FOR TRIAL BY JURY PURSUANT TO
BANKRUPTCY LOCAL RULE 9015-2**

HEARING DATE:    February 23, 2007
TIME:                     9:00 a.m.
JUDGE:                  Hon. Alan Jaroslovsky

*(left margin vertical text)* Winston & Strawn LLP / 101 California Street / San Francisco, CA  94111-5894

---

DECLARATION OF JOHN H. MACCONAGHY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO BRYAN
DEFENDANTS' MOTION TO CERTIFY PROCEEDING TO DISTRICT COURTS

1    I, John H. MacConaghy, state:

2        1.    I am an attorney admitted to the bar of this Court and am co-counsel of record for the

3    Plaintiff, the Official Committee of Unsecured Creditors of The Legacy Estate Group, LLC.

4        2.    Attached to this Declaration and labeled Exhibit 1 is a correct copy of the portion of

5    the official Claims Register in this bankruptcy case (the "Main Case") showing Proofs of Claim Nos.

6    146, 125, 123, 126, 124, and 122 filed on behalf of Defendants John M. Bryan and the J.M. Bryan

7    Trust. Also contained in Exhibit 1 are the portions of the Claims Register showing Proofs of Claim

8    Nos. 145 and 139 filed on behalf of "Sycamore Vineyards."

9        3.    Attached to this Declaration and labeled Exhibit 2 are correct copies of Proofs of

10   Claim Nos. 145 and 139, filed in the Main Case by "Sycamore Vineyards" care of John M. Bryan.

11   As is more fully set forth below, there is substantial evidence that the entity "Sycamore Vineyards"

12   is simply a fictitious business name utilized by Defendant the John M. and Florence E. Bryan Trust.

13       4.    On February 20, 2007, I performed a nationwide "Westlaw" public record search on

14   the entity "Sycamore Vineyards", which disclosed no corporation or limited liability company of

15   that name in any state and no registered fictitious business name in the State of California.

16       5.    Also on February 20, 2007, I performed a public record search at the Napa County

17   Recorder's Office. At that time, I discovered a general partnership between John M. Bryan and

18   Florence E. Bryan known as "Sycamore Vineyards", which appears to have conveyed its sole real

19   property asset to the John M. Bryan and Florence E. Bryan Trust in 1993. There appears to be no

20   public record of "Sycamore Vineyards" since that time.

21       6.    Attached to this Declaration and labeled Exhibit 3 is a correct copy of the "Statement

22   of General Partnership" for Sycamore Vineyards executed on November 26, 1993 and recorded on

23   November 30, 1993.

24       7.    Attached to this Declaration and labeled Exhibit 4 is a correct copy of a Grant Deed

25   from Sycamore Vineyards to "John M. Bryan, as Trustee of the John M. and Florence E. Bryan

26   Trust Dated August 19, 1991" executed on November 24, 1993 and recorded on November 30, 1993

27   concerning certain real property purportedly owned by Sycamore Vineyards (but outside any chain

28   of title) commonly known as Napa County A.P. No. 027-250-022.

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

---

1

**DECLARATION OF JOHN H. MACCONAGHY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO BRYAN
DEFENDANTS' MOTION TO CERTIFY PROCEEDING TO DISTRICT COURT**

1    9.    Attached to this Declaration and labeled Exhibit 5 is a correct copy of a Grant Deed

2    with respect to A.P. No. 027-250-022 from the John M. and Florence E. Bryan Trust to "John M.

3    Bryan and Florence E. Bryan, husband and wife," dated July 24, 1997 and recorded on November

4    14, 1997.

5    10.    Attached to this Declaration and labeled Exhibit 6 is a correct copy of a Grant Deed

6    with respect to A.P. No. 027-250-022 and other parcels from John M. Bryan and Florence E. Bryan,

7    husband and wife, to the John M. and Florence E. Bryan Trust dated May 19, 2000 and recorded on

8    July 21, 2000.

9    11.    Attached to this Declaration and labeled Exhibit 7 is a correct copy of a Grant Deed

10    with respect to A.P. No. 027-250-022 from the John M. and Florence E. Bryan Trust executed on

11    October 16, 2002 and recorded on November 4, 2002. This deed contains the notation, "Deed solely

12    recorded for loan purposes. No realty sold and/or consideration."

13    12.    In addition to these public records, the Proofs of Claim themselves create a question

14    as to the nature of "Sycamore Vineyards." As to Claim No. 139, the Claims Register gives the

15    address of "Sycamore Vineyards" Attn: Alan Brudos, who is identified on Exhibits 5 and 7 as a co-

16    trustee of the John M. and Florence E. Bryan Trust. Both Claim Nos. 139 and 145 show that they

17    were executed by John M. Bryan "on behalf of Sycamore Vineyards". Neither Proof of Claim

18    identifies him as a "general partner" of Sycamore Vineyards.

19    13.    Based on all of this evidence, the Plaintiff requires time to conduct discovery on

20    whether the Defendant John M. and Florence E. Bryan Trust is, in fact, the legal and/or beneficial

21    owner of the Proof of Claim Nos. 139 and 145 filed in the Main Case purportedly on behalf of

22    "Sycamore Vineyards," in which case a motion to strike the jury demands of the Bryan-related

23    Defendants may be appropriate.

24    14.    I have spoken to counsel for defendant AIC Capital Partners, LLC, a California

25    limited liability company ("AIC"). I am informed and believe that AIC has not filed a proof of claim

26    against the Legacy estate. AIC's counsel advised me that AIC waives its right to a jury trial with

27    respect to the Committee's complaint.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**2**

**DECLARATION OF JOHN H. MACCONAGHY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO BRYAN
DEFENDANTS' MOTION TO CERTIFY PROCEEDING TO DISTRICT COURT**

1    I declare under penalty of perjury of the laws of the United States that the foregoing is true

2    and correct, that I personal first hand knowledge thereto, that if called as a witness I could and would

3    testify competently thereto and that this Declaration is executed on February 20, 2007 at Sonoma,

4    California.

5

6                                         /s/ John H. MacConaghy
                                          John H. MacConaghy
7

8

9    SF:154617.1
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

                                          **3**
    **DECLARATION OF JOHN H. MACCONAGHY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO BRYAN
    DEFENDANTS' MOTION TO CERTIFY PROCEEDING TO DISTRICT COURT**

# EXHIBIT 1

CANB Live Database - Modify the description for an existing claim          Page 22 of 55

| Creditor: Imprezziv Paper Packaging Inc 138 Corwin St Suite B San Francisco CA 94114 | Claim No: 138 Filed: 03/13/2006 Entered 03/14/2006 | Status: Filed by CR Entered by: lj Modified: |
|---|---|---|

| Unsecured claimed: $10150.00 | | |
| **Total** claimed: **$10150.00** | | |

History
138-1    03/13/2006 Claim #138 filed by Imprezziv Paper Packaging Inc , total amount claimed: $10150 (lj)

Description.

Remarks.

| Creditor: Italfoods Inc 205 Shaw Rd South San Francisco CA 94080 | Claim No: 9 Filed: 12/02/2005 Entered 12/05/2005 | Status: Filed by: CR Entered by: vj Modified: |
|---|---|---|

| Unsecured claimed: $252 00 | | |
| **Total** claimed: **$252.00** | | |

History
9-1    12/02/2005 Claim #9 filed by Italfoods Inc , total amount claimed: $252 (vj)

Description.

Remarks.

| Creditor: J M Bryan Family Trust c/o Bryan and Edwards 600 Montgomery St. 35th Fl San Francisco, CA 94111 | Claim No: 146 Filed: 03/14/2006 Entered 03/14/2006 | Status: Filed by: CR Entered by: St. James, Michael Modified: |
|---|---|---|

| Unsecured claimed: $4033873.00 | | |
| **Total** claimed: **$4033873.00** | | |

History
146-1    03/14/2006 Claim #146 filed by J M Bryan Family Trust , total amount claimed: $4033873 (St. James, Michael)

Description:

Remarks:

| Creditor: JH Bosche MDI 1930 Jackson San Francisco CA 94109 | Claim No: 97 Filed: 02/27/2006 Entered 03/02/2006 Amended By Claim No: 97 | Status: Filed by: CR Entered by: lj Modified: |
|---|---|---|

| Unsecured claimed: $836609.27 | | |
| **Total** claimed: **$836609.27** | | |

History.
97-1    02/27/2006

CANB Live Database - Modify the description for an existing claim          Page 23 of 55

Claim #97 filed by JH Bosche MDI , total amount claimed: $850000 (lj)
◑ 97-2    05/03/2006 Amended Claim #97 filed by JH Bosche MDI , total amount claimed: $836609.27 (lj)
*Description:*
*Remarks:*

| Creditor:<br>John M. Bryan<br>Bryan & Edwards<br>600 Montgomery Street<br>35th Floor<br>San Francisco, CA. 94111 | Claim No: 125<br>*Filed:* 03/09/2006<br>*Entered:* 03/09/2006<br>*Amended By Claim No.* 139 | Status:<br>*Filed by:* CR<br>*Entered by:* St. James, Michael<br>*Modified:* 03/14/2006 |
|---|---|---|

Secured claimed: $497115.08
**Total    claimed: $497115.08**

*History*
125-1    03/09/2006 Claim #125 filed by John M Bryan , total amount claimed: $497115 08 (St. James, Michael)
139-1    03/14/2006 Claim #139 filed amending Claim #125 filed by Sycamore Vineyards , total amount claimed: $497115.08 (St. James, Michael)
*Description:*
*Remarks:* (125-1) Creditor does not match creditor on claim . Registered participant to refile claim with correct creditor.

| Creditor:<br>John M. Bryan<br>Bryan & Edwards<br>600 Montgomery Street<br>35th Floor<br>San Francisco, CA. 94111 | Claim No: 123<br>*Filed:* 03/09/2006<br>*Entered* 03/09/2006 | Status:<br>*Filed by:* CR<br>*Entered by:* St James, Michael<br>*Modified:* 03/14/2006 |
|---|---|---|

Unsecured claimed: $4033873.00
**Total    claimed: $4033873.00**

*History:*
123-1    03/09/2006 Claim #123 filed by John M. Bryan , total amount claimed: $4033873 (St. James, Michael)
*Description:*
*Remarks:* (123-1) Creditor does not match creditor on claim . Registered participant to refile claim with correct creditor.

| Creditor:<br>John M. Bryan<br>Bryan & Edwards<br>600 Montgomery Street<br>35th Floor<br>San Francisco, CA. 94111 | Claim No: 126<br>*Filed:* 03/09/2006<br>*Entered:* 03/09/2006<br>*Amends Claim No:* 124 | Status:<br>*Filed by:* CR<br>*Entered by:* St James, Michael<br>*Modified:* 03/13/2006 |
|---|---|---|

Secured claimed: $1345444.89
**Total    claimed: $1345444.89**

*History:*
124-1    03/09/2006 Claim #124 filed by John M. Bryan , total amount claimed: $134544.89 (St. James, Michael)
126-1    03/09/2006 Claim #126 filed amending Claim #124 filed by John M. Bryan , total amount claimed: $1345444 89 (St James, Michael)

| Description: (124-1) Incorrect amount see Amended Claim #126 (126-1) Incorrect amount entered, corrected. |
| Remarks: |

| Creditor: John M. Bryan Bryan & Edwards 600 Montgomery Street 35th Floor San Francisco, CA. 94111 | Claim No: 124 Filed: 03/09/2006 Entered: 03/09/2006 Amended By Claim No: 126 | Status. Filed by: CR Entered by: St James, Michael Modified: 03/13/2006 |
|---|---|---|

| Unsecured claimed: $134544 89 |
|---|
| Total    claimed: $134544.89 |

| History: |
|---|
| 124-1    03/09/2006 Claim #124 filed by John M Bryan , total amount claimed: $134544 89 (St James, Michael) |
| 126-1    03/09/2006 Claim #126 filed amending Claim #124 filed by John M Bryan , total amount claimed: $1345444 89 (St. James, Michael) |

| Description: (124-1) Incorrect amount see Amended Claim #126 (126-1) Incorrect amount entered, corrected. |
| Remarks: |

| Creditor: John M. Bryan Bryan & Edwards 600 Montgomery Street 35th Floor San Francisco, CA. 94111 | Claim No: 122 Filed: 03/09/2006 Entered: 03/09/2006 Amended By Claim No. 122 | Status. Filed by CR Entered by St James, Michael Modified: |
|---|---|---|

| Unsecured claimed: $20181673.85 |
|---|
| Secured    claimed: $20181673 85 |
| Total    claimed: $40363347.70 |

| History: |
|---|
| 122-1    03/09/2006 Claim #122 filed by John M. Bryan , total amount claimed: $20181673 85 (St James, Michael) |
| 122-2    10/26/2006 Amended Claim #122 filed by John M Bryan , total amount claimed: $20181673 85 (St. James, Michael) |

| Description: |
| Remarks: |

| Creditor: John and Cathy Vicini dba Vicini Vineyard c/o Michael C Fallon 100 E St , Ste. 219 Santa Rosa, CA 95404 | Claim No: 69 Filed. 02/14/2006 Entered 02/14/2006 | Status: Filed by: CR Entered by: Fallon, Michael Modified: 02/15/2006 |
|---|---|---|

| Secured claimed: $97124 86 |
|---|
| Total    claimed: $97124.86 |

| History: |
|---|
| 69-1    02/14/2006 Claim #69 filed by John and Cathy Vicini , total amount claimed: $97124.86 (Fallon, Michael) |

Remarks:

| Creditor:<br>Supreme Marketing Inc<br>46025 Warm Springs Blvd<br>Fremont CA 94539 | Claim No: 22<br>Filed: 12/06/2005<br>Entered 12/07/2005 | Status: Transfer<br>Filed by: CR<br>Entered by: vj<br>Modified: 09/15/2006 |

Unsecured claimed: $699.67
**Total** claimed: **$699.67**

*History*
 🔵 22-1    12/06/2005 Claim #22 filed by Supreme Marketing Inc, total amount claimed: $699.67 (vj)
         04/18/2006 Updated Claim Status (#22). Supreme Marketing Inc transfers their claim #22 to Debt Acquisition
              Company of America. (lj, ) Status: Transfer

*Description.* (22-1) Transferred to Debt Acquisition 3/29/06
Remarks:

| Creditor:<br>Sycamore Vineyards<br>Bryan & Edwards<br>600 Montgomery Street<br>35th Floor San Francisco, CA. 94111 | Claim No: 145<br>Filed: 03/14/2006<br>Entered: 03/14/2006<br>Amends Claim No: 139 | Status:<br>Filed by CR<br>Entered by: St. James, Michael<br>Modified: 03/14/2006 |

Secured claimed: $497115.08
**Total** claimed: **$497115.08**

*History.*
 139-1   03/14/2006 Claim #139 filed by Sycamore Vineyards , total amount claimed: $497115.08 (St. James, Michael)
 145-1   03/14/2006 Claim #145 filed amending Claim #139 filed by Sycamore Vineyards , total amount claimed:
              $497115.08 (St. James, Michael)

*Description.*
Remarks: (145-1) Amended to correct party information only.

| Creditor:<br>Sycamore Vineyards<br>Attn Alan Brudos Financial Mgr<br>600 Montgomery St 35th Floor<br>San Francisco CA 94111 | Claim No: 139<br>Filed 03/14/2006<br>Entered: 03/14/2006<br>Amends Claim No: 125<br>Amended By Claim No: 145 | Status:<br>Filed by CR<br>Entered by: St James, Michael<br>Modified: |

Secured claimed: $497115.08
**Total** claimed: **$497115.08**

*History*
 125-1   03/09/2006 Claim #125 filed by John M. Bryan , total amount claimed: $497115.08 (St. James, Michael)
 139-1   03/14/2006 Claim #139 filed amending Claim #125 filed by Sycamore Vineyards , total amount claimed:
              $497115.08 (St. James, Michael)
 145-1   03/14/2006 Claim #145 filed amending Claim #139 filed by Sycamore Vineyards , total amount claimed:
              $497115.08 (St. James, Michael)

*Description:*
Remarks (125-1) Creditor does not match creditor on claim   Registered participant to refile claim with correct creditor

(145-1) Amended to correct party information only.

| Creditor.<br>Taronsaud North America Corp<br>505 29th Avenue<br>San Francisco, CA 94121 | Claim No: 103<br>Filed: 03/02/2006<br>Entered: 03/03/2006 | Status. CR<br>Filed by: CR<br>Entered by: lj<br>Modified: |
|---|---|---|

Unsecured claimed: $16939.75
**Total**   claimed: **$16939.75**

*History:*
  103-1   03/02/2006 Claim #103 filed by Taronsaud North America Corp , total amount claimed: $16939.75 (lj)

*Description.*

*Remarks.*

| Creditor:<br>The Bottle Meister Inc<br>PO Box 15457<br>San Luis Obispo CA 93406-5457 | Claim No: 67<br>Filed: 02/06/2006<br>Entered: 02/09/2006 | Status.<br>Filed by: CR<br>Entered by: lj<br>Modified: |
|---|---|---|

Unsecured claimed: $27357.77
**Total**   claimed: **$27357.77**

*History.*
  67-1   02/06/2006 Claim #67 filed by The Bottle Meister Inc , total amount claimed: $27357.77 (lj)

*Description:*

*Remarks:*

| Creditor<br>The Compleat Winemaker<br>955 Vintage Ave<br>St Helena CA 94574 | Claim No: 151<br>Filed: 03/14/2006<br>Entered: 03/15/2006 | Status:<br>Filed by CR<br>Entered by lj<br>Modified: |
|---|---|---|

Unsecured claimed: $26854.67
**Total**   claimed: **$26854.67**

*History:*
  151-1   03/14/2006 Claim #151 filed by The Compleat Winemaker , total amount claimed: $26854.67 (lj)

*Description.*

*Remarks:*

| Creditor.<br>Tonnellerie Boutes<br>Attn Manny Martinez<br>1001 Seaspace Circle<br>Rodeo CA 94572 | Claim No: 7<br>Filed: 12/01/2005<br>Entered 12/02/2005 | Status:<br>Filed by CR<br>Entered by: kl<br>Modified: |
|---|---|---|

Unsecured claimed: $116868.00
**Total**   claimed: **$116868.00**

*History.*

# EXHIBIT 2

FORM B10 (Official Form 10) (Rev. 9/97)

| United States Bankruptcy Court **Northern** | District of **California** | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: THE LEGACY ESTATE GROUP, LLC | Case Number: **05-14659** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name of Creditor (The person or entity to whom the debtor owes money or property): **SYCAMORE VINEYARDS**<br><br>Name and address where notices should be sent:<br>Bryan & Edwards<br>600 Montgomery Street, 35ᵗʰ Floor<br>San Francisco, CA. 94111<br><br>Telephone number: 415-421-9990 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |

| Account or other number by which creditor identifies debtor: | Check here ☐   a previously filed claim, dated: _____<br>If this claim: ☐ replaces<br>            ☐ amends |
|---|---|

| 1. Basis for Claim<br>☒ Goods sold    2005 Grape Harvest per attached Harvest Report<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensations (Fill out below)<br>   Your SS # _____<br>   Unpaid compensations for services performed<br>   from _____ to _____<br>         (date)         (date) |
|---|---|

| 2. Date debt was incurred:<br>10/12/2005 | 3. If court judgment, date obtained: |
|---|---|

4. Total Amount of Claim at Time Case Filed:    $ **497,115.08**
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☒ Other   grape juice<br><br>Value of Collateral: $ unknown<br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>   Amount entitled to priority: $ _____<br>   Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)<br>☐ Taxes or penalties to governmental units - 11 U.S.C. § 507(a)(8)<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 8. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary | |
| 9. Time-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br>March 9, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*John M. Bryan on behalf of Sycamore Vineyards* | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**FREEMARK ABBEY WINERY**
**GROWER HARVEST STATEMENT**

**HARVEST YEAR: 2005**
**GROWER: SYCAMORE VINEYARDS**

| VARIETY | 2005 TONS | | PRICE/TON | TOTAL PRICE | FINAL DELIVERY DTD | 50% DUE DTD |
|---|---|---|---|---|---|---|
| CABERNET SAUVIGNON | 88.778 | $ | 5,034.13 | $446,919.99 | 12-Oct | 26-Nov |
| CABERNET FRANC | 5.033 | $ | 5,017.35 | $25,252.32 | 5-Oct | 19-Nov |
| MERLOT | 7.869 | $ | 3,360.49 | $26,443.70 | 4-Oct | 18-Nov |
| | 101.680 | | | $498,616.01 | | |

| | | |
|---|---|---|
| AMERICAN VINEYARD FOUNDATION ($1/$1,000) | | ($498.62) |
| DEPT OF F&A PIERCE'S ASSESSMENT ($2/$1,000) | | ($997.23) |
| DEPT OF F&A REPORT FEES ($.05/T) | | ($5.08) |

NET BALANCE PAYABLE                                                    $497,115.08

PAYMENT SCHEDULE:

| | Pmt Due Dta | TOTAL PAYABLE |
|---|---|---|
| 2005 | 26-Nov | $249,308.01 |
| 2006 | 15-Jan | $247,807.07 |
| | | $497,115.08 |

FORM B10 (Official Form 10) (Rev. 9/97)

| United States Bankruptcy Court **Northern** | District of **California** | PROOF OF CLAIM |
| --- | --- | --- |

| Name of Debtor:<br>THE LEGACY ESTATE GROUP, LLC | Case Number:<br>**05-14659** |
| --- | --- |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | |
| --- | --- | --- |
| Name of Creditor (The person or entity to whom the debtor owes money or property):<br>SYCAMORE VINEYARDS<br><br>Name and address where notices should be sent:<br>Bryan & Edwards<br>600 Montgomery Street, 35ᵗʰ Floor<br>San Francisco, CA  94111<br><br>Telephone number: 415-421-9990 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here ☐<br>if this claim ☐ replaces   a previously filed claim, dated:_____<br>☐ amends | |

| | |
| --- | --- |
| **1. Basis for Claim**<br>☒ Goods sold        2005 Grape Harvest per attached Harvest Report<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br>    Your SS # _____<br>    Unpaid compensations for services performed<br>    from _____ to _____<br>    (date)                                   (date) |

| | |
| --- | --- |
| **2 Date debt was incurred:**<br>10/12/2005 | **3. If court judgment, date obtained:** |

**4. Total Amount of Claim at Time Case Filed:**          $ 497,115.08

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| | |
| --- | --- |
| **5. Secured Claim.**<br>■ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>■ Other grape juice<br><br>Value of Collateral: $ unknown<br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | **6. Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>    Amount entitled to priority: $ _____<br>    Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. ' 507(a)(3)<br>☐ Contributions to an employee benefit plan - 11 U.S.C. ' 507(a)(4).<br>☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. ' 507(a)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. ' 507(a)(7)<br>☐ Taxes or penalties to governmental units - 11 U.S.C ' 507(a)(8)<br>☐ Other - Specify applicable paragraph of 11 U.S.C. ' 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS.* If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Time-stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| | |
| --- | --- |
| Date<br>March 9, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>John M. Bryan on behalf of Sycamore Vineyards |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. '' 152 and 3571.*

**FREEMARK ABBEY WINERY**
**GROWER HARVEST STATEMENT**

**HARVEST YEAR: 2005**
**GROWER: SYCAMORE VINEYARDS**

| VARIETY | 2005 TONS | PRICE/TON | TOTAL PRICE | FINAL DELIVERY DTD | 50% DUE DTD |
|---|---|---|---|---|---|
| CABERNET SAUVIGNON | 88.778 | $ 5,034.13 | $446,919.99 | 12-Oct | 26-Nov |
| CABERNET FRANC | 5.033 | $ 5,017.35 | $25,252.32 | 5-Oct | 19-Nov |
| MERLOT | 7.869 | $ 3,360.49 | $26,443.70 | 4-Oct | 18-Nov |
| | 101.680 | | $498,616.01 | | |

| | | |
|---|---|---|
| AMERICAN VINEYARD FOUNDATION ($1/$1,000) | | ($498.62) |
| DEPT OF F&A PIERCE'S ASSESSMENT ($2/$1,000) | | ($997.23) |
| DEPT OF F&A REPORT FEES ($.05/T) | | ($5.08) |

NET BALANCE PAYABLE    $497,115.08

PAYMENT SCHEDULE:

| | Pmt Due Dtd | TOTAL PAYABLE |
|---|---|---|
| 2005 | 26-Nov | $249,308.01 |
| 2006 | 15-Jan | $247,807.07 |
| | | $497,115.08 |

# EXHIBIT 3

Recording Requested By

And When Recorded Mail To:

John M. Bryan
600 Montgomery St. 3
San Francisco, CA 941



1993 038880

OFFICIAL RECORDS OF
**NAPA COUNTY**
H. KATHLEEN BONDS

AT REQUEST OF: NAPA LAND TITLE COMPANY

11/30/1993          11:56    AM
Fee: $         17.00  Pgs:         5
TT : $          .00

## STATEMENT OF GENERAL PARTNERSHIP

The name of this partnership is **SYCAMORE VINEYARDS**, a general partnership.  The partners are John M. Bryan and Florence E. Bryan. The partners named in this statement are all of the partners.

Any partner named in this statement, either alone, or in combination with any other partner named in this statement, may convey title to any real property held in the partnership named by a conveyance as defined in Section 15010.5(2) of the California Corporations Code executed in the partnership name.

Dated: 11/26/93

John M. Bryan, General Partner

Dated: 11/26/93

Florence E. Bryan, General Partner

OLD REPUBLIC TITLE     ID:415-397-0199          NOV 24 '93    16:49 No.025 P.06

**Verification:**

    **State of California  )**
                 **)  ss.**
    **County of** _SAN FRANCISCO_ **)**

        **The undersigned, being duly sworn says: that he/she
is**   JOHN M. BRYAN   **, that he/she has said the
same, and knows the contents thereof, and that the
facts stated therein are true.**

                          **Signature of Affiant**
                          (JOHN M. BRYAN

**Subscribed and sworn to before me on**

_November 29, 1993_
    **Date**

                                MARGARET E. REED
                                COMM. # 1001082
    **Notary's signature**             Notary Public -- California
                                SAN FRANCISCO COUNTY
                                My Comm. Expires AUG 22, 1997

                                  (SEAL)

    **Notary Public in and for the County**
**of** _SAN FRANCISCO_

OLD REPUBLIC TITLE        ID:415-397-0199            NOV 24'93   16:49 No.025 P.06

**Verification:**

> **State of California** )
>                    ) **ss.**
> **County of** _SAN FRANCISCO_ )

The undersigned, being duly sworn says: that he/she
is __FLORENCE E. BRYAN__, that he/she has said the
same, and knows the contents thereof, and that the
facts stated therein are true.

_Florence E. Bryan_
**Signature of Affiant**
FLORENCE E. BRYAN

**Subscribed and sworn to before me on**

_November 29, 1993_
**Date**

_Margaret E. Reed_
**Notary's signature**

MARGARET E. REED
COMM. # 1001082
Notary Public — California
SAN FRANCISCO COUNTY
My Comm. Expires AUG 22, 1997

**Notary Public in and for the County**
of _SAN FRANCISCO_

OLD REPUBLIC TITLE        ID:415-397-0199        NOV 24 '93    16:48 No.025 P.05

State of California
County of SAN FRANCISCO

On November 29, 1993 before me, the undersigned, a Notary Public in and
for said State, personally appeared John M. Bryan

personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Margaret E. Reed_

Name  MARGARET E. REED
      (typed or printed)

MARGARET E. REED
COMM. # 1001082
Notary Public — California
SAN FRANCISCO COUNTY
My Comm. Expires AUG 22, 1997

(Seal)

NOV 24 93    10:46 NO.025 P.05

**END OF DOCUMENT**

State of California
County of _SAN FRANCISCO_

On _November 29 1993_ before me, the undersigned, a Notary Public in and
for said State, personally appeared _Florence E. Bryan_

personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Margaret E. Reed_

Name _MARGARET E. REED_
(typed or printed)

MARGARET E. REED
COMM. # 1001082
Notary Public — California
SAN FRANCISCO COUNTY
My Comm. Expires AUG 22, 1997

(Seal)

**EXHIBIT 4**

RECORDING REQUESTED BY
ORDER # Napa Land Title Company
601104 / Esc #316677-JK
APN    027-250-022
WHEN RECORDED MAIL TO

Name
Street
Address    John M. Bryan
600 MONTGOMERY STREET, 35th Fl
City &    SAN FRANCISCO, CA 94111
State

1993 038881
OFFICIAL RECORDS OF
NAPA COUNTY
H. KATHLEEN BONDS
AT REQUEST OF: NAPA LAND TITLE COMPANY
11/30/1993    11:56    AM
Fee: $    8.00 Pgs:    2
TT : $    .00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Grant Deed

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ -0-
( X ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale
( X ) Unincorporated area: (   ) City of _____
(   ) Realty not sold.
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Sycamore Vineyards, a partnership

hereby GRANT(S) to  John M. Bryan, as Trustee of the John M. and Florence E. Bryan
Trust Dated August 19, 1991

that property in  the City of Rutherford, Napa    County,
State of California, described as:

* * * See "Exhibit A" attached hereto and made a part hereof. * * *

Mail tax statements to  Grantee at address above

Date  November 12, 1993

Sycamore Vineyards

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
On  November 24, 1993 ___ before me, the
undersigned, a Notary Public in and for said State, personally appeared
John M. Bryan

✓ John M Bryan

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

WITNESS  my hand and official seal.

Signature  Gordon Ampel

Name  GORDON AMPEL
(typed or printed)

Gordon Ampel
Comm. #982647
NOTARY PUBLIC CALIFORNIA
City & County of San Francisco
Comm. Expires Jan. 14, 1997

(This area for official notarial seal)

FTGS-18 9/91    MAIL TAX STATEMENTS AS DIRECTED ABOVE

END OF DOCUMENT

EXHIBIT "A"

PARCEL ONE:

Commencing at a nail and tag marked RCE 10648 at the intersection of the Westerly line
of the San Francisco, Vallejo, and Napa Valley Railroad right of way and the centerline
of the County Road known as "Bella Oaks Lane"; thence South 44° 45' West 3995.27 feet
along said centerline to a nail and tag marked RCE 10648; thence South 35° 05' East
along the centerline of a 25 foot right of way the sidelines which are shortened or
prolonged to intersect the lines of the Parcel to be described herein and the Southerly
line of Bella Oaks Lane, 106.00 feet to a nail and tag marked RCE 10648 being the true
point of beginning; thence South 47° 55' West 248.82 feet to an iron pipe monument
marked RCE 10648; thence South 43° 32' 30" East 275.29 feet to an iron pipe monument
marked RCE 10648; thence South 63° 02' 30" East 139.11 feet to an iron pipe monument
marked RCE 10648; thence North 44° 58' East 151.43 feet to an iron pipe monument marked
RCE 10648; thence North 19° 14' West 91.62 feet to an iron pipe monument marked RCE
10648; thence North 46° 07' 45" East 248.63 feet to an iron pipe monument marked RCE
10648; thence North 41° 20' 45" West 156.90 feet to an iron pipe monument marked RCE
10648; thence South 48° 39' 45" West 118.07 feet to an iron pipe monument marked RCE
10648; thence North 74° 36' West 136.84 feet to the true point of beginning.

PARCEL TWO:

TOGETHER WITH a Right of Way for road and utility purposes 25 feet in width as
described in the Judgement of Preliminary Distribution, recorded June 1, 1969 in Book
652 of Official Records at Page 911, Napa County Records.

APN:  027-250-022

**EXHIBIT 5**

RECORDING REQUESTED BY
NORTH AMERICAN TITLE COMPANY
Escrow No M908263    Order No. 901315
AND WHEN RECORDED MAIL TO

Name
   John M. Bryan
   Alan R. Brudos
Street
Address
   600 Montgomery St. 35th Fl
   San Francisco, Ca. 94111
City &
State

    *901 315*

1997 026953
OFFICIAL RECORDS OF
NAPA COUNTY
H. KATHLEEN BONDS

AT REQUEST OF  NORTH AMERICAN TITLE CO.
11/14/1997    08:00    AM
Fee: $          10.00   Pgs:        2
TT : $           .00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## INDIVIDUAL GRANT DEED

A.P.N. 027-250-220

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 0.00 _____    City Transfer Tax is $ _____
(   ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale.
(   ) Unincorporated area:  ( x ) City of Rutherford _____, and
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, John M. Bryan and Alan R. Brudos, Co Trustees of The John M. and Florence E. Bryan Trust dated August 19, 1991

hereby GRANT(S) to John M. Bryan  and Florence E. Bryan, husband and wife
        as Community property

the following described real property in the  Rutherford
County of  NApa _____, State of California:
See Legal Description attached hereto and made a part hereof

Dated: _July 24, 1997_____

John M. Bryan, Co Trustee

Alan R. Brudos, Co Trustee

STATE OF CALIFORNIA     }SS.
COUNTY OF _San Francisco_    }
On _August 1, 1997_____, before me,
_Margaret E. Reed_, personally appeared
_John M. Bryan and Alan B._
_Brudos_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Margaret E. Reed_____

MARGARET E. REED
COMM. # 1001082
Notary Public — California
SAN FRANCISCO COUNTY
My Comm. Expires AUG 22, 1997

(This area for official notarial seal)

MAIL TAX
STATEMENTS TO:  SAME AS ABOVE
        NAME         ADDRESS        CITY/STATE/ZIP

END OF DOCUMENT

### DESCRIPTION:

The land referred to herein is situated in the State of California, County of NAPA, City of RUTHERFORD, and is described as follows:

PARCEL ONE:

COMMENCING AT A NAIL AND TAG MARKED RCE 10648 AT THE INTERSECTION OF THE WESTERLY LINE OF THE SAN FRANCISCO, VALLEJO, AND NAPA VALLEY RAILROAD RIGHT OF WAY AND THE CENTERLINE OF THE COUNTY ROAD KNOWN AS "BELLA OAKS LANE"; THENCE SOUTH 44° 45' WEST 3995.27 FEET ALONG SAID CENTERLINE TO A NAIL AND TAG MARKED RCE 10648; THENCE SOUTH 35° 25' EAST ALONG THE CENTER LINE OF A 25 FOOT RIGHT OF WAY THE SIDE LINES WHICH ARE SHORTENED OR PROLONGED TO INTERSECT THE LINES OF THE PARCEL TO BE DESCRIBED HEREIN AND THE SOUTHERLY LINE OF BELLA OAKS LANE, 106.00 FEET TO A NAIL AND TAG MARKED RCE 10648 BEING THE TRUE POINT OF BEGINNING; THENCE, SOUTH 47° 55' WEST 248.82 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE SOUTH 43° 32' 30" EAST 275.29 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE SOUTH 63° 02' 30" EAST 129.11 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE; NORTH 44° 58' EAST 151.43 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE, NORTH 19° 14' WEST 91.62 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE, NORTH 46° 07' 45" EAST 248.63 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE NORTH 41° 20' 45" WEST 156.90 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE, SOUTH 48° 29' 45" WEST 118.07 FEET TO AN IRON PIPE MONUMENT MARKED RCE 10648; THENCE, NORTH 74° 36' WEST 136.34 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL TWO:

A RIGHT OF WAY FOR ROAD AND UTILITY PURPOSES, 25 FEET IN WIDTH AS DESCRIBED IN THE JUDGEMENT OF PRELIMINARY DISTRIBUTION RECORD JUNE 1, 1962 IN BOOK 652 OF OFFICIAL RECORDS AT PAGE 911, NAPA COUNTY RECORDS.

ASSESSORS PARCEL NO. 027-250-220



Page 6 of 7

Order No. 5901315

**EXHIBIT 6**

**FIRST AMERICAN TITLE COMPANY**
**OF NAPA**

Order No: 115798-11

When recorded mail to:

JOHN M. BRYAN
600 MONTGOMERY STREET
SAN FRANCISCO, CA. 94111-2702

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**2000-0018455**

| | |
|---|---|
| Recorded | REC FEE   13.00 |
| Official Records | |
| County Of | |
| NAPA | |
| JOHN TUTEUR | |
| Recorder | |
| | SV |
| 08:00AM 21-Jul-2000 | Page 1 of 3 |

For Recorder's Use Only

MAIL TAX STATEMENTS TO:

SAME AS ABOVE

THE UNDERSIGNED GRANTOR DECLARES
DOCUMENTARY TRANSFER TAX $_____-0-_____
____ Computed on the consideration or value of property
     conveyed; OR
____ Computed on the consideration or value less liens or
     encumbrances remaining at time of sale.

## GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

JOHN M. BRYAN AND FLORENCE E. BRYAN, husband and wife

hereby GRANT(S) to

JOHN M. BRYAN AND ALAN R. BRUDOS, Co-Trustees of the JOHN M. AND FLORENCE E. BRYAN
TRUST dated August 19, 1991

the real property in the County of Napa, State of California, described as

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF
AND DESIGNATED EXHIBIT "A"

Dated:_____ May 19, 2000 _____

STATE OF CALIFORNIA         }
           San Francisco    }ss
COUNTY OF ~~NAPA~~           }
On ____ May  23 _____ 2000, before me,
_Rica L. Gatchalian, Notary Public_ personally
appeared JOHN M. BRYAN AND FLORENCE E. BRYAN,
personally known to me (~~or proved to me on the basis of satisfactory~~
~~evidence~~) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies) and that by
~~his/her~~/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

Signature _Rica L. Gatchalian_____
       Notary Public

_signature_
JOHN M. BRYAN

_signature_
FLORENCE E. BRYAN

RICA L. GATCHALIAN
Commission # 1193141
Notary Public - California
San Francisco County
My Comm. Expires Aug 13, 2002

MAIL TAX STATEMENTS AS DIRECTED ABOVE          *Form NAP1097SP*

EXHIBIT "A"

PARCEL ONE:

Commencing at the most westerly corner of that certain tract of land described in the deed to NAPA/KS 1994 TRUST, u/a dated October 24, 1994, John M. Bryan Trustee, recorded November 15, 1994 under Series Number 1994 033763 of Official Records of Napa County; thence along the northwesterly line thereof North 44°40′ East a distance of 392 feet to a point on the western boundary line of the Caymus Rancho at an iron stake which marks the most westerly corner of the 106.93 acre tract of land conveyed by Clarence N. Riggins, Administrator of the Estate of Mary A. Doak, deceased to Arthur W. Bennett by Deed recorded July 8, 1926 in Book 18 at Page 455 of Official Records of Napa County; thence along the northwesterly line of said lands of Bennett North 45°20′ East 80.50 feet to an angle point which forms the northwestern line of that certain tract of land described in the deed to John M. Bryan, Trustee of the NAPA/AA 1994 Trust, u/a dated 10/24/94, recorded December 13, 1999 under Series Number 1999-0037525 of Official Records of Napa County; thence along the northwestern line thereof North 45°20′ East a distance of 604.46 feet to the Point of Beginning; thence continuing along the boundary of the lands of the NAPA/AA 1994 Trust the following courses and distances: S43°47′49″E 352.00 feet, S64°42′13″E 155.29 feet to an iron pipe monument marked "RCE 10648″, N45°44′58″E 151.43 feet to an iron pipe monument marked "RCE 10648″, N19°14′W 91.62 feet to a ¾″ iron pipe monument marked "RCE 10648″, N46°07′45″E 248.63 feet to an iron pipe monument marked "RCE 10648″, N41°20′45″W 156.90 feet to an iron pipe monument marked "RCE 10648″, S48°29′36″W 118.07 feet to an iron pipe monument marked "RCE 10648″, N74°36′00″W 178.26 feet, N45°10′05″W 103.36 feet, more or less, to a point on the northwestern line of that certain tract of land described in the deed to NAPA/KS 1994 TRUST, u/a dated 10/24/94, John M. Bryan Trustee; recorded November 15, 1994 under Series Number 1994 033769 of Official Records of Napa County; thence along said northwestern line and the Southwesterly prolongation thereof, South 45°20′ West a distance of 290.20 feet, more or less, to the Point of Beginning.

APN: 027-250-022; Portions of 027-250-040 & 027-250-043

PARCEL TWO:

An easement for the maintenance, repair and replacement of an existing septic leach field, described as follows:

Beginning at the southwesterly terminus of that certain course of Parcel One above shown as "S48°29′36″W 118.07 feet"; thence along the northeasterly boundary of said Parcel One above described N74°36′00″W 178.26 feet and N45°10′05″W 33.36 feet; thence N44°49′55″E 87.06 feet, more or less, to a point which is N45°10′05″W from the Point of Beginning; thence S45°10′05″E 188.92 feet, more or less, to the Point of Beginning.

PARCEL THREE:

A non-exclusive easement for the maintenance, repair and replacement of an existing septic leach field, 10 feet in width, described as follows:

Beginning at the northwesterly terminus of that certain course called "N45°10′05″W 103.36 feet" described in PARCEL ONE above, said point being on the northwesterly boundary of that certain tract of land described in deed to John M. Bryan, Trustee of the NAPA/AA 1994 Trust, u/a dated 10/24/94, recorded December 13, 1999 under Series Number 1999-0037525 of Official Records of Napa County; thence along the northwesterly

**END OF DOCUMENT**

FATCO/BRYAN FAMILY TRUST
115798-11

boundary thereof N45°20'E 205.00 feet; thence leaving said northwesterly boundary S45°10'05"E 10.00 feet; thence S45°20'W 205.00 feet, more or less, to a point on the northeasterly boundary of PARCEL ONE above; thence along said northeasterly line N45°10'05"W 10.00 feet to the point of beginning.

**EXHIBIT 7**

T/Order# 00608548

RECORDING REQUESTED BY:
Napa Land Title

AND WHEN RECORDED MAIL TO:

Mr. and Mrs. John M. Bryan
10 Requa Place
Piedmont, CA 94611

027-250-052

|||||||||||||||||||||||||||||||||||

2002-0044683

| Recorded | REC FEE | 10.00 |
| Official Records | | |
| County Of | | |
| NAPA | | |
| JOHN TUTEUR | | |
| Recorder | | |
| | EV | |
| 08:00AM 04-Nov-2002 | Page 1 of 2 | |

| Title Order No.: 608-548 | THIS SPACE FOR RECORDER'S USE ONLY: |
| | Escrow No.: 26354278 |

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $NONE **
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area    [ ] City of Napa AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**John M. Bryan and Alan R. Brudos, co-trustees of The John M. and Florence E. Bryan Trust dated
August 19, 1991**

hereby GRANT(s) to:
**John M. Bryan and Florence E. Bryan, Husband and Wife as Community Property**

the real property in the            County of Napa, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 1399 Bella Oaks Lane, Napa, CA 94558
AP#: 027-25-052
**Deed solely recorded for loan purposes. No realty sold and/or consideration.

DATED October 16, 2002
STATE OF CALIFORNIA
COUNTY OF San Francisco
On 10-17-2002
Before me, Damien Wayne Ha
A Notary Public in and for said State, personally appeared
John M. Bryan
Alan R. Brudos

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument
WITNESS my hand and official seal.

Signature _____

John M. Bryan, co-trustee

Alan R. Brudos, co-trustee

DAMIEN WAYNE HA
COMM. #1320570
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
My Comm. Expires Sept. 10, 2005

SEAL AFFIXED

(This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE.

**END OF DOCUMENT**

Exhibit "A"

**Legal Description**

**PARCEL ONE:** Commencing at the most Westerly corner of that certain tract of land described in the deed to NAPA/KS 1994 TRUST, u/a dated October 24, 1994, John M. Bryan Trustee, recorded November 15, 1994 under Series Number 1994-033763 of Official Records of Napa County; thence along the Northwesterly line thereof North 44° 40' East a distance of 392 feet to a point on the Western boundary line of the Caymus Rancho at an iron stake which marks the most Westerly corner of the 106.93 acre tract of land conveyed by Clarence N. Riggins, Administrator of the Estate of Mary A. Doak, deceased to Arthur W. Bennett by Deed recorded July 08, 1926 in Book 18 at Page 455 of Official Records of Napa County; thence along the Northwesterly line of said lands of Bennett North 45° 20' East 80.50 feet to an angle point which forms the Northwestern line of that certain tract of land described in the Deed to John M. Bryan, Trustee of the NAPA/AA 1994 Trust, u/a dated 10/24/94, recorded December 13, 1999 under Series Number 1999-0037525 of Official Records of Napa County; thence along the Northwestern line thereof North 45° 20' East a distance of 604.46 feet to the Point of Beginning; thence continuing along the boundary of the lands of the NAPA/AA 1994 Trust the following courses and distances: S43° 47' 49" E 352.00 feet, S64° 42' 13" E 155.29 feet to an iron pipe monument marked "RCE 10648", N45° 44' 58" E 151.43 feet to an iron pipe monument marked "RCE 10648", N19° 14' W 91.62 feet to a ¾" iron pipe monument marked "RCE 10648", N46° 07' 45" E 248.63 feet to an iron pipe marked RCE 10648", N 41° 20' 45" W 156.90 feet to an iron pipe monument marked "RCE 10648", S48° 29' 36" W 118.07 feet to an iron pipe monument marked "RCE 10648", N74° 36' 00" W 178.26 feet, N 45° 10' 05" W 103.36 feet, more or less, to a point on the Northwestern line of that certain tract of land described in the Deed to NAPA/KS 1994 TRUST, u/a dated 10/24/94, John M. Bryan Trustee, recorded November 15, 1994 under Series Number 1994-033769 of Official Records of Napa County; thence along said Northwestern line and the Southwesterly prolongation thereof, South 45° 20' West a distance of 290.20 feet, more or less, to the Point of Beginning.

APN: 027-250-052

**PARCEL TWO:** An easement for the maintenance, repair and replacement of an existing septic leach field, described as follows:

Beginning at the Southwesterly terminus of that certain course of Parcel One above shown as "S48° 29' 36" W 118.07 feet"; thence along the Northeasterly boundary of said Parcel One above described N 74° 36' 00" W 178.26 feet and N 45° 10' 05" W 33.36 feet; thence N 44° 49' 55" E 87.06 feet, more or less, to a point which is N 45° 10' 05" W from the Point of Beginning; thence S 45° 10' 05" E 188.92 feet, more or less, to the Point of Beginning.

**PARCEL THREE:** A non-exclusive easement for the maintenance, repair and replacement of an existing septic leach field, 10 feet in width, described as follows:

Beginning at the Northwesterly terminus of that certain course called "N45° 10' 05" W 103.36 feet" described in PARCEL ONE above, said point being on the Northwesterly boundary of that certain tract of land described in Deed to John M. Bryan, Trustee of the NAPA/AA 1994 Trust, u/a dated 10/24/94, recorded December 13, 1999 under Series Number 1999-0037525 of Official Records of Napa County; thence along the Northwesterly boundary thereof N 45° 20' E 205.00 feet; thence leaving said Northwesterly boundary S 45° 10' 05" E 10.00 feet; thence S 45° 20' W 205.00 feet, more or less, to a point on the Northeasterly boundary of PARCEL ONE above; thence along said Northeasterly line N 45° 10' 05" W 10.00 feet to the point of beginning.