Glenn E. Westreich (State Bar No.100457)
gwestreich@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Michael St. James (State Bar No. 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA 94104
michael@stjames-law.com
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

Attorneys for Defendants/Cross-Claimants
JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, and J.M. BRYAN FAMILY TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re   Case No. 05-14659 | Case No. CV07-02943 PJH |
| THE LEGACY ESTATE GROUP, LLC, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, and ARROWOOD VINEYARD & WINERY | REPLY OF JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, AND J.M. BRYAN FAMILY TRUST IN SUPPORT OF MOTION TO WITHDRAW REFERENCE |
| Debtor | 28 U.S.C. § 157 (d) |
| Adv. No. 06-01173 | [NO HEARING SCHEDULED] |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | |
| Plaintiff, | |
| v. | |
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON | |

| | |
|---|---|
| INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company<br><br>                            Defendants. | |
| And Related Cross-Actions | |

John M. Bryan ("Bryan"), John M. and Florence E. Bryan Trust (the "J&FB Trust"), and J.M. Bryan Family Trust (the "JMB Trust" and collectively, the "Bryan Defendants"), respectfully submit their reply to the *Official Committee of Unsecured Creditors'* (the "Committee") *Opposition to the Bryan Defendants' Motion to Withdraw Reference* (the "Committee's Opposition") as follows:

## I.

## **INTRODUCTION**

The legal principles in this motion are straight forward, and not subject to serious dispute. Despite Judge Jaroslovsky's Report and Recommendation, there is ample legal support to withdraw the reference in this Adversary Proceeding. The Committee's Opposition fails to provide any legitimate basis for depriving J&FB Trust of this inalienable right to a jury trial in District Court, and indeed it cannot. By this motion, the Bryan Defendants simply request that the District Court consider the record and analyze the substantive issues presented in their Motion to Withdraw Reference. This request is consistent with principles of due process. The arguments set forth in the Committee's Opposition seek merely to obfuscate this simple logic through wrongful accusations of forum shopping and a lengthy, irrelevant, discussion of equitable claims. If there has been gamesmanship in this case; it has not been initiated by the Bryan Defendants. For instance, the Committee and many other Defendants also filed timely jury demands and then repudiated, withdrew, or otherwise eviscerated those demands in an attempt to obstruct J&FB's rights to a jury trial in District Court. The Committee's attempt to thwart J&FB Trust's due process rights is palpable. The Motion To Withdraw Reference as to the Bryan Defendants should be granted.

## II.

## ARGUMENT

### A. J&FB Trust is Entitled To A Trial By Jury in The District Court

The J&FB Trust timely made jury demands in its Answer and its Cross-Claims. J&FB Trust has never filed a Proof of Claim or otherwise waived its right to trial by jury. Where, as here, there is a right to trial by jury and all parties have not consented to permit the Bankruptcy Court to conduct that jury trial, the Local Rules contemplate a mandatory, immediate withdrawal of the reference so that the jury trial will be conducted in the District Court. N.D. Cal. Bankr. L. R 9015-2(b) ("reference of the proceeding shall be automatically withdrawn"). Despite the clear and unambiguous language of the Local Rules and this Court's prior rulings on this issue, the Committee mischaracterizes the relief sought by the Motion as an attempt to circumvent the holdings of the United States Supreme Court in Parklane Hosiery v. Shore, 439 U.S. 322, 333-335 (1979) and Katchen v. Landy, 382 U.S. 323 (1966). This assertion is misguided. The Bryan Defendants' request for the withdrawal of the reference is based not upon broad concepts of equitable adjudication, but upon black-letter law and the prior holdings of this Court.

Specifically, in determining whether there is "cause" to withdraw a case from the bankruptcy court, "[a] district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (In re Security Farms), 124 F.3d 999, 1008 (9th Cir. 1997) (citing Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993). Indeed, among the "other related factors" demonstrating "cause shown" for a withdrawal of the reference is the presence or absence of a jury request. See Hanfling v. Epstein, Becker & Green, P.C. (In re ATG Catalytics), No. C-04-1450, 2004 U.S. Dist. LEXIS 23617, at *4 (N.D. Cal. 2004).

J&FB Trust has requested a jury trial, a request to which it is clearly entitled due to its decision to refuse to be within the Bankruptcy Court's jurisdiction (by not filing a proof of claim

against the Debtor). Therefore, pursuant to applicable case law and unambiguous statutory language, the reference should be withdrawn.

The Committee argues that the principles of issue preclusion will prevent J&FB Trust from its legal right to a jury trial in this Court. As discussed in the Motion, all or most of the claims asserted by the Committee against the J&FB Trust (i.e. claims of fraudulent transfer, improper distribution, and breach of fiduciary duty) and all of those asserted by the J&FB Trust in this action (i.e. negligent misrepresentation and fraudulent misrepresentation) are triable to a jury. See generally Granfinanciera v. Nordberg, 492 U.S. 33 (1989) (right to jury trial for fraudulent transfer claim).

Furthermore, since the J&FB Trust did not file a proof of claim in the Bankruptcy Court, it did not waive its right to a jury trial. See id. at 36. The Committee's attempts to discount the J&FB Trust's right to a jury trial are indicative of its overall strategy of preventing the J&FB Trust from adequately protecting its rights to have the issues presented herein decided by a jury through the application of issue preclusion to any subsequent trial held by this Court. Principles of issue preclusion should not be determinative. To allow such principles to control would deprive the J&FB Trust of its legal right to a trial by jury in the District Court. The reference should be withdrawn.

### B. Sycamore Vineyard is not the *Alter Ego* of J&FB Trust

As a basis for urging the Court to deny the motion to withdraw reference, the Committee argues, on the most tenuous grounds, that the J&FB Trust's right to a jury trial may be lost if it is found to be an *alter ego* of Sycamore Vineyards. Specifically, the Committee contends that Sycamore Vineyards may be the *alter ego* of the J&FB Trust such that the filing of Sycamore Vineyard's Proof of Claim waived the J&FB Trust's jury trial right. The Committee is well aware that the J&FB Trust and Sycamore Vineyards are entirely separate and distinct legal entities. The Committee's speculation to the contrary is nothing more than a red herring designed to divert this Court's attention away from the issue before it—whether J&FB Trust has a right to have this matter heard in the District Court before a jury. The answer is unequivocally yes.

The Committee made this same argument without success in the Bankruptcy Court. Under California law, it is axiomatic that a trust – the J&FB Trust – is a distinct legal entity, separate from

1 its beneficiaries. <u>Torrey Pines Bank v. Hoffman</u>, 231 Cal.App.3d 308, 322, 282 Cal.Rptr. 354, 362
2 (Cal.App. 1991) ("the trust is preserved as a separate legal entity.") Likewise, a partnership –
3 Sycamore Vineyards – is a distinct legal entity, separate from its partners. Cal. Corp. Code §1601.
4 <u>Park v. Union Mfgr. Co.</u>, 45 Cal. App. 2d 401, 406 (Ct. App. 1994). A partnership's proofs of claim
5 are treated as separate and distinct from the proofs of claim of the partners. <u>In re US. Office Products
6 Co. Securities Litigation</u>, 313 B.R. 73, 84 (D.C. Dist. 2004) (relying on bar date orders and general
7 partnership law and declining to accept party's "bald assertions" that partnership and general partners
8 were "one and the same").

9       The J&FB Trust is also recognized under California Probate Law as a separate entity and
10 qualifies for the exception to doctrine of merger pursuant to Probate Code §15209(b). The J&FB
11 Trust is the revocable trust of John M. and Florence E. Bryan who are the settlors. The J&FB Trust
12 was created as part of the Bryans personal estate plan. John M. Bryan and Alan Brudos are the
13 currently serving trustees of the J&FB Trust. While John M. and Florence E. Bryan are the
14 beneficiaries of the J&FB Trust during their lifetimes, upon the death of the survivor of them, any
15 then remaining balance of the J&FB Trust passes to the successor beneficiaries (who are not John M.
16 or Florence E. Bryan). Therefore, under these facts and circumstances, the doctrine of merger is
17 inapplicable to the J&FB Trust.

18       To address the Committee's specious argument, John Bryan filed a declaration wherein he
19 explained the relationship between Sycamore Vineyards and J&FB Trust. <u>See</u> Declaration of John
20 Bryan, dated March 9, 2007 (the "Bryan Decl."), annexed to Declaration of Rosalyn P. Mitchell in
21 support of Reply Brief of John M. Bryan, John M. and Florence Bryan Trust, and J.M. Bryan Trust
22 (the "Mitchell Decl.") as Exhibit "A". Sycamore Vineyards is a partnership controlled by Mr. Bryan
23 that is unrelated to this litigation but which filed a Proof of Claim. The J&FB Trust is Mr. and Mrs.
24 Bryan's estate planning trust and holds, inter alia, title to some real estate. <u>See</u> Mitchell Decl., Ex.
25 "A" at ¶5. From time to time when the real estate is refinanced, it is briefly re-titled in the name of
26 the beneficiaries, and thereafter re-titled back into the trust. These are the real property transfers
27 identified by the Committee as the basis for their suspicions. <u>See id.</u>

28

Sycamore Vineyards, on the other hand, is a partnership that operates a vineyard. See id. at ¶¶ 2-5. A copy of the Partnership Agreement is attached as Exhibit A to the Bryan Declaration. In 2005, Sycamore Vineyards, which files separate partnership tax returns, enjoyed gross income from its farm operations of $498,616 and posted a profit of $36,698. See id. at ¶¶ 2-5. Sycamore Vineyard conducts its farming operations on real property leased to it by an entirely different trust, the J. M. Bryan Family Trust. See id. at ¶5 and Exs. "B" and "C". The J. M. Bryan Family Trust was formed by Mr. Bryan's mother; and its beneficiaries are Mr. Bryan and his children. See id. at ¶5

Sycamore Vineyard is not a *alter ego* of J&FB. In fact, there is almost no direct connection between Sycamore Vineyards and the J&FB Trust. Sycamore Vineyards conducts an active farming business; the J&FB Trust holds title to unconnected real property as essentially passive investments. The property which Sycamore Vineyards leases to operate its business is not owned by the J&FB Trust. The Committee's Opposition provides no legal basis on which Sycamore Vineyards' waiver of its right to jury trial can be imputed to the J&FB Trust.

### C. Withdrawal of the Reference As to the Bryan Defendants Serves the Policies of Judicial Efficiency and will Reduce Delay and Costs to all Parties

The withdrawal of the reference as to all Bryan Defendants, not just J&FB Trust, will result in the efficient use of judicial resources, reduce delay and cost to the parties and provide and aid uniformity of bankruptcy administration. While the Report and Recommendation of Judge Jaroslovsky asserts that the Motion may have been filed in an attempt to "withdraw the reference for improper purposes, including a desire to delay litigation or make it more expensive for a bankruptcy estate . . . to prosecute", such assertion does not comport with the facts and circumstances of the present case. See Mitchell Decl., Ex. "C". To the contrary. The Bankruptcy Court has acknowledged that there are issues in the Adversary Proceeding that are not appropriate for determination by the Bankruptcy Court. Neither the Report and Recommendation or the Committee's Opposition mention Judge Jaroslovsky's order of abstention involving the Bryan Defendants' cross-claims. In his abstention order, Judge Jaroslovsky declined to rule on issues relating to the cross-claims in the adversary proceeding on the grounds that the claims "will have no

impact on the bankruptcy estate" and he determined that "it [was] appropriate to abstain from hearing the matter." Requiring two or three separate trials in two different courts does not comport with the policies articulated by this Court to be considered in a decision regarding withdrawal of the reference. Specifically, withdrawal of the reference as to all Bryan Defendants will result in the most efficient use of judicial resources, minimize costs (including those of the above-captioned debtor's (the debtor's estate) and promote the uniformity of bankruptcy administration. If the reference is not withdrawn, not only will the Bankruptcy Court be required to decide on the issues present in this case, but also this Court will need to provide a determination as to the rights of the J&FB Trust – clearly, such a scenario will result in the inefficient use of judicial resources and this Court or some other will be required to resolve the issues raised in the Bryan Defendants' Cross-Complaint. Moreover, both the J&FB Trust and the Committee will be subjected to additional costs and unnecessary delay if they are required to participate in two separate trials. Finally, forcing the parties to present their case to the Bankruptcy Court and then to this Court will achieve a result at odds with the policy of uniformity of bankruptcy administration.

### D. This Court Should Not Adopt the Report and Recommendation of the Bankruptcy Court Judge

After the Bryan Defendants filed the instant motion, this court filed its Order Re: Report and Recommendation of Motion to Withdraw Bankruptcy Court's Reference on June 25, 2007. See Mitchell Decl., Ex. "B". On June 28, 2007, Judge Jaroslovsky issued his Bankruptcy Judge's Report and Recommendation Regarding Withdrawal of Reference ("Report and Recommendation"). See id., Ex. "C".

In the Report and Recommendation provided by Judge Jaroslovsky, the Bankruptcy Court articulates two major reasons why the Motion should be denied, and provides some informal comments regarding the improper use of a motion to withdraw the reference. First, the Report and Recommendation cites the fact that the issues in the instant case are "well within the ordinary experience and expertise of the bankruptcy court", Mitchell Decl., Ex. "B" at ¶ 1, and that the "case has been litigated in the bankruptcy court for over seven months during which time the court has

already made several key rulings." Id. at ¶ 2. The Bryan Defendants do not dispute either of these assertions. However, neither the expertise of the Bankruptcy Court, nor the fact that the case has, to date, been litigated in the Bankruptcy Court has any bearing whatsoever on whether the reference should be withdrawn. See, e.g., Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (In re Security Farms), 124 F.3d 999, 1008 (9th Cir. 1997). As discussed, supra, the most efficient use of judicial resources, reduction of cost to the parties and uniformity of bankruptcy administration will result in the withdrawal of the reference. The withdrawal of the reference will prevent a second, nearly identical trial to be heard by this Court – clearly, the prevention of a second trial comports with the underlying purpose of withdrawing the reference. Moreover, the presence of the J&FB Trust's jury demand provides even greater support that the reference should be withdrawn. See, e.g., Hanfling v. Epstein, Becker & Green, P.C. (In re ATG Catalytics), No. C-04-1450, 2004 U.S. Dist. LEXIS 23617, at *4 (N.D. Cal. 2004) (holding that presence of jury request demonstrates "cause shown" for withdrawal of the reference).

Second, the Report and Recommendation makes clear that the bankruptcy court is entertaining the Committee's assertion that the J&FB Trust is an alter ego of Sycamore Vines and, therefore, the jury request made by the J&FB Trust may be invalid. See Mitchell Decl., Ex. "B" at ¶¶ 3-4. As more fully discuss herein, the Committee's alter ego argument merely is another of many attempts to prevent the J&FB Trust from receiving the jury trial to which it is entitled. The fact that the Bankruptcy Court places any credence in the Committee's illusory argument demonstrates the need for these issues to be determined by this Court. Following the Report and Recommendation, the rights of the J&FB Trust will be held in abeyance through the stall tactics of the Committee, and the resulting drain upon judicial resources in determining the validity of the Committee's argument is improper and unnecessary. A withdrawal of the reference to the Bankruptcy Court will allow this Court to hear all of these matters one time, thus promoting judicial efficiency, reducing delay, and allowing for uniformity in bankruptcy administration.

By the Report and Recommendation, the Bankruptcy Court seizes upon the opportunity to express its concern that the Motion was brought for improper purposes. See id. at p.2:14-18. The

bankruptcy court's assumption is incorrect. In its simplest terms, the J&FB Trust, and the Bryan Defendants, are trying to reduce their costs, as well as the cost to the Debtor's estate, by having all of the issues of this Adversary Proceeding brought before a single tribunal. Moreover, the relief sought by the Motion represents a valid exercise of the rights of the J&FB Trust. The Report and Recommendation apparent dismissal of such rights is indicative of the need for the reference to be withdrawn.

## III.

## CONCLUSION

For the foregoing reasons, the claims against the Bryan Defendants, and the claims asserted by them, should be adjudicated in the District Court. On July 10, 2007, the Bankruptcy Court filed its Scheduling Order and Notice of Trial. See id., Ex. "D". Pursuant to the scheduling order, this matter is set for trial in Bankruptcy Court on November 13, 2007. Given the trial date, the Bryan Defendants respectfully request that the Court withdraw the reference pursuant to 28 U.S.C. § 157(d) and Bankruptcy Local Rule 5011-2 and grant such further relief as may be just and proper.

NIXON PEABODY LLP

DATED: July 20, 2007

By: /s/
Glenn E. Westreich
Rosalyn P. Mitchell
Attorneys for Defendants/Cross-Claimants
JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST,
J.M. BRYAN FAMILY TRUST

## PROOF OF SERVICE

**CASE NAME:** *In re The Legacy Estate Group, LLC, et al.*
*The Official Committee of Unsecured Creditors of the Legacy Estate Group, LLC v. Bryan, et al.*
**COURT:** U.S. Northern District of California
**CASE NO.:** CV07-02943 PJH
**Bankr. Case No.** 05-14659 AJ
**Adv. Case No.:** 06-01173
**NP NO.** 044963.000002

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Two Embarcadero Center, Suite 2700, San Francisco, CA 94111-3996. On this date, I served the following document(s):

➢ **REPLY OF JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, AND J.M. BRYAN FAMILY TRUST IN SUPPORT OF MOTION TO WITHDARW REFERENCE**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

___: By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

___: By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

___: By Facsimile — From facsimile number (415) 984-8300 before 5:00 P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

__X__: By Electronic Filing – I have reviewed the Order re Electronic Service of Pleadings in Case No. CV07-02943 PJH pursuant to Local Rule 5-4 and General Order 45. I am serving the above documents as required by the Order re Electronic Service of Pleadings in Case No. CV07-02943 PJH and as instructed under the Electronic Case Filing Program.

Addressee(s)

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **July 20, 2007**, at San Francisco, California.

*/s/ Carolyn Ernser*
Carolyn Ernser

PROOF OF SERVICE; CASE NO. 05-14659 AJ;          -1-
ADV. NO. 06-01173

# SERVICE LIST

| Attorneys for Debtor:<br><br>MURRAY & MURRAY<br>John Walshe Murray<br>Robert A. Franklin<br>19400 Stevens Creek Boulevard, Suite 200<br>Cupertino, CA 95014-2548<br>Telephone: (408) 907-9200; (650) 852-9000<br>Facsimile: (650) 852-9244<br>E-Mail: jwmurray@murraylaw.com<br>E-Mail: rfranklin@murraylaw.com | |
|---|---|
| **Attorneys for Plaintiff, Official Committee of Unsecured Creditors of The Legacy Estate Group, LLC:**<br><br>WINSTON & STRAWN, LLP<br>David A. Honig<br>Hannah L. Blumensteil<br>101 California Street, Suite 3900<br>San Francisco, CA 94111-5802<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br>E-Mail: dhonig@winston.com<br>E-Mail: hblumensteil@winston.com<br><br>MACCONAGHY & BARNIER, PLC<br>John H. Macconaghy<br>645 First Street West, Suite D<br>Sonoma, CA 95476<br>Telephone: (707) 935-3205<br>Facsimile: (707) 935-7051<br>macclaw@macbarlaw.com | **Attorneys for Defendants & Cross-Defendants, Harry Chew, Pacific Paragon Investment Funds, Ltd., and AIC Capital Partners, LLC:**<br><br>Elmer Dean Martin, III<br>22632 Golden Springs Drive, Suite 190<br>P.O. Box 4670<br>Diamond Bar, CA 91763<br>Telephone: (909) 861-6700<br>Facsimile: (909) 860-3801<br>E-Mail: elmer@bankruptcytax.net<br><br><br>WINTHROP COUCHOT, P.C.<br>Sean A. O'Keefe<br>Richard H. Golubow<br>660 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>Telephone: (949) 720-4100<br>Facsimile: (949) 720-4111<br>E-Mail: sokeefe@withropcouchot.com |
| **Defendants & Cross-Defendants Kulwinder Sidhu and Devinder Sidhu in *Propia Persona*:**<br><br>Kulwinder "Calvin" Sidhu<br>Devinder Sidhu<br>P.O Box 401<br>St. Helena, CA 94574<br>Kulwinder's Tel.: (425) 985-5241<br>Devinder's Tel: (707) 287-3173<br>E-Mail: Dev@legacyestategroup.com<br>E-Mail: Calvin@legacyestategroup.com | **Attorneys for Cross-Defendant Laminar Direct Capital, L.P.:**<br><br>KLEE, TUCHIN, BOGDANOFF & STERN, LLP<br>Thomas E. Patterson<br>Michael L. Tuchin<br>Courtney E. Pozmantier<br>1999 Avenue of the Stars, 39th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 407-4000<br>Facsimile: (310) 407-9090<br>E-Mail: tpatterson@ktbslaw.com<br>E-Mail: cpozmantier@ktbslaw.com |