1  Glenn E. Westreich (State Bar No.100457)
   gwestreich@nixonpeabody.com
2  Rosalyn P. Mitchell (State Bar No. 173829)
   rmitchell@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
4  San Francisco, CA 94111
   Telephone: (415) 984-8200
5  Facsimile: (415) 984-8300

6  Michael St. James (State Bar No. 95653)
   ST. JAMES LAW, P.C.
7  155 Montgomery Street, Suite 1004
   San Francisco, CA 94104
8  michael@stjames-law.com
   Telephone: (415) 391-7566
9  Facsimile: (415) 391-7568

10 Attorneys for Defendants/Cross-Claimants
   JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, and  J.M. BRYAN FAMILY
11 TRUST

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16 In re            Case No. 05-14659          | Case No. CV07-02943 PJH

17 THE LEGACY ESTATE GROUP, LLC,                | DECLARATION OF ROSALYN P.
   formerly doing business as FREEMARK          | MITCHELL IN SUPPORT OF REPLY OF
18 ABBEY WINERY, BYRON VINEYARD &               | JOHN M. BRYAN, JOHN M. AND
   WINERY, and ARROWOOD VINEYARD &              | FLORENCE E. BRYAN TRUST, AND J.M.
19 WINERY                                       | BRYAN FAMILY TRUST IN SUPPORT
                                                | OF MOTION TO WITHDRAW
20         Debtor                               | REFERENCE

21 _____            | 28 U.S.C. § 157 (d)
              Adv. No. 06-01173
22                                              | [NO HEARING SCHEDULED]
   OFFICIAL COMMITTEE OF UNSECURED
23 CREDITORS OF THE LEGACY ESTATE
   GROUP, LLC,
24
                    Plaintiff,
25
              v.
26
   JOHN M. BRYAN, JOHN M. AND
27 FLORENCE E. BRYAN TRUST, J.M. BRYAN
   FAMILY TRUST, KULWINDER SIDHU,

28 _____
   DECLARATION OF ROSALYN P. MITCHELL IN SUPPORT OF                    10658513.1
   REPLY TO OPPOSITION TO THE BRYAN DEFENDANTS'
   MOTION TO WITHDRAW REFERENCE, CASE NO. 05-14659;
   ADV. PROC. NO. 06-01173

DEVINDER SIDHU, PACIFIC PARAGON
INVESTMENT FUND LTD, a British Columbia
company, HARRY CHEW, and AIC CAPITAL
PARTNERS, LLC, a California limited liability
company

                                        Defendants.

And Related Cross-Actions

I, Rosalyn P. Mitchell, declare:

1.      I am an attorney at law, duly licensed to practice before all courts of the State of

California.  I am a member in good standing of the bar of this Court.  I am of counsel with the law

firm of Nixon Peabody LLP, co-counsel of record to John M. Bryan, John M. and Florence E. Bryan

Trust and J.M. Bryan Family Trust, and I make this Declaration in that capacity.  I have personal

knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would

testify thereto truthfully and competently.

2.      Attached hereto as Exhibit "A" is a true and correct copy of the Declaration of John

Bryan, in Support of The Bryan Defendants' Supplemental Brief to Certify Proceeding to District

Court for Trial By Jury, dated March 9, 2007 (the "Bryan Decl.").

3.      Attached hereto as Exhibit "B" is a true and correct copy of the June 25, 2007 Order

Re: Report and Recommendation of Motion to Withdraw Bankruptcy Court's Reference entered in

this Adversary Proceeding.

4.      Attached hereto as Exhibit "C" is a true and correct copy of the June 28, 2007

Bankruptcy Judge's Report and Recommendation Regarding Withdrawal of the Reference entered in

this Adversary Proceeding.

///

///

///

///

///

DECLARATION OF ROSALYN P. MITCHELL IN SUPPORT OF          -2-                              10658513.1
REPLY TO OPPOSITION TO THE BRYAN DEFENDANTS'
MOTION TO WITHDRAW REFERENCE, CASE NO. 05-14659;
ADV. PROC. NO. 06-01173

1    5.    Attached hereto as Exhibit "D" is a true and correct copy of the July 10, 2007

2    Scheduling Order and Notice of Trial entered in this Adversary Proceeding.

3    I declare under penalty of perjury under the laws of the United States and the State of

4    California that the foregoing is true and correct.

5

6

7                                 NIXON PEABODY LLP

8
     DATED:  July 20, 2007
9
10                                 By: _____/s/_____
                                        Rosalyn P. Mitchell
11                                 Attorneys for Defendants/Cross-Claimants
                                   JOHN M. BRYAN, JOHN M. AND
12                                 FLORENCE E. BRYAN TRUST, and
                                   J.M. BRYAN FAMILY TRUST
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     DECLARATION OF ROSALYN P. MITCHELL IN SUPPORT OF    -3-                    10658513.1
     REPLY TO OPPOSITION TO THE BRYAN DEFENDANTS'
     MOTION TO WITHDRAW REFERENCE, CASE NO. 05-14659;
     ADV. PROC. NO. 06-01173

# EXHIBIT A

1   Glenn E. Westreich (State Bar No.100457)
    gwestreich@nixonpeabody.com
2   Beth L. Mitchell (State Bar No. 187460)
    bmitchell@nixonpeabody.com
3   Rosalyn P. Mitchell (State Bar No. 173829)
    rmitchell@nixonpeabody.com
4   NIXON PEABODY LLP
    Two Embarcadero Center, Suite 2700
5   San Francisco, CA  94111
    Telephone:  (415) 984-8200
6   Facsimile:  (415) 984-8300

7   Michael St. James (State Bar No. 95653)
    ST. JAMES LAW, P.C.
8   155 Montgomery Street, Suite 1004
    San Francisco, CA  94104
9   michael@stjames-law.com
    Telephone:  (415) 391-7566
10  Facsimile:  (415) 391-7568

11  Attorneys for Defendants/Cross-Claimants
    JOHN M. BRYAN, JOHN M. AND
12  FLORENCE E. BRYAN TRUST, J.M.
    BRYAN FAMILY TRUST
13

14                UNITED STATES BANKRUPTCY COURT

15        NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

16
    In re                                    Case No. 05-14659
17
    THE LEGACY ESTATE GROUP, LLC,            Adv. No.  06-01173
18  formerly doing business as FREEMARK
    ABBEY WINERY, BRYON VINEYARD &           Chapter 11
19  WINERY, and ARROWOOD VINEYARD &
    WINERY,
20
21            Debtor.

22
    OFFICIAL COMMITTEE OF UNSECURED          DECLARATION OF JOHN M. BRYAN IN
23  CREDITORS OF THE LEGACY ESTATE           SUPPORT OF SUPPLEMENTAL BRIEF
    GROUP, LLC,                              TO CERTIFY PROCEEDING TO
24                                           DISTRICT COURT FOR TRIAL BY JURY
                                             PURSUANT TO BANKRUPTCY LOCAL
25            Plaintiff,                     RULE 9015-2

26        v.                                 Hearing Date:      March 14, 2007
                                             Time:              10:00 a.m.
27  JOHN M. BRYAN, JOHN M. AND               Courtroom of The Hon. Alan Jaroslovsky
    FLORENCE E. BRYAN TRUST, J.M. BRYAN
28

1  FAMILY TRUST, KULWINDER SIDHU,
2  DEVINDER SIDHU, PACIFIC PARAGON
   INVESTMENT FUND LTD, a British Columbia
3  company, HARRY CHEW, and AIC CAPITAL
   PARTNERS, LLC, a California limited liability
4  company

5          Defendants.

6
7  AND RELATED CROSS-CLAIM.

8
9      I, John M. Bryan, state:

10      1.      I am a one of the trustees of the John M. and Florence E. Bryan Trust. Alan Brudos

11  also serves as a trustee.

12      2.      I am also a general partner in a partnership known as Sycamore Vineyards. Sycamore

13  Vineyards is a duly formed general partnership existing under the laws of the State of California.

14  Attached hereto as **Exhibit A** is a copy of the Partnership Agreement entered into on August 16,

15  1975 in San Francisco, California, by me and my wife, Florence E. Bryan, as general partners. It

16  exists separately and distinctly from the John M. and Florence E. Bryan Trust, a revocable trust held

17  for me and my wife as beneficiaries.

18      3.      Since 1976, the Sycamore Vineyards partnership has leased land from the J. M. Bryan

19  Family Trust. Attached hereto as **Exhibit B** is a copy of the lease agreement dated September 14,

20  1976. The lease was renewed just prior to its expiration in 2001. Attached hereto as **Exhibit C** is a

21  copy of the second lease agreement dated January 1, 2001 between the Sycamore Vineyards

22  partnership and the J. M. Bryan Family Trust. Both leases require Sycamore Vineyards, as a tenant,

23  to pay rent on the land, maintain separate insurance on the land, make reasonable repairs at its

24  expense to the rental property, and establishes restrictions on its use of the land. In every respect,

25  the Trust and the partnership act as separate entities regarding the operation of the Sycamore

26  Vineyards, including the simple lease of land.

27      4.      Throughout its existence, Sycamore Vineyards has operated as a going concern

28  farming business. Sycamore Vineyards has filed its own partnership tax returns in each of the 30

years of its existence. For 2006, Sycamore Vineyards posted a profit of $36,698 and had gross income – derived only from its own farming operations – in the amount of $498,616.

5.   The real property parcels conveyed pursuant to the Grant Deeds attached as Exhibits 4-7 to the Declaration of John H. MacConaghy deal with refinancings of parcels unrelated to the land connected to Sycamore Vineyards partnership's farming operations. The land which Sycamore Vineyards farms is leased pursuant to the attached lease agreement from the J. M. Bryan Family Trust, an irrevocable trust created by my mother.

I declare under penalty of perjury of the laws of the United States that the following is true and correct, that I have personal first hand knowledge thereto, and that, if called to testify as a witness, I could and would testify competently thereto.

Executed this 9th day of March 2007, at _Rutherford_, California.

_John M. Bryan_

DECLARATION OF JOHN M. BRYAN IN SUPPORT OF
SUPPLEMENTAL BRIEF TO CERTIFY PROCEEDING TO
DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
BANKRUPTCY LOCAL RULE 9015-2; CASE NO. 05-14659;

-3-

10332712.1

# EXHIBIT A

## SYCAMORE VINEYARDS

### (Partnership Agreement)

THIS PARTNERSHIP AGREEMENT is made and entered into as of this 16th day of August, 1976, by and between JOHN M. BRYAN and FLORENCE E. BRYAN.

RECITALS:

A.  The parties desire to form a partnership for the purpose of owning and operating a vineyard business.

B.  In order to carry out the purpose of the partnership, the partnership plans to acquire and own a parcel of land in Napa County, California (hereafter referred to as "Parcel A") and to lease an adjacent parcel of land. Said Parcel A is more fully described on Exhibit A hereto and both parcels are referred to herein collectively as the "Real Property".

NOW, THEREFORE, the parties hereto agree as follows:

1.  Formation of Partnership.

A.  The parties hereby establish a partnership for the purpose of carrying on a vineyard business and any other business related thereto.

B.  The name of the partnership shall be Sycamore Vineyards. Upon the request of either party, the

partnership shall sign and cause to be filed and published
in the county in which the principal place of business of
the partnership is situated, a Fictitious Business Name
Statement as required by the Business & Professions Code
of the State of California.

C.  The principal place of business of the
partnership shall be Rutherford, California or at such
other place or places as the partners shall hereafter de-
termine.

D.  Upon the request of either party, the
parties shall sign, verify, acknowledge and cause to be
recorded in the county in which the principal place of
business of the partnership is situated and in any county
where the partnership may from time to time acquire or pro-
pose to acquire real property, a Statement of Partnership
as required by Section 15010.5 of the Corporations Code of
the State of California.

E.  The partnership shall commence on the
date hereof and shall continue until dissolved by mutual
agreement.

2.  <u>Parties' Rights, Duties and Liabilities</u>.

A.  No party shall be required to devote full
time to the affairs of the partnership, but every party shall
at all times during the continuance of the partnership devote
whatever time, skill and effort may be necessary for the

2.

successful conduct of the partnership's affairs.

B. Management of the partnership shall be shared equally among the parties. The parties may select and employ such agents, contractors and advisors and obtain such professional services as the partners deem necessary or appropriate to carry out the purposes of the partnership, at such costs and upon such terms, as the partners deem necessary or advisable.

C. The parties may borrow on behalf of the partnership and mortgage partnership assets in order to accomplish the purposes of the partnership. The parties shall have the specific power to purchase Parcel A for the partnership and to mortgage Parcel A in order to secure a loan covering all or part of the purchase price of Parcel A.

D. Each party shall pay his separate debts punctually and shall indemnify the other party and the capital and property of the partnership against such debts and all expense arising therefrom, and against any and all loss, costs, liabilities, damage or expense arising from or in any way attributable to any act or omission in controvention of this Agreement.

E. Nothing herein shall preclude any party from acquiring an interest in, investing in, participating in, developing or managing any property, business or venture not specifically described herein, without notice to the

3.

other parties, without participation by the other parties
and without liability to them.

      3.  <u>Capital</u>.

      A.  The initial capital of the partnership
will consist of the following cash contributions by each
party:

| | |
|---|---|
| JOHN M. BRYAN: | $ 45,750 |
| FLORENCE E. BRYAN: | $ 15,250 |

      The parties shall, from time to time and at any
time hereafter, pursuant to agreement of all parties contri-
bute cash and other property to the capital of the partner-
ship, upon the terms, and in the proportions and at the valu-
ations provided in said agreement.  No party shall be required
to make contributions to the capital of the partnership except
as specified above, but voluntary contributions may be made
with the consent of the other party.

      B.  Except as expressly provided herein, no
party shall withdraw any part of the capital of the partner-
ship without the consent of all parties.

      4.  <u>Profits and Losses</u>.

      A.  Each of the partners shall share in the
profits of the partnership on the following basis:

| | |
|---|---|
| JOHN M. BRYAN: | 75% |
| FLORENCE E. BRYAN: | 25% |

4.

With the consent of all parties and upon terms agreed upon, any party may be permitted to participate in profits and losses of the partnership in a different percentage. All losses arising from the operations of the partnership shall be paid from the capital or profits of the partnership, or, if such capital and profits are insufficient therefor, by the parties according to their share in the partnership profits.

    5.  <u>Partnership Property</u>.

    A.  All property originally paid or bought into, or transferred to, the partnership as capital contributions of the parties, or subsequently acquired for the account of the partnership by purchase or otherwise, is partnership property.

    B.  The title to all partnership property shall be held in the name of the partnership.

    C.  With the consent of all parties, a party may loan or lease his separate property to the partnership upon terms agreed upon in writing. Such property shall not constitute partnership property or be a portion of the capital of the partnership for any purpose.

    D.  All partnership funds shall be deposited in the name of the partnership in one or more banks, as determined by the parties.

    E.  The interest of the parties in all property

5.

of the partnership, however acquired, shall be **according** to their percentage share in profits and losses as set forth in Section 4 hereof.

   6.   Accounting.

        A.   The partnership shall maintain books of account of the transactions of the partnership at its principal place of business and shall be at all times open to the inspection of either partner.  The partnership's fiscal year shall be as agreed upon by the parties.  Each partner shall cause to be entered into the books of account of the partnership a true account of all his dealings, receipts and expenditures for or on account of the partnership.

        B.   Within 120 days after the close of each fiscal year, the parties shall prepare or cause to be prepared a report of the partnership's operation, containing a balance sheet and a statement of income and surplus.  Each party shall receive a copy of such report.

   7.   Termination.

        The partnership shall terminate upon the occurence of any of the following events:

        (1)   Unanimous agreement of the parties;

        (2)   Sale of all partnership property;

        (3)   Death, insanity, incompetency or any act of insolvency by any of the partners.

6.

8. Liquidation.

Upon termination of the partnership for any reason, liquidation and winding up shall be in accordance with the following procedures:

A. The partnership shall continue for the sole purpose of winding up its affairs. The parties shall share equally in management and control.

B. Partnership assets shall first be applied to satisfaction of partnership liabilities, including a fund for the satisfaction of contingent liabilities. Thereafter, partnership property shall be either liquidated into cash or distributed in kind as agreed by the partners. In any event, all distributions shall be in proportion to the percentages set forth in Section 4 hereof.

9. Miscellaneous.

A. Except as expressly provided herein, the provisions of this Agreement shall be binding upon the executors, administrators, heirs, successors and assigns of each party.

B. This Agreement is subject to amendment only by agreement of all parties in writing.

C. This Agreement contains the entire agreement between the parties and supersedes all prior writings or representations.

7.

D.  The laws of the State of California shall govern all matters hereunder, including formation of the partnership and interpretation and performance hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written at San Francisco, California.

_____
John M. Bryan

_____
Florence E. Bryan

8.

EXHIBIT A

DESCRIPTION:

All that real property situate in the County of Napa, State of California, described as follows:

PARCEL ONE:

Commencing at an iron pipe at the most Western corner of that certain 106.93 acre tract of land heretofore conveyed to Arthur W. Bennett by Deed of record in Book 18 of Official Records, page 455, records of said Napa County, and running thence North 45° 20' East along the Northwestern line of said Bennett lands 1885 feet to the corner of a 26.988 acre tract of land owned by said Arthur W. Bennett, and running thence along the line of said 26.988 acre tract of land as follows: South 3° 33' East 42.6 feet, South 30° 23' West 151 feet and South 40° 24' East 1067.2 feet to a point on the Southeastern line of the 106.93 acre tract of land heretofore conveyed to Arthur W. Bennett by Deed of record in Book 18 of Official Records, page 455, said Napa County Records, as aforesaid, thence South 45° 20' West along said Southeastern line 785.2 feet to an iron stake at a corner of the land so conveyed to Arthur W. Bennett by the deed aforesaid; thence South 39° 30' East along the line of said Bennett lands 507.54 feet to a corner thereof; thence South 51° West along the Southeastern line of the lands so conveyed to Arthur W. Bennett by the deed aforesaid 1155 feet to a point on the Caymus Grant line, at a corner of said Bennett Lands, and thence North 31° 30' West along said Grant line 1563.5 feet, more or less, to the point of commencement.

EXCEPTING THEREFROM, however, the roadway leading to the Bella Union Mine as conveyed by deed of record in Book U of Deeds, page 81, said Napa County Records.

9.

# EXHIBIT B

Orig
SDB

## LEASE AGREEMENT

THIS AGREEMENT, made as of the 14th day of September, 1976, by and between J. M. Bryan Family Trust, a trust created under the laws of the State of California ("Landlord") and Sycamore Vineyards, a California partnership ("Tenant").

### W I T N E S S E T H:

RECITALS

A.  Landlord has acquired a certain parcel of property in Napa County, California comprising approximately 57.38 acres. Part of the acreage is suitable for establishing a vineyard and two dwelling houses are located on the parcel.

B.  Tenant is willing to invest its time and money in improving said acreage for purposes of establishing a new vine- yard.

NOW, THEREFORE, it is hereby agreed as follows:

1.  Description of Property.

Landlord hereby leases to Tenant and Tenant hires from Landlord that certain real property located in the City of Rutherford, Napa County, California designated by the County Assessor as Parcel No. 27-250-08 and comprising 57.38 acres. Said property is hereafter referred to as the "Property." Two dwelling houses, one of 1,315 square feet and the other 1,000 square feet,

1.

are located on the Property. Landlord also has rights to possession of another dwelling immediately adjacent to the Property. Said rights to possession are also granted to Tenant pursuant to this lease.

2. <u>Term of Lease.</u>

The term of this lease shall commence on September 14, 1976 and expire on September 14, 2001 unless sooner terminated by consent of both parties or their successors.

3. <u>Rental.</u>

Tenant shall pay rent as follows:

(1) An annual rental of $10,000 shall be payable in semi-annual installments on January 15 and July 15, of each year of the lease except that the first such installment shall be due hereunder January 15, 1977 and the second such installment shall be due May 14, 1977;

(2) In addition to said base rental, commencing with the grape harvest for the year 1982, Tenant shall also pay to Landlord as additional rental seven percent (7%) of the grape harvest for said year and for each subsequent year of the lease term, including the year in which this lease terminates. Said additional rental shall, at Tenant's option, be paid in kind or from the proceeds of sales of each such harvest.

4. <u>Required Improvements by Tenant.</u>

Tenant shall at its sole cost and expense use its best efforts to remove the grapevines and prune orchard now

2.

located on the Property and develop and operate a new vine-
yard on the acreage where such existing vines and prune trees
formerly stood. Such action shall be taken as expeditiously
as possible. Tenant shall employ qualified contractors and
others to carry out its obligations under this paragraph and
operate the new vineyard in a professional and businesslike
manner pursuant to methods that are recognized in the Napa
Valley as those most likely to produce a successful vineyard
for the harvesting of wine-producing grapes at this particular
location. Upon termination of this lease, all improvements made
by Tenant, including the vineyard on the Property, shall become
the sole property of Landlord.

5.  Expenses of Tenant.

Tenant shall pay at its sole expense all property taxes
and assessments levied on the Property and all costs of water,
sewer, and utility services for the Property. Tenant shall carry
casualty insurance of at least $35,000 on the large house, and
$15,000 on each of the other two houses located on or adjacent to
the Property and maintain public liability insurance on the
Property in an amount not less than $100,000. Landlord shall be
named as a coinsured on such policies. The amounts of such in-
surance shall be increased every five years to reflect the
change in the Consumer Price Index for Napa County.

6.  Restrictions on Use.

The Property is rented for use solely as a location

3.

for development of a vineyard and as a residence. No other use may be made of the Property except by the written consent of the Landlord.

7.   Repairs.

Tenant shall at its sole expense keep the Property and improvements thereon, including the three dwellings located on or adjacent to the Property and all fences, roads and ornamental trees on the Property, in good condition and repair.

8.   Assignment; Subletting.

Tenant shall not let or sublet all or part of the premises nor assign this lease or any interest therein without the prior written consent of Landlord; provided, however, that this lease shall be binding on and inure to the benefit of the successors in interest of Landlord and Tenant.

9.   Abandonment.

If Tenant abandons or vacates the Property, the Landlord may at its option terminate this lease, or enter the premises and remove all property at Tenant's expense.

10.   Attorneys' Fees.

The prevailing party may recover from the other party costs and attorneys' fees of any action brought by either party to enforce any terms of this lease or recover possession of the premises.

11. Waiver.

The waiver by Landlord of any breach shall not be

4.

construed to be a continuing waiver of any subsequent breach of any provision hereunder by Tenant.

      12.   <u>Indemnity</u>.

      Tenant shall hold and save Landlord free and harmless from and against any and all claims, liabilities, loss or damage to person or property which at any time may be suffered or sustained by Tenant or by any person who may be using, ocupying or visiting the Property or be in, over, near, on or about the same, except for any loss, injury or damage caused by the negligence of willful act of Landlord or its agents.

      IN WITNESS WHEREOF, Landlord and Tenant have caused this Agreement to be duly executed as of the day and year first written above.

<u>LANDLORD</u>

J. M. BRYAN FAMILY TRUST

By _____
     John M. Bryan, Trustee

<u>TENANT</u>

SYCAMORE VINEYARDS (a Partnership)

By _____
     John M. Bryan

By _____
     Florence E. Bryan
     (General Partners)

5.

# EXHIBIT C

## LEASE AGREEMENT

THIS AGREEMENT, made as of the 1st day of January, 2001, by and between J. M. Bryan Family Trust, a trust created under the laws of the State of California ("Landlord") and Sycamore Vineyards, a California partnership ("Tenant").

## WITNESSETH:

RECITALS

    A.    Landlord owns a certain parcel of property in Napa County, California comprising approximately 38.15 acres. The acreage is suitable for operating a vineyard.

    B.    Tenant is willing to invest its time and money in managing said acreage for purposes of operating the existing vineyard.

NOW, THEREFORE, it is hereby agreed as follows:

    1.    Description of Property.

Landlord hereby leases to Tenant and Tenant hires from Landlord that certain real property located in the City of Rutherford, Napa County, California designated by the County Assessor as Parcel No. 27-250-08 and comprising 38.15 acres. Said property is hereafter referred to as the "Property."

    2.    Term of Lease.

The term of this lease shall commence on January 1, 2001 and expire on December 31, 2020 unless sooner terminated by consent of both parties or their successors.

    3.    Rental.

Tenant shall pay rent as follows:

    (1)    An annual rental of ninety percent of net operating profit shall be payable once each year of the lease; the first such payment shall be due hereunder April 1, 2002.

4.    Expenses of Tenant.

Tenant shall pay at its sole expense all property taxes and assessments levied on the Property and all costs of water, sewer, and utility services for the Property. Tenant shall carry public liability insurance on the Property in an amount not less than $100,000. Landlord shall be named as a coinsured on such policies. The amounts of such insurance shall be increased every five years to reflect the change in the Consumer Price Index for Napa County.

5.    Restrictions on Use.

The Property is rented for use solely as a location for operating a vineyard. No other use may be made of the Property except by the written consent of the Landlord.

6.    Repairs.

Tenant shall at its sole expense keep the Property and improvements thereon, including all fences, roads and ornamental trees on the Property, in good condition and repair.

7.    Assignment; Subletting.

Tenant shall not let or sublet all or part of the premises nor assign this lease or any interest therein without the prior written consent of Landlord; provided, however, that this lease shall be binding on and inure to the benefit of the successors in interest of Landlord and Tenant.

8.    Abandonment.

If Tenant abandons or vacates the Property, the Landlord may at its option terminate this lease, or enter the premises and remove all property at Tenant's expense.

9.    Attorneys' Fees.

The prevailing party may recover from the other party costs and attorneys' fees of any action brought by either party to enforce any terms of this lease or recover possession of the premises.

10.    Waiver.

The waiver by Landlord of any breach shall not be construed to be a continuing waiver of any subsequent breach of any provision hereunder by Tenant.

11.   <u>Indemnity.</u>

Tenant shall hold and save Landlord free and harmless from and against any and all claims, liabilities, loss or damage to person or property which at any time may be suffered or sustained by Tenant or by any person who may be using, occupying or visiting the Property, except for any loss, injury or damage caused by the negligence of willful act of Landlord or its agents.

IN WITNESS WHEREOF, Landlord and Tenant have caused this Agreement to be duly executed as of the day and year first written above.

<u>LANDLORD</u>

J. M. BRYAN FAMILY TRUST

By _____
John M. Bryan, Trustee

<u>TENANT</u>

SYCAMORE VINEYARDS (a Partnership)

By _____
John M. Bryan, General Partner

# EXHIBIT B

Entered on Docket
June 28, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

FILED
ORDER FOR FLIFE

2007 JUN 27  AM II: 06

U.S. BANKRUPTCY COURT
FOR THERN DIST. OF CA.
SANTA ROSA, CA.

JUN 2 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6   In re THE LEGACY ESTATE GROUP,
    LLC,

7
              Debtor.
8   _____/

9   OFFICIAL COMMITTEE OF UNSECURED
    CREDITORS,

10
              Plaintiff,
11

12        v.

13

14

15  JOHN M. BRYAN, JOHN M. AND
    FLORENCE E. BRYAN TRUST, J.M.
16  BRYAN FAMILY TRUST, KULWINDER
    SIDHU, DEVINDER SIDHU, PACIFIC
17  PARAGON INVESTMENT FUND LTD, a
    British Columbia company, HARRY CHEW,
18  and AIC CAPITAL PARTNERS, LLC, a
    California limited liability company,

19
              Defendants,
20
    JOHN M. BRYAN, JOHN M. AND
21  FLORENCE BRYAN TRUST, J.M.
    BRYAN FAMILY TRUST,
22
              Defendants/Cross-Claimants,
23
    KULWINDER SIDHU, DEVINDER SIDHU,
24  PACIFIC PARAGON INVESTMENT FUND
    LTD, a British Columbia company, HARRY
25  CHEW, AIC CAPITAL PARTNERS, LLC, a
    California limited liability company, and
26  LAMINAR DIRECT CAPITAL, L.P., a
    Texas limited partnership,
27
              Defendants/Cross-Defendants.
28  _____/

No. C 07-2943 PJH
Bankr. Case No.  05-14659 AJ
Adv. Case No. 06-1173 AJ

**ORDER RE: REPORT AND
RECOMMENDATION
ON MOTION TO WITHDRAW
BANKRUPTCY COURT'S
REFERENCE**

**United States District Court**
For the Northern District of California

1    On May 24, 2007, defendants and cross-claimants John M. Bryan, John M. and

2  Florence E. Bryan Trust, and J.M. Family Trust, filed with the bankruptcy court a motion to

3  withdraw the reference to the bankruptcy court, pursuant to 28 U.S.C. § 157(d) and

4  Federal Rule of Bankruptcy Procedure ("FRBP") 5011.  On June 6, 2007, the bankruptcy

5  court transmitted the motion to this court pursuant to Rule 5011.  Upon transferring the

6  motion, the bankruptcy court did not provide any recommendation regarding whether its

7  reference should be withdrawn.

8    Because the bankruptcy court is more familiar with the underlying chapter 11

9  bankruptcy case filed in November 2005, and with the adversary case for which movants

10  seek withdrawal of the reference, pursuant to Bankruptcy L.R. 5011-2(b), the court refers

11  the instant motion to the bankruptcy court for a report and recommendation regarding

12  whether the reference should be withdrawn under 28 U.S.C. § 157(d), including but not

13  limited to whether the movant's right to a jury trial constitutes cause for withdrawal of the

14  reference.  Once the bankruptcy court has submitted to this court its recommendation

15  regarding whether withdrawal of reference should occur, this court will set a further briefing

16  schedule, if necessary, and issue a final order on the motion pursuant to Rule 5011.

17    **IT IS SO ORDERED.**

18

19  Dated: June 25, 2007

20                                                              PHYLLIS J. HAMILTON
21                                                              United States District Judge

22

23  Order transmitted to the Honorable Alan Jaroslovsky

24

25

26

27

28

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IN RE LEGACY ESTATE GROUP, LLC,

        Debtor.

Case Number: CV07-02943 PJH

**CERTIFICATE OF SERVICE**

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

USBC Manager-Santa Rosa
U.S. Bankruptcy Court
99 South E Street
Santa Rosa, CA 95404

Alan Jaroslovsky
USBC
Northern District of California
Santa Rosa Division
99 South E Street
Santa Rosa, CA 95404

Devinder Sidhu
P.O. Box 401
3022 St. Helena Highway North
St. Helena, CA 94574

Kulwinder S. Sidhu
P.O. Box 401
St. Helena, CA 94574

Dated: June 26, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

# EXHIBIT C

**Entered on Docket**
**June 28, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9    In re

10   THE LEGACY ESTATE GROUP,                    No. C 07-2943 PJH

11                      Debtor(s).
                                          /
12   _____

     OFFICIAL CREDITORS COMMITTEE,
13

14                      Plaintiff(s),           Bktcy. No. 05-14659

15              v.                              A.P. No. 06-1173

16   JOHN M. BRYAN, et al.,

17                      Defendant(s).
                                          /
18   _____

19       Bankruptcy Judge's Report and Recommendation Regarding Withdrawal of Reference

20
         Pursuant to the order of the District Court of June 25, 2007, the undersigned bankruptcy judge
21
     recommends that the District Court not withdraw the reference in this case for the following reasons:
22
         1. The issues in this case are well within the ordinary experience and expertise of the bankruptcy
23
     court.
24
         2. This case has been litigated in bankruptcy court for over seven months during which time the court
25
     has already made several key rulings. These include dismissing a cross-claim, denying a motion to transfer the
26

                                          1

1  case to district court, and striking a jury demand.

2         3.  Defendants John M. Bryan and the J. M. Bryan Family Trust have filed proofs of claim in the

3  bankruptcy case.  Thus, the underlying dispute is whether these defendants owe the bankruptcy estate money

4  or whether the estate owes them money.  Resolution of such disputes is a core purpose of the bankruptcy

5  court both historically and pursuant to 28 U.S.C § 157(b)(2)(B) and § 157(b)(2)(C).  The filing of a proof

6  of claim waives the right to a jury.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S.Ct.

7  2782, 106 L.Ed.2d 26 (1989).

8         4.  One defendant, the John M. and Florence E. Bryan Trust, has not filed a proof of claim.  The issue

9  is still pending here as to whether it is bound by the proofs of claim filed by the other two defendants, all of

10 whom are related.  Even if the court determines that this remaining defendant is entitled to a jury trial, the court

11 suspects that principles of issue preclusion may make that litigation relatively simple once this court has

12 adjudicated the rights of the other two defendants.

13         WHEREFORE, the undersigned bankruptcy judge recommends that the reference not be withdrawn.

14         The undersigned also expresses his appreciation to the District Court for an opportunity to comment

15 on this matter.  In some cases, litigants use a motion to withdraw the reference for improper purposes,

16 including a desire to delay litigation or make it more expensive for a bankruptcy estate with limited assets to

17 prosecute.  Also, in some instances motions to withdraw the reference are filed in an attempt to forum shop

18 when the moving party becomes unhappy with bankruptcy court rulings.

19

20 Dated:  June 28, 2007

21

22                                        Alan Jaroslovsky
                                          U.S. Bankruptcy Judge
23

24

25

26

                                    2

# EXHIBIT D

Entered on Docket
**July 10, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

> **FILED**
> **July 10, 2007**
> **U.S. Bankruptcy Court**
> **Santa Rosa, Division**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re

The Legacy Estate Group LLC                                     No. 05-14659

Debtor(s).
_____/

Official Committee of Unsecured Creditors

Plaintiff(s),

v.                                                        A.P. No. 06-1173

John Bryan, et.al,

Defendant(s).
_____/

## SCHEDULING CONFERENCE ORDER AND NOTICE OF TRIAL

Following scheduling conference, IT IS ORDERED as follows:

1. Trial in the above matter is set for November 13, 2007, at 9:00 A.M. at 99 South E Street, Santa Rosa, California.  This is a DATE CERTAIN.

2. All depositions and other discovery shall be concluded by October 12, 2007.  All interrogatories shall be served such that responses are due before then.  Discovery motions must be heard timely; TRIALS WILL NOT BE CONTINUED DUE TO DISCOVERY DISPUTES.

3. At least seven days before trial all parties shall email to the court (Dawn_Orders@canb.uscourts.gov) and opposing parties proposed findings of fact and conclusions of law and shall pre-mark and exchange copies of all exhibits to be used at trial except those to be used solely for impeachment.  Plaintiff shall use numbers and defendant letters in pre-marking exhibits.

1

1    4. Failure to strictly abide by the terms of this order may subject a party to default, dismissal, or

2  other sanctions.

3    5. If this space is checked: X, accounting and expert testimony shall be in the form of declarations

4  filed and served at least 7 days before trial.  Declarants shall be present in court for cross-examination

   unless the other parties waive the right to cross-examine.

5

6
     Dated: July 10, 2007
7

8

9

10                                                    Alan Jaroslovsky
                                                      U.S. Bankruptcy Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                             2

**Entered on Docket**
**July 10, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# CERTIFICATE OF MAILING

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: July 10, 2007

_Dan Sondheim_
Deputy Court Clerk

Kulwinder S. Sidhu
P.O. Box 401
St. Helena, CA 94574

Devinder Sidhu
P.O. Box 401
3022 St. Helena Highway North
St. Helena, CA 94574

David A. Honig
Winston & Strawn LLP
101 California St. 39th Fl.
San Francisco, CA 94111

# PROOF OF SERVICE

**CASE NAME:**      *In re The Legacy Estate Group, LLC, et al.*
*The Official Committee of Unsecured Creditors of the Legacy Estate Group,*
*LLC v. Bryan, et al.*
**COURT:**            U.S. Northern District of California
**CASE NO.:**         CV07-02943 PJH
**Bankr. Case No.**   05-14659 AJ
**Adv. Case No.:**    06-01173
**NP NO.**            044963.000002

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Two Embarcadero Center, Suite 2700, San Francisco, CA 94111-3996. On this date, I served the following document(s):

> **DECLARATION OF ROSALYN P. MITCHELL IN SUPPORT OF REPLY OF JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, AND J.M. BRYAN FAMILY TRUST IN SUPPORT OF MOTION TO WITHDRAW REFERENCE**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__: _By First-Class Mail_ — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

__: _By Overnight Courier_ — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

__: _By Facsimile_ — From facsimile number (415) 984-8300 before 5:00 P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

_X_: _By Electronic Filing_ – I have reviewed the Order re Electronic Service of Pleadings in Case No. CV07-02943 PJH pursuant to Local Rule 5-4 and General Order 45. I am serving the above documents as required by the Order re Electronic Service of Pleadings in Case No. CV07-02943 PJH and as instructed under the Electronic Case Filing Program.

Addressee(s)

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **July 20, 2007**, at San Francisco, California.

_____
Carolyn Ernser

1

**SERVICE LIST**

| | |
|---|---|
| 2  **Attorneys for Debtor:** | |
| 3  MURRAY & MURRAY | |
| 4  John Walshe Murray<br>Robert A. Franklin | |
| 5  19400 Stevens Creek Boulevard, Suite 200<br>Cupertino, CA 95014-2548 | |
| 6  Telephone: (408) 907-9200; (650) 852-9000<br>Facsimile: (650) 852-9244 | |
| 7  E-Mail: jwmurray@murraylaw.com<br>E-Mail: rfranklin@murraylaw.com | |

8 **Attorneys for Plaintiff, Official Committee of**
**Unsecured Creditors of The Legacy Estate**
9 **Group, LLC:**

10 WINSTON & STRAWN, LLP
David A. Honig
11 Hannah L. Blumensteil
101 California Street, Suite 3900
12 San Francisco, CA 94111-5802
Telephone: (415) 591-1000
13 Facsimile: (415) 591-1400
E-Mail: dhonig@winston.com
14 E-Mail: hblumensteil@winston.com

15

MACCONAGHY & BARNIER, PLC
16 John H. Macconaghy
645 First Street West, Suite D
17 Sonoma, CA 95476
Telephone: (707) 935-3205
18 Facsimile: (707) 935-7051
macclaw@macbarlaw.com

19

**Attorneys for Defendants & Cross-Defendants,**
**Harry Chew, Pacific Paragon Investment**
**Funds, Ltd., and AIC Capital Partners, LLC:**

Elmer Dean Martin, III
22632 Golden Springs Drive, Suite 190
P.O. Box 4670
Diamond Bar, CA 91763
Telephone: (909) 861-6700
Facsimile: (909) 860-3801
E-Mail: elmer@bankruptcytax.net

WINTHROP COUCHOT, P.C.
Sean A. O'Keefe
Richard H. Golubow
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
E-Mail: sokeefe@withropcouchot.com

20 **Defendants & Cross-Defendants Kulwinder**
**Sidhu and Devinder Sidhu in *Propia Persona*:**

21 Kulwinder "Calvin" Sidhu
Devinder Sidhu
22 P.O Box 401
St. Helena, CA 94574
23 Kulwinder's Tel.: (425) 985-5241
Devinder's Tel: (707) 287-3173
24 E-Mail: Dev@legacyestategroup.com
E-Mail: Calvin@legacyestategroup.com

25

26

**Attorneys for Cross-Defendant Laminar Direct**
**Capital, L.P.:**

KLEE, TUCHIN, BOGDANOFF & STERN, LLP
Thomas E. Patterson
Michael L. Tuchin
Courtney E. Pozmantier
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
E-Mail: tpatterson@ktbslaw.com
E-Mail: cpozmantier@ktbslaw.com

27

28