UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re THE LEGACY ESTATE GROUP, LLC,

        Debtor.
_____/

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

        Plaintiff,

    v.

JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company,

        Defendants,

JOHN M. BRYAN, JOHN M. AND FLORENCE BRYAN TRUST, J.M. BRYAN FAMILY TRUST,

        Defendants/Cross-Claimants,

KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, AIC CAPITAL PARTNERS, LLC, a California limited liability company, and LAMINAR DIRECT CAPITAL, L.P., a Texas limited partnership,

        Defendants/Cross-Defendants.
_____/

No. C 07-2943 PJH
Bankr. Case No. 05-14659 AJ
Adv. Case No. 06-1173 AJ

**STAY ORDER; ADMINISTRATIVE CLOSURE**

On May 24, 2007, defendants and movants John M. Bryan ("Bryan"), John M. and Florence E. Bryan Trust ("JFB Trust"), and J.M. Bryan Family Trust ("JMB Trust"), filed with the bankruptcy court a motion to withdraw the bankruptcy court's reference, pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure ("FRBP") 5011. On June 6, 2007, the bankruptcy court transmitted the motion to this court pursuant to Rule 5011. On June 29, 2007, the bankruptcy court submitted to this court a report and recommendation, in which the bankruptcy court recommended that this court deny the motion to withdraw the reference. Subsequently, the parties briefed the motion before this court.

Plaintiff, the official committee of unsecured creditors of the debtor Legacy Estate Group, LLC ("committee"), 05-14659 AJ, filed the adversary proceeding, 06-1173 AJ, giving rise to the instant motion, against a number of defendants/creditors, including Bryan, the JMB Trust, and the JFB Trust, to recover estate property and damages. The first amended complaint ("FAC") includes twenty claims, most of which seek relief under the Bankruptcy Code, but a few which seek relief under state law as well.

Movants seek withdrawal of the reference to the bankruptcy court based on the JFB Trust's right to a jury trial. The United States Supreme Court has held that the Seventh Amendment entitles a person who has not submitted a claim against a bankruptcy estate to a jury trial when sued by a bankruptcy trustee seeking monetary relief, even in core proceedings under the Bankruptcy Code, such as fraudulent or preferential transfer actions. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 40 n.3, 50 (1989) (fraudulent transfer case); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (preferential transfer case). Unless all parties consent and the district court designates the bankruptcy court to do so, the bankruptcy court may not conduct the jury trial. *See* § 157(e). However, a creditor waives the jury trial right by filing a proof of claim in the bankruptcy case. *See Granfinanciera,* 492 U.S. at 40; *Langenkamp*, 498 U.S. at 44.

The current motion appears to have been motivated by movants' dissatisfaction with related rulings by the bankruptcy court. There is no dispute that Bryan and the JMB Trust

filed proofs of claims in the bankruptcy case. On March 28, 2007, the bankruptcy court noted that was the case, and on June 27, 2007, struck Bryan and the JMB Trust's demands for jury trial. Similarly, there is also no dispute that the JFB Trust did *not* file a proof of claim. The dispute that has not been resolved, though, and that appeared to have been imminent at the time movants filed the motion before this court, concerns whether or not Bryan and the JMB Trust constituted alter egos for the JFB Trust, such that the filing of Bryan's and the JMB Trust's proofs of claims waived the JFB Trust's jury trial right. In fact, in its March 28, 2007 order, the bankruptcy court granted the parties leave to conduct discovery on the issue, ordered the parties to submit supplemental briefs, and indicated that it would hold an evidentiary hearing on the issue. However, given the instant motion to withdraw its reference, the bankruptcy court did not resolve the issue.

Because that issue is central to this court's decision on the motion to withdraw the reference, the court STAYS the instant motion pending resolution of the issue by the bankruptcy court. The court notes that the bankruptcy court retains jurisdiction to decide the issue in spite of the fact that the current motion to withdraw was filed. *See* Federal Rule of Bankruptcy Procedure 5011(c) (noting that motion to withdraw reference does not stay proceedings before bankruptcy judge "except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion"). Because of the size and complexity of the Chapter 11 bankruptcy case, the bankruptcy court's familiarity with the case in general and with the very specific issue here, and the impact on the bankruptcy estate, this issue is more appropriately determined by the bankruptcy court. To the extent that the bankruptcy court decides that the JFB Trust does indeed constitute an alter ego of Bryan and/or the JMB Trust, then JFB Trust, in addition to Bryan and JMB Trust, will all have waived their jury trial right and the instant motion will be mooted. However, to the extent the bankruptcy court determines otherwise, then this court will rule on the motion to withdraw reference.

Accordingly, the court STAYS this motion and case pending the bankruptcy court's

3

resolution of the above issue. The parties are ORDERED to advise this court immediately upon the bankruptcy court's ruling on the issue.

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened, the stay vacated, and further order issued upon notification by the parties in accordance with the conditions set forth above.

**IT IS SO ORDERED.**

Dated: August 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge