Glenn E. Westreich (State Bar No.100457)
gwestreich@nixonpeabody.com
Beth L. Mitchell (State Bar No. 187460)
bmitchell@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA  94111
Telephone:  (415) 984-8200
Facsimile:  (415) 984-8300

Michael St. James (State Bar No. 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA  94104
michael@stjames-law.com
Telephone:  (415) 391-7566
Facsimile:  (415) 391-7568

Attorneys for Defendants/Cross-Claimants
JOHN M. AND FLORENCE E. BRYAN
TRUST

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re     Case No. 05-14659 | Case No.   C 07-2943 PJH |
| THE LEGACY ESTATE GROUP, LLC, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, and ARROWOOD VINEYARD & WINERY<br><br>Debtor | **RENEWED MOTION TO WITHDRAW REFERENCE** |
| Adv. No.  06-01173<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC,<br><br>Plaintiff,<br><br>v. | |

| | |
|---|---|
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company<br>                         Defendants.<br><br>JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST,<br>             Defendants/Cross-Claimants,<br><br>v.<br><br>KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, AIC CAPITAL PARTNERS, LLC, a California limited liability company, and LAMINAR DIRECT CAPITAL, L.P., a Texas limited partnership<br>             Defendants/Cross-Defendants. | |

The JFB Trust hereby renews its Motion to Withdraw the Reference with respect to the above lawsuit, presently pending in the Santa Rosa Bankruptcy Court, and in support thereof respectfully represents:

1.      This Court previously requested that the Bankruptcy Court conduct an evidentiary hearing to resolve the Motion to Withdraw the Reference. The Ninth Circuit has recently held that this Court's right and duty to decide Motions to Withdraw the Reference cannot be circumscribed or delegated: this Court, and not the Bankruptcy Court, must rule on the instant Motion.

2.      After conducting an "evidentiary hearing" at which no facts were in dispute, the Bankruptcy Court denied the JFB Trust's jury trial demand – and with it, the Motion to Withdraw the Reference – on a showing that was insufficient as a matter of law.

3. Specifically, the Bankruptcy Court found that the JFB Trust was the *alter ego* of Mr. Bryan (who had waived his right to a jury trial by filing a Proof of Claim against the bankruptcy estate) *solely* on the basis of ownership and control. Clear and binding Ninth Circuit authority holds that ownership and control are insufficient to support an *alter ego* finding as a matter of law: fraud or misconduct or an inequitable result is also required. *No evidence of any type* was presented with respect to any of those issues.

4. Since the JFB Trust is entitled to a jury trial and has not consented to the trial being conducted by the Bankruptcy Court, this Court must withdraw the reference. Similarly, because the JFB Trust's jury rights will be fundamentally impaired by the Bankruptcy Judge's announced intent to create collateral estoppel, this Court should stay the lawsuit pending in the Bankruptcy Court and prevent it from going to trial on November 13, 2007.

WHEREFORE, the JFB Trust prays that the Court make and enter its Order withdrawing its reference of the entirety of the above lawsuit and staying the Bankruptcy Court from taking any further action in connection therewith.

Respectfully submitted,

DATED: October 15, 2007

NIXON PEABODY, LLP
ST. JAMES LAW, P.C.

By: /s/ *Michael St. James* .
    Michael St. James
Counsel for the JFB Trust