Glenn E. Westreich (State Bar No.100457)
gwestreich@nixonpeabody.com
Beth L. Mitchell (State Bar No. 187460)
bmitchell@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA  94111
Telephone:  (415) 984-8200
Facsimile:   (415) 984-8300

Michael St. James (State Bar No. 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA  94104
michael@stjames-law.com
Telephone:  (415) 391-7566
Facsimile:   (415) 391-7568

Attorneys for Defendants/Cross-Claimants
JOHN M. AND FLORENCE E. BRYAN
TRUST

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 05-14659 | Case No.  C 07-2943 PJH |
|---|---|---|
| THE LEGACY ESTATE GROUP, LLC, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, and ARROWOOD VINEYARD & WINERY | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION TO WITHDRAW REFERENCE** |
| Debtor | | |
| Adv. No.  06-01173 | | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | | |
| Plaintiff, | | |
| v. | | |

JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M. BRYAN
FAMILY TRUST, KULWINDER SIDHU,
DEVINDER SIDHU, PACIFIC PARAGON
INVESTMENT FUND LTD, a British Columbia
company, HARRY CHEW, and AIC CAPITAL
PARTNERS, LLC, a California limited liability
company
                            Defendants.

JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M. BRYAN
FAMILY TRUST,
                    Defendants/Cross-Claimants,

                    v.

KULWINDER SIDHU, DEVINDER SIDHU,
PACIFIC PARAGON INVESTMENT FUND
LTD, a British Columbia company, HARRY
CHEW, AIC CAPITAL PARTNERS, LLC, a
California limited liability company, and
LAMINAR DIRECT CAPITAL, L.P., a Texas
limited partnership
                    Defendants/Cross-Defendants.

## I.    SUMMARY

After conducting an "evidentiary hearing" at which no facts were in dispute, the Bankruptcy

Court denied the JFB Trust's jury trial demand – and with it, the Motion to Withdraw the Reference –

on a showing that was insufficient as a matter of law.

The Ninth Circuit recently held that this Court's right and duty to decide motions to withdraw

the reference cannot be circumscribed or delegated: this Court, and not the Bankruptcy Court, must

rule on the instant Motion.

Since the JFB Trust is entitled to a jury trial and has not consented to the trial being conducted

by the Bankruptcy Court, this Court must withdraw the reference.  Similarly, because the JFB Trust's

jury rights will be fundamentally impaired by the Bankruptcy Judge's announced intent to create

1

2

collateral estoppel, this Court should stay the lawsuit pending in the Bankruptcy Court and prevent it from going to trial on November 13, 2007.

3

4

5

## II.    THE PROCEEDINGS TO DATE

6

7

8

9

10

11

12

13

The JFB Trust filed its Motion to Withdraw the Reference on June 24, 2007. Request for Judicial Notice (hereinafter, "RJN"), Ex. 1.  The Court requested the Bankruptcy Judge's recommendation, and the Bankruptcy Judge advised that the JFB Trust's right to a jury trial was to be the subject of an evidentiary hearing.  On August 9, 2007, the District Court issued its Order, which contemplated that the Bankruptcy Judge would conduct that evidentiary hearing and rule on the JFB Trust's right to a jury trial.  RJN Ex. 2.  That Order arguably delegated the decision on the Motion to Withdraw the Reference to the Bankruptcy Judge.

14

15

16

17

18

19

20

On September 28, 2007, the Bankruptcy Judge conducted the "evidentiary hearing."  No witnesses testified and all of the evidence was presented through the Declaration of Plaintiff's counsel.  RJN, Ex. 5.  No facts were in dispute.  The JFB Trust argued that the showing made was legally insufficient to deny the JFB Trust's right to a jury trial, but the Bankruptcy Judge ruled otherwise.  "Memorandum re Right to Jury Trial of Defendant" (hereinafter, "Memorandum Decision"); RJN Ex. 11.

21

22

23

24

The Bankruptcy Judge set the lawsuit for trial on November 13, 2007.  Memorandum Decision, 2:13-14, RJN Ex. 11.  The Bankruptcy Judge again announced that even were the JFB Trust entitled to a jury trial in the District Court, by conducting a prompt trial in the Bankruptcy

25

26

27

28

1    Court as to every other defendant, the Bankruptcy Judge would dispose of the JFB Trust's jury trial

2    through application of principles of collateral estoppel.[1]

3    **III.    ARGUMENT**

4

5        **A.    The Bankruptcy Court's Findings Were Insufficient to Deny the JFB Trust's**
         **Right to a Jury Trial As a Matter of Law**

6

7        The JFB Trust is a separate juridical entity,[2] capable of suing and being sued, and has been

8    treated as such by the Bankruptcy Court and all of the litigants in this case.[3]   It has two trustees and

9    two beneficiaries.   It can claim a right to a jury trial under the Seventh Amendment.

10       The Bankruptcy Court, citing cases addressing motions to compel arbitration against non-

11   signatories to the arbitration agreement, recited that the applicable legal principle is

12

13           ordinary agency principles, including alter ego, govern whether a party may be
             compelled to litigate in another forum in lieu of a jury trial.  *Comer v. Micor, Inc.* 436
14           F.3d 1098, 1101 (9th Cir. 2006); *Letizia v. Prudential Bache Securities, Inc.* 802 F.2d.
             1185, 1187 (9th Cir. 1985).
15
     Memorandum Decision, 2:5-8, RJN 11.
16

17

18   ─────────────────

     [1]      "The court further notes that even if the JFB Trust were entitled to a jury trial, there is a very
19   good chance that this issue will prove moot.   [A]s the court has noted before, principles of issue
     preclusion may make trial against the trust unnecessary.  For these reasons, the court respectfully suggests that
20   it should proceed with the trial now set for November 13, 2007."  Memorandum Decision 2:9 – 14, RJN Ex.
     11.
21
     [2] The JFB Trust is recognized under California Probate Law as a separate entity and qualifies for the
22   exception to doctrine of merger pursuant to Probate Code §15209(b).   Under California law, it is axiomatic
     that a trust – here, the JFB Trust – is a distinct legal entity, separate from its beneficiaries.  *Torrey Pines Bank*
23   *v. Hoffman*, 231 Cal.App.3d 308, 322, 282 Cal.Rptr. 354, 362 (1991) ("the trust is preserved as a separate legal
     entity.")
24
     [3]      The Committee has admitted through the allegations in its First Amended Complaint that the JFB
25   Trust is a separate and distinct legal entity.  First Amended Complaint ("FAC") 11:6-9, filed as Exhibit 1 to
     the prior Request for Judicial Notice filed herein on or about June 7, 2007.   Accordingly, the JFB Trust is
26   separately named as a defendant.  FAC 2:13-16.  All of the transactions through which the Committee seeks to
     impose liability on the JFB Trust were entered in the trust's name.  FAC at 5:12-27, 6:1-4, 7:10-23, 9:7-10,
27   9:19-2610:5-9,11:6-9.

28

─────────────────

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Bankruptcy Court then held that "the JFB Trust is the ultimate alter ego of Bryan. The JFB Trust is a fully revocable estate planning device containing all of Bryan's assets. He has full control of the assets of the trust and can revoke it at any time." Memorandum Decision, 2:1-3. Even under the authority cited by the Bankruptcy Court, these factual findings are insufficient to deny the JFB Trust its jury trial.

Particularly instructive is the most recent Ninth Circuit authority cited by the Bankruptcy Judge, *Comer*. In *Comer*, the beneficiary of an ERISA trust brought suit as a third party beneficiary against the ERISA trust's investment managers. It was assumed that if the claims had been asserted by the trustee of the trust, the investment managers could have compelled arbitration. At issue was whether arbitration could be compelled when the suit was initiated by the beneficiary. Thus, *Comer* was the obverse of the instant case: in *Comer*, the trust had waived the jury trial right but the beneficiary sought it; in the instant case, the beneficiary had waived the jury trial but the trust sought it. The Ninth Circuit upheld the right to a jury trial.

The Ninth Circuit first considered ordinary agency theories, noting that the non-signatory waives its jury right when it "knowingly exploits the agreement containing the arbitration clause." *Comer*, 436 F.3d. at 1101. Here, the equivalent of the "agreement containing the arbitration clause" was Mr. Bryan's Proof of Claim, and it is clear that the JFB Trust had nothing whatsoever to do with that Proof of Claim: far from enjoying (or "exploiting") a benefit from it, the JFB Trust had no connection with it whatsoever.[4] Indeed, all of the Ninth Circuit's "agency" analysis fails in this case,

---

[4] Mr. Bryan filed Proofs of Claim for himself, for a partnership (Sycamore Vineyards) and for a different Trust (the J.M. Bryan Family Trust). See, listing of Proofs of Claim filed in the bankruptcy case, RJN Ex. 13. It is undisputed that the JFB Trust had no connection whatsoever with Sycamore Vineyards or the other Trust. Mr. Bryan's claims were all filed seeking indemnity for a personal guarantee he had made with respect to an obligation of Legacy. See, Proofs of Claim, RJN Ex. 14. The JFB Trust had no connection with the personal guarantee or the underlying obligation. Nothing Mr. Bryan did in the bankruptcy case – and certainly none of the Proofs of Claim which he filed in the bankruptcy case – was done as the agent for, on behalf of or with any connection to the JFB Trust.

1   because it is undisputed that Mr. Bryan never did anything with respect to the bankruptcy case as the

2   agent of the JFB Trust.  Accordingly, the Bankruptcy Court did not rest its decision on "ordinary

3   agency theories" and looked instead to the *alter ego* alternative.

4       In *Comer*, the Ninth Circuit briefly addressed the only basis relied upon by the Bankruptcy

5   Judge, *alter ego,* explaining, "And theories of veil-piercing and alter ego are inapplicable, given the

6   absence of either fraud or a failure to observe corporate formalities."  *Comer*, 436 F.3d at 1103.

7   Here, there was no attempt to introduce *any* evidence of *either* fraud or a failure to observe corporate

8   formalities.  That is understandable: there could have been no factual basis for either the claim that

9   Mr. Bryan fraudulently advanced the JFB Trust's claims in his own Proof of Claim – the two were

10  wholly unrelated – or that he failed to observe all appropriate formalities.[5]  Fraud and misconduct are

11  at the heart of every *alter ego* finding,[6] but here no attempt was made to introduce evidence of either.

12      Rather, the *entire* basis of the Bankruptcy Judge's decision was simply that Mr. Bryan had

13  ownership of and control over the trust assets.  But see, *Katzir's Floor and Home Design, Inc. v. M-*

14  *MLS.com*  394 F.3d 1143, 1148 -1149 (9th Cir. 2004) (reversing an *alter ego* finding based solely on

15  ownership and control, noting that *alter ego* requires a finding of injustice or fraud).  Likewise in the

16  case on which the Bankruptcy Judge purported to rely, Mr. Comer, the beneficiary of the ERISA

17  trust, had control over that trust's assets, and like Mr. Bryan, Mr. Comer could have "revoked" the

18  ERISA trust by requiring that the trust assets be liquidated and distributed to him.  If that type of

---

[5]      See, e.g., nearly 80 pages of JFB Trust documents, attached as Exhibit A to the Morris Declaration, RJN Ex. 5.

[6]      The alter ego doctrine, which is remedial in nature, is not applied to eliminate the consequences of corporate operations, but to avoid inequitable results. To invoke the doctrine against a party, we must find that the party *was an actor in the course of conduct constituting the abuse of corporate privilege* – we may not apply the doctrine to prejudice an innocent third party.

*S.E.C. v. Elmas Trading Corp.*  620 F.Supp. 231, 233 (D.C.Nev. 1985) (emphasis supplied)

ownership / beneficiary interest was insufficient to waive a jury trial in *Comer*, it should be equally insufficient in this case. *Nothing more* was ever identified in this case… but the Bankruptcy Judge denied the JFB Trust its Seventh Amendment right.

### B. The Bankruptcy Court Trial Must Be Stayed

The Bankruptcy Judge has been forthright in announcing his intention quickly to adjudicate everything that he can, so that the application of collateral estoppel will eviscerate (make "unnecessary") the JFB Trust's right to a jury trial. Memorandum Decision 2:9 – 14, RJN Ex. 11. This offensive use of collateral estoppel is impermissible. Rather, it is clear law that a court *must not* try equitable issues first, if that would preclude a jury trial on comparable legal issues.

This very issue arose and was resolved by the Supreme Court in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed. 2d 988 (1959). In *Beacon,* the plaintiff, hoping to block an anticipated antitrust action, filed an action for declaratory and injunctive relief; the defendant brought the antitrust action as a counterclaim and demanded a jury trial. The district court elected to try the equitable issues in the complaint before empanelling a jury on the counterclaim, effectively removing most of the factual issues from the jury by means of collateral estoppel. The Supreme Court held that this was improper:

> [where there is an overlap] the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial…. This long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which … we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.

*Beacon Theatres*, 359 U.S. at 504-511, 79 S.Ct. at 953-957. Accord, *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 (1962) (plaintiff entitled to jury trial on legal issues even though the same facts formed the basis for its request for injunctive relief.); *Lytle v. Household Mfg.,*

*Inc.* 494 U.S. 545, 546, 110 S.Ct. 1331, 1333 (1990) (recognizing as settled law that "a district court cannot deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues.")

The fact that the litigation may have some connection with a bankruptcy estate does not defeat a right to a jury trial. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59, 109 S.Ct. 2782, 2799, 106 L.Ed. 2d 26 (1989) ("Congress therefore cannot divest [the defendants] of their Seventh Amendment right to a trial by jury" simply to improve the efficiency of the bankruptcy process.)   Even if the Bankruptcy Judge thinks it might be more convenient to try the lawsuit quickly himself, he cannot do so if it would override a Seventh Amendment right to a jury trial.

The Supreme Court has considered and rejected the stratagem proposed by the Bankruptcy Judge in this case.  Where factual findings may be made by either a judge or a jury, the court must exercise its discretion to preserve the jury trial right.  The litigation in the Bankruptcy Court must be stayed so as to protect the JFB Trust's jury trial right.  The Bankruptcy Judge must not be permitted to eviscerate the JFB Trust's Seventh Amendment rights through a rush to judgment followed by the application of collateral estoppel.

### C    *This Court Must Decide The Motion To Withdraw The Reference.*

Arguably, the Court's prior Order delegated decision making authority over the Motion to Withdraw the Reference to the Bankruptcy Judge, concluding that if he found the JFB Trust not entitled to a jury trial, that decision would result in denial of the Motion.  The Bankruptcy Court so interpreted this Court's prior Order.  See, Memorandum Decision, 2:15-17, RJN Ex. 11.

With respect, such a delegation of authority would be error.  The jurisdictional regime under which the Bankruptcy Courts operate is entirely dependent upon the right of District Courts as Article III Courts to refer certain aspects of their judicial power to Article I Bankruptcy Courts.  The

constitutionality of this system is dependent upon the District Court's exclusive control over whether or not to withdraw its reference from the Bankruptcy Court.

In a recent decision, the Ninth Circuit struck down a Local Rule of the Bankruptcy Court of the Northern District of California which purported to control the manner in which the District Court exercised its discretion with respect to Motions to Withdraw the Reference. *In re Healthcentral.com* _____ F.3d. _____, 2007 WL 2743497 (9th Cir. Sept. 21, 2007) addressed Bankruptcy Local Rule 9015 which provided that, if the Bankruptcy Court found that a litigant had a right to a jury trial, it must immediately certify the litigation to the District Court for resolution and the District Court must immediately withdraw the reference. The Ninth Circuit held that the District Court enjoyed broad discretion respecting the withdrawal of the reference, and that its discretion included deciding when to withdraw the reference; e.g., permitting litigation to proceed through the pre-trial phase in the Bankruptcy Court before withdrawing the reference. Conversely, the Bankruptcy Court has no right to address the withdrawal of the reference. The Ninth Circuit explained:

> the Supreme Court promulgated Federal Rule of Bankruptcy Procedure 5011(a), which states in its entirety:
>
> > *A motion* for *withdrawal* of a case or proceeding shall be heard by a *district judge.*
>
> *Id.* (emphasis added); *see also id. advisory committee note* ("[5011(a) ] makes it clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. The withdrawal decision is committed exclusively to the district court.").

*Healthcentral.com, supra,* _____ F.3d. at_____, 2007 WL 2743497, 6 (emphasis in oridginal).

The Ninth Circuit struck down the Local Rule because it improperly circumscribed the District Court's discretion in administering withdrawal of the reference, and improperly transferred authority over an aspect of the withdrawal of reference to the Bankruptcy Court.

It is respectfully submitted that the same principle prevents the District Court from delegating decision making to the Bankruptcy Court, whether with respect to the "evidentiary hearing" or

otherwise.  The ruling on a Motion to Withdraw its Reference must be an exercise of the District

Court's discretion, not the Bankruptcy Court's discretion.


## IV.    CONCLUSION

The District Court must rule on the Motion to Withdraw the Reference, it cannot defer to the

Bankruptcy Court on the issue.  The District Court can weigh the evidence – all of it documentary

and undisputed – as well as the Bankruptcy Court.  Doing so, it must conclude that there is *no*

*evidence* that could support a finding that the JFB Trust has waived its jury trial right as the *alter ego*

of Mr. Bryan.  An essential element of an *alter ego* finding – whether in general or in the specific

context of waiving a jury right, as recently noted by the Ninth Circuit – is a showing of fraud or

harmful misconduct.  No evidence of either was presented, or indeed could be presented.

As a consequence, this Court must conclude that the JFB Trust remains entitled to a jury trial.

Only the District Court is constitutionally and statutorily permitted to conduct a jury trial.  Since the

trial in the Bankruptcy Court, presently set for November 13, 2007, is expressly intended to

eviscerate the JFB Trust's jury right through the application of collateral estoppel, that trial must be

stayed, and reference over the entire lawsuit withdrawn, so that this Court can protect the JFB Trust's

Seventh Amendment right through a single trial in this Court.


Respectfully submitted,

DATED:  October 15, 2007                   NIXON PEABODY, LLP
                                           ST. JAMES LAW, P.C.


By:   /s/  *Michael St. James*    .
        Michael St. James
    Counsel for the JFB Trust