"EXHIBIT B" TO THE DECLARATION OF KIMBERLY S. MORRIS IN SUPPORT OF
PLAINTIFF'S BRIEF IN SUPPORT OF A COURT DETERMINATION THAT THE JOHN
M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

```
 1                UNITED STATES BANKRUPTCY COURT
                 NORTHERN DISTRICT OF CALIFORNIA
 2                   SANTA ROSA DIVISION
 3      In re:
        THE LEGACY ESTATE GROUP, LLC,
 4      a California Limited Liability
        Company, formerly doing
 5      business as FREEMARK ABBEY
        WINERY, et al.,
 6
                   Debtor.
 7      _____
        OFFICIAL COMMITTEE OF UNSECURED
 8      CREDITORS OF THE LEGACY ESTATE
        GROUP, LLC,
 9
                   Plaintiff,
10
           vs.                        Case No. 05-14659
11
        JOHN M. BRYAN, JOHN M. AND FLORENCE
12      E. BRYAN TRUST, J.M. BRYAN FAMILY
        TRUST, KULWINDER SIDHU, et al.,
13
                   Defendants.
14      _____
        JOHN M. BRYAN, JOHN M. AND FLORENCE
15      E. BRYAN TRUST, J.M. BRYAN FAMILY
        TRUST,
16
           Defendants and Cross-Claimants.
17      _____
18                DEPOSITION OF JOHN M. BRYAN
19                  San Francisco, California
20                  Friday, September 14, 2007
21      Reported by:
        DARCY J. BROKAW
22      CSR No. 12584
23      JOB No. 71470
24
25
```

```
 1    think.  I'm not sure about my wife.  But anyway, all
 2    my children or descendants.
 3              MR. WOOLNER:  Glenn, I don't think we've
 4    ever been given a copy of the trust instrument for
 5    the Family Trust.  We'll talk later about that.
 6              MR. WESTREICH:  Okay.
 7    BY MR. WOOLNER:
 8         Q    Let's turn now to the John and Florence
 9    Trust.
10         A    That's a present interest trust.
11         Q    You're referring now to the John and
12    Florence Trust?
13         A    Right.
14              MR. WESTREICH:  Let him ask the questions
15    and then give him answers.
16    BY MR. WOOLNER:
17         Q    When you say it's a present interest
18    trust, what do you mean by that, Mr. Bryan?
19         A    It's a trust established by Flo and
20    myself, which essentially owns all of our assets.
21         Q    When you refer to "Flo," you're referring
22    to your wife Florence?
23         A    Yes.  Not water flow.
24         Q    And you indicated in your last answer that
25    the John and Florence Trust owns all of your assets;
```

1    is that --

2              MR. WESTREICH:  Objection,

3    mischaracterizes his testimony.

4              THE WITNESS:  Pardon?

5              MR. WESTREICH:  I said objection, that

6    mischaracterizes your testimony.

7    BY MR. WOOLNER:

8         Q    You can answer.

9         A    Well, it represents the trust's -- the

10   assets that are in that trust, yes.

11        Q    What assets are in that trust?

12        A    Most of our personal holdings, our stocks,

13   our real estate.

14        Q    Are there any personal holdings of yours

15   and your wife that are not in the John and Florence

16   Trust?

17        A    Not that I'm aware.

18        Q    So basically everything that you and your

19   wife own is property of the John and Florence Trust?

20        A    Correct.

21        Q    What I'd like to do is show you some

22   documents that have been produced to us, Mr. Bryan,

23   and ask you questions about them.

24             MR. WOOLNER:  Glenn, I'd like to mark

25   these collectively as Exhibit 64, but there are four

1    BY MR. WOOLNER:

2        Q    Mr. Bryan, do the documents that we have

3    marked collectively as Exhibit 64 reflect the

4    instrument representing or governing the John and

5    Florence Trust?

6        A    I haven't read it.

7        Q    Take a look at it and satisfy yourself as

8    to --

9        A    I mean, I haven't looked at it for

10   decades, so...

11       Q    Let me suggest to you that these documents

12   were executed in or about 2004.

13       A    They were?

14       Q    If you look at the back of each document,

15   I think you'll see -- you'll see --

16       A    They might have been updated.

17       Q    Let me try it a different way.

18            MR. WESTREICH:    Just let him ask questions

19   and answer them.

20            I thought the question was, do these four

21   documents comprise the trust instruments for the

22   John and Florence Bryan Trust?

23   BY MR. WOOLNER:

24       Q    Right.  Mr. Westreich has accurately

25   paraphrased what I was asking.

1    slow things down, but let me hold off on doing that.

2    If these are the documents that we've produced, then

3    I can stipulate that these are, as far as I can

4    tell, the documents, but I don't know what else may

5    be out there.

6         MR. WOOLNER:  You can do that over lunch,

7    because I don't want to waste time.  But we're going

8    to get this established one way or the other.

9         MR. WESTREICH:  Sure.

10    BY MR. WOOLNER:

11         Q    Why was the John and Florence Trust

12    established, Mr.~Bryan?

13         A    To simplify an estate settlement, I think,

14    more than anything.

15         Q    Is it fair to say that this is a trust

16    established in lieu of a will --

17         A    Yes.

18         Q    -- to dispose of the estate of you and

19    your wife?

20         A    I'd say so.

21         Q    And you and your wife were the settlors of

22    the John and Florence Trust?

23         A    Correct.

24         Q    We've already established that you and

25    Mr. Brudos are the two cotrustees.

1    interested in his -- you know, his opinion on

2    something.

3        Q    Look at the first sentence in the section

4    labeled G on Page 11380, please, and just read it to

5    yourself.

6        A    Okay.

7        Q    Does that accurately reflect the

8    understanding that you had about your power to

9    manage trust property?

10       A    I really haven't given it any thought.

11    It's just never been an issue.

12       Q    Have you ever read through the documents

13    we've marked as Exhibit 64?

14            MR. WESTREICH:  All four?

15            MR. WOOLNER:  Well, 64 is collective.

16            MR. WESTREICH:  I understand.  So he's

17    asking, have you read through all four of these

18    documents, 64A, B, C and D?

19            THE WITNESS:  I'm not sure.

20    BY MR. WOOLNER:

21       Q    I'm assuming that lawyers prepared these

22    for you and gave them to you to sign.

23       A    Correct.

24       Q    Okay.  So do you actually recall reading

25    through the whole thing ever?

1       A    No.

2       Q    So to get an understanding of the trust

3    provisions, our best -- the best thing for us to do

4    is actually to read the trust; is that a fair

5    statement?

6       A    I guess that's true.  And I don't know why

7    it was changed, I mean, you know, redone.  I just

8    don't know.  I don't recall or remember why.  There

9    must have been some reason, but --

10            MR. WESTREICH:  Okay.  There's no question

11    pending.

12    BY MR. WOOLNER:

13       Q    So far as you know, has Alan Brudos,

14    acting as a cotrustee of the John and Florence

15    Trust, ever made a decision with respect to trust

16    property without consulting you?

17       A    He wouldn't.

18       Q    So far as you know, he has not?

19       A    Correct.

20       Q    The property that went into the trust, I

21    think you indicated earlier, included things like

22    stocks and real estate.  Did I get that right?

23       A    Correct.

24       Q    With respect to the real estate, does that

25    include residences?

1    BY MR. WOOLNER:

2        Q    You used the homes the same way?

3        A    I think so.

4        Q    Stocks went into the trust on a particular

5    date or particular dates, right?

6            Did you do anything different with the

7    stocks after the trust was created, as compared to

8    before the trust was created?

9        A    Well, I might have sold them later.  But

10   putting it in the trust, I don't think had any

11   particular impact on our decision.

12       Q    Put another way, putting it into the trust

13   didn't change the way you dealt with the property in

14   the trust?

15       A    Correct.

16       Q    Who pays trust administration expenses?

17       A    I suppose the trust does.

18       Q    Do you know?

19       A    I really don't know how -- I don't know.

20   I can't answer that.

21       Q    But to the extent that somebody pays it,

22   they're being paid by assets of you and your wife;

23   is that a fair statement?

24           MR. WESTREICH:  Objection, calls for a

25   legal conclusion.

1    A    Yes.

2    Q    Do you recognize that as his signature?

3    A    Yes.

4    Q    Did you consult with Mr. Brudos at all

5    about the proposed purchase price?

6    A    I doubt it.

7    Q    Did you consult with Mr. Brudos at all

8    about the proposed sale of the Bryan interests to

9    Connaught?

10    A    I'm sure we discussed it.

11    Q    Is this document, Exhibit 9, the document

12    under which Connaught acquired from your trusts, the

13    John and Florence Trust and the Bryan Family Trust,

14    your membership interest in Legacy?

15    A    Pardon?

16    Q    Is this document, Exhibit 9, the document

17    under which Connaught Capital Partners acquired the

18    two trusts' interests in Legacy?

19    A    It looks like it.

20    Q    And the purchase price for the interests

21    that your trust held was just under $8.7 million?

22          I'm looking at Section 1.2.

23    A    Yeah.  I don't know where it says 8.457.

24    That isn't quite right, is it?

25    Q    No.  Those are the number of units,

1    Mr. Bryan.  I'm looking at Section 1.2, lower down

2    on the first page.

3    A    Uh-huh.  Yeah.  Okay.

4    Q    Do you see the price shown there?

5    A    Yes.

6    Q    What is that price?

7    A    Pardon?

8    Q    What is that price?

9    A    Well, it says here what it is.

10    Q    I'm just trying to get it for the record.

11    A    Oh.  It's $8,677,610.00.

12    Q    Did you approve entry by the two trusts

13    into this contract?

14    A    Yes.

15    Q    Now, the agreement contemplates in

16    Section 1.3.1 on that first page that, "The purchase

17    price shall be paid by wire transfer or bank cashier

18    checks at the closing."

19    Do you see that?

20    A    Yes.

21    Q    In fact, the full purchase price was not

22    paid by wire transfer at the closing, was it?

23    A    No.

24    Q    A portion of that purchase price was paid

25    in the form of a note; is that correct?

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [X] was [ ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: _____SEP 1 8 2007_____

DARCY J. BROKAW
CSR No. 12584

"EXHIBIT C" TO THE DECLARATION OF KIMBERLY S. MORRIS IN SUPPORT OF
PLAINTIFF'S BRIEF IN SUPPORT OF A COURT DETERMINATION THAT THE JOHN
M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

1  Glenn E. Westreich (State Bar No.100457)
   gwestreich@nixonpeabody.com
2  Beth L. Mitchell (State Bar No. 187460)
   bmitchell@nixonpeabody.com
3  Rosalyn P. Mitchell (State Bar No. 173829)
   rmitchell@nixonpeabody.com
4  NIXON PEABODY LLP
   Two Embarcadero Center, Suite 2700
5  San Francisco, CA 94111
   Telephone: (415) 984-8200
6  Facsimile: (415) 984-8300

7  Michael St. James (State Bar No. 95653)
   ST. JAMES LAW, P.C.
8  155 Montgomery Street, Suite 1004
   San Francisco, CA 94104
9  michael@stjames-law.com
   Telephone: (415) 391-7566
10 Facsimile: (415) 391-7568

11 Attorneys for Defendants/Cross-Claimants
   JOHN M. BRYAN, JOHN M. AND
12 FLORENCE E. BRYAN TRUST, J.M.
   BRYAN FAMILY TRUST
13

14              UNITED STATES BANKRUPTCY COURT

15     NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

16

17 In re                                    Case No. 05-14659

18 THE LEGACY ESTATE GROUP, LLC,           Adv. No. 06-01173
   formerly doing business as FREEMARK
19 ABBEY WINERY, BRYON VINEYARD &          Chapter 11
   WINERY, and ARROWOOD VINEYARD &
20 WINERY,

21        Debtor.

22 OFFICIAL COMMITTEE OF UNSECURED          DECLARATION OF JOHN M. BRYAN IN
23 CREDITORS OF THE LEGACY ESTATE          SUPPORT OF SUPPLEMENTAL BRIEF
   GROUP, LLC,                             TO CERTIFY PROCEEDING TO
24                                          DISTRICT COURT FOR TRIAL BY JURY
          Plaintiff,                        PURSUANT TO BANKRUPTCY LOCAL
25                                          RULE 9015-2

26        v.                                Hearing Date:    March 14, 2007
                                            Time:            10:00 a.m.
27 JOHN M. BRYAN, JOHN M. AND              Courtroom of The Hon. Alan Jaroslovsky
   FLORENCE E. BRYAN TRUST, J.M. BRYAN
28

   DECLARATION OF JOHN M. BRYAN IN SUPPORT OF                              10332712.1
   SUPPLEMENTAL BRIEF TO CERTIFY PROCEEDING TO
   DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
   BANKRUPTCY LOCAL RULE 9015-2; CASE NO. 05-14659;
   ADV. PROC. NO. 06-01173

1  FAMILY TRUST, KULWINDER SIDHU,
   DEVINDER SIDHU, PACIFIC PARAGON
2  INVESTMENT FUND LTD, a British Columbia
   company, HARRY CHEW, and AIC CAPITAL
3  PARTNERS, LLC, a California limited liability
   company
4
5           Defendants.
6
7  AND RELATED CROSS-CLAIM.
8
9       I, John M. Bryan, state:

10      1.      I am a one of the trustees of the John M. and Florence E. Bryan Trust.  Alan Brudos

11  also serves as a trustee.

12      2.      I am also a general partner in a partnership known as Sycamore Vineyards.  Sycamore

13  Vineyards is a duly formed general partnership existing under the laws of the State of California.

14  Attached hereto as **Exhibit A** is a copy of the Partnership Agreement entered into on August 16,

15  1975 in San Francisco, California, by me and my wife, Florence E. Bryan, as general partners.  It

16  exists separately and distinctly from the John M. and Florence E. Bryan Trust, a revocable trust held

17  for me and my wife as beneficiaries.

18      3.      Since 1976, the Sycamore Vineyards partnership has leased land from the J. M. Bryan

19  Family Trust.  Attached hereto as **Exhibit B** is a copy of the lease agreement dated September 14,

20  1976.  The lease was renewed just prior to its expiration in 2001.  Attached hereto as **Exhibit C** is a

21  copy of the second lease agreement dated January 1, 2001 between the Sycamore Vineyards

22  partnership and the J. M. Bryan Family Trust.  Both leases require Sycamore Vineyards, as a tenant,

23  to pay rent on the land, maintain separate insurance on the land, make reasonable repairs at its

24  expense to the rental property, and establishes restrictions on its use of the land.  In every respect,

25  the Trust and the partnership act as separate entities regarding the operation of the Sycamore

26  Vineyards, including the simple lease of land.

27      4.      Throughout its existence, Sycamore Vineyards has operated as a going concern

28  farming business.  Sycamore Vineyards has filed its own partnership tax returns in each of the 30

---

DECLARATION OF JOHN M. BRYAN IN SUPPORT OF                    -2-                    10332712.1
SUPPLEMENTAL BRIEF TO CERTIFY PROCEEDING TO
DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
BANKRUPTCY LOCAL RULE 9015-2; CASE NO. 05-14659;
ADV. PROC. NO. 06-01173

years of its existence. For 2006, Sycamore Vineyards posted a profit of $36,698 and had gross income – derived only from its own farming operations – in the amount of $498,616.

5.    The real property parcels conveyed pursuant to the Grant Deeds attached as Exhibits 4-7 to the Declaration of John H. MacConaghy deal with refinancings of parcels unrelated to the land connected to Sycamore Vineyards partnership's farming operations. The land which Sycamore Vineyards farms is leased pursuant to the attached lease agreement from the J. M. Bryan Family Trust, an irrevocable trust created by my mother.

I declare under penalty of perjury of the laws of the United States that the following is true and correct, that I have personal first hand knowledge thereto, and that, if called to testify as a witness, I could and would testify competently thereto.

Executed this 9th day of March 2007, at _Rutherford_, California.

_____
John M. Bryan

# EXHIBIT A

SYCAMORE VINEYARDS

(Partnership Agreement)

THIS PARTNERSHIP AGREEMENT is made and entered into as of this 16th day of August, 1976, by and between JOHN M. BRYAN and FLORENCE E. BRYAN.

RECITALS:

A.  The parties desire to form a partnership for the purpose of owning and operating a vineyard business.

B.  In order to carry out the purpose of the partnership, the partnership plans to acquire and own a parcel of land in Napa County, California (hereafter referred to as "Parcel A") and to lease an adjacent parcel of land. Said Parcel A is more fully described on Exhibit A hereto and both parcels are referred to herein collectively as the "Real Property".

NOW, THEREFORE, the parties hereto agree as follows:

1.  <u>Formation of Partnership</u>.

A.  The parties hereby establish a partnership for the purpose of carrying on a vineyard business and any other business related thereto.

B.  The name of the partnership shall be Sycamore Vineyards.  Upon the request of either party, the

partnership shall sign and cause to be filed and published in the county in which the principal place of business of the partnership is situated, a Fictitious Business Name Statement as required by the Business & Professions Code of the State of California.

C.   The principal place of business of the partnership shall be Rutherford, California or at such other place or places as the partners shall hereafter determine.

D.   Upon the request of either party, the parties shall sign, verify, acknowledge and cause to be recorded in the county in which the principal place of business of the partnership is situated and in any county where the partnership may from time to time acquire or propose to acquire real property, a Statement of Partnership as required by Section 15010.5 of the Corporations Code of the State of California.

E.   The partnership shall commence on the date hereof and shall continue until dissolved by mutual agreement.

2.   Parties' Rights, Duties and Liabilities.

A.   No party shall be required to devote full time to the affairs of the partnership, but every party shall at all times during the continuance of the partnership devote whatever time, skill and effort may be necessary for the

2.

successful conduct of the partnership's affairs.

B. Management of the partnership shall be shared equally among the parties. The parties may select and employ such agents, contractors and advisors and obtain such professional services as the partners deem necessary or appropriate to carry out the purposes of the partnership, at such costs and upon such terms, as the partners deem necessary or advisable.

C. The parties may borrow on behalf of the partnership and mortgage partnership assets in order to accomplish the purposes of the partnership. The parties shall have the specific power to purchase Parcel A for the partnership and to mortgage Parcel A in order to secure a loan covering all or part of the purchase price of Parcel A.

D. Each party shall pay his separate debts punctually and shall indemnify the other party and the capital and property of the partnership against such debts and all expense arising therefrom, and against any and all loss, costs, liabilities, damage or expense arising from or in any way attributable to any act or omission in controvention of this Agreement.

E. Nothing herein shall preclude any party from acquiring an interest in, investing in, participating in, developing or managing any property, business or venture not specifically described herein, without notice to the

3.

other parties, without participation by the other parties and without liability to them.

3.  Capital.

A.  The initial capital of the partnership will consist of the following cash contributions by each party:

| | |
|---|---|
| JOHN M. BRYAN: | $ 45,750 |
| FLORENCE E. BRYAN: | $ 15,250 |

The parties shall, from time to time and at any time hereafter, pursuant to agreement of all parties contribute cash and other property to the capital of the partnership, upon the terms, and in the proportions and at the valuations provided in said agreement.  No party shall be required to make contributions to the capital of the partnership except as specified above, but voluntary contributions may be made with the consent of the other party.

B.  Except as expressly provided herein, no party shall withdraw any part of the capital of the partnership without the consent of all parties.

4.  Profits and Losses.

A.  Each of the partners shall share in the profits of the partnership on the following basis:

| | |
|---|---|
| JOHN M. BRYAN: | 75% |
| FLORENCE E. BRYAN: | 25% |

4.

With the consent of all parties and upon terms agreed upon, any party may be permitted to participate in profits and losses of the partnership in a different percentage. All losses arising from the operations of the partnership shall be paid from the capital or profits of the partnership, or, if such capital and profits are insufficient therefor, by the parties according to their share in the partnership profits.

.5. Partnership Property.

A. All property originally paid or bought into, or transferred to, the partnership as capital contributions of the parties, or subsequently acquired for the account of the partnership by purchase or otherwise, is partnership property.

B. The title to all partnership property shall be held in the name of the partnership.

C. With the consent of all parties, a party may loan or lease his separate property to the partnership upon terms agreed upon in writing. Such property shall not constitute partnership property or be a portion of the capital of the partnership for any purpose.

D. All partnership funds shall be deposited in the name of the partnership in one or more banks, as determined by the parties.

E. The interest of the parties in all property

5.

of the partnership, however acquired, shall be according
to their percentage share in profits and losses as set
forth in Section 4 hereof.

     6.  Accounting.

     A.  The partnership shall maintain books of
account of the transactions of the partnership at its prin-
cipal place of business and shall be at all times open to
the inspection of either partner.  The partnership's fiscal
year shall be as agreed upon by the parties.  Each partner
shall cause to be entered into the books of account of the
partnership a true account of all his dealings, receipts and
expenditures for or on account of the partnership.

     B.  Within 120 days after the close of each
fiscal year, the parties shall prepare or cause to be pre-
pared a report of the partnership's operation, containing a
balance sheet and a statement of income and surplus.  Each
party shall receive a copy of such report.

     7.  Termination.

     The partnership shall terminate upon the occurence
of any of the following events:

     (1)  Unanimous agreement of the parties;

     (2)  Sale of all partnership property;

     (3)  Death, insanity, incompetency or any act of
insolvency by any of the partners.

8. Liquidation.

Upon termination of the partnership for any reason, liquidation and winding up shall be in accordance with the following procedures:

A. The partnership shall continue for the sole purpose of winding up its affairs. The parties shall share equally in management and control.

B. Partnership assets shall first be applied to satisfaction of partnership liabilities, including a fund for the satisfaction of contingent liabilities. Thereafter, partnership property shall be either liquidated into cash or distributed in kind as agreed by the partners. In any event, all distributions shall be in proportion to the percentages set forth in Section 4 hereof.

9. Miscellaneous.

A. Except as expressly provided herein, the provisions of this Agreement shall be binding upon the executors, administrators, heirs, successors and assigns of each party.

B. This Agreement is subject to amendment only by agreement of all parties in writing.

C. This Agreement contains the entire agreement between the parties and supersedes all prior writings or representations.

7.

D.  The laws of the State of California shall govern all matters hereunder, including formation of the partnership and interpretation and performance hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written at San Francisco, California.

_____
John M. Bryan

_____
Florence E. Bryan

8.

## EXHIBIT A

### DESCRIPTION:

All that real property situate in the County of Napa, State of California, described as follows:

### PARCEL ONE:

Commencing at an iron pipe at the most Western corner of that certain 106.93 acre tract of land heretofore conveyed to Arthur W. Bennett by Deed of record in Book 18 of Official Records, page 455, records of said Napa County, and running thence North 45° 20' East along the Northwestern line of said Bennett lands 1885 feet to the corner of a 26.988 acre tract of land owned by said Arthur W. Bennett, and running thence along the line of said 26.988 acre tract of land as follows: South 3° 33' East 42.6 feet, South 30° 23' West 151 feet and South 40° 24' East 1067.2 feet to a point on the Southeastern line of the 106.93 acre tract of land heretofore conveyed to Arthur W. Bennett by Deed of record in Book 18 of Official Records, page 455, said Napa County Records, as aforesaid, thence South 45° 20' West along said Southeastern line 785.2 feet to an iron stake at a corner of the land so conveyed to Arthur W. Bennett by the deed aforesaid; thence South 39° 30' East along the line of said Bennett lands 507.54 feet to a corner thereof; thence South 51° West along the Southeastern line of the lands so conveyed to Arthur W. Bennett by the deed aforesaid 1155 feet to a point on the Caymus Grant line, at a corner of said Bennett Lands, and thence North 31° 30' West along said Grant line 1563.5 feet, more or less, to the point of commencement.

EXCEPTING THEREFROM, however, the roadway leading to the Bella Union Mine as conveyed by deed of record in Book U of Deeds, page 81, said Napa County Records.

# EXHIBIT B

Orig
SDB

## LEASE AGREEMENT

THIS AGREEMENT, made as of the 14th day of September, 1976, by and between J. M. Bryan Family Trust, a trust created under the laws of the State of California ("Landlord") and Sycamore Vineyards, a California partnership ("Tenant").

## W I T N E S S E T H:

RECITALS

A.  Landlord has acquired a certain parcel of property in Napa County, California comprising approximately 57.38 acres. Part of the acreage is suitable for establishing a vineyard and two dwelling houses are located on the parcel.

B.  Tenant is willing to invest its time and money in improving said acreage for purposes of establishing a new vineyard.

NOW, THEREFORE, it is hereby agreed as follows:

1.  Description of Property.

Landlord hereby leases to Tenant and Tenant hires from Landlord that certain real property located in the City of Rutherford, Napa County, California designated by the County Assessor as Parcel No. 27-250-08 and comprising 57.38 acres. Said property is hereafter referred to as the "Property." Two dwelling houses, one of 1,315 square feet and the other 1,000 square feet,

1.

are located on the Property.  Landlord also has rights to
possession of another dwelling immediately adjacent to the
Property.  Said rights to possession are also granted to
Tenant pursuant to this lease.

      2.  <u>Term of Lease</u>.

The term of this lease shall commence on September
14, 1976 and expire on September 14, 2001 unless sooner ter-
minated by consent of both parties or their successors.

      3.  <u>Rental</u>.

Tenant shall pay rent as follows:

(1) An annual rental of $10,000 shall be payable in
semi-annual installments on January 15 and July 15, of each year
of the lease except that the first such installment shall be due
hereunder January 15, 1977 and the second such installment shall
be due May 14, 1977;

(2) In addition to said base rental, commencing with
the grape harvest for the year 1982, Tenant shall also pay to
Landlord as additional rental seven percent (7%) of the grape
harvest for said year and for each subsequent year of the lease
term, including the year in which this lease terminates.  Said
additional rental shall, at Tenant's option, be paid in kind or
from the proceeds of sales of each such harvest.

      4.  <u>Required Improvements by Tenant</u>.

Tenant shall at its sole cost and expense use its
best efforts to remove the grapevines and prune orchard now

located on the Property and develop and operate a new vineyard on the acreage where such existing vines and prune trees formerly stood. Such action shall be taken as expeditiously as possible. Tenant shall employ qualified contractors and others to carry out its obligations under this paragraph and operate the new vineyard in a professional and businesslike manner pursuant to methods that are recognized in the Napa Valley as those most likely to produce a successful vineyard for the harvesting of wine-producing grapes at this particular location. Upon termination of this lease, all improvements made by Tenant, including the vineyard on the Property, shall become the sole property of Landlord.

5. Expenses of Tenant.

Tenant shall pay at its sole expense all property taxes and assessments levied on the Property and all costs of water, sewer, and utility services for the Property. Tenant shall carry casualty insurance of at least $35,000 on the large house, and $15,000 on each of the other two houses located on or adjacent to the Property and maintain public liability insurance on the Property in an amount not less than $100,000. Landlord shall be named as a coinsured on such policies. The amounts of such insurance shall be increased every five years to reflect the change in the Consumer Price Index for Napa County.

6. Restrictions on Use.

The Property is rented for use solely as a location

3.

for development of a vineyard and as a residence. No other use may be made of the Property except by the written consent of the Landlord.

### 7. Repairs.

Tenant shall at its sole expense keep the Property and improvements thereon, including the three dwellings located on or adjacent to the Property and all fences, roads and ornamental trees on the Property, in good condition and repair.

### 8. Assignment; Subletting.

Tenant shall not let or sublet all or part of the premises nor assign this lease or any interest therein without the prior written consent of Landlord; provided, however, that this lease shall be binding on and inure to the benefit of the successors in interest of Landlord and Tenant.

### 9. Abandonment.

If Tenant abandons or vacates the Property, the Landlord may at its option terminate this lease, or enter the premises and remove all property at Tenant's expense.

### 10. Attorneys' Fees.

The prevailing party may recover from the other party costs and attorneys' fees of any action brought by either party to enforce any terms of this lease or recover possession of the premises.

### 11. Waiver.

The waiver by Landlord of any breach shall not be

4.

construed to be a continuing waiver of any subsequent breach of any provision hereunder by Tenant.

   12.   Indemnity.

   Tenant shall hold and save Landlord free and harmless from and against any and all claims, liabilities, loss or damage to person or property which at any time may be suffered or sustained by Tenant or by any person who may be using, ocupying or visiting the Property or be in, over, near, on or about the same, except for any loss, injury or damage caused by the negligence of willful act of Landlord or its agents.

   IN WITNESS WHEREOF, Landlord and Tenant have caused this Agreement to be duly executed as of the day and year first written above.

LANDLORD

J. M. BRYAN FAMILY TRUST

By _John M Bryan_____
   John M. Bryan, Trustee

TENANT

SYCAMORE VINEYARDS (a Partnership)

By _John M Bryan_____
   John M. Bryan

By _Florence E Bryan_____
   Florence E. Bryan
   (General Partners)

5.

# EXHIBIT C

<u>LEASE AGREEMENT</u>

THIS AGREEMENT, made as of the 1st day of January, 2001, by and between J. M. Bryan Family Trust, a trust created under the laws of the State of California ("Landlord") and Sycamore Vineyards, a California partnership ("Tenant").

<u>WITNESSETH</u>:

<u>RECITALS</u>

    A.    Landlord owns a certain parcel of property in Napa County, California comprising approximately 38.15 acres. The acreage is suitable for operating a vineyard.

    B.    Tenant is willing to invest its time and money in managing said acreage for purposes of operating the existing vineyard.

NOW, THEREFORE, it is hereby agreed as follows:

1.    <u>Description of Property</u>.

Landlord hereby leases to Tenant and Tenant hires from Landlord that certain real property located in the City of Rutherford, Napa County, California designated by the County Assessor as Parcel No. 27-250-08 and comprising 38.15 acres. Said property is hereafter referred to as the "Property."

2.    <u>Term of Lease</u>.

The term of this lease shall commence on January 1, 2001 and expire on December 31, 2020 unless sooner terminated by consent of both parties or their successors.

3.    <u>Rental</u>.

Tenant shall pay rent as follows:

(1)    An annual rental of ninety percent of net operating profit shall be payable once each year of the lease; the first such payment shall be due hereunder April 1, 2002.

4.    <u>Expenses of Tenant.</u>

Tenant shall pay at its sole expense all property taxes and assessments levied on the Property and all costs of water, sewer, and utility services for the Property. Tenant shall carry public liability insurance on the Property in an amount not less than $100,000. Landlord shall be named as a coinsured on such policies. The amounts of such insurance shall be increased every five years to reflect the change in the Consumer Price Index for Napa County.

5.    <u>Restrictions on Use.</u>

The Property is rented for use solely as a location for operating a vineyard. No other use may be made of the Property except by the written consent of the Landlord.

6.    <u>Repairs.</u>

Tenant shall at its sole expense keep the Property and improvements thereon, including all fences, roads and ornamental trees on the Property, in good condition and repair.

7.    <u>Assignment; Subletting.</u>

Tenant shall not let or sublet all or part of the premises nor assign this lease or any interest therein without the prior written consent of Landlord; provided, however, that this lease shall be binding on and inure to the benefit of the successors in interest of Landlord and Tenant.

8.    <u>Abandonment.</u>

If Tenant abandons or vacates the Property, the Landlord may at its option terminate this lease, or enter the premises and remove all property at Tenant's expense.

9.    <u>Attorneys' Fees.</u>

The prevailing party may recover from the other party costs and attorneys' fees of any action brought by either party to enforce any terms of this lease or recover possession of the premises.

10.    <u>Waiver.</u>

The waiver by Landlord of any breach shall not be construed to be a continuing waiver of any subsequent breach of any provision hereunder by Tenant.

11.     Indemnity.

Tenant shall hold and save Landlord free and harmless from and against any and all claims, liabilities, loss or damage to person or property which at any time may be suffered or sustained by Tenant or by any person who may be using, occupying or visiting the Property, except for any loss, injury or damage caused by the negligence of willful act of Landlord or its agents.

IN WITNESS WHEREOF, Landlord and Tenant have caused this Agreement to be duly executed as of the day and year first written above.

LANDLORD

J. M. BRYAN FAMILY TRUST

By _____

John M. Bryan, Trustee

TENANT

SYCAMORE VINEYARDS (a Partnership)

By _____

John M. Bryan, General Partner

# Exhibit

# 6

1   Glenn E. Westreich (State Bar No.100457)
    gwestreich@nixonpeabody.com
2   Beth L. Mitchell (State Bar No. 187460)
    bmitchell@nixonpeabody.com
3   Rosalyn P. Mitchell (State Bar No. 173829)
    rmitchell@nixonpeabody.com
4   NIXON PEABODY LLP
    One Embarcadero Center, 18th Floor
5   San Francisco, CA 94111
    Telephone:    (415) 984-8200
6   Facsimile:    (415) 984-8300

7   Michael St. James (State Bar No. 95653)
    ST. JAMES LAW, P.C.
8   155 Montgomery Street, Suite 1004
    San Francisco, CA 94104
9   michael@stjames-law.com
    Telephone:    (415) 391-7566
10  Facsimile:    (415) 391-7568

11  Attorneys for Defendants/Cross-Claimants JOHN M. BRYAN, JOHN M. AND FLORENCE E.
    BRYAN TRUST, J.M. BRYAN FAMILY TRUST

12

13              UNITED STATES BANKRUPTCY COURT

14       NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

15

16  In re                                 | Case No.    05-14659

17  THE LEGACY ESTATE GROUP, LLC,         | Adv. No.    06-01173
    formerly doing business as FREEMARK
18  ABBEY WINERY, BRYON VINEYARD &        | Chapter 11
    WINERY, and ARROOWOOD VINEYARD &
19  WINERY,                               | DEFENDANTS AND CROSS-CLAIMANTS'
                                          | MEMORANDUM OF POINTS AND
20           Debtor.                      | AUTHORITIES OPPOSING A JUDICIAL
                                          | DETERMINATION THAT THE JOHN M.
21  _____     | AND FLORENCE E. BRYAN TRUST HAS
                                          | WAIVED ITS RIGHT TO A JURY TRIAL
22  OFFICIAL COMMITTEE OF UNSECURED
    CREDITORS OF THE LEGACY ESTATE        |
23  GROUP, LLC,                           | Judge        Hon. Alan Jaroslovsky

24           Plaintiff,

25       v.

26  JOHN M. BRYAN, JOHN M. AND
    FLORENCE E. BRYAN TRUST, J.M. BRYAN
27  FAMILY TRUST, KULWINDER SIDHU,

28  DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
    OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
    DETERMINATION THAT THE JOHN M. AND FLORENCE E.
    BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

                                                              10739517.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEVINDER SIDHU, PACIFIC PARAGON
INVESTMENT FUND LTD, a British Columbia
company, HARRY CHEW, and AIC CAPITAL
PARTNERS, LLC, a California limited liability
company.

Defendants.

AND RELATED CROSS-CLAIM.

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10739517.3

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 1

II.   LEGAL ARGUMENT ........................................................................................ 2

    A.    The J&FB Trust Is A Separate And Distinct Legal Entity............................ 2

    B.    The J&FB Trust Has a Right to a Jury Trial ................................................ 3

    C.    Probate Code Section 15800 does Not Support Waiver of J&FB's Right
        to a Jury Trial ................................................................................................ 3

    D.    The Committee Cannot Establish That Mr. Bryan's Waiver Should Be
        Imputed to The J&FB Trust .......................................................................... 4

        1.    The Alter Ego Doctrine Does Not Apply........................................... 4

        2.    Mr. Bryan and the J&FB Trust Are Separate Entities ....................... 5

III.  CONCLUSION ................................................................................................... 6

1    Defendants John M. Bryan, John M. and Florence E. Bryan Trust ("J&FB Trust") and the

2    J.M. Bryan Family Trust  (collectively, the "Bryan Defendants") hereby submit their opposition to

3    Plaintiff's brief in support of a judicial determination that the John M. and Florence E. Bryan Trust

4    waived its right to a jury trial as follows:

5    **I.    INTRODUCTION**

6    The issue before the Court is whether J&FB Trust has a right to have this matter heard in the

7    District Court before a jury.  Under California law, the answer is unequivocally yes.  The

8    Committee's Brief fails to provide any legitimate basis for depriving J&FB Trust of this inalienable

9    right to a jury trial in District Court, and indeed it cannot.

10    This is the Committee's second attempt to defeat the J&FB Trust's right to a jury trial.  It had

11    initially argued that the J&FB Trust operated "under the fictitious name 'Sycamore Vineyards.'"  *See,*

12    Plaintiffs Opposition to Bryan Defendants' Motion to Certify Proceeding to District Court at 2.  In

13    that pleading, the Committee argued that J&FB Trust had waived its right to a jury trial when

14    Sycamore Vineyards filed its claim.  The Committee maintained that Sycamore Vineyards was "little

15    more than a fictitious name[] used by the J&FB Trust." *Id.* at 3.  The Committee, without

16    explanation, has now abandoned its original theory and seeks to pursue a different theory altogether

17    to justify denying the J&FB Trust of its right to a jury trial.  It now claims that the J&FB Trust is the

18    alter ego of Mr. Bryan.  Both arguments are contrary to California law.

19    The Committee has offered no legal basis to support its argument that Mr. Bryan's waiver of

20    his right to a jury trial could be imputed to the J&FB Trust.  Indeed, the Committee has offered no

21    authority whatsoever to support the proposition that the waiver by a trust's settlor of his right to a

22    jury trial constitutes a waiver of the trust's right to a jury trial.  Likewise, the Committee's alter ego

23    argument is completely inapplicable to the J&FB Trust's procedural rights.  The Committee's has

24    now had two opportunities to attempt to impede the J&FB Trust's demand for a jury and has utterly

25    failed to provide any basis for its position.  Enough is enough.  This Court should grant the Bryan

26    Defendants jury trial demand on behalf of the J&FB Trust.

27

28

## II.    LEGAL ARGUMENT

### A.    The J&FB Trust Is A Separate And Distinct Legal Entity

The Committee argues that "any rights asserted or waived by Mr. Bryan in this action must be considered in determining the rights of the trust because there is no functional distinction between a living settlor and his revocable trust as a matter of law." Pl. Brief at 6. The Committee is wrong on this fundamental point of law. Under California law, it is axiomatic that a trust – here, the J&FB Trust – is a distinct legal entity, separate from its beneficiaries. *Torrey Pines Bank v. Hoffman*, 231 Cal.App.3d 308, 322, 282 Cal.Rptr. 354, 362 (1991) ("the trust is preserved as a separate legal entity.")

The J&FB Trust is recognized under California Probate Law as a separate entity and qualifies for the exception to doctrine of merger pursuant to Probate Code §15209(b). The J&FB Trust is the revocable trust of John M. and Florence E. Bryan who are the settlors. The J&FB Trust was created as part of the Bryans personal estate plan. John Bryan Deposition Transcript (" Bryan Depo. Trans.") at 38, 11-14, attached as Exhibit B to the Morris Declaration attached to Plaintiff's Brief. John M. Bryan and Alan Brudos are the current trustees of the J&FB Trust. Bryan Depo Trans. at 43. While John M. and Florence E. Bryan are the beneficiaries of the J&FB Trust during their lifetimes, upon the death of the survivor of them, any then remaining balance of the J&FB Trust passes to the successor beneficiaries (who are not John M. or Florence E. Bryan). See Morris Declaration, Exhibit A, Trust Instrument. John Bryan and the J&FB Trust are separate and distinct legal entities.

Moreover, as the Committee has admitted through the allegations in its First Amended Complaint, the J&FB Trust is a separate and distinct legal entity. First Amended Complaint ("FAC") 11:6-9. Accordingly, the J&FB trust is separately named as a defendant. FAC 2:13-16. All of the transactions upon which the Committee seeks to impose liability on the J&FB Trust were entered in the trust's name. FAC at 5:12-27, 6:1-4, 7:10-23, 9:7-10, 9:19-2610:5-9,11:6-9. Thus, the purported identity of Mr. Bryan and the J&FB Trust is belied by the Committee's own allegations.

Most importantly, the Committee fails to produce any evidence in support of the notion that the J&FB Trust was utilized for any fraudulent purpose, or that there was any failure to comply with

-2-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

trust requirements or otherwise adhere to formalities. In other words, even if the alter ego doctrine were relevant to the question of loss of a revocable trust's procedural rights, the Committee has made absolutely no showing whosoever that the doctrine is applicable here.

B.   The J&FB Trust Has a Right to a Jury Trial

The Seventh Amendment grants the right of jury trial in civil cases in the context of bankruptcy proceedings if the case involves legal rights. *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). A party is entitled to a jury trial if (1) the action would have been brought at a court of law as opposed to equity in England prior to the merger of the courts of law and equity, (2) the remedy sought is legal in nature, and (3) the action involves a private rather than public right. *Id.* at 50-51. The J&FB Trust has preserved its right to a jury trial by making a timely jury demands in its Answer and its Cross-Claims both filed on January 5, 2007. J&FB has never filed a Proof of Claim or otherwise waived its right to trial by jury, and it has not consented to a jury trial in Bankruptcy Court. The J&FB Trust satisfies the legal standard and should be permitted to have its case heard in the District Court by a jury.

C.   Probate Code Section 15800 does Not Support Waiver of J&FB's Right to a Jury Trial

While California Probate Code Section 15800 may allow the Committee to look to the assets of Mr. Bryan held in the trust for satisfaction of a judgment, there is nothing in the Probate Code to support the notion that a right to execute on a judgment is tantamount to waiver of a jury trial right. Quite the contrary, a settlor acting as a trustee (as is Mr. Bryan) is acting in a fiduciary capacity as trustee as defined under California Probate Code §39. The Probate Code imposes upon all trustees (and settlors) certain duties as identified in Probate Code §§16000-16105. Probate Code §16010 imposes upon a trustee a duty to defend claims and §16011 imposes a duty to defend actions. Nowhere in the Probate Code does it state that a waiver of a right by the trustee or settlor of a Trust in his individual capacity constitutes a waiver by the Trust. Bryan never waived a right to trial by jury in his capacity as settlor of the J&FB Trust. Therefore, Bryan could not have waived J&FB's right to a jury trial.

-3-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

1

    D.    The Committee Cannot Establish That Mr. Bryan's Waiver Should Be Imputed to The J&FB Trust

2        The Committee urges the Court to impute Mr. Bryan's waiver of his right to a jury trial to the

3    J&FB Trust because, it argues, the J&FB Trust is the "alter ego" of Mr. Bryan. See Plaintiffs Brief in

4    Support of a Judicial Determination that the J&FB Trust Has Waived Its Right to a Jury Trial ("Pl.

5    Brief"). This argument is flawed for several reasons.

6        1.    The Alter Ego Doctrine Does Not Apply

7        The alter ego doctrine is "an extreme remedy, sparingly used." *Sonora Diamond Corp. v.*

8    *Tuolumne County*, 83 Cal. App. 4th 523, 539 (2000). Generally, equity requires the application of the

9    alter ego doctrine when the "corporate form is used to perpetrate a fraud, circumvent a statute, or

10    accomplish some other wrongful or inequitable purpose." *Id.* at 538. The doctrine is designed to

11    prevent a party from using the structure to shield itself from liability. It applies where (1) there is

12    such unity of interest and ownership that the personalities of the corporation and individual are no

13    longer separate, and (2) an inequitable result will follow if acts are treated as those of the corporation

14    alone. *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (2001). However, "[t]here is no litmus test to

15    determine when the corporate veil will be pierced; rather the result will depend on the circumstances

16    of each particular case." *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 300 (1985).

17       ***The Committee has failed to cite a single case for the proposition that the alter ego doctrine***

18    ***can be used against a party to force a waiver of the constitutional right to trial by jury.*** The two

19    cases cited by the Committee, *Cohen v. United States*, 1998 WL 953979 (1998) and *Torrey Pines*

20    *Bank* v. *Hoffman*, 231 Cal. App. 3d 308 (1991) are garden variety alter ego cases in which judgment

21    creditors invoked the alter ego doctrine to collect a judgment. These cases are not applicable here

22    because the alter ego doctrine cannot be invoked to eliminate the right to trial by jury. The right to a

23    jury trial is guaranteed by the Seventh Amendment to the U.S. Constitution and courts indulge every

24    reasonable presumption against waiver. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389 (1937) (the right to

25    jury trial is fundamental).

26

27

28

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

### 2.    Mr. Bryan and the J&FB Trust Are Separate Entities

Even if the alter ego doctrine applied, a Court order allowing a party to pierce the corporate veil does not equate to a court order dismantling the entire entity. Even if a court determines that a trust may be pierced to collect on a judgment, the trust remains a distinct entity. The Committee argues that "Mr. Bryan and the J&FB Trust are one and the same entity for purposes of this court's equitable jurisdiction." This argument is flawed. *See* 5 Witkin, SUMMARY OF CAL. LAW (10th ed. 2005) Torts, § 74, p. 149 (the alter ego doctrine is not designed to collapse two entities into one.)

The viability of a corporation and, by analogy, a trust is not affected by the application of the alter ego doctrine. In *Suhl v. Bumb*, the court refused to dissolve the corporate structure in its application of the alter ego doctrine. 348 F.2d 869 (9th Cir. 1965) as it explained:

> The fact that the relationship between an individual and the corporation is such that he may be liable for the obligations of the corporation does not mean that the individual's assets are those of the corporation, or that he 'is' the Corporation and is a bankrupt along with the corporation.

*Id.,* 348 F.2d at 874.

Similarly, the court in *Mesler* differentiated between disregarding the corporate structure and dissolving the corporation. *Mesler*, 39 Cal. 3d at 300. The doctrine requires only that "under certain circumstances a hole will be drilled in the wall of limited liability erected by the corporate form; for all purposes other than that for which the hole was drilled, the wall still stands." *Id.* at 301. The court in *McLoughlin* did not merge the two corporations with common ownership and control and found that "any legitimate objectives to be gained by having two separate corporate entities . . . remain undisturbed. All that the judgment requires is that the alter ego corporation be considered as being a party to the bargaining agreement executed by the dominant corporation: *McLoughlin*, 206 Cal. App. 2d at 854.

The Committee cites no California cases in which the court found that the corporate entity dissolves or otherwise loses all legal rights as a result of the application of the alter ego doctrine. In fact, California has no such cases. *See Kohn v. Kohn*, 95 Cal. App. 2d 708 (1950) ("the Federal Investment Company still stands"), *A. L. Judelson*, 89 Cal. App. 2d 256 ("The corporation is an entity

-5-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

separate and distinct from the component persons even though under exceptional circumstances the corporation may be disregarded when it is only the double or alter ego of the person composing it").

The Committee misinterprets the alter ego doctrine in asking the court to merge Mr. Bryan and the J&FB Trust. The Committee has utterly failed to meet its burden of establishing that the alter ego doctrine applies to Mr. Bryan and the J&FB Trust. But, even had this burden been met, it would apply solely to the right to execute on the trust's assets in the event of a judgment against Mr. Bryan. The Committee has failed to cite any authority to support the proposition that even if the alter ego doctrine were applicable, the J&FB Trust loses all of its legal rights, including the right to trial by jury.

Mr. Bryan waived his right to a jury trial in his individual capacity. Mr. Bryan is one of the two trustees of the J&FB Trust[1]. However, Mr. Bryan, as trustee, did not waive the J&FB Trust's right to a jury trial. Mr. Bryan's waiver cannot be imputed to the J&FB Trust under the alter ego doctrine because the two are separate entities.

## III.    CONCLUSION

The Committee asks this Court to make new law and find that a revocable trust loses its procedural rights and protections where such rights are waived by its settlor or trustee purely in his individual capacity. This Court should decline the invitation. Rights as basic and elemental as the Constitutional right to trial by jury should not be quashed in the absence of solid legal authority. Here, no such authority exists. And in the absence of any legal basis for the Committee's position, the correct analysis is simple and straightforward: Since the J&FB Trust did not file a proof of claim in the Bankruptcy Court, it did not waive its right to a jury trial. The alter ego doctrine cannot deprive a party of a right to trial by jury, and in any event, does not apply here. Therefore, the claims against

///

---

[1] The other trustee of the J&FB Trust is Alan R. Brudos.

-6-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

1  the J&FB Trust, and the claims asserted by it, must be adjudicated in the District Court before a jury

2  trial.

3                                          Respectfully submitted,

4  Dated: September 25, 2007               NIXON PEABODY LLP

5

6                              By:    /s/  GLENN WESTREICH
                                      GLENN E. WESTREICH
7                                     BETH L. MITCHELL
                                      ROSALYN P. MITCHELL
8                                     Attorneys for Defendants/Cross-Claimants
                                      JOHN M. BRYAN, JOHN M. AND
9                                     FLORENCE E. BRYAN TRUST, J.M. BRYAN
                                      FAMILY TRUST

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

# Exhibit

# 7

1  **WINSTON & STRAWN** LLP
   ROLF S. WOOLNER (CA SBN 143127)
2  HANNAH L. BLUMENSTIEL (CA SBN 214842)
   101 California Street, Suite 3900
3  San Francisco, California 94111
   Telephone:    (415) 591-1000
4  Facsimile:     (415) 591-1400
   Email:         rwoolner@winston.com
5                 hblumenstiel@winston.com

6  **MacCONAGHY & BARNIER,** PLC
   JOHN H. MacCONAGHY (CA SBN 83684)
7  645 First St. West
   Sonoma, California 95476
8  Telephone:    (707) 935-3205
   Facsimile:     (707) 935-7051
9  Email:         macclaw@macbarlaw.com

10  Co-Counsel for Plaintiff, The Official Committee
    of Unsecured Creditors

11                    UNITED STATES BANKRUPTCY COURT
12                    NORTHERN DISTRICT OF CALIFORNIA

13  In re                                    )
                                             )      Case No. 05-14659 AJ
14  THE LEGACY ESTATE GROUP, LLC, a          )      (Chapter 11)
    California limited liability company, formerly  )
15  d/b/a FREEMARK ABBEY WINERY,             )      AP No. 06-1173 AJ
    BYRON VINEYARD & WINERY, AND             )
16  ARROWOOD VINEYARD & WINERY,              )
                                             )      **EX PARTE APPLICATION**
17              Debtor.                       )      **FOR ORDER SHORTENING**
                                             )      **TIME IN WHICH TO SERVE**
18  OFFICIAL COMMITTEE OF UNSECURED          )      **NOTICE TO APPEAR**
    CREDITORS OF THE LEGACY ESTATE           )      **AT TRIAL IN LIEU OF**
19  GROUP,                                    )      **SUBPOENA**
                                             )
20              Plaintiff,                    )      **ORDER SHORTENING TIME**
                                             )
21          v.                                )
                                             )
22  JOHN M. BRYAN, JOHN M. AND  FLORENCE     )
    E. BRYAN TRUST, J.M. BRYAN FAMILY        )
23  TRUST, KULWINDER SIDHU, DEVINDER         )
    SIDHU, PACIFIC PARAGON INVESTMENT        )
24  FUND, LTD., a British Columbia company,  )
    HARRY CHEW, and AIC CAPITAL PARTNERS,    )
25  LLC, a California limited liability company,    )
                                             )
26  AND RELATED CROSS-ACTION.                )
                                             )

9060.BRYAN.AOST                                                      PAGE 1

1  The Plaintiff Official Unsecured Creditors Committee of the Estate of The Legacy Estate

2  Group, LLC hereby applies to the Court for an Order Shortening Time in which to serve its "Notice to

3  Appear at Trial in Lieu of Subpoena" from ten to two (2) days, based on the following declaration of

4  John H. MacConaghy.

5      I, John H. MacConaghy, state:

6      1.    I am an attorney admitted to the bar of this Court and am co-counsel of record for the

7  Plaintiff Official Committee of Unsecured Creditors in this action.

8      2.    This action is set for an evidentiary hearing on September 27, 2007,  pursuant to

9  various Orders of this Court. The limited issue to be tried is whether the Defendant John M. And

10  Florence E. Bryan Trust has waived its right to a jury trial by the filing of various proofs of claim by its

11  Settlor, Trustee, and Beneficiary John M. Bryan and its wholly owned partnership Sycamore

12  Vineyards.  When this evidentiary hearing was set, the Court directed declarations in lieu of direct

13  testimony to be submitted prior to trial.

14      3.    Although the Court's standard procedure is for the declarations to be submitted five or

15  seven days prior to trial, due to the High Holiday on Friday and Saturday, 9/21 and 9/22, the Plaintiff

16  agreed that the Defendant Bryan could submit his filings on September 25.  Plaintiff nonetheless filed its

17  papers on September 19, 2007.  On September 25 at approximately 10:00 p.m., the Defendant Bryan

18  filed its opposition brief, but filed no Declaration of John Bryan in Lieu of Direct Testimony.  This was

19  the first Plaintiff learned that the Defendants would not be voluntarily making Mr. Bryan available as a

20  witness at the September 27 evidentiary hearing.

21      4.    Although Plaintiff can present the necessary evidence through Mr. Bryan's deposition

22  transcript to establish that the John M. and Florence E. Bryan Trust has effectively filed proofs of claim

23  and submitted to this Court's equitable jurisdiction, Plaintiff's case will be presented more efficiently

24  and dramatically through the live testimony of Mr. Bryan.   Plaintiff seeks to compel his appearance at

25  the 9/27 evidentiary hearing.

26      5.    California Code of Civil Procedure Section 1987(b), made applicable to this action by

1  Bankruptcy Rule 9016 and F.R.Civ.P. 45(b)(2), provides that a party to a civil action may be

2  compelled to appear and testify at trial by a notice in lieu of subpoena.  The statute provides that the

3  notice must be served "at least 10 days before the time required for attendance unless the court

4  prescribes a shorter time."

5       6.      I have earlier today caused a "Notice to Appear at Trial in Lieu of Subpoena" to be

6  filed and served on Mr. Bryan care of his counsel of record.  Good cause exists to shorten the time for

7  service of this Notice to 2 days.  Had Plaintiff insisted on the Defendant submitting his pretrial filings last

8  week, we would have learned by that time that Mr. Bryan did not intend to voluntarily appear and we

9  would have been able to serve him with a subpoena at either his home or business address.  Compelling

10  Mr. Bryan's appearance will aid in the just resolution of the issue before the Court on September 27.

11       7.      I appeared at Mr. Bryan's day - long deposition on September 14, 2007, and he was

12  clearly physically and mentally fit to testify throughout the day.

13       I declare under penalty of perjury of the laws of the United States that the foregoing is true and

14  correct, that I have personal first hand knowledge thereto, that if called as a witness I could and would

15  testify competently thereto, and that this declaration is executed on September 25, 2007 at Sonoma,

16  California.

17                              /s/ John H. MacConaghy
                              John H. MacConaghy
18                              Attorneys for Plaintiff
                              Official Unsecured Creditors Committee

19

20

21

22

23

24

25

26

1    ORDER SHORTENING TIME

2         On consideration the Plaintiff's application and good cause appearing:

3         IT IS HEREBY ORDERED that the time in which the Plaintiff may serve its Notice to Appear

4    at Trial in Lieu of Subpoena on the Defendant John M. Bryan, individually and as Trustee of the John

5    M. And Florence E. Bryan Trust is shortened to two (2) days.

6    Dated:  September 26, 2007

7

8                                        Alan Jaroslovsky
                                         U.S. Bankruptcy Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Exhibit

# 8

1 │ **WINSTON & STRAWN LLP**
    ROLF S. WOOLNER (CA SBN 143127)
2 │ HANNAH L. BLUMENSTIEL (CA SBN 214842)
    101 California Street, Suite 3900
3 │ San Francisco, California 94111
    Telephone:    (415) 591-1000
4 │ Facsimile:    (415) 591-1400
    Email:        rwoolner@winston.com
5 │               hblumenstiel@winston.com

6 │ **MacCONAGHY & BARNIER, PLC**
    JOHN H. MacCONAGHY (CA SBN 83684)
7 │ 645 First St. West
    Sonoma, California 95476
8 │ Telephone:    (707) 935-3205
    Facsimile:    (707) 935-7051
9 │ Email:        macclaw@macbarlaw.com

10 │ Co-Counsel for Plaintiff, The Official Committee
     of Unsecured Creditors

11 │
                    UNITED STATES BANKRUPTCY COURT
12 │                NORTHERN DISTRICT OF CALIFORNIA

13 │ In re                                    )
                                              )    Case No. 05-14659 AJ
14 │ THE LEGACY ESTATE GROUP, LLC, a          )    (Chapter 11)
     California limited liability company, formerly )
15 │ d/b/a FREEMARK ABBEY WINERY,             )    AP No. 06-1173 AJ
     BYRON VINEYARD & WINERY, AND             )
16 │ ARROWOOD VINEYARD & WINERY,              )
                                              )
17 │       Debtor.                            )
                                              )
     _____)
18 │ OFFICIAL COMMITTEE OF UNSECURED          )    **NOTICE TO APPEAR**
     CREDITORS OF THE LEGACY ESTATE           )    **AT TRIAL IN LIEU OF**
19 │ GROUP,                                   )    **SUBPOENA**
                                              )
20 │       Plaintiff,                         )
                v.                            )
21 │                                          )
     JOHN M. BRYAN, JOHN M. AND  FLORENCE     )
22 │ E. BRYAN TRUST, J.M. BRYAN FAMILY        )
     TRUST, KULWINDER SIDHU, DEVINDER         )
23 │ SIDHU, PACIFIC PARAGON INVESTMENT        )
     FUND, LTD., a British Columbia company,  )
24 │ HARRY CHEW, and AIC CAPITAL PARTNERS,    )
     LLC, a California limited liability company, )
25 │                                          )
     _____)
     AND RELATED CROSS-ACTION.                )
26 │ _____)

1    TO DEFENDANTS JOHN M. BRYAN AND THE JOHN M. AND FLORENCE E.

2  BRYAN TRUST, care of their attorney of record:

3    NOTICE IS HEREBY GIVEN pursuant to the provisions of California Code of Civil

4  Procedure Section 1987(b), made applicable to this action by Bankruptcy Rule 9016 and

5  F.R.Civ.P. 45(b)(2), the Defendant John M. Bryan, individually and in his capacity as Trustee of

6  the John M. Bryan and Florence E. Bryan Trust are directed to attend the trial of this action and

7  testify therein.

8    The trial is being conducted and the appearance is required on September 27, 2007, at

9  10:00 a.m., at the U.S. Bankruptcy Court, Northern District of California, 99 South E. Street,

10  Santa Rosa, CA 95402.

11  Dated: September 25, 2007

12                                                    /s/ John H. MacConaghy
                                                      John H. MacConaghy
13                                                    Attorneys for Plaintiff
                                                      Official Unsecured Creditors Committee

14

15

16

17

18

19

20

21

22

23

24

25

26

9060.BRYAN.NTA                                                                          PAGE 2

# Exhibit

# 9

Entered on Docket
September 26, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **WINSTON & STRAWN** LLP
   ROLF S. WOOLNER (CA SBN 143127)
2  HANNAH L. BLUMENSTIEL (CA SBN 214842)
   101 California Street, Suite 3900
3  San Francisco, California  94111
   Telephone:     (415) 591-1000
4  Facsimile:     (415) 591-1400
   Email:         rwoolner@winston.com
5                 hblumenstiel@winston.com

6  **MacCONAGHY & BARNIER,** PLC
   JOHN H. MacCONAGHY (CA SBN 83684)
7  645 First St. West
   Sonoma, California 95476
8  Telephone:     (707) 935-3205
   Facsimile:     (707) 935-7051
9  Email:         macclaw@macbarlaw.com

10 Co-Counsel for Plaintiff, The Official Committee
   of Unsecured Creditors

11
                    UNITED STATES BANKRUPTCY COURT
12                   NORTHERN DISTRICT OF CALIFORNIA

13 In re                                    )
                                            )   Case No. 05-14659 AJ
14 THE LEGACY ESTATE GROUP, LLC, a          )   (Chapter 11)
   California limited liability company, formerly  )
15 d/b/a FREEMARK ABBEY WINERY,             )   AP No. 06-1173 AJ
   BYRON VINEYARD & WINERY, AND             )
16 ARROWOOD VINEYARD & WINERY,              )
                                            )   **EX PARTE APPLICATION**
17          Debtor.                         )   **FOR ORDER SHORTENING**
                                            )   **TIME IN WHICH TO SERVE**
18 OFFICIAL COMMITTEE OF UNSECURED          )   **NOTICE TO APPEAR**
   CREDITORS OF THE LEGACY ESTATE           )   **AT TRIAL IN LIEU OF**
19 GROUP,                                   )   **SUBPOENA**
                                            )
20          Plaintiff,                      )   **ORDER SHORTENING TIME**
            v.                              )
21                                          )
   JOHN M. BRYAN, JOHN M. AND  FLORENCE     )
22 E. BRYAN TRUST, J.M. BRYAN FAMILY        )
   TRUST, KULWINDER SIDHU, DEVINDER         )
23 SIDHU, PACIFIC PARAGON INVESTMENT        )
   FUND, LTD., a British Columbia company,  )
24 HARRY CHEW, and AIC CAPITAL PARTNERS,    )
   LLC, a California limited liability company,  )
25                                          )
   AND RELATED CROSS-ACTION.                )
26                                          )

1    The Plaintiff Official Unsecured Creditors Committee of the Estate of The Legacy Estate

2    Group, LLC hereby applies to the Court for an Order Shortening Time in which to serve its "Notice to

3    Appear at Trial in Lieu of Subpoena" from ten to two (2) days, based on the following declaration of

4    John H. MacConaghy.

5        I, John H. MacConaghy, state:

6        1.    I am an attorney admitted to the bar of this Court and am co-counsel of record for the

7    Plaintiff Official Committee of Unsecured Creditors in this action.

8        2.    This action is set for an evidentiary hearing on September 27, 2007,  pursuant to

9    various Orders of this Court.  The limited issue to be tried is whether the Defendant John M. And

10   Florence E. Bryan Trust has waived its right to a jury trial by the filing of various proofs of claim by its

11   Settlor, Trustee, and Beneficiary John M. Bryan and its wholly owned partnership Sycamore

12   Vineyards.   When this evidentiary hearing was set,  the Court directed declarations in lieu of direct

13   testimony to be submitted prior to trial.

14       3.    Although the Court's standard procedure is for the declarations to be submitted five or

15   seven days prior to trial, due to the High Holiday on Friday and Saturday, 9/21 and 9/22, the Plaintiff

16   agreed that the Defendant Bryan could submit his filings on September 25.  Plaintiff nonetheless filed its

17   papers on September 19, 2007.  On September 25 at approximately 10:00 p.m., the Defendant Bryan

18   filed its opposition brief, but filed no Declaration of John Bryan in Lieu of Direct Testimony.  This was

19   the first Plaintiff  learned that the Defendants would not be voluntarily making Mr. Bryan available as a

20   witness at the September 27 evidentiary hearing.

21       4.    Although Plaintiff can present the necessary evidence through Mr. Bryan's deposition

22   transcript to establish that the John M. and Florence E. Bryan Trust has effectively filed proofs of claim

23   and submitted to this Court's equitable jurisdiction, Plaintiff's case will be presented more efficiently

24   and dramatically through the live testimony of Mr. Bryan.   Plaintiff seeks to compel his appearance at

25   the 9/27 evidentiary hearing.

26       5.    California Code of Civil Procedure Section 1987(b), made applicable to this action by

1   Bankruptcy Rule 9016 and F.R.Civ.P. 45(b)(2), provides that a party to a civil action may be

2   compelled to appear and testify at trial by a notice in lieu of subpoena.  The statute provides that the

3   notice must be served "at least 10 days before the time required for attendance unless the court

4   prescribes a shorter time."

5         6.      I have earlier today caused a "Notice to Appear at Trial in Lieu of Subpoena" to be

6   filed and served on Mr. Bryan care of his counsel of record.  Good cause exists to shorten the time for

7   service of this Notice to 2 days.  Had Plaintiff insisted on the Defendant submitting his pretrial filings last

8   week, we would have learned by that time that Mr. Bryan did not intend to voluntarily appear and we

9   would have been able to serve him with a subpoena at either his home or business address.  Compelling

10  Mr. Bryan's appearance will aid in the just resolution of the issue before the Court on September 27.

11        7.      I appeared at Mr. Bryan's day - long deposition on September 14, 2007, and he was

12  clearly physically and mentally fit to testify throughout the day.

13        I declare under penalty of perjury of the laws of the United States that the foregoing is true and

14  correct, that I have personal first hand knowledge thereto, that if called as a witness I could and would

15  testify competently thereto, and that this declaration is executed on September 25, 2007 at Sonoma,

16  California.

17                              /s/ John H. MacConaghy
                                John H. MacConaghy
18                              Attorneys for Plaintiff
                                Official Unsecured Creditors Committee
19

20

21

22

23

24

25

26

1

ORDER SHORTENING TIME

2

On consideration the Plaintiff's application and good cause appearing:

3

IT IS HEREBY ORDERED that the time in which the Plaintiff may serve its Notice to Appear

4

at Trial in Lieu of Subpoena on the Defendant John M. Bryan, individually and as Trustee of the John

5

M. And Florence E. Bryan Trust is shortened to two (2) days.

6

Dated:  September 26, 2007

7

8

Alan Jaroslovsky
U.S. Bankruptcy Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9050.BRYAN.AOST

PAGE 4

# Exhibit

# 10

1 | **WINSTON & STRAWN LLP**
ROLF S. WOOLNER (CA SBN: 143127)
2 | HANNAH L. BLUMENSTIEL (CA SBN: 214842)
KIMBERLY S. MORRIS (CA SBN: 249933)
3 | 101 California Street, Suite 3900
San Francisco, California 94111-5894
4 | Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400
5 | Email:        rwoolner@winston.com
Email:        hblumenstiel@winston.com
6 | Email:        kmorris@winston.com

7 | **MacCONAGHY & BARNIER, PLC**
JOHN H. MacCONAGHY (CA SBN: 83684)
8 | 645 First Street West, Suite D
Sonoma, California 95476
9 | Telephone:    (707) 935-3205
Facsimile:    (707) 935-7051
10 | Email:        macclaw@macbarlaw.com

11 | Co-Counsel for Plaintiff, The Official Committee of
Unsecured Creditors

12 |

13 | **UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

14 | **SANTA ROSA DIVISION**

In re:

THE LEGACY ESTATE GROUP, LLC, a
California Limited Liability Company, formerly
doing business as FREEMARK ABBEY WINERY,
BYRON VINEYARD & WINERY, AND
ARROWOOD VINEYARD & WINERY,

　　　　　　Debtor.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE LEGACY ESTATE
GROUP, LLC,

　　　　　　Plaintiff,

　　　v.

JOHN M. BRYAN, JOHN M. AND FLORENCE
E. BRYAN TRUST, J.M. BRYAN FAMILY
TRUST, KULWINDER SIDHU, DEVINDER
SIDHU, PACIFIC PARAGON INVESTMENT
FUND LTD., a British Columbia company,
HARRY CHEW, and AIC CAPITAL PARTNERS,
LLC, a California limited liability company,

　　　　　　Defendants.

**Case No. 05-14659**

Chapter 11

Adversary Proceeding No. 06-01173

**PLAINTIFF'S OBJECTION TO
DEFENDANT AND CROSS-
CLAIMANTS' USE OF DEPOSITION
TESTIMONY AT EVIDENTIARY
HEARING**

**Hearing Date: September 27, 2007
Hearing Time: 10:00 a.m.
Santa Rosa Courtroom**

**Hon. Alan Jaroslovsky**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  JOHN M. BRYAN, JOHN M. AND FLORENCE
   E. BRYAN TRUST, J.M. BRYAN FAMILY
2  TRUST,

3          Defendants/Cross-Claimants,

4          v.

5  KULWINDER SIDHU, et al.,

6          Defendants/Cross-Defendants.

7

8          Plaintiff The Official Committee of Unsecured Creditors of the Estate of The Legacy Estate

9  Group ("Plaintiff") submits the following objection to evidence cited by Defendants/Cross-

10 Claimants John M. Bryan ("Mr. Bryan"), The John M. and Florence E. Bryan Trust and the J.M.

11 Bryan Family Trust (collectively the "Bryan Defendants") in their Memorandum Of Points And

12 Authorities Opposing A Judicial Determination That The John M. And Florence E. Bryan Trust Has

13 Waived Its Right To A Jury Trial.

14         1.     This action is set for an evidentiary hearing on September 27, 2007, pursuant to

15 various orders of this Court. The limited  issue to be tried is whether the John M. and Florence E.

16 Bryan Trust has waived its right to a jury trial. When this evidentiary hearing was set, the Court

17 directed declarations in lieu of direct testimony to be submitted prior to trial.

18         2.     The Bryan Defendants submitted a Memorandum Of Points And Authorities

19 Opposing A Judicial Determination That The John M. And Florence E. Bryan Trust Has Waived Its

20 Right To A Jury Trial on September 25, 2007. [Docket No. 88] ("Bryan Opposition Brief").

21         3.     In the Brian Opposition Brief, the Bryan Defendants rely on excerpts from the

22 transcript of the deposition of John M. Bryan taken on September 21, 2007 ("Bryan Deposition

23 Transcript"). *See* Bryan Opposition Brief at page 2.

24         4.     The Bryan Defendants' reliance on the Bryan Deposition Transcript in the Bryan

25 Opposition Brief is an improper attempt to circumvent this Court's Order requiring that all direct

26 testimony be submitted by declaration prior to trial with the declarant available for cross-

27 examination at the trial. In effect, the Bryan Defendants are improperly submitting direct testimony

28

1  of Mr. Bryan through the Bryan Opposition Brief as opposed to a declaration, thereby eliminating

2  the need to produce Mr. Bryan for cross-examination at the hearing on September 27, 2007.

3       5.    Further, the Bryan Defendant's use of the Bryan Deposition Transcript is improper

4  under Federal Rule of Civil Procedure 32, made applicable to this action by Bankruptcy Rule 7032,

5  and Federal Rule of Evidence 801, made applicable to this action by Bankruptcy Rule 9017.

6  Although it is proper for Plaintiff to cite to and rely upon excerpts of the Bryan Deposition

7  Transcripts pursuant to Fed.R.Civ.P. 32(a)(2) (the deposition of a party may be used by an adverse

8  party for any purpose) and F.R.E. 801(d)(2) (admission by a party-opponent), the citations to the

9  Bryan Deposition Transcript by the Bryan Defendants are improper.  The Bryan Defendants have

10  not shown that Mr. Bryan is unavailable nor have they shown exceptional circumstances entitling

11  them to rely on the Bryan Deposition Transcript under Fed.R.Civ.P. 32 or the Federal Rules of

12  Evidence.

13       6.    For all the foregoing reasons, Plaintiff requests the Court to strike the reference to the

14  Bryan Deposition Transcript in the Bryan Opposition Brief and further requests that the Court

15  prevent the Bryan Defendants' improper use of the Bryan Deposition Transcript at the evidentiary

16  hearing on September 27, 2007.

17

18       Dated:  September 26, 2007         **WINSTON & STRAWN LLP**

19                                          and

20                                          **MACCONAGHY & BARNIER, PLC**

21

22                                          /s/
                                            _____

23                                          Hannah L. Blumenstiel
                                            Co-Counsel for Plaintiff
24                                          Official Committee of Unsecured Creditors of
                                            The Legacy Estate Group, LLC
25

26

27

28

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

3

**PROOF OF SERVICE**

I, Kimberly Morris, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. I am an employee of Winston & Strawn LLP, and my business address is 101 California Street, San Francisco, California, 94111. On September 26, 2007, I served a true and correct copy of:

**PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS DEFENDANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING**

☒ by first class mail. I am familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. The document(s) was (were) placed for deposit in the United States Postal Service in a sealed envelope(s), with postage fully prepaid, addressed as set forth on the attached service list(s).

☐ by facsimile transmission to the parties and facsimile number(s) set forth on the attached service list. I sent such document from facsimile machine 415-591-1400. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 415-591-1400 which confirms said transmission and receipt.

☐ by overnight delivery by enclosing a true and correct copy of said document(s) in a Federal Express envelope(s) addressed as set forth on the attached service list. The envelope(s) was (were) sealed and deposited with Federal Express that same day in the ordinary course of business at San Francisco, California.

☐ by messenger by handing a copy of said document(s) to _____, for personal service by its agent to the person(s) at the address(es) set forth on the attached service list.

☐ by personally delivering the document(s) to the person(s) at the address(es) set forth on the attached service list.

☐ by email transmission to the individuals and email addresses as set forth on the attached service list. I caused the document(s) to be transmitted via email. I am readily familiar with my firm's practice for email transmissions. In sending the above described document by email, I followed the firm's ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on September 26 2007.

Kimberly Morris

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

2                                   **SERVICE LIST**

3    *Attorneys for Defendants and Cross-Claimants*
     *John M. Bryan, the John M. Bryan Family Trust,*
4    *and the John M. and Florence E. Bryan Trust*

5    Glenn E. Westreich
     gwestreich@nixonpeabody.com
6    Rosalyn P. Mitchell
     rmitchell@nixonpeabody.com
7    NIXON PEABODY LLP
     One Embarcadero Center, 18th Floor
8    San Francisco, California 94111
     Telephone:  (415) 984-8200
9    Facsimile:  (415) 984-8300

10   Michael St. James
     Michael@stjames-law.com
11   ST. JAMES LAW, P.C.
     155 Montgomery Street, Suite 1004
12   San Francisco, California 94104
     Telephone:  (415) 391-7566
13   Facsimile:  (415) 391-7568

14   *Attorneys for Defendants and Cross-Defendants*
     *Harry Chew, Pacific Paragon Investment Funds, Ltd., and*
15   *AIC Capital Partners LLC*

16   Elmer Dean Martin, III
     elmer@bankruptcytax.net
17   22632 Golden Springs Drive, Suite 190
     P.O. Box 4670
18   Diamond Bar, California 91763
     Telephone:  (909) 861-6700
19   Facsimile:  (909) 861-3801

20   Sean A. O'Keefe
     sokeefe@winthropcouchot.com
21   WINTHROP COUCHOT, P.C.
     660 Newport Center Drive, Suite 400
22   Newport Beach, California 92660
     Telephone:  (949) 720-4100
23   Facsimile:  (949) 720-4111

24   Defendant Pro Se Kulwinder Sidhu
     calvin@legacyestategroup.com
25   906 Hunt Avenue
     St. Helena, CA  94574
26   Telephone:  (425) 985-5241

27   Defendant Pro Se Devinder Sidhu
     dev@legacyestategroup.com
28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

5

1  906 Hunt Avenue
   St. Helena, CA 94574
2  Telephone: (707) 287-3173

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6

PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS-CLAIMANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING

# Exhibit

# 11

Entered on Docket
September 28, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4                UNITED STATES BANKRUPTCY COURT

5                NORTHERN DISTRICT OF CALIFORNIA

6    In re

7    THE LEGACY ESTATE GROUP,                     No. 05-14659

8                            Debtor(s).
                                            /
9
     OFFICIAL CREDITORS COMMITTEE,
10

11                          Plaintiff(s),

12          v.                                    A.P. No. 06-1173

13   JOHN M. BRYAN, et al.,

14                          Defendant(s).
                                            /
15

16            Memorandum re Right to Jury Trial of Defendant

17

18       Defendants John M. Bryan and the J. M. Bryan Family Trust have filed proofs of claim.  Defendant

     John M. and Florence E. Bryan Family Trust has not filed a proof of claim.  Earlier this year, all three
19
     defendants tried to bootstrap that fact into a jury trial in district court for all of them by a motion to the district
20
     court to withdraw the reference.
21
         On August 9, 2007, the district court issued its order staying that motion pending a factual
22
     determination in this court as to whether the JFB Trust is the alter ego of either of the defendants who filed
23
     claims.  The district court ordered:
24
             To the extent that the bankruptcy court decides that the JFB Trust does indeed
25           constitute an alter ego of Bryan and/or the JMB Trust, then JFB Trust, in addition to
             Bryan and JMB Trust, will have waived their jury trial right and the instant motion will be
26           mooted.

                                            1

After an evidentiary hearing, it became clear that the JFB Trust is the ultimate alter ego of Bryan. The JFB Trust is a fully revocable estate planning device containing all of Bryan's assets. He has full control of the assets of the trust and can revoke it at any time.

Bryan and his trusts have argued that the district court was wrong in determining that an alter ego is bound by the jury trial waiver of its counterpart. While the district court's order is no doubt the law of the case, the court notes that ordinary agency principles, including alter ego, govern whether a party may be compelled to litigate in another forum in lieu of a jury trial. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006); *Letizia v. Prudential Bach Securities, Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986).

The court further notes that even if the JFB Trust were entitled to a jury trial, there is a very good chance that this issue will prove moot. Since the trust is fully revokable at will by Bryan and contains all his assets, a judgment against him will be enforceable against the trust assets even if the trust were not a defendant. California Probate Code §18200. Moreover, as the court has noted before, principles of issue preclusion may make a trial against the trust unnecessary. For these reasons, the court respectfully suggests that it should proceed with the trial now set for November 13, 2007.

To summarize, this court finds that the JFB Trust is an alter ego of Bryan. Pursuant to the direction of the district court, it will accordingly order that the trial in this court will proceed as scheduled, as to all three Bryan defendants, on November 13. Counsel for plaintiff shall submit an appropriate form of order.

Dated: September 28, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

# Exhibit

# 12

Entered on Docket
**October 01, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   WINSTON & STRAWN LLP
    ROLF S. WOOLNER, State Bar No. 143127
2   HANNAH L. BLUMENSTIEL, State Bar No. 214842
    KIMBERLY S. MORRIS, State Bar No. 24993
3   101 California St., Ste. 3900
    San Francisco, CA 94111
4   Telephone: (415) 591-1000
    Facsimile: (415) 591-1400
5   Email:    rwoolner@winston.com
    Email:    hblumenstiel@winston.com
6   Email:    kmorris@winston.com

7   MacCONAGHY & BARNIER, PLC
    JOHN H. MacCONAGHY, State Bar No. 83684
8   645 First St. West
    Sonoma, California 95476
9   Telephone:  (707) 935-3205
    Facsimile:  (707) 935-7051
10  Email:    macclaw@macbarlaw.com

11  Attorneys for Plaintiff
    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
12

13                  UNITED STATES BANKRUPTCY COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15  In re                            )
                                     )   Case No. 05-14659
16  THE LEGACY ESTATE GROUP, LLC,    )   (Chapter 11)
    a California limited liability company, etc.  )
17                                   )
              Debtor.                )
18  _____ )
                                     )   Adv. Proc. No. 06-1173
19  OFFICIAL COMMITTEE OF            )
    UNSECURED CREDITORS OF THE       )
20  ESTATE OF THE LEGACY ESTATE      )   **ORDER (1) DENYING**
    GROUP, LLC,                      )   **MOTION TO CERTIFY**
21              Plaintiff,           )   **CASE TO DISTRICT**
                                     )   **COURT FOR JURY TRIAL**
22        v                          )   **AND (2) STRIKING JURY**
                                     )   **DEMAND**
23                                   )
    JOHN M. BRYAN, et al,            )
24                                   )
              Defendants.            )
25  _____ )
    AND RELATED CROSS-CLAIM          )
26  _____ )

1    Defendants John M. Bryan, the J.M. Bryan Family Trust, and the John M. and Florence E.

2    Bryan Trust filed a Demand for Jury Trial and a "Motion to Certify Case to District Court for Jury

3    Trial". On March 28, 2007, the Court issued its "Memorandum re Motion to Certify Case to District

4    Court for Jury Trial", holding that Defendants John M. Bryan and the J.M. Bryan Family Trust have

5    no right to a jury trial in this action as a matter of law, and directed that the Motion as to the Defendant

6    John M. and Florence E. Bryan Trust be set for evidentiary hearing. The evidentiary hearing was held

7    on September 27, 2007, before the Hon. Alan Jaroslovsky, United States Bankruptcy Judge.

8    MacConaghy & Barnier, PLC by John H. MacConaghy and Jean Barnier appeared for the Plaintiff

9    Official Committee of Unsecured Creditors of the Estate of the Legacy Estate Group, LLC; Nixon

10   Peabody LLP by Glenn Westreich appeared for the Defendant John M. and Florence E. Bryan Trust.

11   Following the submission of evidence and the consideration of the oral and written arguments of

12   counsel, the Court issued its "Memorandum re Right to Jury Trial of Defendant". For the reasons set

13   forth in the Court's two memoranda on this motion and good cause appearing:

14       IT IS HEREBY ORDERED that the Motion to Certify Case to District Court for Jury Trial

15   filed by the Defendants John M. Bryan, J.M. Bryan Family Trust, and John M. and Florence E. Bryan

16   Trust is DENIED with prejudice.

17       IT IS HEREBY FURTHER ORDERED that the Demand for Jury Trial filed by the Defendants

18   John M. Bryan, J.M. Bryan Family Trust, and John M. and Florence E. Bryan Trust is STRICKEN.

19   Dated: October 1, 2007

20

21   Alan Jaroslovsky
     U.S. Bankruptcy Judge

22

23

24

25

26