**WINSTON & STRAWN LLP**
ROLF S. WOOLNER (CA SBN: 143127)
HANNAH L. BLUMENSTIEL (CA SBN: 214842)
KIMBERLY S. MORRIS (CA SBN: 249933)
101 California Street, Suite 3900
San Francisco, California 94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400
Email:        rwoolner@winston.com
Email:        hblumenstiel@winston.com
Email:        kmorris@winston.com

**MacCONAGHY & BARNIER, PLC**
JOHN H. MacCONAGHY (CA SBN: 83684)
645 First Street West, Suite D
Sonoma, California 95476
Telephone:    (707) 935-3205
Facsimile:    (707) 935-7051
Email:        macclaw@macbarlaw.com

Co-Counsel for Plaintiff, The Official Committee of Unsecured Creditors

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>THE LEGACY ESTATE GROUP, LLC, a California Limited Liability Company, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, AND ARROWOOD VINEYARD & WINERY,<br><br>Debtor. | D. Ct. Case No: 3:07-cv-02943-PJH<br><br>Bankruptcy Case No. 05-14659<br>Adv. Proc. No. 06-01173<br><br>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO JFB TRUST'S RENEWED MOTION TO WITHDRAW REFERENCE** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD., a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company,<br><br>Defendants. | **[NO HEARING SCHEDULED]** |

JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST,

        Defendants/Cross-Claimants,

  v.

KULWINDER SIDHU, et al.,

        Defendants/Cross-Defendants.

The Official Committee of Unsecured Creditors ("Committee") appointed in the bankruptcy case of The Legacy Estate Group LLC ("Legacy") hereby opposes the Renewed Motion to Withdraw Reference ("Motion") filed by The John M. and Florence E. Bryan Trust ("JFB Trust").

## INTRODUCTION

As directed by this Court, the Bankruptcy Court recently held an evidentiary hearing to determine whether the JFB Trust has a right to a jury trial in the Committee's lawsuit.

The JFB Trust is a revocable estate-planning device. Mr. John Bryan is the trustor, trustee, and beneficiary of the JFB Trust. Mr. Bryan retains complete control over the trust's assets and treats them as his own. The trust holds all of Mr. Bryan's property interests – including his claims against the Legacy bankruptcy estate. Mr. Bryan is entitled to revoke the JFB Trust at any time.

However, Mr. Bryan, as an individual, filed proofs of claim in the Legacy bankruptcy case, submitting to the equitable jurisdiction of the Bankruptcy Court and waiving his right to a jury trial.

The JFB Trust stipulated to all of the above facts, but insisted that the JFB Trust could preserve a jury trial right, notwithstanding Mr. Bryan's own waiver of that right.

The Bankruptcy Court found that, although the JFB Trust is a separate estate-planning entity, the economic interests of the JFB Trust and Mr. Bryan are identical during Mr. Bryan's lifetime; and so the JFB Trust, as an alter ego of Mr. Bryan, has no right to a jury trial (the "Jury Trial Ruling").

The JFB Trust now contends that the Jury Trial Ruling lacked any legal basis, and that the Bankruptcy Court had no authority to rule on the jury trial issue to begin with. The JFB Trust also seeks a stay of the trial. The JFB Trust is mistaken on all fronts.

First, the Bankruptcy Court had ample basis to find that by filing his proofs of claim in the Legacy case, Mr. Bryan also submitted the JFB Trust to the Bankruptcy Court's equitable jurisdiction. This conclusion required no evidence of "fraud" or "misconduct" by Mr. Bryan, or "merger" or "termination" of the JFB Trust – none of which were at issue. The Jury Trial Ruling arises from the undisputed fact that the trust's economic interests are identical to those of Mr. Bryan, and encompass his individual proofs of claim against the Legacy estate. Bedrock alter ego, trust law, and bankruptcy principles support this ruling.

Second, this Court properly delegated to the Bankruptcy Court determination of the sole

question decided by the Jury Trial Ruling: Whether the JFB Trust had waived its right to a jury trial because it was Mr. Bryan's alter ego. The Bankruptcy Court did not address the broader question, entrusted to this Court, of whether the reference should be withdrawn under 28 U.S.C. § 157(d). But this Court has already held, in its August 2007 order on withdrawal of the reference, that the alter ego determination in the Jury Trial Ruling moots the Motion.

*Third* and finally, there is no basis for a stay of the trial in this adversary proceeding, which is scheduled to commence on November 13, 2007. The JFB Trust's request for a stay is predicated on the assumption that the trust is entitled to a jury trial. That assumption is invalid.

Accordingly, the Motion should be denied.

## BACKGROUND

This adversary proceeding seeks recovery of damages and wrongfully transferred funds from (among other persons) Mr. Bryan, the JFB Trust, and the J.M. Bryan Trust (collectively, "Bryan Defendants"). In March 2007, the Bryan Defendants filed a motion to certify the adversary proceeding to this Court, which the Bankruptcy Court denied with prejudice as to Mr. Bryan and the J.M. Bryan Trust. Noting that the JFB Trust may have waived its right to a jury trial through an alter ego's proofs of claim, the Bankruptcy Court invited discovery, briefing and an evidentiary hearing on that issue.[1] The Bryan Defendants then filed their first motion to withdraw the reference.

On June 25, 2007, this Court directed the Bankruptcy Court to issue a "report and recommendation regarding whether the reference should be withdrawn under 28 U.S.C. § 157(d), including but not limited to whether the movant's right to a jury trial constitutes cause for withdrawal of the reference."[2] On June 28, 2007, the Bankruptcy Court complied with that directive.[3] Promptly thereafter, the parties completed their briefing of the withdrawal motion before this Court.

On July 20, 2007, the Committee learned for the first time that the JFB Trust was a revocable estate planning trust controlled by Mr. Bryan. This fact emerged only when the Bryan Defendants disclosed it in their reply brief on the withdrawal motion, so the Committee had no occasion to bring

---

[1] Exhibit 1, Memorandum re Motion to Certify Case to District Court for Jury Trial. [Note: All "Exhibits" cited herein are attached to the Official Committee of Unsecured Creditors' Request for Judicial Notice in Support Of Opposition to JFB Trust's Renewed Motion to Withdraw Reference.]
[2] Exhibit 2, Order Re: Report and Recommendation on Motion to Withdraw Bankruptcy Court's Reference.
[3] Exhibit 3, Bankruptcy Judge's Report and Recommendation Regarding Withdrawal of Reference.

2

1  it to this Court's attention in connection with the withdrawal motion.[4]

2  In its Stay Order; Administrative Closure dated August 9, 2007 ("<u>Stay Order</u>"), this Court ordered the Bankruptcy Court to resolve the alter ego issue pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure, holding that the Bankruptcy Court was the most appropriate forum for that determination.[5] The Stay Order also stayed the withdrawal motion pending the Bankruptcy Court's ruling, and stated: "To the extent that the bankruptcy court decides that the JFB Trust does indeed constitute an alter ego of Bryan and/or the JMB Trust, then JFB Trust, in addition to Bryan and JMB Trust, will all have waived their jury trial right and the instant motion will be mooted. However, to the extent the bankruptcy court determines otherwise, then this court will rule on the motion to withdraw reference."[6]

The Bryan Defendants did not request leave to appeal from the Stay Order, and did not request reconsideration of the Stay Order.[7]

Pursuant to the Stay Order, the Bankruptcy Court set an evidentiary hearing on the alter ego issue.[8] The Committee obtained copies of the trust instruments governing the JFB Trust, and took a deposition of Mr. Bryan in connection with the adversary proceeding, at which Mr. Bryan also testified regarding the JFB Trust. The Committee then submitted to the Bankruptcy Court its brief on the alter ego issue, along with over 100 pages of evidence, including Mr. Bryan's testimony.[9]

---

[4] See Reply of John M. Bryan, the John M. and Florence E. Bryan Trust and J.M. Bryan Family Trust in Support Of Motion To Withdraw Reference (filed herein on July 20, 2007), at p. 5.
[5] Exhibit 4, Stay Order at 3.
[6] Exhibit 4, Stay Order at 3-4.
[7] Under Local Rule 7-9, a party seeking reconsideration must first obtain leave of this Court by demonstrating: "(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. ...; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D.Ca. Local Rule 7-9. The JFB Trust has not followed this procedure, and has not even attempted to make the required showing. The Motion cites *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 2007 WL 2743497 (9th Cir.), decided after entry of the Stay Order; but as discussed below, that case has no bearing on the Stay Order or the Jury Trial Ruling.
[8] Exhibit 5, Notice of Evidentiary Hearing on Motion to Certify Case to District Court for Jury Trial.
[9] Exhibit 6, Plaintiff's Brief in Support of a Judicial Determination That The John M. and Florence E. Bryan Trust Has Waived its Right to a Jury Trial; Exhibit 7, Declaration of Kimberly S. Morris in Support of Plaintiff's Brief in Support of a Court Determination That the John M. and Florence E. Bryan Trust Has Waived its Right to a Jury Trial.

3

The JFB Trust filed an opposition brief,[10] but submitted no evidence on the alter ego issue, and indicated that it did not intend to produce Mr. Bryan to testify at the evidentiary hearing scheduled for September 27, 2007.[11] At the Committee's request, the Bankruptcy Court authorized the Committee to compel Mr. Bryan's appearance at the evidentiary hearing.[12]

On September 27, 2007, the Bankruptcy Court conducted its evidentiary hearing. The JFB Trust did not dispute any of the operative facts. The Committee made an offer of proof, which was accepted by the JFB Trust, and the Committee placed the relevant evidence on the record.[13]

On September 28, 2007, the Bankruptcy Court issued its Jury Trial Ruling, which holds that the JFB Trust is the alter ego of Mr. Bryan for purposes of bankruptcy jurisdiction, and concludes that the JFB Trust is not entitled to a jury trial.[14] The Jury Trial Ruling renders the Bryan Defendants' withdrawal motion moot, pursuant to the Stay Order.[15]

The Bryan Defendants did not request leave to appeal from the Jury Trial Ruling or the resulting Bankruptcy Court order striking the JFB Trust's jury trial demand, and did not request reconsideration of the Jury Trial Ruling. Instead, the JFB Trust filed the instant Motion.

## DISCUSSION

**A.   The Bankruptcy Court Was Entitled to Determine that the JFB Trust is the Alter Ego of John Bryan for Purposes of Equitable Bankruptcy Jurisdiction.**

The Jury Trial Ruling states: "After an evidentiary hearing, it became clear that the JFB Trust is the ultimate alter ego of Bryan. The JFB Trust is a fully revocable estate planning device containing all of Bryan's assets. He has full control of the assets of the trust and can revoke it at any time."[16] The Committee's brief before the Bankruptcy Court,[17] its evidentiary submissions in

---

[10] Exhibit 8, Defendants and Cross-Claimants' Memorandum of Points and Authorities Opposing a Judicial Determination That the John M. and Florence E. Bryan Trust Has Waived its Right to a Jury Trial.
[11] Exhibit 9, Notice to Appear at Trial in Lieu of Subpoena; Exhibit 12, Plaintiff's Objection to Defendant and Cross-Claimants' Use of Deposition Testimony at Evidentiary Hearing.
[12] Exhibit 10, Ex Parte Application for Order Shortening Time in Which to Serve Notice to Appear at Trial in Lieu of Subpoena; Exhibit 11, Order Granting Ex Parte Application For Shortening Time in Which to Serve Notice to Appear at Trial in Lieu of Subpoena.
[13] Exhibit 13, Transcript of Hearing held on September 27, 2007 on Motion to Certify Case to District Court for Jury Trial (with hearing exhibits).
[14] Exhibit 14, Memorandum re Right to Jury Trial of Defendant.
[15] Exhibit 4, Stay Order at 3.
[16] Exhibit 14, Memorandum re Right to Jury Trial of Defendant at 2.
[17] *See* Exhibit 6.

4

support of that brief,[18] and its uncontested presentation at the evidentiary hearing,[19] provide ample support for this ruling. The JFB Trust submitted absolutely no evidence in support of its opposition, but now argues that the Jury Trial Ruling was legally erroneous.

Rather than retailing here all of the authorities and evidence in the Committee's submissions to the Bankruptcy Court (which are furnished to this Court for its reference), the Committee will confine itself to two simple observations.

First, there is no dispute that for purposes of Mr. Bryan's economic relationship to the Legacy estate, the JFB Trust, although a distinct legal entity for estate planning purposes, is functionally identical to Mr. Bryan during his lifetime. The JFB Trust holds all of Mr. Bryan's personal assets, <u>including</u> his individual claims against the Legacy bankruptcy estate — the very claims that deprived Mr. Bryan of an individual right to a jury trial. Mr. Bryan has always treated all the assets of the JFB Trust as his own, just as though the JFB Trust did not exist. And, he is fully entitled to do so. The fact that Mr. Bryan and the JFB Trust have identical economic interests until the death of Mr. Bryan or revocation of the trust is the essential, ineluctable nature of this or any other revocable estate-planning trust. Indeed, the income of a revocable trust is taxed directly to the controlling grantor during his lifetime. Thus, both federal and state tax law <u>require</u> Mr. Bryan to treat as his own, and report on his individual tax returns, the assets, income, and losses of the JFB Trust.[20]

Second, as detailed in the Committee's Bankruptcy Court brief, neither California probate law nor the doctrine of alter ego require any showing of fraud or misconduct, or require the JFB Trust to be terminated or "merged" with Mr. Bryan, in order to conclude that the trust and the individual are economically identical during Mr. Bryan's lifetime.[21] The Committee believes that probate law alone compels this conclusion. Further, the alter ego doctrine authorizes a court to disregard the separate existence of a legally distinct entity to prevent injustice arising under specific

---

[18] *See* Exhibit 7.
[19] *See* Exhibit 13.
[20] Internal Revenue Code § 671 (where the grantor is specified as the owner of a revocable trust, such grantor's taxable income shall include taxable items of the trust); *id.* § 676 (grantor is treated as the owner of the portion of the trust with respect to which the grantor has the power to revoke and revest in the grantor title to such portion of the trust); Cal. Rev. & Tax. Code § 17331, ¶¶ 200-250 (incorporating identical provisions into the California tax code).
[21] Exhibit 6, Plaintiff's Brief in Support of a Judicial Determination That The John M. and Florence E. Bryan Trust Has Waived its Right to a Jury Trial. pp. 5-11.

circumstances, regardless of whether the defendant has disregarded corporate formalities or misbehaved in any way.[22] An alter ego determination does not obliterate the separate existence of an entity for all purposes; it does only what is narrowly necessary to entail substantial justice.[23]

Most of the elements of alter ego are in the very nature of a revocable estate-planning trust, even when "used as directed." Courts readily disregard such trusts in a variety of circumstances that involve no misconduct. The Bankruptcy Court was entitled to find, in the circumstances of this case, that treating the JFB Trust as distinct from Mr. Bryan for purposes of equitable bankruptcy jurisdiction would result in injustice.

Notably, the Bryan Defendants have not cited any case holding that it is impermissible for a court to reach a jury trial determination on this basis.

### B. The Jury Trial Ruling Arose Under Bankruptcy Rules 5011(a) and 5011(c), Not Bankruptcy Local Rule 9015-2(b).

In its Stay Order, this Court directed the Bankruptcy Court to rule on the jury trial issue pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (which provides that a pending motion to withdraw the reference does not deprive the Bankruptcy Court of jurisdiction to decide such issues), as well as Bankruptcy Rule 5011(a) (which requires this Court to hear the motion for withdrawal of the reference).[24] The Bankruptcy Court complied. Nothing in the Stay Order or the Jury Trial Ruling suggests that the Bankruptcy Court was asked to rule, or attempted to rule, on the ultimate question of whether withdrawal of the reference was proper under 28 U.S.C. § 157(d). That issue is properly reserved to this Court, which resolved it in the Stay Order.[25]

Bankruptcy Local Rule 9015-2(b) provides that if (i) if a bankruptcy judge determines that a

---

[22] *Mesler v. Bragg Mgt. Co.*, 39 Cal 3d. 290, 300, 702 P.2d 601, 606 (Cal. 1985) ("There is no litmus test to determine when the corporate veil will be pierced; rather the result will depend on the circumstances of each particular case. There are, nevertheless, two general requirements: that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.").
[23] *Mesler v. Bragg Mgt. Co.*, 39 Cal 3d. at 301, 702 P.2d at 607.
[24] Exhibit 4, Stay Order at 3; Fed. R. Bankr. P. 5011(a), (c).
[25] "To the extent that the bankruptcy court decides that the JFB Trust does indeed constitute an alter ego of Bryan and/or the JMB Trust, then JFB Trust, in addition to Bryan and JMB Trust, will all have waived their jury trial right and the instant motion will be mooted. However, to the extent the bankruptcy court determines otherwise, then this court will rule on the motion to withdraw reference." Exhibit 4, Stay Order at 3.

6

party has a right to a jury trial, <u>and</u> (ii) if one or more parties have not consented to a jury trial before the bankruptcy court, <u>then</u> (iii) the bankruptcy court will automatically "withdraw" the reference to the district court. N.D. Cal.. Bankr. L.R. 9015-2(b). *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 2007 WL 2743497 (9th Cir. 9/21/07), holds that Rule 9015-2(b) is invalid because it cannot be reconciled with 28 U.S.C. § 157(d) or Bankruptcy Rule 5011(a). But neither the Bankruptcy Court nor this Court took any action under Rule 9015-2(b). Nor could anyone have done so, because the Bankruptcy Court has never found any party entitled to a jury trial in this case.

This Court and the Bankruptcy Court have fully complied with the requirements of 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a). The *Healthcentral.com* decision has no bearing on the Jury Trial Ruling or the Stay Order.

### C.   The JFB Trust Is Not Entitled to a Stay of the Trial Date to "Protect" Rights It Does Not Possess.

The trial of this adversary proceeding is scheduled to commence on November 13, 2007. The Motion argues that the trial should be stayed to protect the JFB Trust's right to a jury trial — just in case the JFB Trust some day finds a court willing to overturn the Jury Trial Ruling. Such arguments have no place here. The trial of this action cannot be halted while the JFB Trust continues to litigate side issues to the detriment of Legacy's creditors.

The JFB Trust focuses on dicta in the Jury Trial Ruling to suggest that sinister consequences might result from a bench trial. This argument, too, is misplaced. The standards applicable to collateral estoppel determinations, the interplay of equitable and legal claims, and the application of the California Probate Code to any eventual judgment, might all be touched upon by comments in the Jury Trial Ruling — but none of those "issues" are essential to the Bankruptcy Court's alter ego determination; none are before the Court at this time; and it is far from clear that they will ever become relevant in this case.

In short, the JFB Trust is not entitled to a stay of the trial date.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Motion be denied in its entirety, and that the trial of this action proceed as scheduled against all of the Bryan Defendants.

DATED: October 19, 2007

Hannah L. Blumenstiel
WINSTON & STRAWN LLP

-and-

MACCONAGHY & BARNIER

Co-Counsel for the Official Committee
of Unsecured Creditors