# EXHIBIT 1

**Entered on Docket**
**March 28, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7              UNITED STATES BANKRUPTCY COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9     In re

10    THE LEGACY ESTATE GROUP,                        No. 05-14659

11                      Debtor(s).
                                          /
12
      OFFICIAL CREDITORS COMMITTEE,
13

14                     Plaintiff(s),

15            v.                                A.P. No. 06-1173

16    JOHN M. BRYAN, et al.,

17                     Defendant(s).
                                          /
18

19        Memorandum re Motion to Certify Case to District Court for Jury Trial

20

21        Plaintiff originally demanded a jury trial in this adversary proceeding, but withdrew its demand.  Three

22    defendants have asked the court to transfer the case to district court for jury trial, even though at least two of

23    them, John M. Bryan and the J. M. Bryan Family Trust, have filed proofs of claim.  The filing of a proof of

24    claim waives the right to a jury. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S.Ct. 2782,

25    106 L.Ed.2d 26 (1989).

26        Contrary to defendants' arguments, Rule 38(d) of the Federal Rules of Civil Procedure does not bar

                                          1

1  the withdrawal of a jury demand by plaintiff where the defendant did not rely on the demand. *Fuller v. City*

2  *of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995); *White v. McGinnis*, 903 F.2d 699, 701 (9th Cir. 1990);

3  *Reid Bros. Logging Co. v. Kitchikan Pulp Co.*, 699 F.2d 1292, 1304 (9th Cir. 1983). Moreover, a party

4  has no standing to object to waiver of a right by another party unless it is aggrieved by the waiver. Since

5  Bryan and the J. M. Bryan Family Trust have waived the right to a jury, they have no standing to object to

6  plaintiff's waiver of its right to a jury trial.

7          The rights of the third defendant, the John M. and Florence E. Bryan Trust, are more problematical.

8  This defendant has not filed a claim in its own name. However, it appears that its alter ego may have filed a

9  proof of claim or that it is close enough in identity to be bound by the jury waiver of other entities. Resolution

10  of this matter requires an evidentiary hearing and further briefing.

11          For the foregoing reasons, the motion will be denied with prejudice as to defendants John M. Bryan

12  and the J. M. Bryan Family Trust. As to the John M. and Florence E. Bryan Trust, the parties shall arrange

13  an evidentiary hearing and submit supplemental briefs. In the event that the court determines that this

14  defendant is entitled to a jury trial, the claims against it will be severed and only those severed claims will be

15  transferred to the district court; the case will proceed in this court as to defendants who have waived their

16  right to a jury.

17          Counsel for plaintiff shall submit an appropriate form of order.

18

19  Dated: March 28, 2007

20

21

22  Alan Jaroslovsky
    U.S. Bankruptcy Judge

23

24

25

26

                                            2

# EXHIBIT 2

Entered on Docket
June 28, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

FILED
ORDER FOR RELIEF

JUN 2 6 2007

2007 JUN 27  AM 11: 06

UNITED STATES DISTRICT COURT

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SANTA ROSA, CA.

| | |
|---|---|
| In re THE LEGACY ESTATE GROUP, LLC, | |
|        Debtor. | |
| _____/ | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | No. C 07-2943 PJH |
|        Plaintiff, | Bankr. Case No.  05-14659 AJ |
| | Adv. Case No. 06-1173 AJ |
|        v. | **ORDER RE: REPORT AND RECOMMENDATION ON MOTION TO WITHDRAW BANKRUPTCY COURT'S REFERENCE** |

JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M.
BRYAN FAMILY TRUST, KULWINDER
SIDHU, DEVINDER SIDHU, PACIFIC
PARAGON INVESTMENT FUND LTD, a
British Columbia company, HARRY CHEW,
and AIC CAPITAL PARTNERS, LLC, a
California limited liability company,

       Defendants,

JOHN M. BRYAN, JOHN M. AND
FLORENCE BRYAN TRUST, J.M.
BRYAN FAMILY TRUST,

       Defendants/Cross-Claimants,

KULWINDER SIDHU, DEVINDER SIDHU,
PACIFIC PARAGON INVESTMENT FUND
LTD, a British Columbia company, HARRY
CHEW, AIC CAPITAL PARTNERS, LLC, a
California limited liability company, and
LAMINAR DIRECT CAPITAL, L.P., a
Texas limited partnership,

       Defendants/Cross-Defendants.
_____/

United States District Court
For the Northern District of California

1       On May 24, 2007, defendants and cross-claimants John M. Bryan, John M. and

2  Florence E. Bryan Trust, and J.M. Family Trust, filed with the bankruptcy court a motion to

3  withdraw the reference to the bankruptcy court, pursuant to 28 U.S.C. § 157(d) and

4  Federal Rule of Bankruptcy Procedure ("FRBP") 5011.  On June 6, 2007, the bankruptcy

5  court transmitted the motion to this court pursuant to Rule 5011.  Upon transferring the

6  motion, the bankruptcy court did not provide any recommendation regarding whether its

7  reference should be withdrawn.

8       Because the bankruptcy court is more familiar with the underlying chapter 11

9  bankruptcy case filed in November 2005, and with the adversary case for which movants

10  seek withdrawal of the reference, pursuant to Bankruptcy L.R. 5011-2(b), the court refers

11  the instant motion to the bankruptcy court for a report and recommendation regarding

12  whether the reference should be withdrawn under 28 U.S.C. § 157(d), including but not

13  limited to whether the movant's right to a jury trial constitutes cause for withdrawal of the

14  reference.  Once the bankruptcy court has submitted to this court its recommendation

15  regarding whether withdrawal of reference should occur, this court will set a further briefing

16  schedule, if necessary, and issue a final order on the motion pursuant to Rule 5011.

17      **IT IS SO ORDERED.**

18

19  Dated: June _25_, 2007

20                              

21                          PHYLLIS J. HAMILTON
                        United States District Judge

22

23  Order transmitted to the Honorable Alan Jaroslovsky

24

25

26

27

28

                                     2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


IN RE LEGACY ESTATE GROUP, LLC,

Debtor.

Case Number: CV07-02943 PJH

**CERTIFICATE OF SERVICE**

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

USBC Manager-Santa Rosa
U.S. Bankruptcy Court
99 South E Street
Santa Rosa, CA 95404

Alan Jaroslovsky
USBC
Northern District of California
Santa Rosa Division
99 South E Street
Santa Rosa, CA 95404

Devinder Sidhu
P.O. Box 401
3022 St. Helena Highway North
St. Helena, CA 94574

Kulwinder S. Sidhu
P.O. Box 401
St. Helena, CA 94574

Dated: June 26, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

# EXHIBIT 3

Entered on Docket
**June 28, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  In re

10  THE LEGACY ESTATE GROUP,  No. C 07-2943 PJH

11  Debtor(s).
_____/
12

OFFICIAL CREDITORS COMMITTEE,
13

14  Plaintiff(s),  Bktcy. No. 05-14659

15  v.  A.P. No. 06-1173

16  JOHN M. BRYAN, et al.,

17  Defendant(s).
_____/
18

19  Bankruptcy Judge's Report and Recommendation Regarding Withdrawal of Reference

20
Pursuant to the order of the District Court of June 25, 2007, the undersigned bankruptcy judge
21
recommends that the District Court not withdraw the reference in this case for the following reasons:
22
1.  The issues in this case are well within the ordinary experience and expertise of the bankruptcy
23
court.
24
2.  This case has been litigated in bankruptcy court for over seven months during which time the court
25
has already made several key rulings.  These include dismissing a cross-claim, denying a motion to transfer the
26

1

1  case to district court, and striking a jury demand.

2      3.  Defendants John M. Bryan and the J. M. Bryan Family Trust have filed proofs of claim in the

3  bankruptcy case.  Thus, the underlying dispute is whether these defendants owe the bankruptcy estate money

4  or whether the estate owes them money.  Resolution of such disputes is a core purpose of the bankruptcy

5  court both historically and pursuant to 28 U.S.C  § 157(b)(2)(B) and  § 157(b)(2)(C).   The filing of a proof

6  of claim waives the right to a jury.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S.Ct.

7  2782, 106 L.Ed.2d 26 (1989).

8      4.  One defendant, the John M. and Florence E. Bryan Trust, has not filed a proof of claim.  The issue

9  is still pending here as to whether it is bound by the proofs of claim filed by the other two defendants, all of

10  whom are related.  Even if the court determines that this remaining defendant is entitled to a jury trial, the court

11  suspects that principles of issue preclusion may make that litigation relatively simple once this court has

12  adjudicated the rights of the other two defendants.

13      WHEREFORE, the undersigned bankruptcy judge recommends that the reference not be withdrawn.

14      The undersigned also expresses his appreciation to the District Court for an opportunity to comment

15  on this matter.  In some cases, litigants use a motion to withdraw the reference for improper purposes,

16  including a desire to delay litigation or make it more expensive for a bankruptcy estate with limited assets to

17  prosecute.  Also, in some instances motions to withdraw the reference are filed in an attempt to forum shop

18  when the moving party becomes unhappy with bankruptcy court rulings.

19

20  Dated:  June 28, 2007

21

22

23                                      Alan Jaroslovsky
                                        U.S. Bankruptcy Judge

24

25

26

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF MAILING**

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California

hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the

Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: August 8, 2007

        Dan Sondheim
        Deputy Court Clerk

Phyllis J. Hamilton
United States District Judge
United States District Court
United States Courthouse
450 Golden Gate Ave.
P. O. Box 36060
San Francisco, CA 94102-3489

United States District Court
United States Courthouse
450 Golden Gate Ave.
P. O. Box 36060
San Francisco, CA 94102-3489

# EXHIBIT 4

Entered on Docket
August 23, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

RECEIVED

AUG 13 2007

U.S. BANKRUPTCY COURT
SANTA ROSA, CA

AUG 0 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**United States District Court**
For the Northern District of California

In re THE LEGACY ESTATE GROUP,
LLC,

        Debtor.

_____/

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS,

        Plaintiff,

    v.

JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M.
BRYAN FAMILY TRUST, KULWINDER
SIDHU, DEVINDER SIDHU, PACIFIC
PARAGON INVESTMENT FUND LTD, a
British Columbia company, HARRY CHEW,
and AIC CAPITAL PARTNERS, LLC, a
California limited liability company,

        Defendants,

JOHN M. BRYAN, JOHN M. AND
FLORENCE BRYAN TRUST, J.M.
BRYAN FAMILY TRUST,

        Defendants/Cross-Claimants,

KULWINDER SIDHU, DEVINDER SIDHU,
PACIFIC PARAGON INVESTMENT FUND
LTD, a British Columbia company, HARRY
CHEW, AIC CAPITAL PARTNERS, LLC, a
California limited liability company, and
LAMINAR DIRECT CAPITAL, L.P., a
Texas limited partnership,

        Defendants/Cross-Defendants.

_____/

No. C 07-2943 PJH
Bankr. Case No. 05-14659 AJ
Adv. Case No. 06-1173 AJ

**STAY ORDER; ADMINISTRATIVE
CLOSURE**

FILED

AUG 13 2007

U.S. BANKRUPTCY COURT
SANTA ROSA, CA

United States District Court

For the Northern District of California

1  On May 24, 2007, defendants and movants John M. Bryan ("Bryan"), John M. and

2  Florence E. Bryan Trust ("JFB Trust"), and J.M. Bryan Family Trust ("JMB Trust"), filed with

3  the bankruptcy court a motion to withdraw the bankruptcy court's reference, pursuant to 28

4  U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure ("FRBP") 5011.  On June 6,

5  2007, the bankruptcy court transmitted the motion to this court pursuant to Rule 5011.  On

6  June 29, 2007, the bankruptcy court submitted to this court a report and recommendation,

7  in which the bankruptcy court recommended that this court deny the motion to withdraw the

8  reference.  Subsequently, the parties briefed the motion before this court.

9  Plaintiff, the official committee of unsecured creditors of the debtor Legacy Estate

10  Group, LLC ("committee"), 05-14659 AJ, filed the adversary proceeding, 06-1173 AJ,

11  giving rise to the instant motion, against a number of defendants/creditors, including Bryan,

12  the JMB Trust, and the JFB Trust, to recover estate property and damages.  The first

13  amended complaint ("FAC") includes twenty claims, most of which seek relief under the

14  Bankruptcy Code, but a few which seek relief under state law as well.

15  Movants seek withdrawal of the reference to the bankruptcy court based on the JFB

16  Trust's right to a jury trial.  The United States Supreme Court has held that the Seventh

17  Amendment entitles a person who has not submitted a claim against a bankruptcy estate

18  to a jury trial when sued by a bankruptcy trustee seeking monetary relief, even in core

19  proceedings under the Bankruptcy Code, such as fraudulent or preferential transfer

20  actions.  *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 40 n.3, 50 (1989) (fraudulent

21  transfer case); *Langenkamp v. Culp,* 498 U.S. 42, 44 (1990) (preferential transfer case).

22  Unless all parties consent and the district court designates the bankruptcy court to do so,

23  the bankruptcy court may not conduct the jury trial.  *See* § 157(e).  However, a creditor

24  waives the jury trial right by filing a proof of claim in the bankruptcy case.  *See*

25  *Granfinanciera,* 492 U.S. at 40; *Langenkamp,* 498 U.S. at 44.

26  The current motion appears to have been motivated by movants' dissatisfaction with

27  related rulings by the bankruptcy court.  There is no dispute that Bryan and the JMB Trust

28

2

United States District Court

For the Northern District of California

1  filed proofs of claims in the bankruptcy case.   On March 28, 2007, the bankruptcy court

2  noted that was the case, and on June 27, 2007, struck Bryan and the JMB Trust's

3  demands for jury trial.  Similarly, there is also no dispute that the JFB Trust did *not* file a

4  proof of claim.  The dispute that has not been resolved, though, and that appeared to have

5  been imminent at the time movants filed the motion before this court, concerns whether or

6  not Bryan and the JMB Trust constituted alter egos for the JFB Trust, such that the filing of

7  Bryan's and the JMB Trust's proofs of claims waived the JFB Trust's jury trial right.  In fact,

8  in its March 28, 2007 order, the bankruptcy court granted the parties leave to conduct

9  discovery on the issue, ordered the parties to submit supplemental briefs, and indicated

10  that it would hold an evidentiary hearing on the issue.  However, given the instant motion to

11  withdraw its reference, the bankruptcy court did not resolve the issue.

12       Because that issue is central to this court's decision on the motion to withdraw the

13  reference, the court STAYS the instant motion pending resolution of the issue by the

14  bankruptcy court.  The court notes that the bankruptcy court retains jurisdiction to decide

15  the issue in spite of the fact that the current motion to withdraw was filed.  *See* Federal

16  Rule of Bankruptcy Procedure 5011(c) (noting that motion to withdraw reference does not

17  stay proceedings before bankruptcy judge "except that the bankruptcy judge may stay, on

18  such terms and conditions as are proper, proceedings pending disposition of the motion").

19  Because of the size and complexity of the Chapter 11 bankruptcy case, the bankruptcy

20  court's familiarity with the case in general and with the very specific issue here, and the

21  impact on the bankruptcy estate, this issue is more appropriately determined by the

22  bankruptcy court.  To the extent that the bankruptcy court decides that the JFB Trust does

23  indeed constitute an alter ego of Bryan and/or the JMB Trust, then JFB Trust, in addition to

24  Bryan and JMB Trust, will all have waived their jury trial right and the instant motion will be

25  mooted.  However, to the extent the bankruptcy court determines otherwise, then this court

26  will rule on the motion to withdraw reference.

27       Accordingly, the court STAYS this motion and case pending the bankruptcy court's

28

3

United States District Court
For the Northern District of California

1  resolution of the above issue.  The parties are ORDERED to advise this court immediately

2  upon the bankruptcy court's ruling on the issue.

3      The clerk shall administratively close this case.  The closure has no legal effect; it is

4  purely a statistical matter.  The case will be reopened, the stay vacated, and further order

5  issued upon notification by the parties in accordance with the conditions set forth above.

6

7      **IT IS SO ORDERED.**

8

9  Dated: August _9_, 2007

10

11                                   PHYLLIS J. HAMILTON
                                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


IN RE LEGACY ESTATE GROUP,

Debtor.

_____ /

Case Number: CV07-02943 PJH

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 9, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

USBC Manager-Santa Rosa
U.S. Bankruptcy Court
99 South E Street
Santa Rosa, CA 95404

Alan Jaroslovsky
USBC
Northern District of California
Santa Rosa Division
99 South E Street
Santa Rosa, CA 95404

Devinder Sidhu
P.O. Box 401
3022 St. Helena Highway North
St. Helena, CA 94574

Kulwinder S. Sidhu
P.O. Box 401
St. Helena, CA 94574

Dated: August 9, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk