# EXHIBIT 5

1  WINSTON & STRAWN LLP
   ROLF S. WOOLNER, State Bar No. 143127
2  HANNAH L. BLUMENSTIEL, State Bar No. 214842
   101 California St., Ste. 3900
3  San Francisco, CA 94111
   Telephone: (415) 591-1000
4  Facsimile: (415) 591-1400
   Email:    rwoolner@winston.com
5  Email:    hblumenstiel@winston.com

6  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, State Bar No. 83684
7  645 First St. West
   Sonoma, California 95476
8  Telephone: (707) 935-3205
   Facsimile: (707) 935-7051
9  Email:    macclaw@macbarlaw.com

10  Attorneys for Plaintiff
    OFFICIAL COMMITTEE OF UNSECURED CREDITORS
11

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  In re                              )
                                       )   Case No. 05-14659
16  THE LEGACY ESTATE GROUP, LLC,      )   (Chapter 11)
    a California limited liability company, etc. )
17                                     )
              Debtor.                  )
18  _____  )
                                       )   Adv. Proc. No. 06-1173
19  OFFICIAL COMMITTEE OF              )
    UNSECURED CREDITORS OF THE         )
20  ESTATE OF THE LEGACY ESTATE        )   **NOTICE OF EVIDENTIARY**
    GROUP, LLC,                        )   **HEARING ON MOTION TO**
21            Plaintiff,               )   **CERTIFY CASE TO DISTRICT**
                                       )   **COURT FOR JURY TRIAL**
22        v                            )   Date: 9/27/2007
                                       )   Time: 10:00 a.m.
23                                     )   Santa Rosa Courtroom
    JOHN M. BRYAN, et al,              )
24                                     )
              Defendants.              )
25  _____  )
    AND RELATED CROSS-CLAIM            )
26  _____  )

[9060.NEH]                                                    PAGE 1

1   **NOTICE IS HEREBY GIVEN** that on **September 27, 2007 at 10:00 a.m.**, in the
2   courtroom of the Hon. Alan Jaroslovsky, United States Bankruptcy Court, 99 South E. St. Santa
3   Rosa, CA, an evidentiary hearing will be held on the Motion to Certify Case to District Court for
4   Jury Trial as to the Defendant John and Florence Bryan Trust. This hearing is held pursuant to
5   that certain "Memorandum re Motion to Certify Case to District Court for Jury Trial" entered by
6   this Court on March 28, 2007.

7   Dated: September 3, 2007                             Winston & Strawn, LLP

8                                                        and

9                                                        MacConaghy & Barnier, PLC

11                                                       /s/ John H. MacConaghy
                                                         John H. MacConaghy
12                                                       Attorneys for Plaintiff

[9060.NEH]                                                                                    PAGE 2

# EXHIBIT 6

1  **WINSTON & STRAWN LLP**
   ROLF S. WOOLNER (CA SBN: 143127)
2  HANNAH L. BLUMENSTIEL (CA SBN: 214842)
   KIMBERLY S. MORRIS (CA SBN: 249933)
3  101 California Street, Suite 3900
   San Francisco, California  94111-5894
4  Telephone:     (415) 591-1000
   Facsimile:      (415) 591-1400
5  Email:          rwoolner@winston.com
   Email:          hblumenstiel@winston.com
6  Email:          kmorris@winston.com

7  **MacCONAGHY & BARNIER, PLC**
   JOHN H. MacCONAGHY (CA SBN:  83684)
8  645 First Street West, Suite D
   Sonoma, California  95476
9  Telephone:     (707) 935-3205
   Facsimile:      (707) 935-7051
10 Email:          macclaw@macbarlaw.com

11 Co-Counsel for Plaintiff, The Official Committee of
   Unsecured Creditors

12                 **UNITED STATES BANKRUPTCY COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14                          **SANTA ROSA DIVISION**

| In re: | Case No. 05-14659 |
|---|---|
| THE LEGACY ESTATE GROUP, LLC, a California Limited Liability Company, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, AND ARROWOOD VINEYARD & WINERY, | Chapter 11 |
| | Adversary Proceeding No. 06-01173 |
| Debtor. | **PLAINTIFF'S BRIEF IN SUPPORT OF A JUDICIAL DETERMINATION THAT THE JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | |
| Plaintiff, | |
| v. | Hearing Date: September 27, 2007<br>HearingTime: 10:00 a.m.<br>Santa Rosa Courtroom |
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD., a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company, | Hon. Alan Jaroslovsky |
| Defendants. | |

1

PLAINTIFF'S BRIEF IN SUPPORT OF A JUDICIAL DETERMINATION THAT THE
JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST,

        Defendants/Cross-Claimants,

  v.

KULWINDER SIDHU, et al.,

        Defendants/Cross-Defendants.

The Official Committee of Unsecured Creditors ("Committee") appointed in the Chapter 11 case of The Legacy Estate Group LLC ("Legacy") submits this brief in support of a judicial determination that defendant The John M. and Florence E. Bryan Trust ("JFB Trust") has waived its right to a jury trial.

## I. Summary of Argument

A creditor who files a claim against a bankruptcy estate submits to the equitable jurisdiction of the bankruptcy court and relinquishes any right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1988); *Katchen v. Landy*, 382 U.S. 323, 336 (1966). Accordingly, this Court has stricken the jury trial demands of John M. Bryan ("Mr. Bryan") and the J.M. Bryan Family Trust, both of which asserted claims against the Legacy bankruptcy estate. Order Denying Motion to Certify to District Court and Striking Demand for Jury Trial as to Defendants John M. Bryan and the John M. Bryan Family Trust, dated June 27, 2007. Although the JFB Trust has not explicitly asserted a claim against Legacy, the JFB Trust is the alter ego of Mr. Bryan as a matter of law. Because this court has already determined that Mr. Bryan waived his right to a jury trial, the same conclusion applies to the JFB Trust.

The JFB Trust is a revocable trust, of which Mr. Bryan is the primary settlor, trustee, and beneficiary.[1] *See* John M. and Florence E. Bryan Trust Amended and Restated Trust Instrument ("Trust Instrument"), attached as Exhibit A to the Morris Declaration In Support of Plaintiff's Brief

---

[1] The Committee first became aware that the JFB Trust was a revocable trust on July 20, 2007, when the Bryan Defendants disclosed that fact in related proceedings before the District Court. *See* Reply of John M. Bryan, the John M. and Florence E. Bryan Trust and J.M. Bryan Family Trust in Support Of Motion To Withdraw Reference at 5.

2

PLAINTIFF'S BRIEF IN SUPPORT OF A JUDICIAL DETERMINATION THAT THE
JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 In Support Of A Judicial Determination That The John M. and Florence E. Bryan Trust Has Waived
2 Its Right To A Jury Trial ("Morris Decl."). Under the California Probate Code, when a trust is
3 revocable – that is, when a settlor retains the power to revoke the trust in whole or in part – the trust
4 property remains subject to the claims of the settlor's own creditors, and the settlor also retains the
5 power to enforce the rights of the trust, superseding any powers or rights of the named trustee and
6 beneficiaries.

7       The Trust Instrument reserves to Mr. Bryan, as settlor, complete ownership and control of the
8 JFB Trust property, and full power to enforce the rights of the JFB Trust. This fact alone establishes
9 that the JFB Trust cannot assert a jury trial right, because Mr. Bryan, the settlor of that trust, waived
10 his jury trial right.

11       Moreover, in deposition testimony in this action, Mr. Bryan has admitted that he established
12 the JFB Trust solely for estate planning purposes in lieu of a will, and has always treated JFB Trust
13 property as his own, without regard for the separate existence of the trust. The JFB Trust has waived
14 any possible jury trial right as a matter of law.

## II. Factual Background

16       John M. Bryan and Florence E. Bryan are the settlors of the JFB Trust. Morris Decl. Exhibit
17 A, Trust Instrument at 1-1. John Bryan established the JFB Trust on August 19, 1991, in lieu of a
18 will, to dispose of his estate and to "simplify an estate settlement." John Bryan Deposition
19 Transcript ("J. Bryan Dep. Trans.") at 38:11-14, attached as Exhibit B to the Morris Decl.; *see also*
20 Morris Decl. Exhibit A, Trust Instrument at 1-1. In establishing the JFB Trust, Mr. Bryan conveyed
21 to the trust all of the assets and property that he owned at that time. Morris Decl. Exhibit A, Trust
22 Instrument at 1-2. The JFB Trust is a "present interest trust" that holds substantially all of Mr.
23 Bryan's personal assets, including his personal residences. Morris Decl. Exhibit B, J. Bryan Dep.
24 Trans. at 30:8-10. In fact, Mr. Bryan is not aware of *any* assets belonging to him that are not held in
25 the JFB Trust. *Id.* at 31:14-17.

26       Under the express terms of the Trust Instrument, John or Florence Bryan, acting alone or
27 together, can revoke the trust at any time and receive all remaining trust property from the trustees.
28 Morris Decl. Exhibit A, Trust Instrument at 2-1. John Bryan is also a trustee of the JFB Trust, with

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

the power to "manage the trust assets acting alone." *Id.* at 7-4.[2] Despite the fact that the JFB Trust holds substantially all of Mr. Bryan's property interests, Mr. Bryan admits that he did not read nor have knowledge of the Trust Instrument terms, and used the assets in the JFB Trust in the same manner as he would have had the assets not been subject to the trust. Morris Decl. Exhibit B, J. Bryan Dep. Trans. at 33:2-6, 42:24-43:1.

Prior to the March 2005 leveraged buyout transaction ("LBO transaction") at issue in this action, the JFB Trust, at Mr. Bryan's direction, held Legacy membership interests as trust property. *See* First Amended Complaint for Damages and Declaratory and Equitable Relief, Including Subordination Of Certain Claims, dated November 22, 2006 ("First Amended Complaint") at ¶ 8; Answer of Defendants John M. Bryan, John M. and Florence E Bryan Trust, J.M. Bryan Family Trust To Plaintiff's First Amended Complaint, dated January 5, 2007 ("Bryan Answer") at ¶ 8. In March 2005, the JFB Trust, at Mr. Bryan's direction, sold that trust property to Connaught. First Amended Complaint at ¶ 9; Bryan Answer at ¶ 9; *see also* Morris Decl. Exhibit B, J. Bryan Dep. Trans. at 149:16-150:14. In the LBO transaction, the JFB Trust received cash and an interest in a promissory note, which the Committee seeks to recover for the benefit of the estate. *Id.*

Mr. Bryan has directly and indirectly asserted numerous claims against the Legacy bankruptcy estate, several of which have already been paid by the Legacy estate. For example:

- Mr. Bryan signed and filed claim #126 in the stated amount of $1,345,444.89, seeking retrospective indemnification for payments Mr. Bryan made under a guaranty issued to Red Barn Ranch in connection with the Red Barn grape purchase contract. Legacy has paid this claim in full, in cash, pursuant to orders of the Court.

- Mr. Bryan signed and filed claim #122 in the stated amount of $20,181,673.85, seeking prospective indemnification with respect to the Red Barn Ranch guaranty. After mediation and approval of the settlement, Legacy paid the entire compromised amount of this claim in cash, with a $750,000 payment to Red Barn.

---

[2] Although the JFB Trust has a nominal co-trustee, Alan R. Brudos (who works for Mr. Bryan), Mr. Bryan admits that Mr. Brudos would not make any decision with respect to the trust or its assets without first consulting with Mr. Bryan. Morris Decl. Exhibit B, J. Bryan Dep. Trans. at 43:13-17.

4
PLAINTIFF'S BRIEF IN SUPPORT OF A JUDICIAL DETERMINATION THAT THE
JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

- Mr. Bryan signed and filed claim #145 on behalf of Sycamore Vineyards, a California general partnership ("Sycamore"), in the stated amount of $497,115.08, for the purchase price of grapes delivered by Sycamore. Legacy has paid this claim in full, in cash, pursuant to orders of the Court.

Sycamore's general partners are John M. Bryan and Florence E. Bryan.[3] Mr. Bryan's general partnership interests in Sycamore are held by the JFB Trust. Morris Decl. Exhibit B, J. Bryan Dep. Trans. at 30:8-10, 31:14-17.

Thus, Mr. Bryan has enjoyed substantial monetary benefits from his claims against Legacy, and so has the JFB Trust.

### III. Argument

#### A. Mr. Bryan's Jury Trial Waiver Must Be Imputed To The JFB Trust Under California Probate Law

As its settlor, Mr. Bryan has complete control over the JFB Trust, and his conduct with respect to the Legacy bankruptcy estate binds the JFB Trust. California law allows courts to look beyond a trust to a settlor who retains the power to revoke the trust. California Probate Code § 15800 provides that the person holding the power to revoke a trust has the rights of beneficiaries under the Probate Code:

> Except to the extent that the trust instrument otherwise provides or where the joint action of the settlor and all beneficiaries is required, during the time that a trust is revocable and the person holding the power to revoke the trust is competent:
>
> (a) The person holding the power to revoke, and not the beneficiary, has the rights afforded beneficiaries under this division.
>
> (b) The duties of the trustee are owed to the person holding the power to revoke.

---

[3] Declaration of John M. Bryan in Support of Supplemental Brief to Certify Proceeding to District Court for Trial by Jury Pursuant to Bankruptcy Local Rule 9015-2 ("J. Bryan Declaration"), ¶ 2, attached as Exhibit C to the Morris Decl.; Sycamore Vineyards (Partnership Agreement) dated August 16, 1976, *passim,* attached to the J. Bryan Declaration as Exhibit A.

The Law Revision Commission Comments to Section 15800 state that this section "recognizes that the holder of a power of revocation is in control of the trust." Among the rights afforded by statute to trust beneficiaries, and therefore to settlors of revocable trusts, is the right to petition a court to enforce "the existence or nonexistence of *any* immunity, power, privilege, duty or right." Cal. Prob. Code § 17200(b)(2) (emphasis added). The right to preserve, enforce or waive a jury trial right on behalf of the JFB Trust is thus among the rights held by Mr. Bryan, as settlor of the revocable JFB Trust.

Furthermore, trust assets remain the property of the settlor, not the separate property of the trust, for purposes of debtor-creditor relations. California Probate Code § 18200 provides: "If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor."

California bankruptcy courts routinely apply sections 18200 and 15800 of the Probate Code to find that the assets of revocable trusts constitute property of the settlor's bankruptcy estate under 11 U.S.C. § 541: "Under California law, when the settlor of a trust retains the power to revoke a trust, the trust res remains the settlor's property subject to his creditor's claims." *In re Ralbert Brooks-Hamilton v. City of Oakland (In re Brooks-Hamilton)*, 348 B.R. 512, 519 (Bankr. N.D.Cal. 2006); *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 852 (E.D. Cal. 2006) ("Debtor's interest as a trustor and beneficiary under the Living Trust, among other things, all became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a) upon the filing of Debtor's petition"). If the Committee secures a judgment against Mr. Bryan in this action, the Committee may look to the assets of the JFB Trust to satisfy that claim, because the JFB Trust is revocable and Mr. Bryan is its settlor. For the same reason, any rights asserted or waived by Mr. Bryan in this action must be considered in determining the rights of the trust, because there is no functional distinction between a living settlor and his revocable trust as a matter of law.

In short, the Probate Code and applicable case law establish that a settlor retains all powers and rights with respect to trust assets. Because Mr. Bryan waived his right to a jury trial by filing claims against the Legacy bankruptcy estate, the JFB Trust has also waived any right to a jury trial.

B.  The JFB Trust Is An Alter Ego Of John Bryan

In addressing California entities, federal courts enforce the alter ego principles of California state law. *Wolfe v. U.S.*, 798 F.2d 1241, 1244 (9th Cir. 1986). An alter ego may be deemed to exist when an entity is not, in fact, independent of an affiliated individual. *E.g., Cohen v. U.S.*, No. 96-5880, 1998 WL 953979, at *6 (C.D.Cal. Mar. 9, 1998). The court will pierce the entity's veil, and look behind its organizational form, if honoring the entity's separate existence would produce an inequitable result. *Id.* The alter ego principle applies to trusts in the same manner as to corporations. *Id.*; *see also Brownfield Investment Corp. v. U.S.*, No. 89-4257, 1992 WL 345665, at *4 (N.D.Ca. June 29, 2002); *Morley v. Malouf*, 88 Cal. App. 2d 680 (1948). Where a trust is shown to be the alter ego of an individual, the trust is not regarded a separate legal entity. *Cohen*, 1998 WL 953979, at *6.

The JFB Trust is the alter ego of Mr. Bryan as a matter of law. As settlor of the revocable JFB Trust, Mr. Bryan exercises complete dominion and control over the trust and its assets. The California Probate Code and related case law establish that the JFB Trust does not function as a separate legal entity from Mr. Bryan during his lifetime. Not only is property of a revocable trust deemed property of the settler of that trust, but all rights under the Probate Code normally afforded to beneficiaries of a trust are reserved for the person with the power to revoke the trust. *See* California Probate Code § 15800 (granting the powers normally afforded to beneficiaries of a trust under the Probate Code to the person holding the power to revoke the trust); California Probate Code § 18200 (providing that trust property is subject to claims by creditors of the settler of a revocable trust).

Furthermore, Mr. Bryan has expressly admitted that he created the JFB Trust as a convenient vehicle to hold assets, established in lieu of a will to dispose of his and his wife's property, and that he has disregarded the existence of the JFB Trust in conducting his business affairs. Morris Decl. Exhibit B, J. Bryan Dep. Trans. at 30:8-10; 33:2-6, 38:11-14, 42:24-43:1. Having structured the JFB Trust to maintain complete control of its assets, and having ignored the separateness of the JFB Trust, Mr. Bryan may not hide behind that entity to escape the jurisdiction of this court.

1. Elements of the Alter Ego Relationship

Under California law, the alter ego doctrine applies where (a) there is such a unity of interest and ownership between an individual and a trust that the two do not function as separate entities, and (b) honoring the trust's separate existence would lead to an inequitable result. *Cohen*, 1998 WL 953979, at *6. When an entity is used merely as an instrumentality through which an individual, for convenience, conducts his affairs, the fiction of separateness need not be upheld if it would allow the individual to evade the equitable consequences of his own conduct. *See Wilson v. Stearns, et al.*, 123 Cal. App. 2d 472, 486 (1954). Alter ego doctrine does not depend on any showing of fraudulent or improper purpose. It is enough that recognizing the trust and the individual as separate entities would result in injustice. *Id.* In such circumstances "all of the authorities, not only equity but the law itself, would hold such a[n] [entity] bound as the [individual] might be bound, or conversely, hold the [individual] bound by acts which bound his [entity]." *Ukegawa Brothers v. Agricultural Labor Relations Board, et al.*, 212 Cal. App. 3d 1314, 1323 (1989).

2. The Settlor of a Revocable California Trust is the Alter Ego of the Trust

Under California law, the settlor of a revocable trust is the alter ego of the trust for debtor-creditor purposes. *E.g., Cadle Company v. Harvey*, 83 Cal. App. 4th 927 (2000) *(held,* settlor's guarantee of a loan to an inter vivos revocable trust was ineffective because the settlor and trust are in fact one entity); *Torrey Pines Bank v. Hoffman*, 231 Cal. App. 3d 308, 316 (1991) (same; "these [settlor] guarantors, as persons who created, administered and benefited from the trust, were the alter ego of the trustees as principal obligors").

In *Cadle,* the court reviewed the enforceability of a loan guarantee signed by the settlor and trustee of an inter vivos revocable trust. The trust itself was the primary obligor on the loan. The court held that because the trust was revocable and thus remained under the complete control of the settlor, the trust and the settlor were one and the same. *Cadle* at 932-33. Therefore, the lender's ability to pursue the settlor-guarantor for a deficiency judgment must be assessed by treating the settlor-guarantor as the primary debtor on the loan. Because the obligations of the trust, as principal debtor, were limited by the state's anti-deficiency laws, the court held that the settlor was protected by the same limitations. *Id.* Moreover, the settlor's purported waiver of anti-deficiency protections

8

was ineffective, because the settlor and the trust were one and the same, and the principal debtor (the trust) could not waive those protections. *Id.* at 934.

The court in *Cadle* followed *Torrey Pines*, which also held that, because the trust was revocable, "the individual [settlor] guarantors were alter egos of the trustees and principal obligors." *Torrey Pines,* 231 Cal. App. 3d at 316. Notably, neither the *Cadle* nor the *Torrey Pines* decisions even mentioned the sections of the Probate Code governing the settlor's control over property of a revocable trust. The treatment of revocable trusts as functionally identical to the settlor of that trust is so well established that it is reflected in debtor-creditor case law as well as decisions interpreting the Probate Code.

Although in cases such as *Cadle* and *Torrey Pines* the alter ego principle protects both the settlor and the trust by treating them as one, the same principle may expose the settlor to liability, as in *In re Brooks-Hamilton*, 348 B.R. 512 (Bankr.N.D.Ca. 2006), and *In re Irwin*, 338 B.R. 839 (E.D. Cal. 2006), discussed above. The settlor of a revocable trust must accept the burdens as well as the benefits of retaining control over trust property. That rule binds Mr. Bryan and the JFB Trust here.

### 3. Mr. Bryan And The JFB Trust Are One and the Same Entity for Purposes of This Court's Equitable Jurisdiction

There can be no doubt that the JFB Trust and Mr. Bryan share a unity of interest. Mr. Bryan has testified under oath that the JFB Trust was established as a convenient way for Mr. Bryan to hold assets during his lifetime, and that substantially all of his assets are held by the JFB Trust. Morris Decl. Exhibit B, J. Bryan Dep. Trans. at 31:11-17, 38:11-17. Mr. Bryan continued to use and manage the trust assets in the same way as if the assets were held in his name only, and did not even read the Trust Instrument to see whether it affected the manner in which the JFB Trust was to be managed. *Id.* at 33:2-6, 42:24-43:1, 45:12-15; *cf.* Morris Decl. Exhibit A, Trust Instrument at 3-1.[4] Putting his property into the JFB Trust did not alter the manner in which Mr. Bryan used or viewed his assets.

---

[4] Moreover, reinforcing his control over the trust and its assets, Mr. Bryan is not only the settlor of the JFB Trust, but also its trustee. Morris Decl. Exhibit A, Trust Instrument at 1-1.

9

Even if Mr. Bryan had not made himself the trustee of JFB Trust, and granted himself broad powers under the Trust Instrument, Mr. Bryan and the JFB Trust do not function as separate entities as a matter of law, because the JFB Trust is revocable and Mr. Bryan is its settlor. California Probate Code §§ 15800, 18200 (the settlor of a revocable trust retains all rights with respect to the trust); *see also Cadle*, 83 Cal. App. 4th 927; *Torrey Pines*, 231 Cal. App. 3d 308. These incontestable facts, and the manner in which Mr. Bryan controls the trust, make it clear that Mr. Bryan regards the JFB Trust's assets and interests as his own. This Court should not treat the JFB Trust any differently than Mr. Bryan himself has done.

Further, treating the JFB Trust and Mr. Bryan as separate entities would lead to an inequitable result. By asserting claims against Legacy, Mr. Bryan waived his right to a jury trial, as did the J.M. Bryan Family Trust – for which Mr. Bryan is a beneficiary and trustee, and with which he shares a unity of interest.[5] All of the other parties to this litigation have waived their jury trial rights or have not contested the jurisdiction of this Court. If the Court were to treat Mr. Bryan and the JFB Trust as wholly distinct entities, this entire adversary proceeding would be tried before this Court, except that the claims against the JFB Trust would be tried by a separate tribunal. Such a result would not only waste judicial resources, but would undermine the equitable jurisdiction of the bankruptcy court by forcing the parties to litigate the same issues against the same real party in interest, Mr. Bryan, in two separate forums. *See* California Probate Code § 18200 (stating that trust property held in a revocable trust is subject to the claims of the settlor's creditors so long as the settlor has the power to revoke).

The Legacy bankruptcy estate has paid several of Mr. Bryan's claims. All of those payments (including the recovery on the claim of Sycamore Vineyards) also benefited the JFB Trust because substantially all of Mr. Bryan's assets (including his general partnership interests in Sycamore Vineyards) are held in that trust.

---

[5] As the Court is aware, the J.M. Bryan Family Trust (which has no jury trial right) and the JFB Trust (which asserts, but has not established, a jury trial right) were co-owners of Legacy equity interests and received the disputed proceeds from Legacy in the same way, in the same LBO Transaction. *See* First Amended Complaint at ¶ 9; Bryan Answer at ¶ 9.

10
PLAINTIFF'S BRIEF IN SUPPORT OF A JUDICIAL DETERMINATION THAT THE
JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

Mr. Bryan and the JFB Trust share a unity of interest, and treating the two as separate entities would lead to an inequitable result. The JFB Trust therefore constitutes the alter ego of Mr. Bryan for purposes of this dispute. Mr. Bryan has waived his right to a jury trial, and his alter ego, the JFB Trust, is bound by that waiver. *See Ukegawa*, 212 Cal. App. 3d at 1323.

## IV. Conclusion

This Court should reject Mr. Bryan's jury trial demand on behalf of the JFB Trust, and prevent Mr. Bryan's effort to circumvent the Court's equitable jurisdiction over this claim and these claimants.

Dated: September 19, 2007

**WINSTON & STRAWN LLP**

and

**MACCONAGHY & BARNIER, PLC**

_____
Hannah L. Blumenstiel
Co-Counsel for Plaintiff
Official Committee of Unsecured Creditors of The Legacy Estate Group, LLC

11

PLAINTIFF'S BRIEF IN SUPPORT OF A JUDICIAL DETERMINATION THAT THE
JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL