"EXHIBIT C" TO THE DECLARATION OF KIMBERLY S. MORRIS IN SUPPORT OF PLAINTIFF'S BRIEF IN SUPPORT OF A COURT DETERMINATION THAT THE JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

1   Glenn E. Westreich (State Bar No.100457)
    gwestreich@nixonpeabody.com
2   Beth L. Mitchell (State Bar No. 187460)
    bmitchell@nixonpeabody.com
3   Rosalyn P. Mitchell (State Bar No. 173829)
    rmitchell@nixonpeabody.com
4   NIXON PEABODY LLP
    Two Embarcadero Center, Suite 2700
5   San Francisco, CA  94111
    Telephone:  (415) 984-8200
6   Facsimile:  (415) 984-8300

7   Michael St. James (State Bar No. 95653)
    ST. JAMES LAW, P.C.
8   155 Montgomery Street, Suite 1004
    San Francisco, CA  94104
9   michael@stjames-law.com
    Telephone: (415) 391-7566
10  Facsimile:  (415) 391-7568

11  Attorneys for Defendants/Cross-Claimants
    JOHN M. BRYAN, JOHN M. AND
12  FLORENCE E. BRYAN TRUST, J.M.
    BRYAN FAMILY TRUST

13

14              UNITED STATES BANKRUPTCY COURT

15      NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

16

17  In re                          | Case No. 05-14659

18  THE LEGACY ESTATE GROUP, LLC,   | Adv. No.  06-01173
    formerly doing business as FREEMARK
19  ABBEY WINERY, BRYON VINEYARD &  | Chapter 11
    WINERY, and ARROWOOD VINEYARD &
20  WINERY,

21          Debtor.

22  OFFICIAL COMMITTEE OF UNSECURED  | DECLARATION OF JOHN M. BRYAN IN
23  CREDITORS OF THE LEGACY ESTATE   | SUPPORT OF SUPPLEMENTAL BRIEF
    GROUP, LLC,                      | TO CERTIFY PROCEEDING TO
24                                   | DISTRICT COURT FOR TRIAL BY JURY
            Plaintiff,               | PURSUANT TO BANKRUPTCY LOCAL
25                                   | RULE 9015-2

26      v.                           | Hearing Date:    March 14, 2007
                                     | Time:            10:00 a.m.
27  JOHN M. BRYAN, JOHN M. AND       | Courtroom of The Hon. Alan Jaroslovsky
    FLORENCE E. BRYAN TRUST, J.M. BRYAN
28

DECLARATION OF JOHN M. BRYAN IN SUPPORT OF
SUPPLEMENTAL BRIEF TO CERTIFY PROCEEDING TO
DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
BANKRUPTCY LOCAL RULE 9015-2; CASE NO. 05-14659;
ADV. PROC. NO. 06-01173

10332712.1

1  FAMILY TRUST, KULWINDER SIDHU,
2  DEVINDER SIDHU, PACIFIC PARAGON
   INVESTMENT FUND LTD, a British Columbia
3  company, HARRY CHEW, and AIC CAPITAL
   PARTNERS, LLC, a California limited liability
4  company

5          Defendants.

6

7  AND RELATED CROSS-CLAIM.

8

9          I, John M. Bryan, state:

10         1.    I am a one of the trustees of the John M. and Florence E. Bryan Trust. Alan Brudos

11  also serves as a trustee.

12         2.    I am also a general partner in a partnership known as Sycamore Vineyards. Sycamore

13  Vineyards is a duly formed general partnership existing under the laws of the State of California.

14  Attached hereto as **Exhibit A** is a copy of the Partnership Agreement entered into on August 16,

15  1975 in San Francisco, California, by me and my wife, Florence E. Bryan, as general partners. It

16  exists separately and distinctly from the John M. and Florence E. Bryan Trust, a revocable trust held

17  for me and my wife as beneficiaries.

18         3.    Since 1976, the Sycamore Vineyards partnership has leased land from the J. M. Bryan

19  Family Trust. Attached hereto as **Exhibit B** is a copy of the lease agreement dated September 14,

20  1976. The lease was renewed just prior to its expiration in 2001. Attached hereto as **Exhibit C** is a

21  copy of the second lease agreement dated January 1, 2001 between the Sycamore Vineyards

22  partnership and the J. M. Bryan Family Trust. Both leases require Sycamore Vineyards, as a tenant,

23  to pay rent on the land, maintain separate insurance on the land, make reasonable repairs at its

24  expense to the rental property, and establishes restrictions on its use of the land. In every respect,

25  the Trust and the partnership act as separate entities regarding the operation of the Sycamore

26  Vineyards, including the simple lease of land.

27         4.    Throughout its existence, Sycamore Vineyards has operated as a going concern

28  farming business. Sycamore Vineyards has filed its own partnership tax returns in each of the 30

---

DECLARATION OF JOHN M. BRYAN IN SUPPORT OF          -2-          10332712.1
SUPPLEMENTAL BRIEF TO CERTIFY PROCEEDING TO
DISTRICT COURT FOR TRIAL BY JURY PURSUANT TO
BANKRUPTCY LOCAL RULE 9015-2; CASE NO. 05-14659;
ADV. PROC. NO. 06-01173

years of its existence. For 2006, Sycamore Vineyards posted a profit of $36,698 and had gross income – derived only from its own farming operations – in the amount of $498,616.

  5.  The real property parcels conveyed pursuant to the Grant Deeds attached as Exhibits 4-7 to the Declaration of John H. MacConaghy deal with refinancings of parcels unrelated to the land connected to Sycamore Vineyards partnership's farming operations. The land which Sycamore Vineyards farms is leased pursuant to the attached lease agreement from the J. M. Bryan Family Trust, an irrevocable trust created by my mother.

  I declare under penalty of perjury of the laws of the United States that the following is true and correct, that I have personal first hand knowledge thereto, and that, if called to testify as a witness, I could and would testify competently thereto.

  Executed this 9th day of March 2007, at _Rutherford_, California.

                                       John M. Bryan

# EXHIBIT A

## SYCAMORE VINEYARDS

### (Partnership Agreement)

THIS PARTNERSHIP AGREEMENT is made and entered into as of this 16th day of August, 1976, by and between JOHN M. BRYAN and FLORENCE E. BRYAN.

RECITALS:

A. The parties desire to form a partnership for the purpose of owning and operating a vineyard business.

B. In order to carry out the purpose of the partnership, the partnership plans to acquire and own a parcel of land in Napa County, California (hereafter referred to as "Parcel A") and to lease an adjacent parcel of land. Said Parcel A is more fully described on Exhibit A hereto and both parcels are referred to herein collectively as the "Real Property".

NOW, THEREFORE, the parties hereto agree as follows:

1. Formation of Partnership.

A. The parties hereby establish a partnership for the purpose of carrying on a vineyard business and any other business related thereto.

B. The name of the partnership shall be Sycamore Vineyards. Upon the request of either party, the

partnership shall sign and cause to be filed and published in the county in which the principal place of business of the partnership is situated, a Fictitious Business Name Statement as required by the Business & Professions Code of the State of California.

C.  The principal place of business of the partnership shall be Rutherford, California or at such other place or places as the partners shall hereafter determine.

D.  Upon the request of either party, the parties shall sign, verify, acknowledge and cause to be recorded in the county in which the principal place of business of the partnership is situated and in any county where the partnership may from time to time acquire or propose to acquire real property, a Statement of Partnership as required by Section 15010.5 of the Corporations Code of the State of California.

E.  The partnership shall commence on the date hereof and shall continue until dissolved by mutual agreement.

2.  <u>Parties' Rights, Duties and Liabilities</u>.

A.  No party shall be required to devote full time to the affairs of the partnership, but every party shall at all times during the continuance of the partnership devote whatever time, skill and effort may be necessary for the

2.

successful conduct of the partnership's affairs.

 B. Management of the partnership shall be shared equally among the parties. The parties may select and employ such agents, contractors and advisors and obtain such professional services as the partners deem necessary or appropriate to carry out the purposes of the partnership, at such costs and upon such terms, as the partners deem necessary or advisable.

 C. The parties may borrow on behalf of the partnership and mortgage partnership assets in order to accomplish the purposes of the partnership. The parties shall have the specific power to purchase Parcel A for the partnership and to mortgage Parcel A in order to secure a loan covering all or part of the purchase price of Parcel A.

 D. Each party shall pay his separate debts punctually and shall indemnify the other party and the capital and property of the partnership against such debts and all expense arising therefrom, and against any and all loss, costs, liabilities, damage or expense arising from or in any way attributable to any act or omission in controvention of this Agreement.

 E. Nothing herein shall preclude any party from acquiring an interest in, investing in, participating in, developing or managing any property, business or venture not specifically described herein, without notice to the

other parties, without participation by the other parties
and without liability to them.

   3.  <u>Capital</u>.

   A.  The initial capital of the partnership
will consist of the following cash contributions by each
party:

| | |
|---|---|
| JOHN M. BRYAN: | $ 45,750 |
| FLORENCE E. BRYAN: | $ 15,250 |

The parties shall, from time to time and at any
time hereafter, pursuant to agreement of all parties contri-
bute cash and other property to the capital of the partner-
ship, upon the terms, and in the proportions and at the valu-
ations provided in said agreement.  No party shall be required
to make contributions to the capital of the partnership except
as specified above, but voluntary contributions may be made
with the consent of the other party.

   B.  Except as expressly provided herein, no
party shall withdraw any part of the capital of the partner-
ship without the consent of all parties.

   4.  <u>Profits and Losses</u>.

   A.  Each of the partners shall share in the
profits of the partnership on the following basis:

| | |
|---|---|
| JOHN M. BRYAN: | 75% |
| FLORENCE E. BRYAN: | 25% |

4.

With the consent of all parties and upon terms agreed upon, any party may be permitted to participate in profits and losses of the partnership in a different percentage. **All losses arising from the operations of the partnership shall be paid from the capital or profits of the partnership, or, if such capital and profits are insufficient therefor, by the parties according to their share in the partnership profits.**

5. <u>Partnership Property</u>.

A. All property originally paid or bought into, or transferred to, the partnership as capital contributions of the parties, or subsequently acquired for the account of the partnership by purchase or otherwise, is partnership property.

B. The title to all partnership property shall be held in the name of the partnership.

C. With the consent of all parties, a party may loan or lease his separate property to the partnership upon terms agreed upon in writing. Such property shall not constitute partnership property or be a portion of the capital of the partnership for any purpose.

D. All partnership funds shall be deposited in the name of the partnership in one or more banks, as determined by the parties.

E. The interest of the parties in all property

5.

of the partnership, however acquired, shall be according
to their percentage share in profits and losses as set
forth in Section 4 hereof.

      6.  <u>Accounting</u>.

      A.  The partnership shall maintain books of
account of the transactions of the partnership at its prin-
cipal place of business and shall be at all times open to
the inspection of either partner.  The partnership's fiscal
year shall be as agreed upon by the parties.  Each partner
shall cause to be entered into the books of account of the
partnership a true account of all his dealings, receipts and
expenditures for or on account of the partnership.

      B.  Within 120 days after the close of each
fiscal year, the parties shall prepare or cause to be pre-
pared a report of the partnership's operation, containing a
balance sheet and a statement of income and surplus.  Each
party shall receive a copy of such report.

      7.  <u>Termination</u>.

      The partnership shall terminate upon the occurence
of any of the following events:

      (1)  Unanimous agreement of the parties;

      (2)  Sale of all partnership property;

      (3)  Death, insanity, incompetency or any act of
insolvency by any of the partners.

6.

8. Liquidation.

Upon termination of the partnership for any reason, liquidation and winding up shall be in accordance with the following procedures:

A. The partnership shall continue for the sole purpose of winding up its affairs. The parties shall share equally in management and control.

B. Partnership assets shall first be applied to satisfaction of partnership liabilities, including a fund for the satisfaction of contingent liabilities. Thereafter, partnership property shall be either liquidated into cash or distributed in kind as agreed by the partners. In any event, all distributions shall be in proportion to the percentages set forth in Section 4 hereof.

9. Miscellaneous.

A. Except as expressly provided herein, the provisions of this Agreement shall be binding upon the executors, administrators, heirs, successors and assigns of each party.

B. This Agreement is subject to amendment only by agreement of all parties in writing.

C. This Agreement contains the entire agreement between the parties and supersedes all prior writings or representations.

7.

D. The laws of the State of California shall govern all matters hereunder, including formation of the partnership and interpretation and performance hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written at San Francisco, California.

_____
John M. Bryan

_____
Florence E. Bryan

8.

## EXHIBIT A

DESCRIPTION:

All that real property situate in the County of Napa, State
of California, described as follows:

PARCEL ONE:

Commencing at an iron pipe at the most Western corner of
that certain 106.93 acre tract of land heretofore conveyed
to Arthur W. Bennett by Deed of record in Book 18 of Official
Records, page 455, records of said Napa County, and running
thence North 45° 20' East along the Northwestern line of said
Bennett lands 1885 feet to the corner of a 26.988 acre tract
of land owned by said Arthur W. Bennett, and running thence
along the line of said 26.988 acre tract of land as follows:
South 3° 33' East 42.6 feet, South 30° 23' West 151 feet and
South 40° 24' East 1067.2 feet to a point on the Southeastern
line of the 106.93 acre tract of land heretofore conveyed to
Arthur W. Bennett by Deed of record in Book 18 of Official
Records, page 455, said Napa County Records, as aforesaid,
thence South 45° 20' West along said Southeastern line 785.2
feet to an iron stake at a corner of the land so conveyed to
Arthur W. Bennett by the deed aforesaid; thence South 39° 30'
East along the line of said Bennett lands 507.54 feet to a
corner thereof; thence South 51° West along the Southeastern
line of the lands so conveyed to Arthur W. Bennett by the
deed aforesaid 1155 feet to a point on the Caymus Grant line,
at a corner of said Bennett Lands, and thence North 31° 30'
West along said Grant line 1563.5 feet, more or less, to the
point of commencement.

EXCEPTING THEREFROM, however, the roadway leading to the
Bella Union Mine as conveyed by deed of record in Book U of
Deeds, page 81, said Napa County Records.

# EXHIBIT B

Orig
SDB

## LEASE AGREEMENT

THIS AGREEMENT, made as of the 14th day of September, 1976, by and between J. M. Bryan Family Trust, a trust created under the laws of the State of California ("Landlord") and Sycamore Vineyards, a California partnership ("Tenant").

### W I T N E S S E T H:

RECITALS

A.  Landlord has acquired a certain parcel of property in Napa County, California comprising approximately 57.38 acres. Part of the acreage is suitable for establishing a vineyard and two dwelling houses are located on the parcel.

B.  Tenant is willing to invest its time and money in improving said acreage for purposes of establishing a new vineyard.

NOW, THEREFORE, it is hereby agreed as follows:

1.  Description of Property.

Landlord hereby leases to Tenant and Tenant hires from Landlord that certain real property located in the City of Rutherford, Napa County, California designated by the County Assessor as Parcel No. 27-250-08 and comprising 57.38 acres. Said property is hereafter referred to as the "Property." Two dwelling houses, one of 1,315 square feet and the other 1,000 square feet,

1.

are located on the Property.  Landlord also has rights to
possession of another dwelling immediately adjacent to the
Property.  Said rights to possession are also granted to
Tenant pursuant to this lease.

2. Term of Lease.

The term of this lease shall commence on September
14, 1976 and expire on September 14, 2001 unless sooner ter-
minated by consent of both parties or their successors.

3. Rental.

Tenant shall pay rent as follows:

(1) An annual rental of $10,000 shall be payable in
semi-annual installments on January 15 and July 15, of each year
of the lease except that the first such installment shall be due
hereunder January 15, 1977 and the second such installment shall
be due May 14, 1977;

(2) In addition to said base rental, commencing with
the grape harvest for the year 1982, Tenant shall also pay to
Landlord as additional rental seven percent (7%) of the grape
harvest for said year and for each subsequent year of the lease
term, including the year in which this lease terminates.  Said
additional rental shall, at Tenant's option, be paid in kind or
from the proceeds of sales of each such harvest.

4. Required Improvements by Tenant.

Tenant shall at its sole cost and expense use its
best efforts to remove the grapevines and prune orchard now

2.

located on the Property and develop and operate a new vine-
yard on the acreage where such existing vines and prune trees
formerly stood.  Such action shall be taken as expeditiously
as possible.  Tenant shall employ qualified contractors and
others to carry out its obligations under this paragraph and
operate the new vineyard in a professional and businesslike
manner pursuant to methods that are recognized in the Napa
Valley as those most likely to produce a successful vineyard
for the harvesting of wine-producing grapes at this particular
location.  Upon termination of this lease, all improvements made
by Tenant, including the vineyard on the Property, shall become
the sole property of Landlord.

      5.  <u>Expenses of Tenant</u>.

Tenant shall pay at its sole expense all property taxes
and assessments levied on the Property and all costs of water,
sewer, and utility services for the Property.  Tenant shall carry
casualty insurance of at least $35,000 on the large house, and
$15,000 on each of the other two houses located on or adjacent to
the Property and maintain public liability insurance on the
Property in an amount not less than $100,000.  Landlord shall be
named as a coinsured on such policies.  The amounts of such in-
surance shall be increased every five years to reflect the
change in the Consumer Price Index for Napa County.

      6.  <u>Restrictions on Use</u>.

The Property is rented for use solely as a location

3.

for development of a vineyard and as a residence. No other use may be made of the Property except by the written consent of the Landlord.

    7.   <u>Repairs</u>.

Tenant shall at its sole expense keep the Property and improvements thereon, including the three dwellings located on or adjacent to the Property and all fences, roads and ornamental trees on the Property, in good condition and repair.

    8.   <u>Assignment; Subletting</u>.

Tenant shall not let or sublet all or part of the premises nor assign this lease or any interest therein without the prior written consent of Landlord; provided, however, that this lease shall be binding on and inure to the benefit of the successors in interest of Landlord and Tenant.

    9.   <u>Abandonment</u>.

If Tenant abandons or vacates the Property, the Landlord may at its option terminate this lease, or enter the premises and remove all property at Tenant's expense.

    10.   <u>Attorneys' Fees</u>.

The prevailing party may recover from the other party costs and attorneys' fees of any action brought by either party to enforce any terms of this lease or recover possession of the premises.

    11. <u>Waiver</u>.

The waiver by Landlord of any breach shall not be

4.

construed to be a continuing waiver of any subsequent breach
of any provision hereunder by Tenant.

12.  Indemnity.

Tenant shall hold and save Landlord free and harm-
less from and against any and all claims, liabilities, loss
or damage to person or property which at any time may be suf-
fered or sustained by Tenant or by any person who may be using,
ocupying or visiting the Property or be in, over, near, on or
about the same, except for any loss, injury or damage caused by
the negligence of willful act of Landlord or its agents.

IN WITNESS WHEREOF, Landlord and Tenant have caused
this Agreement to be duly executed as of the day and year first
written above.

LANDLORD

J. M. BRYAN FAMILY TRUST

By _John M Bryan_____
        John M. Bryan, Trustee

TENANT

SYCAMORE VINEYARDS (a Partnership)

By _John M Bryan_____
        John M. Bryan

By _Florence E Bryan_____
        Florence E. Bryan
        (General Partners)

5.

# EXHIBIT C

## LEASE AGREEMENT

THIS AGREEMENT, made as of the 1st day of January, 2001, by and between J. M. Bryan Family Trust, a trust created under the laws of the State of California ("Landlord") and Sycamore Vineyards, a California partnership ("Tenant").

## WITNESSETH:

### RECITALS

A.    Landlord owns a certain parcel of property in Napa County, California comprising approximately 38.15 acres. The acreage is suitable for operating a vineyard.

B.    Tenant is willing to invest its time and money in managing said acreage for purposes of operating the existing vineyard.

NOW, THEREFORE, it is hereby agreed as follows:

1.    Description of Property.

Landlord hereby leases to Tenant and Tenant hires from Landlord that certain real property located in the City of Rutherford, Napa County, California designated by the County Assessor as Parcel No. 27-250-08 and comprising 38.15 acres. Said property is hereafter referred to as the "Property."

2.    Term of Lease.

The term of this lease shall commence on January 1, 2001 and expire on December 31, 2020 unless sooner terminated by consent of both parties or their successors.

3.    Rental.

Tenant shall pay rent as follows:

(1)    An annual rental of ninety percent of net operating profit shall be payable once each year of the lease; the first such payment shall be due hereunder April 1, 2002.

4.    Expenses of Tenant.

Tenant shall pay at its sole expense all property taxes and assessments levied on the Property and all costs of water, sewer, and utility services for the Property.  Tenant shall carry public liability insurance on the Property in an amount not less than $100,000.  Landlord shall be named as a coinsured on such policies.  The amounts of such insurance shall be increased every five years to reflect the change in the Consumer Price Index for Napa County.

5.    Restrictions on Use.

The Property is rented for use solely as a location for operating a vineyard.  No other use may be made of the Property except by the written consent of the Landlord.

6.    Repairs.

Tenant shall at its sole expense keep the Property and improvements thereon, including all fences, roads and ornamental trees on the Property, in good condition and repair.

7.    Assignment; Subletting.

Tenant shall not let or sublet all or part of the premises nor assign this lease or any interest therein without the prior written consent of Landlord; provided, however, that this lease shall be binding on and inure to the benefit of the successors in interest of Landlord and Tenant.

8.    Abandonment.

If Tenant abandons or vacates the Property, the Landlord may at its option terminate this lease, or enter the premises and remove all property at Tenant's expense.

9.    Attorneys' Fees.

The prevailing party may recover from the other party costs and attorneys' fees of any action brought by either party to enforce any terms of this lease or recover possession of the premises.

10.    Waiver.

The waiver by Landlord of any breach shall not be construed to be a continuing waiver of any subsequent breach of any provision hereunder by Tenant.

11.    Indemnity.

Tenant shall hold and save Landlord free and harmless from and against any and all claims, liabilities, loss or damage to person or property which at any time may be suffered or sustained by Tenant or by any person who may be using, occupying or visiting the Property, except for any loss, injury or damage caused by the negligence of willful act of Landlord or its agents.

IN WITNESS WHEREOF, Landlord and Tenant have caused this Agreement to be duly executed as of the day and year first written above.

LANDLORD

J. M. BRYAN FAMILY TRUST

By _____
      John M. Bryan, Trustee


TENANT

SYCAMORE VINEYARDS (a Partnership)

By _____
      John M. Bryan, General Partner