# EXHIBIT 8

1  Glenn E. Westreich (State Bar No.100457)
   gwestreich@nixonpeabody.com
2  Beth L. Mitchell (State Bar No. 187460)
   bmitchell@nixonpeabody.com
3  Rosalyn P. Mitchell (State Bar No. 173829)
   rmitchell@nixonpeabody.com
4  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
5  San Francisco, CA  94111
   Telephone:    (415) 984-8200
6  Facsimile:    (415) 984-8300

7  Michael St. James (State Bar No. 95653)
   ST. JAMES LAW, P.C.
8  155 Montgomery Street, Suite 1004
   San Francisco, CA  94104
9  michael@stjames-law.com
   Telephone:    (415) 391-7566
10 Facsimile:    (415) 391-7568

11 Attorneys for Defendants/Cross-Claimants JOHN M. BRYAN, JOHN M. AND FLORENCE E.
   BRYAN TRUST, J.M. BRYAN FAMILY TRUST
12

13                 UNITED STATES BANKRUPTCY COURT

14       NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

15

16 In re                                    | Case No.    05-14659

17 THE LEGACY ESTATE GROUP, LLC,            | Adv. No.   06-01173
   formerly doing business as FREEMARK
18 ABBEY WINERY, BRYON VINEYARD &           | Chapter 11
   WINERY, and ARROOWOOD VINEYARD &
19 WINERY,                                  | DEFENDANTS AND CROSS-CLAIMANTS'
                                            | MEMORANDUM OF POINTS AND
20              Debtor.                     | AUTHORITIES OPPOSING A JUDICIAL
                                            | DETERMINATION THAT THE JOHN M.
21 ─────────────────────────────────       | AND FLORENCE E. BRYAN TRUST HAS
                                            | WAIVED ITS RIGHT TO A JURY TRIAL
22 OFFICIAL COMMITTEE OF UNSECURED
   CREDITORS OF THE LEGACY ESTATE          |
23 GROUP, LLC,                             | Judge          Hon. Alan Jaroslovsky

24              Plaintiff,

25       v.

26 JOHN M. BRYAN, JOHN M. AND
   FLORENCE E. BRYAN TRUST, J.M. BRYAN
27 FAMILY TRUST, KULWINDER SIDHU,

28 DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
   OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
   DETERMINATION THAT THE JOHN M. AND FLORENCE E.
   BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

                                                      10739517.3

1

DEVINDER SIDHU, PACIFIC PARAGON
INVESTMENT FUND LTD, a British Columbia
company, HARRY CHEW, and AIC CAPITAL
PARTNERS, LLC, a California limited liability
company.

                    Defendants.

AND RELATED CROSS-CLAIM.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10739517.3

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................ 1

II.   LEGAL ARGUMENT ......................................................................... 2

    A.    The J&FB Trust Is A Separate And Distinct Legal Entity................ 2

    B.    The J&FB Trust Has a Right to a Jury Trial ................................... 3

    C.    Probate Code Section 15800 does not Support Waiver of J&FB's Right to a Jury Trial ......................................................................... 3

    D.    The Committee Cannot Establish That Mr. Bryan's Waiver Should Be Imputed to The J&FB Trust .................................................... 4

        1.    The Alter Ego Doctrine Does Not Apply.............................. 4

        2.    Mr. Bryan and the J&FB Trust Are Separate Entities .......... 5

III.  CONCLUSION .................................................................................... 6

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM                    i
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10739517.3

Defendants John M. Bryan, John M. and Florence E. Bryan Trust ("J&FB Trust") and the J.M. Bryan Family Trust (collectively, the "Bryan Defendants") hereby submit their opposition to Plaintiff's brief in support of a judicial determination that the John M. and Florence E. Bryan Trust waived its right to a jury trial as follows:

## I.   INTRODUCTION

The issue before the Court is whether J&FB Trust has a right to have this matter heard in the District Court before a jury. Under California law, the answer is unequivocally yes. The Committee's Brief fails to provide any legitimate basis for depriving J&FB Trust of this inalienable right to a jury trial in District Court, and indeed it cannot.

This is the Committee's second attempt to defeat the J&FB Trust's right to a jury trial. It had initially argued that the J&FB Trust operated "under the fictitious name 'Sycamore Vineyards.'" *See*, Plaintiffs Opposition to Bryan Defendants' Motion to Certify Proceeding to District Court at 2. In that pleading, the Committee argued that J&FB Trust had waived its right to a jury trial when Sycamore Vineyards filed its claim. The Committee maintained that Sycamore Vineyards was "little more than a fictitious name[] used by the J&FB Trust." *Id.* at 3. The Committee, without explanation, has now abandoned its original theory and seeks to pursue a different theory altogether to justify denying the J&FB Trust of its right to a jury trial. It now claims that the J&FB Trust is the alter ego of Mr. Bryan. Both arguments are contrary to California law.

The Committee has offered no legal basis to support its argument that Mr. Bryan's waiver of his right to a jury trial could be imputed to the J&FB Trust. Indeed, the Committee has offered no authority whatsoever to support the proposition that the waiver by a trust's settlor of his right to a jury trial constitutes a waiver of the trust's right to a jury trial. Likewise, the Committee's alter ego argument is completely inapplicable to the J&FB Trust's procedural rights. The Committee's has now had two opportunities to attempt to impede the J&FB Trust's demand for a jury and has utterly failed to provide any basis for its position. Enough is enough. This Court should grant the Bryan Defendants jury trial demand on behalf of the J&FB Trust.

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

1

10239679.1

## II.    LEGAL ARGUMENT

### A.    The J&FB Trust Is A Separate And Distinct Legal Entity

The Committee argues that "any rights asserted or waived by Mr. Bryan in this action must be considered in determining the rights of the trust because there is no functional distinction between a living settlor and his revocable trust as a matter of law." Pl. Brief at 6. The Committee is wrong on this fundamental point of law. Under California law, it is axiomatic that a trust – here, the J&FB Trust – is a distinct legal entity, separate from its beneficiaries. *Torrey Pines Bank v. Hoffman*, 231 Cal.App.3d 308, 322, 282 Cal.Rptr. 354, 362 (1991) ("the trust is preserved as a separate legal entity.")

The J&FB Trust is recognized under California Probate Law as a separate entity and qualifies for the exception to doctrine of merger pursuant to Probate Code §15209(b). The J&FB Trust is the revocable trust of John M. and Florence E. Bryan who are the settlors. The J&FB Trust was created as part of the Bryans personal estate plan. John Bryan Deposition Transcript (" Bryan Depo. Trans.") at 38, 11-14, attached as Exhibit B to the Morris Declaration attached to Plaintiff's Brief. John M. Bryan and Alan Brudos are the current trustees of the J&FB Trust. Bryan Depo Trans. at 43. While John M. and Florence E. Bryan are the beneficiaries of the J&FB Trust during their lifetimes, upon the death of the survivor of them, any then remaining balance of the J&FB Trust passes to the successor beneficiaries (who are not John M. or Florence E. Bryan). See Morris Declaration, Exhibit A, Trust Instrument. John Bryan and the J&FB Trust are separate and distinct legal entities.

Moreover, as the Committee has admitted through the allegations in its First Amended Complaint, the J&FB Trust is a separate and distinct legal entity. First Amended Complaint ("FAC") 11:6-9. Accordingly, the J&FB trust is separately named as a defendant. FAC 2:13-16. All of the transactions upon which the Committee seeks to impose liability on the J&FB Trust were entered in the trust's name. FAC at 5:12-27, 6:1-4, 7:10-23, 9:7-10, 9:19-2610:5-9,11:6-9. Thus, the purported identity of Mr. Bryan and the J&FB Trust is belied by the Committee's own allegations.

Most importantly, the Committee fails to produce any evidence in support of the notion that the J&FB Trust was utilized for any fraudulent purpose, or that there was any failure to comply with

-2-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL DETERMINATION THAT THE JOHN M. AND FLORENCE E. BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

trust requirements or otherwise adhere to formalities. In other words, even if the alter ego doctrine were relevant to the question of loss of a revocable trust's procedural rights, the Committee has made absolutely no showing whosoever that the doctrine is applicable here.

B.    The J&FB Trust Has a Right to a Jury Trial

The Seventh Amendment grants the right of jury trial in civil cases in the context of bankruptcy proceedings if the case involves legal rights. *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). A party is entitled to a jury trial if (1) the action would have been brought at a court of law as opposed to equity in England prior to the merger of the courts of law and equity, (2) the remedy sought is legal in nature, and (3) the action involves a private rather than public right. *Id.* at 50-51. The J&FB Trust has preserved its right to a jury trial by making a timely jury demands in its Answer and its Cross-Claims both filed on January 5, 2007. J&FB has never filed a Proof of Claim or otherwise waived its right to trial by jury, and it has not consented to a jury trial in Bankruptcy Court. The J&FB Trust satisfies the legal standard and should be permitted to have its case heard in the District Court by a jury.

C.    Probate Code Section 15800 does Not Support Waiver of J&FB's Right to a Jury Trial

While California Probate Code Section 15800 may allow the Committee to look to the assets of Mr. Bryan held in the trust for satisfaction of a judgment, there is nothing in the Probate Code to support the notion that a right to execute on a judgment is tantamount to waiver of a jury trial right. Quite the contrary, a settlor acting as a trustee (as is Mr. Bryan) is acting in a fiduciary capacity as trustee as defined under California Probate Code §39. The Probate Code imposes upon all trustees (and settlors) certain duties as identified in Probate Code §§16000-16105. Probate Code §16010 imposes upon a trustee a duty to defend claims and §16011 imposes a duty to defend actions. Nowhere in the Probate Code does it state that a waiver of a right by the trustee or settlor of a Trust in his individual capacity constitutes a waiver by the Trust. Bryan never waived a right to trial by jury in his capacity as settlor of the J&FB Trust. Therefore, Bryan could not have waived J&FB's right to a jury trial.

-3-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

1    D.    The Committee Cannot Establish That Mr. Bryan's Waiver Should Be Imputed to The J&FB Trust

2    The Committee urges the Court to impute Mr. Bryan's waiver of his right to a jury trial to the

3    J&FB Trust because, it argues, the J&FB Trust is the "alter ego" of Mr. Bryan.  See Plaintiffs Brief in

4    Support of a Judicial Determination that the J&FB Trust Has Waived Its Right to a Jury Trial ("Pl.

5    Brief").  This argument is flawed for several reasons.

6    1.    The Alter Ego Doctrine Does Not Apply

7    The alter ego doctrine is "an extreme remedy, sparingly used." *Sonora Diamond Corp. v.*

8    *Tuolumne County*, 83 Cal. App. 4th 523, 539 (2000).  Generally, equity requires the application of the

9    alter ego doctrine when the "corporate form is used to perpetrate a fraud, circumvent a statute, or

10    accomplish some other wrongful or inequitable purpose." *Id.* at 538.  The doctrine is designed to

11    prevent a party from using the structure to shield itself from liability.  It applies where (1) there is

12    such unity of interest and ownership that the personalities of the corporation and individual are no

13    longer separate, and (2) an inequitable result will follow if acts are treated as those of the corporation

14    alone. *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (2001).  However, "[t]here is no litmus test to

15    determine when the corporate veil will be pierced; rather the result will depend on the circumstances

16    of each particular case." *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 300 (1985).

17    ***The Committee has failed to cite a single case for the proposition that the alter ego doctrine***

18    ***can be used against a party to force a waiver of the constitutional right to trial by jury.***  The two

19    cases cited by the Committee, *Cohen v. United States*, 1998 WL 953979 (1998) and *Torrey Pines*

20    *Bank* v. *Hoffman*, 231 Cal. App. 3d 308 (1991) are garden variety alter ego cases in which judgment

21    creditors invoked the alter ego doctrine to collect a judgment.  These cases are not applicable here

22    because the alter ego doctrine cannot be invoked to eliminate the right to trial by jury.  The right to a

23    jury trial is guaranteed by the Seventh Amendment to the U.S. Constitution and courts indulge every

24    reasonable presumption against waiver. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389 (1937) (the right to

25    jury trial is fundamental).

26

27

28

-4-

2.    Mr. Bryan and the J&FB Trust Are Separate Entities

Even if the alter ego doctrine applied, a Court order allowing a party to pierce the corporate veil does not equate to a court order dismantling the entire entity. Even if a court determines that a trust may be pierced to collect on a judgment, the trust remains a distinct entity. The Committee argues that "Mr. Bryan and the J&FB Trust are one and the same entity for purposes of this court's equitable jurisdiction." This argument is flawed. *See* 5 Witkin, SUMMARY OF CAL. LAW (10th ed. 2005) Torts, § 74, p. 149 (the alter ego doctrine is not designed to collapse two entities into one.)

The viability of a corporation and, by analogy, a trust is not affected by the application of the alter ego doctrine. In *Suhl v. Bumb*, the court refused to dissolve the corporate structure in its application of the alter ego doctrine. 348 F.2d 869 (9th Cir. 1965) as it explained:

> The fact that the relationship between an individual and the corporation is such that he may be liable for the obligations of the corporation does not mean that the individual's assets are those of the corporation, or that he 'is' the Corporation and is a bankrupt along with the corporation.

*Id.,* 348 F.2d at 874.

Similarly, the court in *Mesler* differentiated between disregarding the corporate structure and dissolving the corporation. *Mesler*, 39 Cal. 3d at 300. The doctrine requires only that "under certain circumstances a hole will be drilled in the wall of limited liability erected by the corporate form; for all purposes other than that for which the hole was drilled, the wall still stands." *Id.* at 301. The court in *McLoughlin* did not merge the two corporations with common ownership and control and found that "any legitimate objectives to be gained by having two separate corporate entities . . . remain undisturbed. All that the judgment requires is that the alter ego corporation be considered as being a party to the bargaining agreement executed by the dominant corporation: *McLoughlin*, 206 Cal. App. 2d at 854.

The Committee cites no California cases in which the court found that the corporate entity dissolves or otherwise loses all legal rights as a result of the application of the alter ego doctrine. In fact, California has no such cases. *See Kohn v. Kohn*, 95 Cal. App. 2d 708 (1950) ("the Federal Investment Company still stands"), *A. L. Judelson*, 89 Cal. App. 2d 256 ("The corporation is an entity

-5-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

separate and distinct from the component persons even though under exceptional circumstances the corporation may be disregarded when it is only the double or alter ego of the person composing it").

The Committee misinterprets the alter ego doctrine in asking the court to merge Mr. Bryan and the J&FB Trust. The Committee has utterly failed to meet its burden of establishing that the alter ego doctrine applies to Mr. Bryan and the J&FB Trust. But, even had this burden been met, it would apply solely to the right to execute on the trust's assets in the event of a judgment against Mr. Bryan. The Committee has failed to cite any authority to support the proposition that even if the alter ego doctrine were applicable, the J&FB Trust loses all of its legal rights, including the right to trial by jury.

Mr. Bryan waived his right to a jury trial in his individual capacity. Mr. Bryan is one of the two trustees of the J&FB Trust[1]. However, Mr. Bryan, as trustee, did not waive the J&FB Trust's right to a jury trial. Mr. Bryan's waiver cannot be imputed to the J&FB Trust under the alter ego doctrine because the two are separate entities.

## III.    CONCLUSION

The Committee asks this Court to make new law and find that a revocable trust loses its procedural rights and protections where such rights are waived by its settlor or trustee purely in his individual capacity. This Court should decline the invitation. Rights as basic and elemental as the Constitutional right to trial by jury should not be quashed in the absence of solid legal authority. Here, no such authority exists. And in the absence of any legal basis for the Committee's position, the correct analysis is simple and straightforward: Since the J&FB Trust did not file a proof of claim in the Bankruptcy Court, it did not waive its right to a jury trial. The alter ego doctrine cannot deprive a party of a right to trial by jury, and in any event, does not apply here. Therefore, the claims against

///

---

[1] The other trustee of the J&FB Trust is Alan R. Brudos.

-6-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

the J&FB Trust, and the claims asserted by it, must be adjudicated in the District Court before a jury trial.

Respectfully submitted,

Dated: September 25, 2007

NIXON PEABODY LLP

By:    /s/ GLENN WESTREICH
GLENN E. WESTREICH
BETH L. MITCHELL
ROSALYN P. MITCHELL
Attorneys for Defendants/Cross-Claimants
JOHN M. BRYAN, JOHN M. AND
FLORENCE E. BRYAN TRUST, J.M. BRYAN
FAMILY TRUST

-7-

DEFENDANTS AND CROSS-CLAIMANTS' MEMORANDUM
OF POINTS AND AUTHORITIES OPPOSING A JUDICIAL
DETERMINATION THAT THE JOHN M. AND FLORENCE E.
BRYAN TRUST HAS WAIVED ITS RIGHT TO A JURY TRIAL

10239679.1

# EXHIBIT 9

**WINSTON & STRAWN** LLP
ROLF S. WOOLNER (CA SBN 143127)
HANNAH L. BLUMENSTIEL (CA SBN 214842)
101 California Street, Suite 3900
San Francisco, California 94111
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400
Email:          rwoolner@winston.com
                 hblumenstiel@winston.com

**MacCONAGHY & BARNIER,** PLC
JOHN H. MacCONAGHY (CA SBN 83684)
645 First St. West
Sonoma, California 95476
Telephone:     (707) 935-3205
Facsimile:     (707) 935-7051
Email:          macclaw@macbarlaw.com

Co-Counsel for Plaintiff, The Official Committee
of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) |
| | ) Case No. 05-14659 AJ |
| THE LEGACY ESTATE GROUP, LLC, a | ) (Chapter 11) |
| California limited liability company, formerly | ) |
| d/b/a FREEMARK ABBEY WINERY, | ) AP No. 06-1173 AJ |
| BYRON VINEYARD & WINERY, AND | ) |
| ARROWOOD VINEYARD & WINERY, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED | ) **NOTICE TO APPEAR** |
| CREDITORS OF THE LEGACY ESTATE | ) **AT TRIAL IN LIEU OF** |
| GROUP, | ) **SUBPOENA** |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JOHN M. BRYAN, JOHN M. AND  FLORENCE | ) |
| E. BRYAN TRUST, J.M. BRYAN FAMILY | ) |
| TRUST, KULWINDER SIDHU, DEVINDER | ) |
| SIDHU, PACIFIC PARAGON INVESTMENT | ) |
| FUND, LTD., a British Columbia company, | ) |
| HARRY CHEW, and AIC CAPITAL PARTNERS, | ) |
| LLC, a California limited liability company, | ) |
| | ) |
| AND RELATED CROSS-ACTION. | ) |
| | ) |

1           TO DEFENDANTS JOHN M. BRYAN AND THE JOHN M. AND FLORENCE E.

2 BRYAN TRUST, care of their attorney of record:

3           NOTICE IS HEREBY GIVEN pursuant to the provisions of California Code of Civil

4 Procedure Section 1987(b), made applicable to this action by Bankruptcy Rule 9016 and

5 F.R.Civ.P. 45(b)(2), the Defendant John M. Bryan, individually and in his capacity as Trustee of

6 the John M. Bryan and Florence E. Bryan Trust are directed to attend the trial of this action and

7 testify therein.

8           The trial is being conducted and the appearance is required on September 27, 2007, at

9 10:00 a.m., at the U.S. Bankruptcy Court, Northern District of California, 99 South E. Street,

10 Santa Rosa, CA 95402.

11  Dated: September 25, 2007

12                                  /s/ John H. MacConaghy
                                 John H. MacConaghy

13                                  Attorneys for Plaintiff
                                 Official Unsecured Creditors Committee

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT 10

1  **WINSTON & STRAWN** LLP
   ROLF S. WOOLNER (CA SBN 143127)
2  HANNAH L. BLUMENSTIEL (CA SBN 214842)
   101 California Street, Suite 3900
3  San Francisco, California  94111
   Telephone:     (415) 591-1000
4  Facsimile:      (415) 591-1400
   Email:          rwoolner@winston.com
5                  hblumenstiel@winston.com

6  **MacCONAGHY & BARNIER,** PLC
   JOHN H. MacCONAGHY (CA SBN 83684)
7  645 First St. West
   Sonoma, California 95476
8  Telephone:     (707) 935-3205
   Facsimile:      (707) 935-7051
9  Email:          macclaw@macbarlaw.com

10 Co-Counsel for Plaintiff, The Official Committee
   of Unsecured Creditors

11
                    UNITED STATES BANKRUPTCY COURT
12                   NORTHERN DISTRICT OF CALIFORNIA

13 In re                                    )
                                            )   Case No. 05-14659 AJ
14 THE LEGACY ESTATE GROUP, LLC, a          )   (Chapter 11)
   California limited liability company, formerly  )
15 d/b/a FREEMARK ABBEY WINERY,             )   AP No. 06-1173 AJ
   BYRON VINEYARD & WINERY, AND             )
16 ARROWOOD VINEYARD & WINERY,              )
                                            )
17        Debtor.                           )   **EX PARTE APPLICATION**
                                            )   **FOR ORDER SHORTENING**
18 OFFICIAL COMMITTEE OF UNSECURED          )   **TIME IN WHICH TO SERVE**
   CREDITORS OF THE LEGACY ESTATE           )   **NOTICE TO APPEAR**
19 GROUP,                                   )   **AT TRIAL IN LIEU OF**
                                            )   **SUBPOENA**
20        Plaintiff,                        )
                                            )   **ORDER SHORTENING TIME**
21        v.                                )
                                            )
22 JOHN M. BRYAN, JOHN M. AND  FLORENCE     )
   E. BRYAN TRUST, J.M. BRYAN FAMILY        )
23 TRUST, KULWINDER SIDHU, DEVINDER         )
   SIDHU, PACIFIC PARAGON INVESTMENT        )
24 FUND, LTD., a British Columbia company,  )
   HARRY CHEW, and AIC CAPITAL PARTNERS,    )
25 LLC, a California limited liability company,   )
                                            )
26 AND RELATED CROSS-ACTION.                )
                                            )

9060.BRYAN.AOST                                              PAGE 1

1    The Plaintiff Official Unsecured Creditors Committee of the Estate of The Legacy Estate

2    Group, LLC hereby applies to the Court for an Order Shortening Time in which to serve its "Notice to

3    Appear at Trial in Lieu of Subpoena" from ten to two (2) days, based on the following declaration of

4    John H. MacConaghy.

5    I, John H. MacConaghy, state:

6    1.    I am an attorney admitted to the bar of this Court and am co-counsel of record for the

7    Plaintiff Official Committee of Unsecured Creditors in this action.

8    2.    This action is set for an evidentiary hearing on September 27, 2007,  pursuant to

9    various Orders of this Court.  The limited issue to be tried is whether the Defendant John M. And

10    Florence E. Bryan Trust has waived its right to a jury trial by the filing of various proofs of claim by its

11    Settlor, Trustee, and Beneficiary John M. Bryan and its wholly owned partnership Sycamore

12    Vineyards.   When this evidentiary hearing was set,  the Court directed declarations in lieu of direct

13    testimony to be submitted prior to trial.

14    3.    Although the Court's standard procedure is for the declarations to be submitted five or

15    seven days prior to trial, due to the High Holiday on Friday and Saturday, 9/21 and 9/22, the Plaintiff

16    agreed that the Defendant Bryan could submit his filings on September 25.  Plaintiff nonetheless filed its

17    papers on September 19, 2007.  On September 25 at approximately 10:00 p.m., the Defendant Bryan

18    filed its opposition brief, but filed no Declaration of John Bryan in Lieu of Direct Testimony.  This was

19    the first Plaintiff learned that the Defendants would not be voluntarily making Mr. Bryan available as a

20    witness at the September 27 evidentiary hearing.

21    4.    Although Plaintiff can present the necessary evidence through Mr. Bryan's deposition

22    transcript to establish that the John M. and Florence E. Bryan Trust has effectively filed proofs of claim

23    and submitted to this Court's equitable jurisdiction, Plaintiff's case will be presented more efficiently

24    and dramatically through the live testimony of Mr. Bryan.   Plaintiff seeks to compel his appearance at

25    the 9/27 evidentiary hearing.

26    5.    California Code of Civil Procedure Section 1987(b), made applicable to this action by

1   Bankruptcy Rule 9016 and F.R.Civ.P. 45(b)(2), provides that a party to a civil action may be

2   compelled to appear and testify at trial by a notice in lieu of subpoena.  The statute provides that the

3   notice must be served "at least 10 days before the time required for attendance unless the court

4   prescribes a shorter time."

5       6.      I have earlier today caused a "Notice to Appear at Trial in Lieu of Subpoena" to be

6   filed and served on Mr. Bryan care of his counsel of record.  Good cause exists to shorten the time for

7   service of this Notice to 2 days.  Had Plaintiff insisted on the Defendant submitting his pretrial filings last

8   week, we would have learned by that time that Mr. Bryan did not intend to voluntarily appear and we

9   would have been able to serve him with a subpoena at either his home or business address.  Compelling

10  Mr. Bryan's appearance will aid in the just resolution of the issue before the Court on September 27.

11      7.      I appeared at Mr. Bryan's day - long deposition on September 14, 2007, and he was

12  clearly physically and mentally fit to testify throughout the day.

13      I declare under penalty of perjury of the laws of the United States that the foregoing is true and

14  correct, that I have personal first hand knowledge thereto, that if called as a witness I could and would

15  testify competently thereto, and that this declaration is executed on September 25, 2007 at Sonoma,

16  California.

17                          /s/ John H. MacConaghy
                            John H. MacConaghy
18                          Attorneys for Plaintiff
                            Official Unsecured Creditors Committee

19

20

21

22

23

24

25

26

9060.BRYAN.AOST

ORDER SHORTENING TIME

On consideration the Plaintiff's application and good cause appearing:

IT IS HEREBY ORDERED that the time in which the Plaintiff may serve its Notice to Appear at Trial in Lieu of Subpoena on the Defendant John M. Bryan, individually and as Trustee of the John M. And Florence E. Bryan Trust is shortened to two (2) days.

Dated:  September 26, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

# EXHIBIT 11

Entered on Docket
September 26, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   **WINSTON & STRAWN** LLP
ROLF S. WOOLNER (CA SBN 143127)
2   HANNAH L. BLUMENSTIEL (CA SBN 214842)
101 California Street, Suite 3900
3   San Francisco, California  94111
Telephone:      (415) 591-1000
4   Facsimile:      (415) 591-1400
Email:          rwoolner@winston.com
5                   hblumenstiel@winston.com

6   **MacCONAGHY & BARNIER**, PLC
JOHN H. MacCONAGHY (CA SBN 83684)
7   645 First St. West
Sonoma, California 95476
8   Telephone:      (707) 935-3205
Facsimile:      (707) 935-7051
9   Email:          macclaw@macbarlaw.com

10  Co-Counsel for Plaintiff, The Official Committee
of Unsecured Creditors

11

UNITED STATES BANKRUPTCY COURT
12                      NORTHERN DISTRICT OF CALIFORNIA

13  In re                               )
                                        )   Case No. 05-14659 AJ
14  THE LEGACY ESTATE GROUP, LLC, a     )   (Chapter 11)
    California limited liability company, formerly  )
15  d/b/a FREEMARK ABBEY WINERY,        )   AP No. 06-1173 AJ
    BYRON VINEYARD & WINERY, AND        )
16  ARROWOOD VINEYARD & WINERY,         )
                                        )   **EX PARTE APPLICATION**
17          Debtor.                     )   **FOR ORDER SHORTENING**
                                        )   **TIME IN WHICH TO SERVE**
18  OFFICIAL COMMITTEE OF UNSECURED     )   **NOTICE TO APPEAR**
    CREDITORS OF THE LEGACY ESTATE      )   **AT TRIAL IN LIEU OF**
19  GROUP,                              )   **SUBPOENA**
                                        )
20          Plaintiff,                  )   **ORDER SHORTENING TIME**
                                        )
    v.                                  )
21                                      )
    JOHN M. BRYAN, JOHN M. AND  FLORENCE )
22  E. BRYAN TRUST, J.M. BRYAN FAMILY   )
    TRUST, KULWINDER SIDHU, DEVINDER    )
23  SIDHU, PACIFIC PARAGON INVESTMENT   )
    FUND, LTD., a British Columbia company, )
24  HARRY CHEW, and AIC CAPITAL PARTNERS, )
    LLC, a California limited liability company,    )
25                                      )
    AND RELATED CROSS-ACTION.           )
26                                      )

9060.BRYAN.AOST                                              PAGE 1

1      The Plaintiff Official Unsecured Creditors Committee of the Estate of The Legacy Estate

2    Group, LLC hereby applies to the Court for an Order Shortening Time in which to serve its "Notice to

3    Appear at Trial in Lieu of Subpoena" from ten to two (2) days, based on the following declaration of

4    John H. MacConaghy.

5      I, John H. MacConaghy, state:

6      1.    I am an attorney admitted to the bar of this Court and am co-counsel of record for the

7    Plaintiff Official Committee of Unsecured Creditors in this action.

8      2.    This action is set for an evidentiary hearing on September 27, 2007,  pursuant to

9    various Orders of this Court.  The limited issue to be tried is whether the Defendant John M. And

10    Florence E. Bryan Trust has waived its right to a jury trial by the filing of various proofs of claim by its

11    Settlor, Trustee, and Beneficiary John M. Bryan and its wholly owned partnership Sycamore

12    Vineyards.   When this evidentiary hearing was set,  the Court directed declarations in lieu of direct

13    testimony to be submitted prior to trial.

14      3.    Although the Court's standard procedure is for the declarations to be submitted five or

15    seven days prior to trial, due to the High Holiday on Friday and Saturday, 9/21 and 9/22, the Plaintiff

16    agreed that the Defendant Bryan could submit his filings on September 25.  Plaintiff nonetheless filed its

17    papers on September 19, 2007.  On September 25 at approximately 10:00 p.m., the Defendant Bryan

18    filed its opposition brief, but filed no Declaration of John Bryan in Lieu of Direct Testimony.  This was

19    the first Plaintiff  learned that the Defendants would not be voluntarily making Mr. Bryan available as a

20    witness at the September 27 evidentiary hearing.

21      4.    Although Plaintiff can present the necessary evidence through Mr. Bryan's deposition

22    transcript to establish that the John M. and Florence E. Bryan Trust has effectively filed proofs of claim

23    and submitted to this Court's equitable jurisdiction, Plaintiff's case will be presented more efficiently

24    and dramatically through the live testimony of Mr. Bryan.   Plaintiff seeks to compel his appearance at

25    the 9/27 evidentiary hearing.

26      5.    California Code of Civil Procedure Section 1987(b), made applicable to this action by

1    Bankruptcy Rule 9016 and F.R.Civ.P. 45(b)(2), provides that a party to a civil action may be

2    compelled to appear and testify at trial by a notice in lieu of subpoena.  The statute provides that the

3    notice must be served "at least 10 days before the time required for attendance unless the court

4    prescribes a shorter time."

5           6.      I have earlier today caused a "Notice to Appear at Trial in Lieu of Subpoena" to be

6    filed and served on Mr. Bryan care of his counsel of record.  Good cause exists to shorten the time for

7    service of this Notice to 2 days.  Had Plaintiff insisted on the Defendant submitting his pretrial filings last

8    week, we would have learned by that time that Mr. Bryan did not intend to voluntarily appear and we

9    would have been able to serve him with a subpoena at either his home or business address.  Compelling

10   Mr. Bryan's appearance will aid in the just resolution of the issue before the Court on September 27.

11          7.      I appeared at Mr. Bryan's day - long deposition on September 14, 2007, and he was

12   clearly physically and mentally fit to testify throughout the day.

13          I declare under penalty of perjury of the laws of the United States that the foregoing is true and

14   correct, that I have personal first hand knowledge thereto, that if called as a witness I could and would

15   testify competently thereto, and that this declaration is executed on September 25, 2007 at Sonoma,

16   California.

17                                   /s/ John H. MacConaghy
                                     John H. MacConaghy
18                                   Attorneys for Plaintiff
                                     Official Unsecured Creditors Committee
19

20

21

22

23

24

25

26

9060.BRYAN.AOST                                                                                    PAGE 3

ORDER SHORTENING TIME

On consideration the Plaintiff's application and good cause appearing:

IT IS HEREBY ORDERED that the time in which the Plaintiff may serve its Notice to Appear at Trial in Lieu of Subpoena on the Defendant John M. Bryan, individually and as Trustee of the John M. And Florence E. Bryan Trust is shortened to two (2) days.

Dated: September 26, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

9060.BRYAN.AOST