# EXHIBIT 12

1  WINSTON & STRAWN LLP
   ROLF S. WOOLNER (CA SBN: 143127)
2  HANNAH L. BLUMENSTIEL (CA SBN: 214842)
   KIMBERLY S. MORRIS (CA SBN: 249933)
3  101 California Street, Suite 3900
   San Francisco, California 94111-5894
4  Telephone:    (415) 591-1000
   Facsimile:    (415) 591-1400
5  Email:        rwoolner@winston.com
   Email:        hblumenstiel@winston.com
6  Email:        kmorris@winston.com

7  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY (CA SBN: 83684)
8  645 First Street West, Suite D
   Sonoma, California 95476
9  Telephone:    (707) 935-3205
   Facsimile:    (707) 935-7051
10 Email:        macclaw@macbarlaw.com

11 Co-Counsel for Plaintiff, The Official Committee of
   Unsecured Creditors
12

                    UNITED STATES BANKRUPTCY COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14
                           SANTA ROSA DIVISION
15

| In re: | |
|---|---|
| THE LEGACY ESTATE GROUP, LLC, a California Limited Liability Company, formerly doing business as FREEMARK ABBEY WINERY, BYRON VINEYARD & WINERY, AND ARROWOOD VINEYARD & WINERY, | Case No. 05-14659<br>Chapter 11<br><br>Adversary Proceeding No. 06-01173 |
| Debtor. | **PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS-CLAIMANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE LEGACY ESTATE GROUP, LLC, | |
| Plaintiff, | |
| v. | Hearing Date: September 27, 2007<br>Hearing Time: 10:00 a.m.<br>Santa Rosa Courtroom |
| JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD., a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company, | Hon. Alan Jaroslovsky |
| Defendants. | |

JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST,

    Defendants/Cross-Claimants,

v.

KULWINDER SIDHU, et al.,

    Defendants/Cross-Defendants.

Plaintiff The Official Committee of Unsecured Creditors of the Estate of The Legacy Estate Group ("Plaintiff") submits the following objection to evidence cited by Defendants/Cross-Claimants John M. Bryan ("Mr. Bryan"), The John M. and Florence E. Bryan Trust and the J.M. Bryan Family Trust (collectively the "Bryan Defendants") in their Memorandum Of Points And Authorities Opposing A Judicial Determination That The John M. And Florence E. Bryan Trust Has Waived Its Right To A Jury Trial.

1. This action is set for an evidentiary hearing on September 27, 2007, pursuant to various orders of this Court. The limited issue to be tried is whether the John M. and Florence E. Bryan Trust has waived its right to a jury trial. When this evidentiary hearing was set, the Court directed declarations in lieu of direct testimony to be submitted prior to trial.

2. The Bryan Defendants submitted a Memorandum Of Points And Authorities Opposing A Judicial Determination That The John M. And Florence E. Bryan Trust Has Waived Its Right To A Jury Trial on September 25, 2007. [Docket No. 88] ("Bryan Opposition Brief").

3. In the Brian Opposition Brief, the Bryan Defendants rely on excerpts from the transcript of the deposition of John M. Bryan taken on September 21, 2007 ("Bryan Deposition Transcript"). *See* Bryan Opposition Brief at page 2.

4. The Bryan Defendants' reliance on the Bryan Deposition Transcript in the Bryan Opposition Brief is an improper attempt to circumvent this Court's Order requiring that all direct testimony be submitted by declaration prior to trial with the declarant available for cross-examination at the trial. In effect, the Bryan Defendants are improperly submitting direct testimony

of Mr. Bryan through the Bryan Opposition Brief as opposed to a declaration, thereby eliminating the need to produce Mr. Bryan for cross-examination at the hearing on September 27, 2007.

5. Further, the Bryan Defendant's use of the Bryan Deposition Transcript is improper under Federal Rule of Civil Procedure 32, made applicable to this action by Bankruptcy Rule 7032, and Federal Rule of Evidence 801, made applicable to this action by Bankruptcy Rule 9017. Although it is proper for Plaintiff to cite to and rely upon excerpts of the Bryan Deposition Transcripts pursuant to Fed.R.Civ.P. 32(a)(2) (the deposition of a party may be used by an adverse party for any purpose) and F.R.E. 801(d)(2) (admission by a party-opponent), the citations to the Bryan Deposition Transcript by the Bryan Defendants are improper. The Bryan Defendants have not shown that Mr. Bryan is unavailable nor have they shown exceptional circumstances entitling them to rely on the Bryan Deposition Transcript under Fed.R.Civ.P. 32 or the Federal Rules of Evidence.

6. For all the foregoing reasons, Plaintiff requests the Court to strike the reference to the Bryan Deposition Transcript in the Bryan Opposition Brief and further requests that the Court prevent the Bryan Defendants' improper use of the Bryan Deposition Transcript at the evidentiary hearing on September 27, 2007.

Dated: September 26, 2007

WINSTON & STRAWN LLP

and

MACCONAGHY & BARNIER, PLC

/s/
_____

Hannah L. Blumenstiel
Co-Counsel for Plaintiff
Official Committee of Unsecured Creditors of
The Legacy Estate Group, LLC

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3

PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS-CLAIMANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING

# PROOF OF SERVICE

I, Kimberly Morris, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. I am an employee of Winston & Strawn LLP, and my business address is 101 California Street, San Francisco, California, 94111. On September 26, 2007, I served a true and correct copy of:

**PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS DEFENDANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING**

☒ by first class mail. I am familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. The document(s) was (were) placed for deposit in the United States Postal Service in a sealed envelope(s), with postage fully prepaid, addressed as set forth on the attached service list(s).

☐ by facsimile transmission to the parties and facsimile number(s) set forth on the attached service list. I sent such document from facsimile machine 415-591-1400. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 415-591-1400 which confirms said transmission and receipt.

☐ by overnight delivery by enclosing a true and correct copy of said document(s) in a Federal Express envelope(s) addressed as set forth on the attached service list. The envelope(s) was (were) sealed and deposited with Federal Express that same day in the ordinary course of business at San Francisco, California.

☐ by messenger by handing a copy of said document(s) to _____, for personal service by its agent to the person(s) at the address(es) set forth on the attached service list.

☐ by personally delivering the document(s) to the person(s) at the address(es) set forth on the attached service list.

☐ by email transmission to the individuals and email addresses as set forth on the attached service list. I caused the document(s) to be transmitted via email. I am readily familiar with my firm's practice for email transmissions. In sending the above described document by email, I followed the firm's ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on September 26 2007.

_____
Kimberly Morris

4
PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS-CLAIMANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING

## SERVICE LIST

*Attorneys for Defendants and Cross-Claimants
John M. Bryan, the John M. Bryan Family Trust,
and the John M. and Florence E. Bryan Trust*

Glenn E. Westreich
gwestreich@nixonpeabody.com
Rosalyn P. Mitchell
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Michael St. James
Michael@stjames-law.com
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

*Attorneys for Defendants and Cross-Defendants
Harry Chew, Pacific Paragon Investment Funds, Ltd., and
AIC Capital Partners LLC*

Elmer Dean Martin, III
elmer@bankruptcytax.net
22632 Golden Springs Drive, Suite 190
P.O. Box 4670
Diamond Bar, California 91763
Telephone: (909) 861-6700
Facsimile: (909) 861-3801

Sean A. O'Keefe
sokeefe@winthropcouchot.com
WINTHROP COUCHOT, P.C.
660 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Defendant Pro Se Kulwinder Sidhu
calvin@legacyestategroup.com
906 Hunt Avenue
St. Helena, CA 94574
Telephone: (425) 985-5241

Defendant Pro Se Devinder Sidhu
dev@legacyestategroup.com

PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS-CLAIMANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING

1 | 906 Hunt Avenue
2 | St. Helena, CA 94574
  | Telephone: (707) 287-3173

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:184389.1
PLAINTIFF'S OBJECTION TO DEFENDANT AND CROSS-CLAIMANTS' USE OF DEPOSITION TESTIMONY AT EVIDENTIARY HEARING