# (Exhibit 13)
# EXHIBIT 3

FORM B10 (Official Form 10) (Rev. 9/97)

| United States Bankruptcy Court **Northern** | District of **California** | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>THE LEGACY ESTATE GROUP, LLC | Case Number:<br>**05-14659** | |
|---|---|---|

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (The person or entity to whom the debtor owes money or property):<br>JOHN M. BRYAN | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars | |
|---|---|---|
| Name and address where notices should be sent:<br>Bryan & Edwards<br>600 Montgomery Street, 35th Floor<br>San Francisco, CA. 94111<br><br>Telephone number: 415-421-9990 | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here ☐ replaces / ☐ amends   a previously filed claim, dated: _____ | |

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensations (Fill out below) |
| ☐ Money loaned |    Your SS # _____ |
| ☐ Personal injury/wrongful death |    Unpaid compensations for services performed |
| ☐ Taxes |    from _____ to _____ |
| ☒ Other   Indemnity |        (date)        (date) |

| 2. Date debt was incurred:<br>3/14/2005 | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $ est.  20,181,673.85

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges **at time case filed** included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority: $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. ' 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. ' 507(a)(4)
☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. ' 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. ' 507(a)(7)
☐ Taxes or penalties to governmental units - 11 U.S.C. ' 507(a)(8)
☐ Other - Specify applicable paragraph of 11 U.S.C. ' 507(a)(__)
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| 7. Credits:  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 8. Supporting Documents:  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary | |
| 9. Time-stamped Copy:  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br>March 8, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>John M. Bryan   *[signature]* | |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. '' 152 and 3571*

## ATTACHMENT TO PROOF OF CLAIM

John M. Bryan personally guaranteed (the "Bryan Guaranty") the performance and payment by Legacy Estates Group, LLC ("Legacy") under an Agreement for the Purchase and Sale of Grapes (the "Red Barn Agreement") between Legacy and Red Barn Ranch, LLC.   Legacy defaulted under the Red Barn Agreement by failing to pay for the 2005 Harvest.

In response to Legacy's default, John M. Bryan honored the Bryan Guaranty with respect to the 2005 Harvest.   John M. Bryan contemplates continuing to honor his obligations under the Bryan for the remaining term thereof. (the "Future Payments").

The Debtor is obligated to indemnify and repay to John M. Bryan any amounts he is required to pay to Red Barn Ranch pursuant to the Bryan Guaranty.   This claim is presented under that indemnity and seeks repayment of the Future Payments.   The amount of this claim is presently unliquidated and contingent, but may be estimated by multiplying the amount paid by John M. Bryan to Red Barn Ranch with respect to the 2005 Harvest ($1,345,444.89) by the remaining term of the Red Barn Agreement and the Bryan Guaranty (15 years); that is, $20,181,673.35.

1  Michael St. James, CSB No. 95653
   ST. JAMES LAW, P.C.
2  155 Montgomery Street, Suite 1004
   San Francisco, California 94104
3  (415) 391-7566 Telephone
   (415) 391-7568 Facsimile
4  michael@stjames-law.com

5  Counsel for John M. Bryan

6

7              UNITED STATES BANKRUPTCY COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12  In re                          )    Case No. 05-14659
                                   )    Chapter 11
13  THE LEGACY ESTATE GROUP, LLC   )
                    Debtor.        )
14  ──────────────────────────────  )

15

16

17          AMENDMENT TO CLAIM NUMBER 122

18

19

20

21

22

23

24

25

26

27

28

1    COMES NOW John M. Bryan and Red Barn Ranch and, amending that certain Claim Number

2    122, state as follows:

3        1. John M. Bryan personally guaranteed (the "Bryan Guaranty") the performance and payment

4    by Legacy Estates Group, LLC ("Legacy") under an Agreement for the Purchase and Sale of Grapes

5

6    (the "Red Barn Agreement") between Legacy and Red Barn Ranch, LLC.   Legacy defaulted under the

7    Red Barn Agreement by failing to pay for the 2005 Harvest, and thereafter by rejecting a portion of the

8    Red Barn Agreement.

9        2. In response to Legacy's default, John M. Bryan honored the Bryan Guaranty with respect to

10   the 2005 Harvest.  John M. Bryan contemplates continuing to honor his obligations under the Bryan

11   Guaranty for the remaining term thereof. (the "Future Payments")  The Debtor is obligated to indemnify

12   and repay to John M. Bryan any amounts he is required to pay to Red Barn Ranch pursuant to the Bryan

13   Guaranty.

14

15       3. John Bryan timely filed a Proof of Claim, assigned number 122, asserting an unliquidated

16   and contingent indemnity claim for rejection damages with respect to the Red Barn Agreement.

17

18

19

20

21

22

23

24

25

26

27

28

4. He now amends that Proof of Claim to add Red Barn Ranch, LLC as a claimant. To the extent that he has paid on the Bryan Guaranty, the claim is held by John Bryan; to the extent that he has not, the claim is held by Red Barn Ranch, LLC.

DATED: August 17, 2006                 ST. JAMES LAW, P.C.


By: /s/  Michael St James   .
Michael St. James
Counsel for John M. Bryan


DATED: 10/24/06                 PRESTON, GATES & ELLIS, LLP


By:
David Wiseblood
Counsel for Red Barn Ranch

# (Exhibit 13)
# EXHIBIT 4

FORM B10 (Official Form 10) (Rev. 9/97)

| United States Bankruptcy Court **Northern** | District of **California** | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>CONNAUGHT CAPITAL PARTNERS, LLC | Case Number:<br>**05-14660** | |

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name of Creditor (The person or entity to whom the debtor owes money or property):<br>JOHN M BRYAN<br><br>Name and address where notices should be sent:<br>Bryan & Edwards<br>600 Montgomery Street, 35th Floor<br>San Francisco, CA  94111<br><br>Telephone number: 415-421-9990 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br>☐ Check box if you have never received any notices from the bankruptcy court in this case<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |

| Account or other number by which creditor identifies debtor: | Check here ☐ if this claim: ☐ replaces   a previously filed claim, dated: _____<br>☐ amends | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other   Guaranty Agreement

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  - Your SS # _____
  - Unpaid compensations for services performed
  - from _____ to _____
  - (date)   (date)

| **2. Date debt was incurred:**<br>3/14/2005 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**   $ est.  20,181,673.85

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral:  $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority:  $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. ' 507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U S C ' 507(a)(4)
- ☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C ' 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U S C ' 507(a)(7)
- ☐ Taxes or penalties to governmental units - 11 U.S.C. ' 507(a)(8)
- ☐ Other - Specify applicable paragraph of 11 U S C ' 507(a)(__)
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary

**9. Time-stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>*March 8, 2006* | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>John M. Bryan   *JM Bryan* | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U S C '' 152 and 3571

## ATTACHMENT TO PROOF OF CLAIM

John M. Bryan personally guaranteed (the "Bryan Guaranty") the performance and payment by Legacy Estates Group, LLC ("Legacy") under an Agreement for the Purchase and Sale of Grapes (the "Red Barn Agreement") between Legacy and Red Barn Ranch, LLC. Legacy defaulted under the Red Barn Agreement by failing to pay for the 2005 Harvest.

In response to Legacy's default, John M. Bryan honored the Bryan Guaranty with respect to the 2005 Harvest. John M. Bryan contemplates continuing to honor his obligations under the Bryan for the remaining term thereof. (the "Future Payments").

The Debtor entered into a Guaranty Agreement (the "CCP Guaranty") dated March 14, 2005, a copy of which is attached hereto, pursuant to which the Debtor is liable to repay to John M. Bryan any amounts he is required to pay to Red Barn Ranch pursuant to the Bryan Guaranty. This claim is presented under the CCP Guaranty and seeks repayment of the Future Payments. The amount of this claim is presently unliquidated and contingent, but may be estimated by multiplying the amount paid by John M. Bryan to Red Barn Ranch with respect to the 2005 Harvest ($1,345,444.89) by the remaining term of the Red Barn Agreement and the Bryan Gauranty (15 years); that is, $20,181,673.35.

## GUARANTY AGREEMENT

This Guaranty Agreement is made as of March 14, 2005 by and between Connaught Capital Partners, LLC, a California Limited Liability Company, (the "Guarantor") and John M. Bryan and Florence E. Bryan (individually and collectively the "Bryans")

## RECITALS

A.    The John M. and Florence E. Bryan Trust and the J. M. Bryan Family Trust (individually and collectively the "Bryan Trusts") are selling all of their ownership interests in The Legacy Estate Group, LLC, a California Limited Liability Company ("Legacy").

B.    Legacy has an Agreement for the Purchase and Sale of Grapes with Red Barn Ranch, LLC, a California Limited Liability Company ("Red Barn") dated August 31, 2001 ("Grape Sale Agreement") under which Legacy has committed to purchase all of the grapes produced on the Red Barn Ranch through the 2020 harvest. The Bryans personally guaranteed the performance by Legacy under that Grape Purchase Agreement ("Bryan's Guaranty").

C.    A condition of the Bryan Trusts' sale agreement was the Bryan's guaranty would be released upon the sale. To this date the owner of the Red Barn Ranch has refused to release the Bryans from their guaranty. Guarantor has attempted to procure an insurance policy to ensure the payments by Legacy in order to obtain the release of the Bryan's Guaranty, but to date no such policy has been issued.

D.    In order to permit the sale of the Legacy ownership to proceed, the Bryans are reluctantly willing to remain on the Bryan's Guaranty but only upon receipt of adequate backup guarantees and security to protect them from liability under the Bryan's Guaranty. Guarantor is willing to provide that backup guaranty.

NOW THEREFORE, in consideration of the recitals and the conveyance below, the parties hereto agree as follows:

1.    Guarantor hereby guarantees the full payment and faithful performance of Legacy's obligations under the Grape Purchase Agreement.

2.    In the event the Bryans receive a notice from Red Barn Ranch that Legacy has defaulted in its obligations under the Grape Purchase Agreement, the Bryans agree to promptly notify Guarantor and provide a copy of the notice of default so Guarantor may cure the default (or enable Legacy to cure the default) so that the

1

Bryans do not need to make any payments under their Bryan's Guaranty to Red Barn Ranch.

3. Guarantor agrees that this Guaranty shall not be impaired by any modification to or extension of Legacy's obligations under the Grape Purchase Agreement, which the parties thereto may hereafter agree, whether or not in writing, nor by any modification or release of any of the obligations or security therefore hereby guaranteed, to all of which Guarantor hereby consents.

4. Guarantor waives notice of acceptance, presentment, and protest of any instrument and notice thereof. Guarantor shall have ten (10) days from the date the notice of default is received from the Bryans to cure the default.

5. This Guaranty is intended to be, and is, a continuing Guaranty and shall continue in force for the duration of the Legacy obligation under the Grape Purchase Agreement and all modifications or extensions thereof, if any, and shall terminate only upon the full payment and satisfaction of all of such Legacy obligations or the full release of the Bryan's Guaranty.

6. The obligations of Guarantor under this Guaranty are primary, direct, unconditional, and enforceable without prior resort to, and independent of the obligations of Legacy or to any security or to the obligations of any person to the Bryans. A separate action or actions may be brought against Guarantor whether or not an action is brought against Legacy. Guarantor waives the benefit of any statute of limitations affecting its liability under this Guaranty or the enforcement thereof.

7. Guarantor waives any right to require the Bryans to (a) proceed against Legacy, or (b) pursue any particular remedy the Bryans may have. Guarantor waives any defense arising by reason of disability of Legacy, and the invalidity, illegality or lack of enforceability of any of the Legacy obligations under the Grape Purchase Contract from any cause whatsoever. Any and all of Legacy's obligations, payments or indebtedness to Guarantor are hereby subordinated to Guarantor's obligations to the Bryans hereunder.

8. This Guarantee is to be governed by and construed according to the laws of the State of California without giving effect to the conflicts of laws, rules, and principles of California.

9. Any communication, notice, request, demand or other communication permitted are required to be given under this agreement shall be in writing and shall be delivered (i) personally, or (ii) by registered or certified mail, postage prepaid, return receipt requested, or (iii) by prepaid domestic courier, receipt acknowledged, or (iv) by facsimile or other electronic or similar conveyance (receipt acknowledged), and addressed to the addressee at the address specified

# (Exhibit 13)
# EXHIBIT 5

FORM B10 (Official Form 10) (Rev. 9/97)

| United States Bankruptcy Court **Northern** | District of **California** | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: **THE LEGACY ESTATE GROUP, LLC** | Case Number: **05-14659** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property): JOHN M BRYAN<br><br>Name and address where notices should be sent: Bryan & Edwards 600 Montgomery Street, 35th Floor San Francisco, CA 94111<br><br>Telephone number: 415-421-9990 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☒ amends a previously filed claim, dated: **3-8-06** |
|---|---|

| **1. Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other **Guaranty Agreement** | ☐ Retiree benefits as defined in 11 U.S.C § 1114(a)<br>☐ Wages, salaries, and compensations (Fill out below)<br>Your SS # _____<br>Unpaid compensations for services performed<br>from _____ to _____<br>(date)        (date) |
|---|---|

| **2. Date debt was incurred:** 3/14/2005 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:** $ 1,345,444.89

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **5. Secured Claim.**<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☒ Other **grape juice**<br><br>Value of Collateral: $ **unknown**<br><br>Amount of arrearage and other charges *at time case filed* included in secured claim, if any: $ _____ | **6. Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority: $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)<br>☐ Taxes or penalties to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__)<br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
|---|---|

| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| **9. Time-stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br>March 9, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>John M. Bryan    *[signature]* | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### ATTACHMENT TO PROOF OF CLAIM

John M. Bryan personally guaranteed (the "Bryan Guaranty") the performance and payment by Legacy Estates Group, LLC ("Legacy") under an Agreement for the Purchase and Sale of Grapes (the "Red Barn Agreement") between Legacy and Red Barn Ranch, LLC. Legacy defaulted under the Red Barn Agreement by failing to pay for the 2005 Harvest. Red Barn's Grower Harvest Statement for the 2005 Harvest in the amount of $1,345,444.89 is attached hereto. John M. Bryan honored the Bryan Guaranty by paying Red Barn Ranch $1,345,444.89.

Legacy is obligated to indemnify and repay to John M. Bryan any amounts he is required to pay to Red Barn Ranch pursuant to the Bryan Guaranty. This claim is presented under that indemnity obligation and seeks repayment of the $1,345,444.89 paid by John M. Bryan to Red Barn Ranch

***FREEMARK ABBEY WINERY***
***GROWER HARVEST STATEMENT***

***HARVEST YEAR: 2005***
***GROWER: RED BARN RANCH, LLC***

| VARIETY | 2005 TONS | PRICE/TON | TOTAL PRICE | FINAL DELIVERY DTD |
|---|---|---|---|---|
| CABERNET SAUVIGNON | 247.425 | $  4,202.35 | $1,039,766.45 | 2-Nov |
| MERLOT | 108.195 | $  2,850.34 | $308,392.54 | 13-Oct |
| | 355.620 | | $1,348,158.99 | |

| | | |
|---|---|---|
| DEPT OF F&A PIERCE'S ASSESSMENT($2/$1,000) | | ($2,696.32) |
| DEPT OF F&A REPORT FEES($.05/T) | | ($17.78) |

NET BALANCE PAYABLE ........................ $1,345,444.89

PAYMENT SCHEDULE:

| | | TOTAL PAYABLE |
|---|---|---|
| 2006 | Pmt Due Dtd | |
| | 7-Jan | $1,345,444.89 |

# (Exhibit 13)
# EXHIBIT 6

FORM B10 (Official Form 10) (Rev 9/97)

| United States Bankruptcy Court  Northern | District of  California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: CONNAUGHT CAPITAL PARTNERS, LLC | Case Number: **05-14660** |
|---|---|

| Name of Creditor (The person or entity to whom the debtor owes money or property) JOHN M BRYAN | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars | |
|---|---|---|
| Name and address where notices should be sent: Bryan & Edwards 600 Montgomery Street 35th Floor San Francisco, CA  94111 | ☐ Check box if you have never received any notices from the bankruptcy court in this case | |
| Telephone number:  415-421-9990 | ☐ Check box if the address differs from the address on the envelope sent to you by the court | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here ☐  if this claim: ☐ replaces     a previously filed claim  dated: ☐ amends | |

| 1. Basis for Claim ☐ Goods sold ☐ Services performed ☐ Money loaned ☐ Personal injury/wrongful death ☐ Taxes ☒ Other   Guaranty Agreement | ☐ Retiree benefits as defined in 11 U.S.C § 1114(a) ☐ Wages, salaries, and compensations (Fill out below) Your SS # _____ Unpaid compensations for services performed from _____ to _____ (date)                          (date) |
|---|---|

| 2. Date debt was incurred: 3/14/2005 | 3 If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**  $ 1,345,444.89

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim ☐ Check this box if your claim is secured by collateral (including a right of setoff). Brief Description of Collateral: ☐ Real Estate  ☐ Motor Vehicle ☐ Other _____ Value of Collateral: $ _____ Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | 6. Unsecured Priority Claim. ☐ Check this box if you have an unsecured priority claim Amount entitled to priority:  $ _____ Specify the priority of the claim: ☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C ' 507(a)(3). ☐ Contributions to an employee benefit plan - 11 U.S.C ' 507(a)(4) ☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C ' 507(a)(6) ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C ' 507(a)(7) ☐ Taxes or penalties to governmental units - 11 U.S.C ' 507(a)(8) ☐ Other - Specify applicable paragraph of 11 U.S.C ' 507(a)(__). *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
|---|---|

| 7. Credits:  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| 8. Supporting Documents:  Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary | |
| 9. Time-stamped Copy:  To receive an acknowledgment of the filing of your claim, enclose a stamped  self-addressed envelope and copy of this proof of claim. | |

| Date March 8, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): John M. Bryan   _Jno M Bryan_ | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C ' ' 152 and 3571

## GUARANTY AGREEMENT

This Guaranty Agreement is made as of March 14, 2005 by and between Connaught Capital Partners, LLC, a California Limited Liability Company, (the "Guarantor") and John M. Bryan and Florence E. Bryan (individually and collectively the "Bryans").

## RECITALS

A.    The John M. and Florence E. Bryan Trust and the J. M. Bryan Family Trust (individually and collectively the "Bryan Trusts") are selling all of their ownership interests in The Legacy Estate Group, LLC, a California Limited Liability Company ("Legacy").

B.    Legacy has an Agreement for the Purchase and Sale of Grapes with Red Barn Ranch, LLC, a California Limited Liability Company ("Red Barn") dated August 31, 2001 ("Grape Sale Agreement") under which Legacy has committed to purchase all of the grapes produced on the Red Barn Ranch through the 2020 harvest. The Bryans personally guaranteed the performance by Legacy under that Grape Purchase Agreement ("Bryan's Guaranty").

C.    A condition of the Bryan Trusts' sale agreement was the Bryan's guaranty would be released upon the sale. To this date the owner of the Red Barn Ranch has refused to release the Bryans from their guaranty. Guarantor has attempted to procure an insurance policy to ensure the payments by Legacy in order to obtain the release of the Bryan's Guaranty, but to date no such policy has been issued.

D.    In order to permit the sale of the Legacy ownership to proceed, the Bryans are reluctantly willing to remain on the Bryan's Guaranty but only upon receipt of adequate backup guarantees and security to protect them from liability under the Bryan's Guaranty. Guarantor is willing to provide that backup guaranty.

NOW THEREFORE, in consideration of the recitals and the conveyance below, the parties hereto agree as follows:

1.    Guarantor hereby guarantees the full payment and faithful performance of Legacy's obligations under the Grape Purchase Agreement.

2.    In the event the Bryans receive a notice from Red Barn Ranch that Legacy has defaulted in its obligations under the Grape Purchase Agreement, the Bryans agree to promptly notify Guarantor and provide a copy of the notice of default so Guarantor may cure the default (or enable Legacy to cure the default) so that the

Bryans do not need to make any payments under their Bryan's Guaranty to Red Barn Ranch.

3    Guarantor agrees that this Guaranty shall not be impaired by any modification to or extension of Legacy's obligations under the Grape Purchase Agreement, which the parties thereto may hereafter agree, whether or not in writing, nor by any modification or release of any of the obligations or security therefore hereby guaranteed, to all of which Guarantor hereby consents.

4.    Guarantor waives notice of acceptance, presentment, and protest of any instrument and notice thereof. Guarantor shall have ten (10) days from the date the notice of default is received from the Bryans to cure the default.

5    This Guaranty is intended to be, and is, a continuing Guaranty and shall continue in force for the duration of the Legacy obligation under the Grape Purchase Agreement and all modifications or extensions thereof, if any, and shall terminate only upon the full payment and satisfaction of all of such Legacy obligations or the full release of the Bryan's Guaranty.

6.    The obligations of Guarantor under this Guaranty are primary, direct, unconditional, and enforceable without prior resort to, and independent of the obligations of Legacy or to any security or to the obligations of any person to the Bryans. A separate action or actions may be brought against Guarantor whether or not an action is brought against Legacy. Guarantor waives the benefit of any statute of limitations affecting its liability under this Guaranty or the enforcement thereof.

7.    Guarantor waives any right to require the Bryans to (a) proceed against Legacy, or (b) pursue any particular remedy the Bryans may have. Guarantor waives any defense arising by reason of disability of Legacy, and the invalidity, illegality or lack of enforceability of any of the Legacy obligations under the Grape Purchase Contract from any cause whatsoever. Any and all of Legacy's obligations, payments or indebtedness to Guarantor are hereby subordinated to Guarantor's obligations to the Bryans hereunder.

8.    This Guarantee is to be governed by and construed according to the laws of the State of California without giving effect to the conflicts of laws, rules, and principles of California.

9.    Any communication, notice, request, demand or other communication permitted are required to be given under this agreement shall be in writing and shall be delivered (i) personally, or (ii) by registered or certified mail, postage prepaid, return receipt requested, or (iii) by prepaid domestic courier, receipt acknowledged, or (iv) by facsimile or other electronic or similar conveyance (receipt acknowledged), and addressed to the addressee at the address specified

2

below or such other address as shall hereafter be communicated by either party to the other party:

To Guarantor                Connaught Capital Partners LLC
                                         P. O. Box 410
                                         St. Helena, CA 94574
                                         Facsimile No.: 707 963 0554

With Copy To                James Niven
                                         John Bassett
                                         Niven & Smith
                                         425 California St. 15th Floor
                                         San Francisco, CA 94104-2102
                                         Facsimile No.: 415 433 5439

To the Bryans               Mr. and Mrs. John Bryan
                                         Bryan and Edwards
                                         600 Montgomery Street
                                         35th floor
                                         San Francisco, CA 94111
                                         Facsimile number: 415 421 0471

With Copy To                Bancroft and McAlister, LLP
                                         650 California Street
                                         25th floor
                                         San Francisco, CA 94108
                                         Facsimile number: 415 981-5027
                                         Attention: Norman A. Zilber

If delivered personally, by courier or by facsimile, telegraphic, telecopier or other electronic communications, the date on which a communication, notice, request, instruction or document is dispatched shall be the date on which such delivery is deemed made. If delivered by mail, the deemed date of delivery shall be three (3) business days after the notice, communication, request, instruction or document is deposited into the U.S. mail. Any communication shall bear the date on which it is delivered or deposited in the mail. The addresses set forth above may be changed by giving notice in this manner.

10. This Guaranty may not be changed or terminated orally, and no change, termination or waiver of any of its provisions shall be valid unless in writing and signed by the party against whom such claimed change, termination or waiver is sought to be enforced.

11. Guarantor agrees that any suit, action or proceeding at law or in equity arising out of or relating to this Guarantee (hereinafter called "such proceeding") may be

instituted in any state court or federal court in Northern California, waives any objection which it may now or hereafter have to the laying of the venue of such proceeding in any such court. Guarantor will accept service of any and all process which may be served in any such proceeding and agrees that service of process shall be deemed in every respect effective service of and held to be valid personal service upon Guarantor if personally delivered to, or if mailed prepaid registered or certified mail, return receipt requested, addressed to Guarantor c/o its agent, Niven & Smith whose address is listed above. Such service of process shall be deemed effective upon its receipt by Niven & Smith and shall be of the same force and validity as if service were made upon Guarantor according to the laws governing the validity and requirements of any such service in the State of California, and Guarantor waives all claims of error by reason of any such service.

Guarantor's guaranty hereunder is a continuing guaranty and shall terminate only upon the execution or termination of the Agreements and full payment of all sums due under the Agreements and the performance of all of the terms, covenants and conditions therein to be kept, performed or performed by Guarantor or its subsidiaries whether to be performed before or after termination of the Agreements.

12. Guarantor agrees to pay reasonable attorneys' fees and allocable costs and expenses, which may be incurred by The Bryans in the enforcement of this Guaranty.

Balance of this page is blank

4

IN WITNESS WHEREOF, the parties have signed this Guaranty as of the date first above written.

Guarantor:                                    The Bryans:

Connaught Capital Patners LLC

By_____        _John M. Bryan_
       K. Calvin Sidhu               John M. Bryan
       Its Chief executive Officer


                                       _Florence E. Bryan_
                                       Florence E. Bryan

**(Exhibit 13)
EXHIBIT 7**

FORM B10 (Official Form 10) (Rev. 9/97)

| United States Bankruptcy Court **Northern** | District of **California** | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: <br> **THE LEGACY ESTATE GROUP, LLC** | Case Number: <br> **05-14659** |
|---|---|

NOTICE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property): <br> SYCAMORE VINEYARDS | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars | |
|---|---|---|
| Name and address where notices should be sent: <br> Bryan & Edwards <br> 600 Montgomery Street, 35th Floor <br> San Francisco, CA  94111 <br><br> Telephone number: 415-421-9990 | ☐ Check box if you have never received any notices from the bankruptcy court in this case <br><br> ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ a previously filed claim, dated: _____ <br> if this claim: ☐ replaces <br> ☐ amends | |
|---|---|---|

| **1. Basis for Claim** <br> ☒ Goods sold    2005 Grape Harvest per attached Harvest Report <br> ☐ Services performed <br> ☐ Money loaned <br> ☐ Personal injury/wrongful death <br> ☐ Taxes <br> ☐ Other | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> ☐ Wages, salaries, and compensations (Fill out below) <br>   Your SS # _____ <br><br>   Unpaid compensations for services performed <br>   from _____ to _____ <br>      (date)         (date) |
|---|---|

| **2. Date debt was incurred:** <br> 10/12/2005 | **3. If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**    $ 497,115.08
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **5. Secured Claim.** <br> ☒ Check this box if your claim is secured by collateral (including a right of setoff). <br> Brief Description of Collateral: <br> ☐ Real Estate   ☐ Motor Vehicle <br> ☒ Other  grape juice <br><br> Value of Collateral: $ unknown <br><br> Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | **6. Unsecured Priority Claim** <br> ☐ Check this box if you have an unsecured priority claim <br>   Amount entitled to priority: $ _____ <br>   Specify the priority of the claim: <br> ☐ Wages, salaries, or commissions (up to $4000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3). <br> ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4). <br> ☐ Up to $1800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6). <br> ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7) <br> ☐ Taxes or penalties to governmental units - 11 U.S.C. § 507(a)(8) <br> ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). <br> *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| **8. Supporting Documents:** *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.* DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary | |
| **9. Time-stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date <br> *March 9, 2006* | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br> *M Bryan* <br> John M. Bryan on behalf of Sycamore Vineyards | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# FREEMARK ABBEY WINERY
## GROWER HARVEST STATEMENT

**HARVEST YEAR: 2005**
**GROWER: SYCAMORE VINEYARDS**

| VARIETY | 2005 TONS | PRICE/TON | TOTAL PRICE | FINAL DELIVERY DTD | 50% DUE DTD |
|---|---|---|---|---|---|
| CABERNET SAUVIGNON | 88.778 | $ 5,034.13 | $446,919.99 | 12-Oct | 26-Nov |
| CABERNET FRANC | 5.033 | $ 5,017.35 | $25,252.32 | 5-Oct | 19-Nov |
| MERLOT | 7.869 | $ 3,360.49 | $26,443.70 | 4-Oct | 18-Nov |
| | 101.680 | | $498,616.01 | | |

| | | |
|---|---|---|
| AMERICAN VINEYARD FOUNDATION ($1/$1,000) | | ($498.62) |
| DEPT OF F&A PIERCE'S ASSESSMENT ($2/$1,000) | | ($997.23) |
| DEPT OF F&A REPORT FEES ($.05/T) | | ($5.08) |
| NET BALANCE PAYABLE | | $497,115.08 |

PAYMENT SCHEDULE:

| | Pmt Due Dtd | TOTAL PAYABLE |
|---|---|---|
| 2005 | 26-Nov | $249,308.01 |
| 2006 | 15-Jan | $247,807.07 |
| | | $497,115.08 |