**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re THE LEGACY ESTATE GROUP, LLC,

        Debtor.
_____/

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,

        Plaintiff,

    v.

JOHN M. BRYAN, JOHN M. AND FLORENCE E. BRYAN TRUST, J.M. BRYAN FAMILY TRUST, KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, and AIC CAPITAL PARTNERS, LLC, a California limited liability company,

        Defendants,

JOHN M. BRYAN, JOHN M. AND FLORENCE BRYAN TRUST, J.M. BRYAN FAMILY TRUST,

        Defendants/Cross-Claimants,

KULWINDER SIDHU, DEVINDER SIDHU, PACIFIC PARAGON INVESTMENT FUND LTD, a British Columbia company, HARRY CHEW, AIC CAPITAL PARTNERS, LLC, a California limited liability company, and LAMINAR DIRECT CAPITAL, L.P., a Texas limited partnership,

        Defendants/Cross-Defendants.
_____/

No. C 07-2943 PJH
Bankr. Case No. 05-14659 AJ
Adv. Case No. 06-1173 AJ

**ORDER DENYING RENEWED MOTION TO WITHDRAW REFERENCE; DENYING REQUEST FOR STAY**

Currently before the court is defendant John M. and Florence E. Bryan Trust's ("JFB trust" or "JFB") renewed motion for withdrawal of the bankruptcy court's reference and to stay the November 13, 2007 trial before the bankruptcy court. For the reasons that follow, the court DENIES both motions.

**BACKGROUND**

Plaintiff, the official committee of unsecured creditors ("committee") in the Chapter 11 debtor Legacy Estate Group, LLC's bankruptcy case, 05-14659 AJ, filed an adversary proceeding, 06-1173 AJ, against a number of defendants/creditors, including John M. Bryan ("Bryan"), JFB trust, and J.M. Bryan Family trust ("JMB trust"), to recover estate property and damages. The first amended complaint ("FAC") includes twenty claims, most of which seek relief under the Bankruptcy Code, but a few which seek relief under state law as well.

On February 10, 2007, Bryan, JMB trust, and JFB trust, filed before the bankruptcy court an ex parte motion to certify the proceeding for trial by jury before the district court (in addition to a motion to shorten time for hearing on the certification motion) under B.L.R. 9015-2.[1] The bankruptcy court appears to have denied the motion for shortened time and also to have required defendants to file a noticed motion for certification, which they did on February 16, 2007. The bankruptcy court heard the motion on March 14, 2007, and on March 28, 2007, issued an order denying the motion with prejudice as to Bryan and JMB trust, finding that they had waived their right to a jury trial by filing proofs of claim in the Chapter 11 case. As for JFB trust, the court noted that it had not filed a claim in its own

---

[1]B.L.R. 9015-2 provides in pertinent part:

**(a) Determination of Right.** In any proceeding in which a demand for jury trial is made, the Bankruptcy Judge shall, upon the motion of one of the parties, or upon the Bankruptcy Judge's own motion, determine whether the demand was timely made and whether the demanding party has a right to a jury trial. The Bankruptcy Judge may, on the Judge's own motion, determine that there is no right to a jury trial in a proceeding even if all of the parties have consented to a jury trial.

2

name. It stated, however, that "it appears that [JFB's trust's] alter ego may have filed a proof of claim or that [JFB trust] is close enough in identity to be bound by the jury waiver of other entities," and that "[r]esolution of this matter requires an evidentiary hearing and further briefing."

The bankruptcy court, however, was unable to resolve the issue before defendants Bryan, JMB trust, and JFB trust, on May 24, 2007, filed a motion to withdraw the bankruptcy court's reference pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure ("FRBP") 5011, in what appears to be an attempt to curtail the proceedings in the bankruptcy court. On June 6, 2007, the bankruptcy court clerk transmitted the motion to this court pursuant to B.L.R. 5011. Subsequently, on June 29, 2007, the bankruptcy court submitted to this court a report and recommendation, in which the bankruptcy court recommended that this court deny the motion to withdraw the reference. It noted that JFB had not filed a proof of claim, and that the issue was still pending before the bankruptcy court as to whether JFB was bound by the proofs of claim filed by Bryan and the JMB trust. The bankruptcy judge also suggested that defendants may have filed the motion to withdraw for "improper purposes, including a desire to delay litigation or make it more expensive for a bankruptcy estate with limited assets to prosecute" or "in an attempt to forum shop when the moving party becomes unhappy with bankruptcy court rulings." Following that recommendation, the parties briefed the motion before this court.

On August 9, 2007, this court stayed the instant case, noting that defendants appeared to have filed the motion to withdraw the reference prematurely (and perhaps to thwart the bankruptcy court proceedings). The court noted that a determination as to JFB trust's jury trial rights was central to this court's resolution of the motion to withdraw the reference. This court further noted that the bankruptcy court retained jurisdiction to continue with the evidentiary hearing in spite of the filing of the motion to withdraw, and stayed this case until the evidentiary hearing and related bankruptcy court proceedings

were complete.

On September 27, 2007, the bankruptcy court held an evidentiary hearing on JFB's jury trial right. In a September 28, 2007 memorandum decision, the bankruptcy court found that JFB trust was an alter ego of Bryan because it is a fully revocable estate planning device containing all of Bryan's assets, over which Bryan had complete control and could revoke at any time. In a subsequent October 1, 2007 order, the bankruptcy court denied with prejudice JFB trust's B.L.R. 9015-2 motion to certify the case to the district court for jury trial, and struck JFB's demand for jury trial.

JFB *did not* appeal to this court or to the Ninth Circuit Bankruptcy Appellate Panel ("BAP") the bankruptcy court's October 1, 2007 order striking its request for a jury trial and denying its motion for certification to the district court based on its alleged right to a jury trial. (Nor did Bryan and/or JMB previously appeal the bankruptcy court's March 28, 2007 order striking their jury trial rights.) Presumably, that is because a bankruptcy court order denying a jury trial right constitutes an interlocutory order that is not final for purposes of appeal. *See City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949) (a ruling denying a demand for jury trial is an interlocutory order and is not "within the class of appealable decisions"); *In re Hooker Invs.*, 937 F.2d 833, 837 (2d Cir. 1991) (an order with the collateral effect of eliminating a right to a jury trial is not final); *Germain v. Connecticut National Bank*, 930 F.2d 1038, 1040 (2d Cir. 1991); *see also* Wright & Miller, 15B Fed. Prac. & Proc. Juris.2d, § 3914.15, Finality (2007 Suppl.). Such an order cannot be appealed until after final judgment.

Instead, on October 15, 2007, JFB *only* (Bryan and JMB trust did not join in the instant motion) filed a renewed motion to withdraw the bankruptcy court's reference. In the renewed motion to withdraw, JFB also seeks an order from this court staying the November 13, 2007 trial before the bankruptcy court, arguing that it indeed possesses a jury trial right.

4

**DISCUSSION**

There are several problems with JFB's renewed motion. First, the bankruptcy court *did not* rule on its motion to withdraw the reference. It left that decision to this court. The bankruptcy court did, however, deny JFB's motion for certification, which was properly before it, based on JFB's absence of a jury trial right.

Second, JFB suggests that this court should review the bankruptcy court's findings of facts and conclusions of law regarding JFB's alter ego status and its entitlement to a jury trial *de novo.* This, however, is not required in the context of the instant motion to withdraw the reference; nor is it required by the Ninth Circuit's recent decision in *In re Healthcentral.com. See* 2007 WL 2743497 (9th Cir. 2007).

Again, the jury trial issue is *not* before this court on *appeal* of the bankruptcy court's determination that JFB is not entitled to a jury trial. That is because, as noted above, JFB is not entitled to appeal that ruling at this stage. If this indeed were an *appeal* of the bankruptcy court's denial of defendants' motion for certification of its jury trial rights, this court would review the bankruptcy court's conclusions of law regarding JFB's entitlement to a jury trial *de novo*, and its related findings of fact for clear error. *See Scheiber v. Hooper (In re Hooper)*, 112 B.R. 1009, 1011 (9th Cir. BAP 1990); *Smith v. Internal Revenue Service (In re Smith),* 205 B.R. 226, 228 (9th Cir. BAP 1997). However, such an appeal is *not* and can*not* be what is before this court right now. Nevertheless, JFB seeks to have its motion to withdraw treated as such.

Nor did this court improperly delegate its ultimate decision on the motion to withdraw to the bankruptcy court. Plaintiffs are correct that this case *did not* come before this court pursuant to B.L.R. 9015-2(b), at issue in the *HealthCentral.com* case.[2] *See* 2007 WL 2743497 at *7 (finding B.L.R. 9015-2(b) invalid because it allows for the bankruptcy court to

---

[2] Under the version of Rule 9015-2(b) considered by the Ninth Circuit in *Healthcentral.com*, the bankruptcy court could certify that a party had a right to a jury trial, and the reference would be immediately withdrawn and the case assigned to a district judge. However, this case couldn't have come before this court under that rule because the bankruptcy court did *not* find here that defendants had a jury trial right.

5

automatically withdraw the jurisdictional reference upon concluding a party has a right to jury trial). Instead, this case is before this court under B.L.R. 5011-2 on JFB's motion to withdraw the reference.[3]

The Ninth Circuit's recent decision in *Healthcentral.com* does *not* require that the district court make all of the relevant findings of fact and conclusions of law as to whether JFB possesses a right to a jury trial in conjunction with its motion to withdraw the reference. *See id.* at 9 (allowing bankruptcy court to retain jurisdiction following its determination that there is a jury trial right, and even rule on dispositive motions, because such rulings "would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address whether trial is necessary at all"). Instead, *Healthcentral.com* simply requires that this court make the ultimate determination as to whether JFB's motion to withdraw the reference should be granted. *Id.* at 7 ("28 U.S.C. § 157(d) and Rule 5011(a) make it explicit that only a district court may 'withdraw' the jurisdictional reference").

The bottom line is that JFB seeks this court's review of issues for which it is not yet entitled to review. JFB will be able to appeal the bankruptcy court's findings of facts and conclusions of law regarding its right to a jury trial at the same time that it appeals (if necessary) the bankruptcy court's ruling following the trial. *See City of Morgantown*, 337 U.S. at 258 (1949); *In re Hooker Invs.*, 937 F.2d at 837; *Germain*, 930 F.2d at 1040; *see also* Wright & Miller, 15B Fed. Prac. & Proc. Juris.2d, § 3914.15, Finality (2007 Suppl.). If, on appeal, the bankruptcy court's decision on the jury trial issue is reversed, then it is at that time - assuming that the bankruptcy court was incorrect that JFB had waived its jury trial right – that the reviewing court may determine what, if any, preclusive effect the bankruptcy court's post-trial findings may have on a subsequent jury trial, in light of the

---

[3]B.L.R. 5011-2(a) regarding withdrawal of reference, provides:

**(a) Procedure.** A motion to withdraw a case or proceeding under 28 U.S.C. § 157(d) shall be filed with the Clerk of the Bankruptcy Court. The Clerk of the Bankruptcy Court shall transmit the motion forthwith to the District Court. The motion shall be assigned by the Clerk of the District Court to a Judge of the District Court pursuant to the Assignment Plan.

cases cited by JFB in its instant motion papers.  *See, e.g., Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962).

In resolving the motion that *is* before this court, the court considers the pertinent legal standards governing motions to withdraw the reference, in light of the bankruptcy court's determination that JFB does not possess a jury trial right.  Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  The Ninth Circuit has held that the district court must articulate its reasons for withdrawing the bankruptcy court's reference.  *See In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002).  Among the factors that the district court should consider are "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *In re Security Farms*, 124 F.3d 999, 1008 (9th Cir. 1997).  Among the "other related factors" is the presence or absence of a jury request.  *See id.*

JFB's sole argument for cause to withdraw the reference is that it possesses a Seventh Amendment right to jury trial.  However, given that the bankruptcy court has determined that there is no such right, and upon consideration of the other relevant factors, the court concludes that the reference should not be withdrawn.  The bankruptcy court is very familiar with the underlying facts and arguments in the adversary case.  Additionally, as mentioned above, JFB's actions suggest that it has been motivated by forum shopping.  Finally, because the adversary proceeding is based primarily on claims for relief brought under the Bankruptcy Code, the bankruptcy court is in the best position to ensure the uniformity of bankruptcy administration.

## CONCLUSION

For all of the above reasons, the court DENIES JFB's renewed motion for withdrawal of reference and its related motion to stay the November 13, 2007 trial before the

bankruptcy court.

This order fully adjudicates the motions listed at Nos. 17 and 20 of the clerk's docket for this case and terminates all other pending motions. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 26, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge